**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NANCY R., pseudonymously | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| PLAZA HOTELS, LLC; STEVE KETTER; MICHAEL WILEY; OKC AIRPORT ES, LLC; ESH STRATEGIES FRANCHISE, LLC; KAJAL HOSPITALITY, INC; JALIYAN HOSPITALITY, INC; SUPER 8 WORLDWDE, INC; RAJ KRUPA HOTEL, LLC; DAYS INNS WORLDWIDE, INC; CHAND & SAAJ HOSPITALITY, INC; RAMADA WORLDWIDE, INC; YASH ENTERPRISES, INC; HOWARD JOHNSON INTERNATIONAL, INC; NOOR HOTEL, LLC; AMBICA, LLC; OM, LLC; INDRA, LLC; AND G6 HOSPITALITY FRANCHISING, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendants Super 8 Worldwide, Inc., Days Inns Worldwide, Inc., Ramada Worldwide, Inc., and Howard Johnson International, Inc. (collectively the "Wyndham Franchisor Defendants"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully give notice of the removal of this action from the District Court of Oklahoma County, State of Oklahoma to the United States District Court for the Western District of Oklahoma. In support of this Notice of Removal, the Wyndham Franchisor Defendants state as follows:

## I.    <u>NATURE OF REMOVED ACTION</u>

1.    On March 19, 2025, Plaintiff Nancy R. ("Plaintiff") filed a Petition in the District Court of Oklahoma County, State of Oklahoma, against Defendants Plaza Hotels, LLC; Steve Ketter; Michael Wiley; OKC Airport ES, LLC; ESH Strategies Franchise, LLC; Kajal Hospitality, LLC; Jaliyan Hospitality, Inc.; Super 8 Worldwide, Inc.; Raj Krupa Hotel, LLC; Days Inns Worldwide, Inc.; Chand & Saaj Hospitality, Inc.; Ramada Worldwide, Inc.; Yash Enterprises, Inc.; Howard Johnson International, Inc.; Noor Hotel, LLC; Ambica, LLC; OM, LLC; Indra, LLC; and G6 Hospitality Franchising, LLC. The case was assigned Case No. CJ-2025-1850.

2.    This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 in that Plaintiff has brought claims over which this Court would have original jurisdiction.

3.    Attached hereto as **Exhibit 2** is the Petition Plaintiff filed in state court ("Pet."). The Petition asserts four counts against Defendants: violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595 (Count I); violation of the Oklahoma Human Trafficking laws, 21 O.S. § 748.2 (Count II); negligence or premises liability (Count III); and intentional infliction of emotional distress (Count IV). *See* Pet. ¶¶ 222-239, Prayer for Relief.

4.    The Wyndham Franchisor Defendants have not responded to the Petition in state or federal court.

5.    In accordance with LCvR 81.2(a), a copy of the state court docket sheet is attached as **Exhibit 1**. In accordance with 28 U.S.C. § 1446(a), copies of all process,

pleadings, and orders served upon the Wyndham Franchisor Defendants in the state court action are attached as **Exhibits 3-8**. No motions are currently pending the state court action.

## II.    <u>TIMELINESS OF REMOVAL</u>

6.    The Wyndham Franchisor Defendants were served on March 24, 2025.

7.    In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Petition. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

8.    "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

## III.    <u>PROPRIETY OF VENUE</u>

9.    Venue is proper in this District under 28 U.S.C. §§ 116(c), 1441(a), and 1446(a) because the state court where the suit has been pending is in this District.

## IV.    <u>BASIS OF REMOVAL</u>

10.    Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1331 because Plaintiff's claims present a federal question under the TVPRA, 18 U.S.C. § 1581, *et seq.* Indeed, Count I of the Petition expressly pleads a claim under "18 U.S.C. § 1595 ("TVPRA")" (Pet. ¶¶ 222-227). And the remaining counts seek relief predicated on the same nucleus of operative facts as the federal question claim in Count I.

11.    The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12.    "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

13.    Even when state law creates the causes of action, a complaint may raise a substantial question of federal law sufficient to warrant removal if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc., v. Thompson*, 478 U.S. 804, 808-09 (1986) (citation omitted); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936) ("To bring a case within [§ 1441], a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

14.    "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

15.    Here, although Plaintiff ostensibly pleads some of her theories of recovery against the Wyndham Franchisor Defendants as state law claims, the alleged factual basis for all of her claims serve as the foundation for her main claim (Count I) against the Wyndham Franchisor Defendants – their alleged violations of federal law or alleged duties arising out of federal law, specifically the TVPRA, 28 U.S.C. §§ 1591(a), 1595. Pet. ¶¶ 222-227.

16.    As further evidence that each of Plaintiff's claims necessarily raise federal questions, she specifically "incorporates each foregoing and subsequent allegation" in the Petition into her Count I under the TVPRA. Pet. ¶ 222.

17.    Indeed, Plaintiff's purported state law theories of liability against the Defendants, as pled in the Petition, are all predicated on allegations that: "Defendants committed acts of human trafficking" (Pet. Count II, ¶¶ 230-231); Defendants "allow[ed] sex trafficking to be carried on in their establishments," "allow[ed] Plaintiff to be sex trafficked in their establishments," and "their failures caused Plaintiff to be sex trafficked" (Pet. Count III, ¶¶ 235-236); and that "Defendants' intentional acts and omissions, *as described above*" caused Plaintiff injury (Pet. Count IV, ¶¶ 238-239). There can be no question that each of Plaintiff's claims are inextricably bound up in her allegations that Defendants violated the TVPRA as a result of her being sex trafficked. Simply put, there is no possibility that Plaintiff could succeed on any of her state law claims without this Court engaging with the TVPRA provisions and answering TVPRA-related duty and responsibility questions.

18.    The federal question presented by Plaintiff's claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258; *see Grable*, 545 U.S. at 314; *see also, e.g.*, *Gilmore v. Weatherford*, 694 F.3d 1160, 1176 (10th Cir. 2012) ("Although plaintiffs could lose their conversion claim without the court reaching the federal question, it seems that they cannot win unless the court answers that question. Thus, plaintiffs' 'right to relief necessarily depends on resolution of a substantial question of federal law.'") (citation omitted); *Nicodemus v. Union Pac. Corp.,* 440 F.3d 1227, 1237 (10th Cir. 2006) (concluding that state law claims based on dispute over scope of rights under federal land grant statutes raise a "dispositive and contested federal issue" that satisfies *Grable*).

19.    To the extent that the Court may find that any of Plaintiff's claims are not subject to federal question jurisdiction under 28 U.S.C. § 1331, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## V.    <u>CONSENT</u>

20.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served consent to removal. *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("[T]he filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); *McLaughlin v. Ford Motor Co.*, 603 F. Supp. 3d 1079, 1084 (N.D. Okla. 2022) ("§ 1446(b)'s unanimity requirement

is satisfied by a Notice of Removal, signed pursuant to Rule 11 and filed by an attorney for the removing defendant, unambiguously representing that the non-removing co-defendants consent to the removal of the action.").

21.    The following Defendants have been served in this action and consent to removal: Michael Wiley; OK Airport, ES, LLC; ESH Strategies Franchise, LLC; Raj Krupa Hotel, LLC; Jaliyan Hospitality, Inc.; Kajal Hospitality, LLC; G6 Hospitality Franchising, LLC. *See Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015).

22.    Noor Hotel, LLC may not have been properly served. Nevertheless, it consents to removal.

23.    Plaza Hotels, LLC; Steve Ketter; Yash Enterprises, Inc.; Chand & Saaj Hospitality, Inc.; Ambica, LLC; OM, LLC; and Indra, LLC have not been properly served, and thus their consent to removal is not required.

24.    By filing this Notice of Removal, neither the Wyndham Franchisor Defendants nor any other Defendant waives any defense that may be available to them and expressly reserve all such defenses, including those related to personal jurisdiction and service of process. Neither the Wyndham Franchisor Defendants nor any other Defendant concede that the allegations in the Petition state a valid claim under any applicable law.

25.    If any question arises as to propriety of removal to this Court, the Wyndham Franchisor Defendants request the opportunity to submit additional factual support, evidence, and affidavits or declarations, and to present a brief and oral argument

in support of their position that this case has been properly removed on the basis of federal question jurisdiction.

26.    Pursuant to 28 U.S.C. § 1446(d), the Wyndham Franchisor Defendants will promptly file a copy of this Notice of Removal with the clerk of the state court where the lawsuit has been pending and serve notice of the filing of this Notice of Removal on Plaintiff's counsel.

27.    The Wyndham Franchisor Defendants reserve the right to amend or supplement this Notice.

**WHEREFORE**, Super 8 Worldwide, Inc., Days Inns Worldwide, Inc., Ramada Worldwide, Inc., and Howard Johnson International, Inc. hereby remove this action from the District Court of Oklahoma County, State of Oklahoma, Case No. CJ-2025-1850, to this Court.

Dated: April 23, 2025                    Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
    & ANDERSON, L.L.P.


*s/ Kaylee P. Davis-Maddy*
Michael S. Linscott, OBA No. 17266
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
mlinscott@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513

Facsimile (405) 319-3524
kmaddy@dsda.com

*Attorneys for Super 8 Worldwide, Inc., Days Inns Worldwide, Inc., Ramada Worldwide, Inc., and Howard Johnson International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 23, 2025, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Fletcher D. Handley, Jr.
THE HANDLEY LAW CENTER
111 S. Rock Island Ave.,
Post Office Box 310
El Reno, OK 73036
*Attorney for Plaintiff*

Geoffrey C. Parker
Hilton Parker, LLC
7658 Slate Ridge Blvd.,
Reynoldsburg, OH 43068
*Attorney for Plaintiff*

Michael C. Kane
THE702FIRM Injury Attorneys
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101
*Attorney for Plaintiff*

Bart Jay Robey
Eric A. Moen
Abby R. Herren
CHUBBUCK DUNCAN & ROBEY, P.C.
1329 Classen Drive
Oklahoma City, OK 73103
*Attorneys for Defendant OKC Airport ES, LLC*

David Senger
Hunter Siex
4725 East 91st Street, Suite 100
Tulsa, OK 74137
*Attorneys for Defendant Jaliyan Hospitality, Inc.*

Shubhra Mashelkar
Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
999 Peachtree Pl NE #2700
Atlanta, GA 30309
*Attorneys for Defendant ESH Strategies Franchise, LLC*

Plaza Hotels, LLC
3200 S I-35 Service Road
Oklahoma City, OK 73129

Steve Ketter
5101 S. Choctaw Ave.
El Reno, OK 73036

Kajal Hospitality, LLC
c/o Jaydip Modi
1120 S 10th St.
Clinton, OK 73601

Chand & Saaj Hospitality, Inc.
c/o Hitesh Patel
2200 S. Meridian
Oklahoma City, OK 73108

Raj Krupa Hotel, LLC

Yash Enterprises, Inc.

c/o Dilipkumar B. Patel
2200 W 3rd St.
Elk City, OK 73644

Noor Hotel, LLC
c/o Abdel Jawabreh
3213 Meadow Lane
Edmond, OK 73103

OM, LLC
c/o Ramesh V. Patel
12001 N I-35 Service Road
Oklahoma City, OK 73131

Jonathan Wilfong
Oyo Hotels, Inc.
440 Louisiana Street, Suite 1050
Houston, TX 77002
*Attorney for G6 Hospitality Franchising, LLC*

c/o Tushar Natha
400 S. Meridian
Oklahoma City, OK 73108

Ambica, LLC
c/o Prakash Patel
5608 NW 107th St.
Oklahoma City, OK 73162

Indra, LLC
c/o Ramesh Patel
11935 N. I-35 Service Rd.
Oklahoma City, OK 73131

Michael A. Wiley
1701 Wildhorse Dr.
Edmond, OK 73003

*s/ Kaylee P. Davis-Maddy*
*Kaylee P. Davis-Maddy*