UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>      Plaintiff,<br><br>vs.<br><br>PLAZA HOTELS, LLC;<br>STEVE KETTER;<br>MICHAEL WILEY;<br>OKC AIRPORT ES, LLC;<br>ESH STRATEGIES FRANCHISE, LLC;<br>KAJAL HOSPITALITY, LLC;<br>JALIYAN HOSPITALITY, INC.<br>SUPER 8 WORLDWIDE, INC.;<br>RAJ KRUPA HOTEL, LLC;<br>DAYS INNS WORLDWIDE, INC.:<br>CHAND & SAAJ HOSPITALITY, INC.;<br>RAMADA WORLDWIDE, INC,;<br>YASH ENTERPRISES, INC.;<br>HOWARD JOHNSON<br>INTERNATIONAL, INC.;<br>NOOR HOTEL, LLC;<br>AMBICA, LLC;<br>OM, LLC;<br>INDRA, LLC; and<br>G6 HOSPITALITY FRANCHISING,<br>LLC,<br><br>      Defendants. | Case No.  25-cv-00462-G |

**DEFENDANT JALIYAN HOSPITALITY, INC.'S
PARTIAL MOTION TO DISMISS[1]**

Defendant Jaliyan Hospitality, Inc. ("Jaliyan"), by and through its counsel of record, COFFEY, SENGER, HANCOCK & HARMON, PLLC, hereby submits this *Partial Motion to Dismiss* pursuant to FRCP 12(b)(6) and 12 O.S. §2012(b)(6) requesting the Court enter an Order dismissing

---

[1] Pursuant to FRCP 12(a)(4)(A), Defendant Jaliyan reserves the right to file its Answer to all remaining claims, including affirmative defenses, fourteen (14) days after the Court's decision on this Partial Motion to Dismiss.

Plaintiff's claims for "negligence or premises liability" and intentional infliction of emotional distress as both claims are time barred by the applicable statute of limitations. In furtherance and support of this *Partial Motion to Dismiss*, Defendant Jaliyan states and alleges as follows:

## **BRIEF IN SUPPORT**

In the Petition filed March 19, 2025 [Dkt. 1-1], Plaintiff Nancy R (pseudonym) brought this cause of action in relation to alleged sex trafficking she suffered between 2021 and 2022 at the hands of a gang-member pimp known as "Domino." *Id.* at ¶¶ 73-81. Plaintiff has alleged that some of the trafficking perpetuated on her occurred in the named Defendants' hotels, including a hotel owned and operated by Defendant Jaliyan. *Id.* at ¶¶ 182.  She claims to have visited Defendant Jaliyan's establishment under a fake name for a period totaling two weeks in 2021 or early 2022. *Id.*

Plaintiff subsequently brought claims against the named Defendants, including Defendant Jaliyan in part, for "negligence or premises liability" and intentional infliction of emotional distress under Oklahoma Law. *Id.* at ¶¶ 233-239. Both such actions are time-barred by the applicable statute of limitations and subject to dismissal under 12 O.S. §2012(b)(6) and FRCP 12(b)(6). Accordingly, Defendant Jaliyan requests that Plaintiff's claims for "negligence or premises liability" and intentional infliction of emotional distress be dismissed with prejudice pursuant to the statutorily prescribed limitations period.

## **ARGUMENT AND AUTHORITY**

### I.  STANDARD OF REVIEW

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to Plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" "are not entitled to the assumption of truth." *Id*. at 678-79. Plaintiff's factual allegations against a defendant "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted). Stated differently, a plaintiff must provide sufficient allegations to "nudge [ ] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Similarly, under Oklahoma law, pursuant to 12 O.S. § 2012(b)(6) a motion to dismiss tests a pleading's sufficiency to support a legally cognizable claim. *Darrow v. Integris,* 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208. When evaluating a motion to dismiss, the court examines only the controlling law, not the facts. *Am. Nat. Res., LLC v. Eagle Rock Energy Partners, L.P.*, 2016 OK 67, ¶ 6, 374 P.3d 766, 769. Thus, a petition will survive a dismissal motion only if it discloses the existence of facts to support each necessary element of a legally recognized claim or cause of action. *Miller v. Miller,* 1998 OK 24, ¶ 15, 956 P.2d 887, 894.

The claims for "negligence or premises liability" and intentional infliction of emotional distress are claims brought pursuant to Oklahoma state law. The removal of the action based on federal question jurisdiction for Plaintiff's claim regarding the Trafficking victims Protection Reauthorization Act ("TVPRA"). 18 U.S.C. §1591, *et seq*. All other claims brought by Plaintiff sound in Oklahoma state law pursuant to the Court's supplemental jurisdiction granted by 28 U.S.C. §1367(a). As such, Oklahoma state law regarding the statute of limitations shall apply to the state law claims. When courts have supplemental jurisdiction, the law of the forum controls substantive issues. *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).

**II.   PLAINTIFF'S CLAIMS FOR "NEGLIGENCE OR PREMISES LIABILITY" AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ARE TIME-BARRED AS A MATTER OF LAW**

Under Oklahoma Law, claims for (1) negligence, (2) premises liability and (3) intentional infliction of emotional distress are subject to a two-year statute of limitations. 76 O.S. §5.5 and 12 O.S. §95(3). *See also Williams v. Lee Motor Freight Inc., et al*., 1984 OK 64, 688 P.2d 1294 at ¶1 (intentional infliction of emotional distress) Oklahoma law provided that "a cause of action arises and the statute of limitations begins to run on that cause of action when harm occurs to the Plaintiff." *Weathers v.* Fulgenzi, 1994 OK 119, 884 P.2s 538, 540. In her Petition, Plaintiff alleges the "harm" occurred when she stayed at the Super 8 Prospect property for a total of two weeks in 2021 or early 2022. Pet. At ¶ 182. She claims Defendants, including Defendant Jaliyan, "negligently caused, or allowed to arise, unsafe conditions including, *inter alia*, by allowing sex trafficking to be carried on in their establishments and, specifically, by allowing Plaintiff to be sex trafficked in their establishments." *Id.* at ¶235. Plaintiff failed to bring this claim within the applicable two-year period.

Similarly, Plaintiff made a claim for intentional infliction of emotional distress arising from the same stay at Defendant Jaliyan's establishment in 2021 or early 2022. *Id.* at ¶ 182. She claims,

4

"Defendants' intentional acts and omission, as described above, were extreme and outrageous to the point of being intolerable in a civilized society. Plaintiff suffered severe emotional distress and permanent psychological injures as a result of Defendants' intentional acts and omissions…" *Id.* at ¶¶ 238-239. The statute of limitations for intentional infliction of emotional distress is likewise two years. *See Williams supra*, and 12 O.S. §95(3). Again, for the reasons stated above, Plaintiff did not bring her claims within the two-year statute of limitations and her claim is therefore time-barred as a matter of law.

The operative dates appear plainly on the face of Plaintiff's Petition. Any alleged harm arising from alleged harm that occurred when Plaintiff stayed at Defendant Jaliyan's establishment, at the latest, in early 2022. Thus, Plaintiff's claim for "negligence or premises" liability is time-barred as a matter of law and should be dismissed.

## CONCLUSION

Considering the above arguments, Defendant Jaliyan Hospitality, Inc. hereby respectfully requests the Court enter an Order dismissing Plaintiff's claims for "negligence or premises liability" and intentional infliction of emotional distress against Defendant Jaliyan with prejudice. Defendant Jaliyan further requests any and all other relief the Court deems just and equitable.

**Respectfully Submitted,**

/s/ David C. Senger
David C. Senger, OBA No. 18830
Hunter M. Siex, OBA No. 33217
**COFFEY SENGER HANCOCK & HARMON, PLLC**
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787 (phone)
918-292-8788 (fax)
David@CSHHlaw.com
Hunter@CSHHlaw.com
*Attorneys for Jaliyan Hospitality, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this, the 2nd day of May 2025, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

                /s/ David C. Senger