UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>       Plaintiff,<br>vs.<br><br>PLAZA HOTELS, LLC, et al.,<br><br>       Defendants. | Case No. : 5:25-cv-462<br>**Judge Charles Goodwin**<br><br>**PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR LEAVE TO AMEND COMPLAINT UNDER RULE 15(A)** |

**I.      INTRODUCTION**

Plaintiff Nancy R. filed the complaint that initiated this action in the District Court of Oklahoma County on March 19, 2025. On April 23, 2025, Defendants Ramada Worldwide, Inc.; Howard Johnson International, Inc.; Super 8 Worldwide, LLC; and Days Inn Worldwide, Inc. ("the Wyndham Defendants") removed the case to this Court. Thereafter, several Defendants filed a total of three motions to dismiss. (Docs. 17, 26, 31.)

As Defendants' motions correctly imply, Plaintiff's state court complaint was drafted to comply with the notice pleading standard employed by the Oklahoma courts, rather than the federal notice pleading standard as clarified by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although Plaintiff's complaint was more than sufficient under Oklahoma law, Plaintiff concedes that repleading is necessary to satisfy federal pleading requirements. Therefore, in lieu of filing a memorandum in opposition to Defendants' motions to dismiss, Plaintiff requests leave to file the [Proposed] First Amended Complaint (the "FAC"), attached hereto as Exhibit 1.

The Court should grant leave. Barely a month has passed since the case was removed to this Court, so there has been no undue delay. This is Plaintiff's first request to amend her complaint, so there have been no previous failures to cure deficiencies. And there can be no prejudice to Defendants in permitting Plaintiff to replead after Defendants themselves opted to change the pleading standard applicable to her complaint.

As for futility, amendment will not be futile because the FAC adds factual allegations that address the alleged pleading deficits identified in Defendants' pending motions to dismiss. These new allegations are extensive, detailed, and individualized, so the Court should permit the amendment and defer consideration of the FAC's sufficiency until the question can be fully briefed on fresh motions to dismiss.

Finally, the Court should grant leave because the amendment is necessary to replace two misnamed parties (Yash Enterprises, Inc. and Kajal Hospitality, LLC) with the correct Defendants (Yash Enterprises, LLC and Natha, LLC), and because the FAC narrows the issues for the Court's consideration by voluntarily dropping Plaintiff's State common law claims.

## II.     LEGAL STANDARD

Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In the absence of "bad faith," "undue delay," "repeated failure to cure deficiencies," or "undue prejudice," a Court permit amendment unless doing so would be "futile." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Undue prejudice is the "most important" factor in the Rule 15(a) inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Id.* (quoting *United States v. Hougham*, 364 U.S. 310, 316 (1960)).

In particular, denial of leave to amend based on futility is "rare." *Martinez v. Sellers*, 2024 U.S. Dist. LEXIS 25777, at *7 (E.D. Okla. Jan. 18, 2024) (quoting *Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs. Inc.*, 2023 U.S. Dist. LEXIS 142019, at *8 (D. Colo. July 10, 2023)). The better practice is to allow amendment, because "the parties' arguments are better developed through a motion to dismiss" than by a ruling on futility. *Electro-Mechanical Prods.* at *7. Defendants bear the burden of persuading the Court that futility arguments are better presented here than on a fresh motion to dismiss. *Underwood v. O'Reilly Auto Enter., LLC*, 342 F.R.D. 338, 346 (D. Nev. 2022).

### III. ARGUMENT

All five *Foman* factors weigh in favor of permitting amendment here. The first three are easily disposed of. "Bad faith" and "undue delay" are absent here because this case is less than three months old, and Plaintiff seeks to amend less just thirty-six (36) days after her state court complaint was removed to this Court. Similarly, "repeated failures to cure deficiencies" are absent here because this is Plaintiff's first attempt to amend her complaint.

"Undue prejudice"—the touchstone of the inquiry—is also absent. Prejudice is generally "the product of delay," and this motion follows close on the heels of Defendants' removal. WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 1488 (3rd 2010). What is more, Defendants can hardly complain they will suffer prejudice if Plaintiff repleads to satisfy federal pleading standards when it was Defendants who opted to remove her state court complaint to a federal forum.

Finally, permitting Plaintiff to amend would not be "futile" because the FAC's extensive new allegations are in large part tailored to address the deficiencies identified in Defendants' motions to dismiss.

Those motions to dismiss identified three main categories of deficiencies: (1) the alleged untimeliness of Plaintiff's State common law claims; (2) the allegedly "shotgun" nature of Plaintiff's complaint; and (3) the alleged failure of Plaintiff's complaint to identify how franchisors like ESH Strategies Franchise, LLC and the Wyndham Defendants knew that Nancy was being trafficked on their franchisees' properties.

The FAC remedies all three alleged deficiencies. It removes Plaintiff's allegedly untimely State common law claims entirely. It removes all but four of the factual allegations that referred to multiple Defendants collectively. *See generally* (FAC, Ex. 1) (leaving only newly-numbered ¶¶ 83, 88, 226–27.) Most importantly, it adds extensive, individualized allegations based on publicly available contract documents that show how each franchisor Defendant retained near-total control over the operations of its franchisees and knew everything its franchisees knew. *See* (FAC ¶¶ 130(a–h), 145(a–k), 165(a–k), 183(a–m), 196(a–l), 210(a–l).)

Defendants cannot carry their burden when the proposed amendment's large "volume of factual allegations" calls for "substantive briefing."  *Stanz v. Brown*, No. 22-CV-1164, 2023 U.S. Dist. LEXIS 32570, at *11 (S.D. Cal. Feb. 27, 2023).  Here, the FAC is longer by three fact-intensive pages, despite the removal of numerous redundant allegations and two causes of action.  This Court should therefore defer addressing the merits of the FAC until they have been fully briefed on a motion to dismiss or a motion for summary judgment that is directed to the FAC in the first instance.  *Underwood*, 342 F.R.D. at 346–47.

### IV.  CONCLUSION

The Court should grant Plaintiff leave to file her [Proposed] First Amended Complaint.

DATED this 28th day of May, 2025.

/s/ *Geoffrey C. Parker, Esq.*

GEOFFREY C. PARKER, ESQ.
*Pro Hac Vice* – OH #0096049
Hilton Parker LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel:  (614) 992-2277
Fax:  (614) 927-5980
Email:  gparker@hiltonparker.com

MICHAEL C. KANE, ESQ.
*Pro Hac Vice* – NV #10096
THE702FIRM INJURY ATTORNEYS
400 South 7th Street, Suite 400
Las Vegas, Nevada 89101
Tel:  (702) 776-3333
Fax:  (702) 505-9787
Email:  service@the702firm.com

FLETCHER D. HANDLEY, JR.
OBA
Handley Law Center
PO Box 310
El Reno, OK 73036
Tel: (405) 295-1924
Email: fdh@handleylaw.com

*Attorneys for Plaintiff Nancy R.*