**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

---

**Case No. 5:25-cv-00462-G**

---

**NANCY R., pseudonymously,**

**Plaintiff,**

**vs.**

**PLAZA HOTELS, LLC; et al.,**

**Defendants.**

---

# DEFENDANT CHAND AND SAAJ HOSPITALITY, INC.'S MOTION TO DISMISS

---

**The Honorable Charles B. Goodwin, Presiding**

---

JAMES K. SECREST, III, OBA #18828
JUSTIN L. HALL, OBA #32625
EMMA C. KINCADE, OBA #34698
SECREST, HILL, BUTLER & SECREST
7134 S. Yale Avenue, Ste. 900
Tulsa, Oklahoma 74136
918-494-5905
918-494-2847 facsimile
jsecrest3@secresthill.com
jhall@secresthill.com
ekincade@secresthill.com
*Attorneys for Defendants*
*Chand & Saaj Hospitality Inc.*

Dated this 29th day of May, 2025.

# TABLE OF CONTENTS


**TABLE OF AUTHORITIES** ........ iii-iv

**INTRODUCTION** ........ 1

**STATEMENT OF FACTS, AS ALLEGED** ........ 3

**ARGUMENT AND AUTHORITY** ........ 5

**I. COUNTS II, III AND IV ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS** ........ 6

**A. Count III and IV: Plaintiff's Negligence and Intentional Infliction of Emotional Distress Claims Expired in 2024** ........ 6

**B. Count II: Plaintiff's Claim Pursuant to the Oklahoma Human Trafficking Act Expired, at the Very Latest, in Early 2025 – Before the Complaint was Filed on March 19, 2025** ........ 7

**II. PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT TWO ESSENTIAL ELEMENTS OF HER CLAIMS PURSUANT TO THE OKLAHOMA HUMAN TRAFFICKING ACT AND THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT: (A) C&S PARTICIPATED IN A "VENTURE" WITH DOMINO THE PIMP; AND, (B) C&S KNEW OR SHOULD HAVE KNOWN THAT THE VENTURE VIOLATED THE TVPRA AS TO PLAINTIFF** ........ 9

**A. Count I: Plaintiff Fails to State a Plausible Claim Per the TVPRA** ........ 10

**1. Plaintiff's Complaint Does Not State a Claim for Perpetrator Liability Per 18 U.S.C. § 1591(a)(1)** ........ 11

**2. Plaintiff's Complaint Does Not State a Claim for Venture Liability Per 18 U.S.C. § 159(a)(2)** ........ 12

**a. *Element One: "Whoever Knowingly Benefits… Financially or by Receiving Anything of Value"*** ........ 13

**b. *Element Two: "From Participation in a Venture"*** ........ 13

c. ***Element Three: The Venture Violated the TVPRA*** ....................... **17**

d. ***Element Four: Defendant Knew or Should Have Known the Venture Violated the TVPRA as to Plaintiff*** ........................................................................ **17**

**B. Count II: Plaintiff Fails to State a Plausible Claim per the Oklahoma Human Trafficking Act** ................................ **18**

**1. The Oklahoma Human Trafficking Act Provides Civil Relief Against a Perpetrator Only (Not a Negligent Beneficiary)** ........................................................... **18**

**2. The Intent Necessary Under the Penal Provision of the Oklahoma Human Trafficking Act is Actual Knowledge, Which is a Higher Standard than the "Knowingly or Recklessly Disregarding" Standard for Perpetrator Liability Under the TVPRA** .................................... **18**

**3. Finally, Even if the Court finds a Claim Exists for Venture Liability Under Oklahoma Law, Plaintiff Fails to Allege Sufficient Facts to Support the Claim** ...................... **19**

**CONCLUSION** ........................................................................................... **19**

**CERTIFICATE OF SERVICE** ....................................................................... **20**

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ............................................. 6

*Bell v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ..........................................5-6

*Bistline v. Parker*,
918 F.3d 849 (10th Cir., 2019) ..................................................................14-15

*C.B. v. Naseeb Investments, Inc.*,
748 F.Supp.3d 1338 (N.D. Ga., 2024)........................................................... 14

*Cory v. Allstate Ins.*,
583 F.3d 1240 (10th Cir., 2009) ................................................................... 5

*Doe #1 v. Red Roof Inns, Inc.*,
21 F.3th 714 (11th Cir., 2021) .................................................................. 11, 13

*Doe (K.E.C.) v. G6 Hospitality, LLC*,
750 F.Supp.3d 719 (E.D., Tex. 2024) ....................................................... 13, 16

*G.G. v. Salesforce.com, Inc.*,
76 F.4th 544 (7th Cir., 2023) .....................................................................13-14

*J.L. v. Best W. Int'l., Inc.*,
521 F.Supp.3d 1048 (D. Colo., 2021) ......................................................... 6, 17

*Moffett v. Halliburton Energy Servs., Inc.*,
291 F.3d 1227 (10th Cir., 2002) ...................................................................5-6

*K.H. v. Riti, Inc.*,
2024 WL 505603 *2 (11th Cir., Feb. 9, 2024) ..........................................12-14

*Khalik v. United Air Lines*,
671 F.3d 1188 (10th Cir., 2012) ...................................................................5-6

*Mojsilovic v. Oklahoma ex rel., Bd. Of Regents for Univ. of Okla.*,
841 F.3d 1129 ........................................................................................ 10

*Ricchio v. McLean*,
853 F.3d 553 (1st Cir., 2017) ....................................................................12, 14-15

*United States v. Roy*,
630 Fed.Appx. 169 (4th Cir., 2015) .................................................................... 12

*United States v. Todd*,
627 F.3d 329 (9th Cir., 2010) ............................................................................ 12

*Williams v. Lee Motor Freight, Inc.*,
1984 OK 64, 688 P.2d 1294 ............................................................................... 7

**STATUTES**

18 U.S.C. § 1591 ........................................................................................10-13

18 U.S.C. § 1595(a) ..............................................................................10-13, 18

Oklahoma Statutes, tit. 12 § 95 .....................................................................1-2, 7

Oklahoma Statutes, tit. 21, § 96 ........................................................................ 19

Oklahoma Statutes, tit. 21, § 748.2. ...........................................................1, 7-9, 18

**RULES**

FED. R. CIV. P. 12(b)(6) .................................................................................1, 5

**DEFENDANT CHAND AND SAAJ HOSPITALITY, INC.'S[1]**
**MOTION TO DISMISS**

Defendant Chand and Saaj Hospitality, Inc. ("Defendant" or "C&S"), pursuant to FED. R. CIV. P. 12(b)(6), moves this Court to dismiss Counts I-IV of Plaintiff's Complaint (Doc. No. 1-2). In support of its Motion to Dismiss, C&S provides the following Brief in Support:

## INTRODUCTION

Plaintiff pursues four (4) claims against C&S:

- Count I - Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595 ("TVPRA")
- Count II - Oklahoma Human Trafficking Act, 21 O.S. § 748.2,
- Count III - Negligence, and
- Count IV – Intentional Infliction of Emotional Distress.

Counts II, III and IV of Plaintiff's Complaint are barred by the applicable statute of limitations. The Oklahoma Human Trafficking Act is subject to the three (3) year statute of limitation for claims arising from a liability imposed by statute. 12 O.S. § 95(2); 21 O.S. § 748.2. The statute of limitation runs from the latest of three (3) triggering events: Plaintiff's twenty-first (21st) birthday, the point at which Plaintiff knew or should have known she was being trafficked, or the date of Plaintiff's emancipation from her trafficker. The facts

[1] Chand and Saaj, Inc. is not a proper party—the proper entity is Chand and Saaj, LLC. Further, C&S sold the hotel in April of 2021; therefore, based on the facts as alleged in the Complaint, C&S may be an improper party under either entity name and reserves its right to move for dismissal on those grounds, if applicable.

reasonably drawn from the face of the Complaint demonstrate that Plaintiff's state law claim expired, at the latest, at the "[b]eginning" of 2025, before the Complaint was filed. Plaintiff's claims for negligence and intentional infliction of emotional distress are also time barred because the latest act alleged in the Complaint (as it relates to C&S) was in "early 2022" and the applicable statute of limitations for Plaintiff's common law tort claims is two (2) years. 12 O.S. § 95(3). Plaintiff's claims for negligence and intentional infliction of emotional distress expired in early 2024, before the Complaint was filed.

Counts I and II of Plaintiff's Complaint are not plausible upon the facts alleged by Plaintiff (as it relates to C&S). First, the facts alleged do not trigger a claim for perpetrator under the Oklahoma Human Trafficking Act or the TVPRA. To state a claim for perpetrator liability under the TVPRA, Plaintiff must plausibly allege C&S harbored Plaintiff with actual knowledge (or in reckless disregard) of the fact that Plaintiff was a victim of sex trafficking. The Oklahoma Human Trafficking Act maintains a higher standard, requiring factual allegations supporting C&S's actual knowledge of such circumstances. The facts set forth in Plaintiff's Complaint, as they relate to C&S, do not state a claim under either theory when analyzed under the statutory test and case law application of the elements. Second, the Complaint does not provide sufficient facts in support of a claim of venture liability under the TVPRA. (i.e. that C&S participated in a joint "venture" with Plaintiff's alleged trafficker and that C&S knew such venture violated the TVPRA as to the Plaintiff.). And the Oklahoma Human Trafficking Act does not provide a claim for venture liability.

For these reasons, all claims in Plaintiff's Complaint, as it relates to C&S, should be dismissed.

## STATEMENT OF FACTS, AS ALLEGED

The following facts are alleged against C&S and are taken as true and in the light most favorable to Plaintiff for the sole purpose of this Motion to Dismiss:

1. Plaintiff escaped an abusive relationship as a teenager, experienced homelessness, was briefly incarcerated, and then found a fiancé, a job, her sobriety and a home for her children. Complaint ¶ 71 (Doc. No. 1-2).
2. Plaintiff's fiancé passed away in 2020. Plaintiff then relapsed while visiting a hotel with the abusive father of one of her children. *Id.* ¶ 72.
3. In early 2021, Plaintiff met "Domino" the Pimp at the Plaza Inn in Oklahoma City (not C&S's hotel). Domino began trafficking Plaintiff as a commercial sex worker. *Id.* ¶ 73.
4. Domino the Pimp trafficked Plaintiff from "early 2021 to the beginning of 2022" at various Oklahoma City hotels. *Id.* ¶¶ 81 & 84.
5. Afterwards, Plaintiff was married and moved out of state. *Id.* ¶ 83.
6. Hotel employees are provided with anti-trafficking training programs that highlight the following behaviors as potential signs of human trafficking: paying in cash or prepaid card one day at a time; wearing heavy makeup, lingerie, and little clothing; carrying little luggage; displaying signs of drug use or sleep deprivation; discarding condoms; use of Backpage.com; and heavy foot traffic to room by different men. *Id.* ¶¶ 62-64.
7. C&S owns and operates a hotel known as the Ramada by Wyndham - Oklahoma City Airport North ("the Ramada") located at 2200 S. Meridian Avenue, Oklahoma City, OK 73108. *Id.* ¶.

8. The conduct of "seven" hotels—not including C&S's hotel—was "particularly notable" because Plaintiff performed "in-call" commercial sex work at those locations. *Id.* ¶ 84

9. At four hotels—not including C&S's hotel—Plaintiff and her johns had to walk through the lobby and past the front desk to access Plaintiff's room for commercial sex work. *Id.* ¶ 94.

10. At five hotels—not including C&S's hotel—Plaintiff had conversations and interactions with hotel staff that explicitly referenced Plaintiff engaging in acts of commercial sex on the premises. *Id.* ¶ 95.

11. At six hotels—not including C&S's hotel—Plaintiff claims negative reviews relating to drug use and prostitution provided the hotels with knowledge of trafficking practices at the premises. *Id.* ¶¶ 190-201.

12. Plaintiff stayed at the Ramada for <u>one</u> week. *Id.* ¶ 162.

13. Plaintiff saw 50 johns at the Ramada. *Id.* ¶ 163.

14. Domino visited the hotel on <u>one</u> occasion to collect Plaintiff's earnings. *Id.* ¶ 164.

15. On <u>one</u> occasion, Plaintiff walked past the front desk wearing inappropriate attire. *Id.* ¶ 165.

16. Plaintiff's clients walked through the front door of the hotel to visit Plaintiff's room.

17. On one evening during her stay, Plaintiff purchased condoms from the hotel lobby during multiple visits to the front desk. *Id.* ¶¶ 167-169.

18. Based on the above facts, Plaintiff claims that the hotel staff knew or should have known that Domino the Pimp was trafficking Plaintiff *and* that C&S participated in Domino's sex trafficking venture… *Id.* ¶¶ 170, 225-226 & 230-231.

19. Based on the above facts, Plaintiff claims that *C&S itself* trafficked Plaintiff by "harboring" her at the hotel… *Id.* ¶ 224.

20. Missing from the Complaint is any allegation of an ongoing relationship between Domino and C&S, including any fact that C&S knew or should have known who Domino was when he visited the hotel.

21. Missing from the Complaint is any allegation of direct participation by C&S in a venture known to be a sex trafficking scheme.

22. The facts, as alleged, do not sufficiently state a claim for direct or beneficiary liability under the TVPRA or the Oklahoma Human Trafficking Act, as it relates to C&S.

23. The facts, as alleged, demonstrate that Plaintiff's claims for negligence, intentional infliction of emotional distress, and Oklahoma Human Trafficking Act liability are barred by the applicable state law statutes of limitation.

**ARGUMENT AND AUTHORITY**

Defendant C&S respectfully requests this Court dismiss all Counts of Plaintiff's Complaint relating to this Defendant.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief ... plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Otherwise, the Court need not accept conclusory

allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted).

"Thus, even though modern rules of pleading are somewhat forgiving, 'a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *J.L. v. Best W. Int'l, Inc.*, 521 F.Supp.3d 1048, 1059 (D. Colo. 2021) (internal citations omitted).

## I. Counts II, III and IV Are Barred by the Applicable Statute of Limitations.

### A. Count III and IV: Plaintiff's Negligence and Intentional Infliction of Emotional Distress Claims Expired in 2024.

Plaintiff's claims based upon negligence and intentional infliction of emotional distress are time barred. Plaintiff alleges that C&S's employees were negligent and caused her intentional infliction of emotional distress during her stay at C&S's hotel. Complaint ¶¶ 233-239 (Doc. No. 1-2). Defendants deny Plaintiff's allegations and further deny that Plaintiff's allegations set forth cognizable claims for negligence and intentional infliction

of emotional distress. However, assuming *arguendo* that Plaintiff's allegations are true: Plaintiff visited C&S's hotel for one week, at the latest, in "early 2022"—three (3) years before this lawsuit was filed on March 19, 2025. Complaint ¶¶ 81, 162 & 233-239 (Doc. No. 1-2). Oklahoma carries a two (2) year statute of limitations for claims based upon negligence and intentional emotional distress. 12 O.S. § 95(3); *Williams v. Lee Motor Freight Inc., et al.*, 1984 OK 64, ¶ 1, 688 P.2d 1294 (confirming 12 O.S. § 95(3) applies to the tort of intentional infliction of emotional distress).

Therefore, based upon the operative dates appearing plainly on the face of Plaintiff's Complaint, Plaintiff's claims of negligence and intentional infliction of emotional distress are time-barred and should be dismissed.

**B. Count II: Plaintiff's Claim Pursuant to the Oklahoma Human Trafficking Act Expired, At the Very Latest, In Early 2025—Before the Complaint Was Filed on March 19, 2025.**

The Oklahoma Human Trafficking Act is a statute that provides a civil remedy for the recovery of damages by a private citizen based upon certain criminal conduct:

> Any person aggrieved by a violation of subsection B of Section 748 of this [Title 21] may bring a civil action against the person or persons who committed the violation to recover actual and punitive damages and reasonable attorney fees and costs.

21 O.S. § 748.2(B). In Oklahoma, an action upon a "liability created by statute other than forfeiture or penalty" must be brought within three (3) years of the underlying event. 12 O.S. § 95(A)(2). The statute of limitations for claims made pursuant to the Oklahoma Human Trafficking Act run for the latest of three (3) unique events:

> The statute of limitations for the cause of action shall not commence until the latter of the victim's emancipation from the defendant, the

> victim's twenty-first birthday, or the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for or profited from the human trafficking.

21 O.S. § 748.2(B). Based upon the facts alleged in the Complaint, a reasonable inference may be drawn that Plaintiff's claim against C&S expired, at the very latest, in "early" 2025—before this Complaint was filed.

Plaintiff alleges that *before* meeting Domino, she experienced an abusive relationship "as a teenager," then was "briefly incarcerated," became engaged to her fiancé, found "a home for her children," held "a job," found "sobriety," all *before* her fiancé's passing in 2020. Complaint ¶¶ 71-72 (Doc. No. 1-2). The year is now 2025. Defendants believe it is reasonable to infer that Plaintiff's twenty-fourth (24th) birthday passed prior to her filing of the Complaint.

The face of the Complaint makes clear that Plaintiff knew or should have known she was a victim of human trafficking by "early 2021" when she met Domino the Pimp and began performing commercial sex work. Complaint ¶¶ 73-75 (Doc. No. 1-2). Therefore, the expiration date for Plaintiff's claim pursuant to the Oklahoma Human Trafficking Act, if the statute of limitations ran from the point in time that Plaintiff "discover[ed] or reasonably should have discovered that…she was a victim of human trafficking and that the defendant caused, was responsible for or profited from the human trafficking," expired in early 2024 at the latest. 21 O.S. § 748.2(B).

Finally, the Complaint alleges that the alleged trafficking continued until "early 2022" when Domino was arrested. Thus, "early 2022" would be the point when Plaintiff

was "emancipated" *from Domino*. Application of the term "emancipation" is incongruous to the facts alleged by Plaintiff against C&S, i.e. that Plaintiff stayed at the hotel and bought items from the hotel store. However, for the sake of argument only, it is reasonable to infer that Plaintiff's hotel stay with C&S would have occurred at some point in time *prior to* "early 2022." And that her check-out date from her stay at the hotel would serve as her emancipation date. The statutory deadline to file a claim against Domino expired in "early" 2025, presumably before the Complaint was filed on March 19, 2025. 21 O.S. § 748.2(B). The deadline to file a claim against C&S expired even sooner.

Plaintiff's claim made pursuant to the Oklahoma Human Trafficking Act should therefore be dismissed pursuant to the applicable statute of limitations because such claim expired, at the very latest, at the beginning of 2025.

## II. Plaintiff Fails to State Sufficient Facts to Support Two Essential Elements of her Claims Pursuant to the Oklahoma Human Trafficking Act and the Trafficking Victims Protection Reauthorization Act: (A) C&S Participated in a "Venture" with Domino the Pimp and that (B) C&S Knew or Should Have Known That the Venture Violated the TVPRA as to Plaintiff.

*Factually* as it relates to C&S, Plaintiff alleges only that:

- Hotel employees are familiar with signs of commercial sex work and trafficking because of workplace training. Complaint, ¶¶ 170 & 216 (Doc. No. 1-2);
- Plaintiff stayed at C&S's hotel for a week. *Id.* ¶¶ 162-63;
- Fifty (50) individuals visited Plaintiff at the hotel and entered through the front door. *Id.* ¶¶ 163 & 166;
- Domino the Pimp visited Plaintiff at the hotel to collect money. *Id.* ¶ 164;

- Plaintiff was dressed inappropriately as she walked through the lobby on one occasion. *Id.* ¶ 165;
- Plaintiff purchased condoms from the lobby. *Id.* ¶ 166-169.

The above allegations do not support a plausible claim for liability pursuant to the TVPRA or the Oklahoma Human Trafficking Act, even when read in the light most favorable to the Plaintiff and upon a reflection of the full Complaint.

**A. Count I: Plaintiff Fails to State a Plausible Claim Per the TVPRA.**

The TVPRA's civil remedy provision establishes a private cause of action against a "perpetrator" or "whoever" violates the TVPRA:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a) (emphasis added); *Mojsilovic v. Oklahoma ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1132 (acknowledging the two theories of TVPRA civil liability).

Civil perpetrator liability is based on an interplay between § 1591 and § 1595 of the TVPRA, whereas civil beneficiary liability (i.e. venture liability) springs from § 1595 alone. Plaintiff pursues claims against C&S under both theories. Neither theory is fortified by sufficient facts to set forth a plausible claim for relief.

**1. Plaintiff's Complaint Does Not State a Claim for Perpetrator Liability Per 18 U.S.C. § 1591(a)(1).**

Plaintiff first pursues a claim for perpetrator liability against C&S, pursuant to 18 U.S.C. § 1595 as an alleged "perpetrator" of sex trafficking as defined by 18 U.S.C. § 1591(a)(1). *See* Complaint ¶ 224 (citing 18 U.S.C. § 1591(a)(1)). A perpetrator per the terms of § 1591(a)(1) is:

> (a) Whoever knowingly—
>
> 1. in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person…
>
> 2. benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or,…in reckless disregard of the fact, that means of force, threats of force, fraud, coercion…, or any combination of such means will be used to cause the person to engage in a commercial sex act…, shall be punished as provided in subsection (b);

18 U.S.C. § 1591(a)(1). Therefore, to state a claim for perpetrator liability under the TVPRA, Plaintiff must plausibly allege that Defendant C&S *knew or recklessly disregarded* that force, threats of force, coercion or a combination of such means would be used to cause Plaintiff to engage in a commercial sex act. *Id.*; *see also, Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021) (outlining elements).

Plaintiff alleges that Plaintiff's trafficker, Domino, appeared at the hotel to collect money from her. However, Plaintiff does not allege that the hotel staff of C&S *knew Domino or his purpose* for visiting the hotel. Nor does Plaintiff allege that Domino took

any acts of force against Plaintiff during her stay at the Ramada that would alert the hotel that he was her trafficker/pimp. Rather, Plaintiff alleges that she was engaged in commercial sex work at the hotel, had many visitors, was inappropriately dress at one point, and purchased condoms. These allegations do not satisfy the "knowledge or reckless disregard standard" required to state a claim for perpetrator liability against C&S as contemplated by § 1591(a)(1) of the TVPRA. *See e.g., United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("The knowledge required of the defendant [for § 1591 liability] is such that if things go as he has planned, force, fraud or coercion will be employed to cause his victim to engage in a commercial sex transaction."); *United States v. Roy*, 630 Fed.Appx. 169, 170–71 (4th Cir. 2015) (adopting the approach in *Todd*, 627 F.3d at 334, while reviewing a conspiracy to violate § 1591 conviction); *Ricchio v. McLean*, 853 F.3d 553, 558 (1st Cir. 2017).

**2. Plaintiff's Complaint Does Not State a Claim for Venture Liability Per 18 U.S.C. § 1591(a)(2).**

Plaintiff also pursues a "venture claim" against C&S, pursuant to 18 U.S.C. § 1595. To state a venture claim under the TVPRA, a plaintiff must plausibly allege that the defendant is one who: (1) knowingly benefitted…financially or by receiving anything of value, (2) *from participation in a venture*, (3) where such venture violated the TVPRA as to the Plaintiff, and (4) defendant *knew or should have known that the venture violated the TVPRA as to the Plaintiff*. 18 U.S.C. § 1591(a)(2); 18 U.S.C. § 1595(a); *see e.g., K.H. v. Riti, Inc.*, 2024 WL 505063 *2 (11th Cir. Feb. 9, 2024) (outlining elements).

***a. Element One: "Whoever Knowingly Benefits…Financially or by Receiving Anything of Value."***

The federal courts are fairly uniform in deciding that an allegation that a hotel receiving payment for a room rental is sufficient to satisfy the motion to dismiss standard for pleading Element One, i.e. that the hotel received a benefit. *See e.g., K.H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024); *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F.Supp.3d 719 (E.D. Tex. 2024). While Defendant denies this allegation, for purposes of the motion to dismiss standard, Defendant C&S does not dispute that the element is properly pled.

***b. Element Two: "From Participation in a Venture."***

Merely renting a room and selling store commodities (like condoms) to a person engaged in commercial sex work is not "participation in a venture" as contemplated by the TVPRA. While these facts could plausibly satisfy Element One (receipt of a financial benefit) they do not and could not satisfy Element Two—which requires either an **active participation** or **an ongoing relationship** between the hotel and the trafficker. As used in the penal portion of the TVPRA, the term "participation in a venture" means "knowingly assisting, supporting, or facilitating" a violation of subsection 1591(a)(1). 18 U.S.C. § 1591(e)(4). "However, courts have consistently declined to import the definition from § 1591(e)(4) into § 1595(a)." *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F.Supp.3d 719, 730 (E.D. Tex. 2024); *see, e.g., Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724 (11th Cir. 2021); *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 559 (7th Cir. 2023).

To establish "participation in a venture" in the context of a civil remedy claim, some courts, like the Eleventh Circuit, require direct participation. *K.H. v. Riti, Inc.*, 2024 WL 505063 (11th Cir. Feb. 9, 2024) (upholding motion to dismiss where minor was trafficked at a hotel for four (4) years and employees knew but disregarded prior reports of trafficking by a registered sex offender living at the hotel, but plaintiff made no allegation of common undertaking or enterprise between hotel and trafficker); *see also, C.B. v. Naseeb Investments, Inc.*, 748 F.Supp.3d 1338 (N.D. Ga. 2024) (motion for summary judgment granted to hotel in the absence of a joint venture). While other courts find that an "ongoing" business relationship is sufficient to satisfy the participation element. *See G.G. Salesforce.com,* 76 F.4th at 560.

The Tenth Circuit finds the First Circuit's illumination of the term "venture" persuasive and borrows from the test set forth in *Ricchio v. McLean,* 853 F.3d 553 (1st Cir. 2017).

> As we stated above, § 1589 holds not just primary offenders accountable but also anybody who knowingly "benefits, financially or by receiving anything of value, from participation in a venture which has engaged in" forced labor. § 1589(b). While the term "venture" has not been defined in the context of § 1589(b), the First Circuit recently persuasively applied the definition from another TVPRA subsection to the forced labor context.

*Bistline v. Parker,* 918 F.3d 849, 873 (10th Cir. 2019).

In *Ricchio*, the hotel owners ("Husband and Wife"), had previously collaborated in unspecified "commercial dealings" with the plaintiff's trafficker. *Ricchio*, 853 F.3d at 555. In that case, plaintiff alleged that her trafficker "physically and sexually abused [plaintiff], repeatedly raping her, starving her and drugging her, and leaving her visibly haggard and

bruised" at the hotel. *Id.* While plaintiff was captive at the hotel, the Husband and Wife "enthusiastically expressed [intent to reinstate their commercial dealings] by exchanging high-fives in the motel's parking lot while speaking about 'getting things going again'" under circumstances where the abusive and coercive had already become apparent to the hotel owners. *Id.* Specifically, the Husband and Wife had *ignored* Plaintiff's plea for help and their employees watched passively as Plaintiff was drug across the parking lot and kicked by her trafficker during an attempted escape. *Id.* The Wife also visited Plaintiff's room for payment and saw her physical decline. *Id.* Where these facts alleged, the First Circuit found Plaintiff plausibly stated a claim for venture liability against the Husband and Wife hotel owners. *Id.* at 556.

In *Bistline*, the Tenth Circuit applied the First Circuit's illustration of "venture" to a forced labor fact pattern where members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS") alleged their trafficker's attorney had actual knowledge of the trafficker's practices with underage girls, was instructed to ignore legal actions and complaints against the trafficker, and made an active effort to evade complaints of trafficking by setting up a specific trust scheme designed *expressly* for the purpose of facilitating the trafficker's crimes and threatening victims. *Bistline*, 918 F.3d at 874-75. The Tenth Circuit found that the FLDS plaintiffs adequately stated a claim for venture liability because the defendant attorney, like the hotel owners in *Ricchio*, had knowledge "beyond the generic religious practices" of the Church including his receipt of graphic evidence of ceremonial rape of minors and forced manual labor and then continued to engage in dealings with the trafficker. *Id.* at 875.

By comparison, Plaintiff alleges only that C&S is a hotel that trains its employees in strategies for avoiding human trafficking and is aware of the indicators of trafficking, that Plaintiff stayed at the hotel for the week and engaged in commercial sex work, including by purchasing condoms from the hotel lobby, and that her trafficker (Domino) visited the hotel at some point to collect monies during her *single* one-week stay at the hotel.

There is no allegation of active participation as it relates to C&S. For example, there is no allegation that C&S exchanged sex for room rentals, escorted johns to Plaintiff's rooms, advertised to or for Plaintiff, or assisted by confining the Plaintiff. Complaint (Doc. No. 1-2). "[A] plaintiff who merely alleges that the franchisor failed to intervene, alert authorities, improve awareness, or prevent sexual exploitation insufficiently alleges direct participation in a venture." *Doe (K.E.C.)*, 750 F.Supp.3d at 734. There is also no allegation of ongoing relationship or common undertaking. For example, Plaintiff does not allege that she returned to the hotel to engage in commercial sex work or that C&S made any effort to facilitate Domino's trafficking scheme, aside from renting a hotel room and selling hotel commodities.

Plaintiff's allegations, as they related to C&S, do not state sufficient facts in support of Element Two of Plaintiff's TVPRA venture claim; as such, Count I of Plaintiff's Complaint should be dismissed.

**c. *Element Three: The Venture Violated the TVPRA***

While Defendant C&S denies any participation in a venture with Domino, Plaintiff has pled sufficient facts in support of Element Three, *i.e.*, that Domino's alleged acts violated the TVPRA as to the Plaintiff.

**d. *Element Four: Defendant Knew or Should Have Known the Venture Violated the TVPRA as to Plaintiff.***

As discussed further above, Plaintiff has not alleged sufficient facts demonstrating C&S knew of Domino's violation of the TVPRA against the Plaintiff.

> Plaintiff alleges that Wyndham was on notice about the prevalence of sex trafficking generally at its hotels. Docket No. 65 at 38–39, ¶ 103.j. But this is not sufficient to show that Wyndham should have known about what happened to this plaintiff. *S.J.*, 473 F.Supp.3d at 154–55 (noting that § 1595 "speaks in singular terms – 'participation in *a* venture which that person ... should have known *has* engaged in *an* act in violation of this chapter'" means knowledge of a general sex trafficking problem is not sufficient and thus finding that hotel franchisor defendants could not be held directly liable under TVPRA). General knowledge of commercial sex activity occurring at hotels across the United States is insufficient on its own to demonstrate that Wyndham participated in the trafficking of plaintiff. *See A.B.*, 484 F.Supp.3d at 939.

*J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021). Simply, the facts as alleged by Plaintiff, at best, signal knowledge of commercial sex work—not forced commercial sex work. Absent from the Complaint are any facts that would trigger some knowledge of abuse or coercion, as is alleged, for example, against the Plaza Inn.

Plaintiff has failed to state sufficient facts in support of Element Four of her TVPRA claim and Defendant C&S respectfully requests Count I of Plaintiff's Complaint be dismissed.

### B. Count II: Plaintiff Fails to State a Plausible Claim Per the Oklahoma Human Trafficking Act.

#### 1. <u>The Oklahoma Human Trafficking Act Provides Civil Relief Against a Perpetrator Only (Not A Negligent Beneficiary).</u>

Oklahoma provides a civil claim for relief for human trafficking victims. However, the claim exists in the context of perpetrator liability *only*—and not venture liability. In relevant part, the Oklahoma Human Trafficking Act provides:

> Any person **aggrieved by a violation of subsection B of <u>Section 748</u> of this title** may bring a civil action against **the person or persons who committed the violation** to recover actual and punitive damages and reasonable attorney fees and costs. The civil action brought under this section may be instituted in the district court in this state in the county **in which the prospective defendant** resides or has committed any act which subjects him or her to liability under this section. A criminal case or prosecution is not a necessary precedent to the civil action. The statute of limitations for the cause of action shall not commence until the latter of the victim's emancipation from the defendant, the victim's twenty-first birthday, or the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for or profited from the human trafficking.

21 O.S. § 748.2 (providing a claim against a person "who committed [a] violation" and referencing prospective criminal defendants); *compare to* 18 U.S.C. § 1595 (providing for claims against a perpetrator *or* "whoever" knowingly benefits from their participation in a sex trafficking venture which they knew or should have known violated the TVPRA as to the plaintiff).

#### 2. <u>The Intent Necessary Under the Penal Provision of the Oklahoma Human Trafficking Act is Actual Knowledge, Which Is a Higher Standard Than The "Knowingly or Recklessly Disregarding" Standard for Perpetrator Liability Under the TVPRA.</u>

A civil claim for relief under the Oklahoma Human Trafficking Act lies against a person who violates Section 748(B) of Title 21 of the Oklahoma's Statutes. 21 O.S. § 748.2. Section 748(B) provides: "It shall be unlawful to knowingly engage in human trafficking." 21 O.S. § 748(B). The term "knowingly" as used in Oklahoma's Criminal Code requires actual knowledge. 21 O.S. § 96. The Complaint does not contain any factual allegation which supports a plausible claim that C&S had acknowledge that C&S was benefitting from Plaintiff being forced or coerced by Domio the Pimp to engage in commercial sex work at its hotel. *See* further analysis of perpetrator liability, *supra*. Therefore, Count II of Plaintiff's Complaint should be dismissed.

3. **Finally, Even If the Court finds a Claim Exists for Venture Liability Under Oklahoma Law, Plaintiff Fails to Allege Sufficient Facts to Support the Claim.**

If the Court finds a claim for venture liability exists under the Oklahoma Human Trafficking Act, then C&S adopts its arguments and analysis relating to the elements of such claim of the TVPRA and respectfully requests this Court dismiss such claim on those grounds.

## CONCLUSION

WHEREFORE, Defendant C&S respectfully requests and moves this Court that Plaintiff's Complaint (Doc. No. 1-2) be dismissed as to C&S on all claims.

Respectfully submitted,

SECREST, HILL, BUTLER & SECREST

By: s/ James K. Secrest, III
JAMES K. SECREST, III, OBA #18828
JUSTIN L. HALL, OBA #32625
EMMA C. KINCADE, OBA #34698
7134 S. Yale Avenue, Ste. 900
Tulsa, Oklahoma 74136
918-494-5905; 918-494-2847 facsimile
jsecrest3@secresthill.com
jhall@secresthill.com
ekincade@secresthill.com
*Attorneys for Defendants*
*Chand & Saaj Hospitality Inc.*

**CERTIFICATE OF MAILING**

This is to certify that on the 29th day of May, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Fletcher D. Handley, Jr.
THE HANDLEY LAW CENTER
111 S. Rock Island Ave.
PO Box 310
El Reno, OK 73036
fdh@handleylaw.com
*Attorney for Plaintiff*

Michael C. Kane
THE702 FIRM INJURY ATTORNEYS
400 S. 7th St., Ste. 400
Las Vegas, NV 89101
service@the702firm.com
*Attorney for Plaintiff*

Geoffrey C. Parker
HILTON PARKER, LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
gparker@hiltonparker.com
*Attorney for Plaintiff*

Abby Rae Herren
Eric A Moen
CHUBBUCK DUNCAN & ROBEY PC
1329 N Classen Dr
Oklahoma City, OK 73103
eamoen@chubbucklaw.com
*OKC Airport ES LLC*

David C. Senger
Hunter Siex
COFFEY, SENGER & WOODARD PLLC
4725 E. 91st St., Ste. 100
Tulsa, OK 74137
david@cswlawgroup.com
hunter@cswlawgroup.com
*Jaliyan Hospitality, LLC*

Kaylee P. Davis-Maddy
Michael S. Linscott
DOERNER SAUNDERS
Two W. 2nd Street, Ste. 700
Tulsa, OK 74103
kmaddy@dsda.com
mlinscott@dsda.com
*Super 8 Worldwide LLC*
*Days Inn Worldwide Inc.*
*Ramada Worldwide Inc.*
*Howard Johnson International Inc.*

Alexander Gebert
Robert Glenn Chadwick, Jr.
FREEMAN MATHIS & GARY, LLP
7160 Dallas Parkway, Ste. 625
Plano, TX 75024
Alex.gebert@fmglaw.com
Bob.chadwick@fmglaw.com
*Raj Krupa Hotel LLC*

Patrick E. Moore
Christopher T. Byrd
Shubhra Mashelkar
WEINBERG, WHEELER, HUDGINS, GUNN AND DIAL
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
pmoore@wwhgd.com
cbyrd@wwhgd.com
smashelkar@wwhgd.com
*ESH Strategies Franchise LLC*

Charles D Neal, Jr
Jamie A. Rogers
Philard L. Rounds, Jr.
STEIDLEY & NEAL
P O Box 1165
100 E Carl Albert Parkway
McAlester, OK 74502
cdn@steidley-neal.com
jar@steidley-neal.com
plr@steidley-neal.com
*ESH Strategies Franchise LLC*

s/ James K. Secrest, III