# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CIV-25-462-G |
| ) | |
| v. ) | |
| ) | |
| PLAZA HOTELS, LLC; STEVE KETTER ) | |
| MICHAEL WILEY; OKC AIRPORT ES, LLC; ) | |
| ESH STRATEGIES FRANCHISE, LLC; ) | |
| KAJAL HOSPITALITY, INC; JALIYAN ) | |
| HOSPITALITY, INC; SUPER 8 WORLDWIDE ) | |
| INC; RAJ KRUPA HOTEL, LLC; DAYS INNS ) | |
| WORLDWIDE, INC; CHAND & SAAJ ) | |
| HOSPITALITY, INC; RAMADA ) | |
| WORLDWIDE, INC; YASH ENTERPRISES, ) | |
| INC; HOWARD JOHNSON ) | |
| INTERNATIONAL, INC; NOOR HOTEL, LLC; ) | |
| AMBICA, LLC; OM, LLC; INDRA, LLC; AND ) | |
| G6 HOSPITALITY FRANCHISING, LLC, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS OF DEFENDANT MICHAEL WILEY

Defendant, Michael Wiley ("Defendant"), hereby respectfully submits this Motion to Dismiss Plaintiff's Complaint[1] (Doc. 1-2) pursuant to Fed. R. Civ. P. 12(b)(6), as it fails to state a claim upon which relief may be granted.[2] In support hereof, Defendant submits the following:

---

[1] Plaintiff filed her Petition in the District Court of Oklahoma County on March 19, 2025, which was subsequently removed to this Court. (Doc. 1). To be consistent with this Court's nomenclature, Defendant refers to the operative pleading as the "Complaint."

[2] Plaintiff currently has a pending motion for leave to amend her Complaint. (Doc. 58). As Defendant was served with the initial Complaint, this Motion addresses the claims in the initial Complaint.

## INTRODUCTION

Plaintiff filed her Complaint on March 19, 2025, asserting claims against Defendant under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and Oklahoma human trafficking statutes, 21 O.S. § 748 et seq. The case was removed to this Court on April 23, 2025.

Plaintiff's Complaint is marred by fundamental procedural defects and fails to provide adequate notice of the claims asserted against this Defendant. Though asserting severe allegations, Plaintiff has filed under a pseudonym without seeking leave of Court or offering any justification for doing so, contrary to controlling Tenth Circuit precedent and the plain language of Rule 10(A) of the Federal Rules of Civil Procedure. Plaintiff also alleges time-barred state law claims and—most critically—her allegations are vague, conclusory, and devoid of the basic identifying information necessary to permit a meaningful defense. Plaintiff does not identify herself, her alleged trafficker, or narrowed timeframes in which Defendant's alleged conduct occurred. As a result, Defendant is left to guess what conduct is at issue and when it supposedly took place, placing Defendant at a disadvantage in attempting to respond or otherwise address these claims. For the foregoing and following reasons, Defendant's dismissal is warranted.

## STANDARD OF REVIEW

The *Twombly/Iqbal* pleading standard is well-known by this Court. A complaint must present a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The quality of these factual allegations must create more than speculation about the plaintiff's chances of recovery. *Id.* The United States Supreme Court has further

held that, while the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). If the complaint contains only boilerplate labels and conclusory allegations, dismissal is proper because "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Escobar v. Mora,* 496 Fed. App'x. 806, 816 (10th Cir. 2012) (citing *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009)).

## ARGUMENTS AND AUTHORITIES

### I.     Plaintiff's failure to disclose her identity threatens this Court's jurisdiction.

The Tenth Circuit Court of Appeals has analyzed the threat to jurisdiction posed by anonymous filings. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989). There, the Tenth Circuit ruled *sua sponte* that because the plaintiffs brought suit anonymously without first seeking the court's permission, the district court lacked subject matter jurisdiction. *Id.* The court based its ruling on Rule 10(a) of the Federal Rules of Civil Procedure, noting that the Rules "make no provision for suits by persons using fictitious names or anonymous plaintiffs." *Id.* Failure to adhere to Rule 10 meant that, with respect to the anonymous plaintiffs, no case had been commenced. *Id.* Lack of jurisdiction therefore presented an additional justification for upholding the lower court's dismissal of the case. "In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants […]. We therefore dismiss the complaint

3

as to the unnamed members of the NCBA […]." *Id.* This precedent has been reaffirmed repeatedly in the Circuit. *See, e.g., M.M. v. Zavaras,* 139 F.3d 798, 804 (10th Cir. 1998); *W.N.J. v. Yocom,* 257 F.3d 1171, 1172-73 (10th Cir. 2001); *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017).

Moreover, subsequent Tenth Circuit precedent has held that the jurisdictional defect presented by filing anonymously, without permission, may not be cured *post factum.* In *Doe v. Kansas State Univ.,* the plaintiff filed under the name "John Doe" without first seeking leave of the district court. No. 2:20-CV-02258-HLT-TJJ, 2021 WL 84170, at *2 (D. Kan. Jan. 11, 2021). In response to the anonymous filing, the magistrate judge issued a Notice and Order to Show Cause requiring the plaintiff to demonstrate why he should be allowed to proceed anonymously. *Id.* at *1. The plaintiff then belatedly argued that he would face stigma and harm to his reputation should he be required to proceed under his own name. The district court dismissed the case, holding that "Plaintiff's failure to seek permission at the outset of this case cannot now be rectified or cured by his subsequent request to do so after the fact." *Id.* at *2. Based on *National Commodity,* the failure of the plaintiff to name himself in his original filing meant that "[e]ffectively, no case has properly been commenced […]." *Id.*

Here, Plaintiff's conduct mirrors (and in some respects, exceeds) the procedural missteps described in *National Commodity* and its progeny. Plaintiff has not sought leave of Court to proceed pseudonymously, nor has she offered any justification for doing so. Though the Complaint passingly references the stigma associated with prostitution throughout its "Pimpology" section, it offers no argument that disclosure of Plaintiff's

4

identity would result in stigma or reputational harm. Fleeting references cannot substitute for a formal motion seeking leave to proceed under a pseudonym, supported by the requisite factual showing. As the Court recognized in *Doe v. Kansas State Univ.*, the failure to seek permission at the outset of the case to proceed anonymously "cannot now be rectified or cured by [a] subsequent request to do so after the fact." 2021 WL 84170, at *2.

Because Plaintiff has failed to seek or obtain leave to proceed anonymously, this Court lacks subject matter jurisdiction over her claims, and dismissal is therefore required.

## II.    Plaintiff's claims under Oklahoma's human trafficking statutes have expired.

Oklahoma's human trafficking statutes provide a civil remedy for the recovery of damages by a private citizen based upon certain criminal conduct. 21 O.S. § 748 et seq. In Oklahoma, an action upon a "liability created by statute other than forfeiture or penalty" must be brought within three (3) years of the underlying event. 12 O.S. § 95(A)(2). The statute of limitations for claims brought pursuant to 21 O.S. § 748 does not begin to run until the latest of three distinct events: (1) "the victim's emancipation from the defendant," (2) "the victim's twenty-first birthday;" or, (3) "the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for, or profited from the human trafficking." 21 O.S. § 748.2(B).

Based upon the facts alleged in the Complaint, a reasonable inference may be drawn that Plaintiff's claims against Defendant expired, at the very latest, sometime in 2024, prior to the Complaint's filing.

Plaintiff alleges that, before meeting Domino, she endured an abusive relationship "as a teenager," was "briefly incarcerated," and had rebuilt her life—finding a "fiancé, a job, a home for her children, and her sobriety"—all prior to her fiancé's death in 2020. (Doc. No. 1-2, ¶¶ 71-72). The year is now 2025. These facts make clear that Plaintiff was well into adulthood by 2020. It it is reasonable to infer that Plaintiff's twenty-*fourth* (24th) birthday passed prior to the filing of her Complaint, eliminating any possibility that the statute of limitations was tolled under her twenty-first birthday.

Further, the Complaint establishes that Plaintiff knew or should have known that she was a victim of human trafficking by "early 2021," when she met Domino and began performing commercial sex work. (Doc. No. 1-2, ¶¶ 73-75). Should this event mark the commencement of the limitations period under 21 O.S. § 748.2(B), then—even under the most generous reading of the facts—Plaintiff's claims would have expired by early 2024, well before this action was filed.

Finally, the Complaint alleges that Plaintiff's trafficking continued until the "beginning of 2022," when Domino was arrested. (Doc. No. 1-2, ¶ 81). As for Defendant Wiley, it is unclear from the Complaint when exactly Plaintiff alleges she was subject to his alleged trafficking violations. Plaintiff alleges that she met Domino at the Plaza Inn Hotel in "early 2021," and that Domino resided there at that time. (Doc. No. 1-2, ¶¶ 73, 96-97). But the Complaint does not allege that trafficking involving Defendant Wiley extended into 2022. To the contrary, the Complaint identifies a sequence of hotel locations where Plaintiff claims to have been trafficked throughout 2021, and 2022—beginning with the Plaza Inn Hotel, before noting trafficking at Motel 6 in "early 2022;" at Super 8 OKC

6

Airport in "August 2022;" and, at the Extended Stay, Days Inn, Ramada, and Howard Johnson hotels for varying periods thereafter. (Doc No. 1-2, ¶¶ 107, 126, 138, 148, 162, 171, 182). The Plaza Inn Hotel is listed first in this progression and is tied only to alleged trafficking that began in early 2021. Taken together, these allegations support the inference that any trafficking involving Defendant Wiley concluded well before 2022. The date of Plaintiff's check-out from the Plaza Inn Hotel therefore marks the latest plausible emancipation with respect to Defendant Wiley. On that basis, the statute of limitations under 21 O.S. § 748.2(B) would have expired well before Plaintiff filed her Complaint on March 19, 2025.

### III. Plaintiff's trafficker's criminal prosecution, if ongoing, mandates a stay of the proceedings.

Though Plaintiff brings claims against the defendants pursuant to the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595, the TVPRA expressly mandates a stay of any civil action filed under it while a related criminal prosecution is pending. Specifically, § 1595(b)(1) provides: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."

Here, Plaintiff alleges that "even after his arrest in 2022," Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 1-2, ¶ 81). This allegation suggests that Plaintiff's claims arise from the same occurrence or course of conduct that is the subject of any ongoing criminal prosecution involving Domino.

7

If such a criminal proceeding is currently pending, the plain terms of § 1595(b)(1) require that this civil action be stayed in its entirety. Plaintiff's exclusive use of a pseudonym for Domino renders the defendants' determination of whether a related criminal prosecution is currently pending impossible. As such, Defendant requests that the Complaint be dismissed as it fails to state sufficient facts or information from which one can discern whether a stay is appropriate.

### IV. Plaintiff's Complaint fails to provide Defendants fair notice of the claims against them.

Even if Plaintiff's Complaint nominally alleges claims under the TVPRA or Oklahoma's human trafficking statutes, it nevertheless fails to satisfy the baseline pleading requirements of Rule 8. The Federal Rules demand that a complaint contain enough factual matter to give defendants fair notice of the nature of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate where a complaint consists only of "boilerplate labels and conclusory allegations," *Escobar v. Mora*, 496 F. App'x 806, 816 (10th Cir. 2012), or where the factual content fails to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The burden is on the plaintiff to "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Lusk v. Midland Credit Mgmt., Inc.*, CIV-24-381-R, 2024 WL 4171355, at *1 (W.D. Okla. Sept. 12, 2024).

Although Plaintiff separates her allegations by defendant and attributes specific conduct to each, the Complaint fails to allege who was involved or when any of the alleged events supposedly occurred—omissions so fundamental that they prevent Defendant from even beginning to mount a defense. Most notably, the Complaint does not identify the Plaintiff, her trafficker, or any specific dates of her interactions with Defendant. Instead, it relies on vague and expansive timeframes, such as "early 2021[,]" or "the beginning of 2022[,]" without identifying when Plaintiff allegedly stayed at the Plaza Inn Hotel, how long she was there, or the specific period during which Defendant's alleged conduct occurred. These omissions are not a mere technical deficiency; they directly impede Defendant's ability to properly prepare a defense. Defendant cannot meaningfully investigate or respond to allegations when it is unclear who is making them or when they allegedly occurred. Defendant cannot determine whether the allegations correspond to any actual guest stays, staff interactions, or other events within this Defendant's knowledge or records. Though *Twombly* directs that Plaintiff's factual allegations "must create more than speculation about the plaintiff's chances of recovery[,]" Plaintiff leaves Defendant and this Court no choice but to speculate. *Twombly* at 555 (2007).

By refusing to disclose the identity of either the Plaintiff or her alleged trafficker, and by failing to provide any concrete dates or timelines, Plaintiff has effectively insulated her claims from scrutiny and left Defendant guessing as to what conduct he must defend against. These omissions deprive Defendant of the fair notice to which he is entitled under Rule 8. See *G.W. v. Northbrook Indus., Inc.*, 739 F.Supp.3d 1243, 1251 (N.D. Ga. 2024) ("[T]he plaintiff must connect the dots between the defendant's and the trafficker's actions

9

and show how the defendant participated in the venture with the traffickers."); *see also Pyatt v. Secure Live Media, LLC,* 2022 WL 22883099, at *5 (S.D. Fla. 2022) (Plaintiff's "allegations are impermissibly vague and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]"); *A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F.Supp.3d 921, 940-41 (D. Or. 2020) (Victim's vague allegations were insufficient to state a claim under the TVPRA); *Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F.Supp.3d 628, 642 (N.D. Iowa 2021) ("Without details as to who did what," the Court "cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.").

Because Plaintiff's allegations lack the factual specificity necessary to render them plausible or actionable, her claims should be dismissed.

## CONCLUSION

Plaintiff's suit is procedurally flawed in a manner that precludes this Court from reaching the merits. She has failed to disclose her identity or seek leave to proceed anonymously, as required by governing law, undermining the Court's jurisdiction from the outset. Her state law claims under Oklahoma's human trafficking statutes are facially untimely. And, her allegations suggest the possibility of an ongoing criminal prosecution involving her trafficker, Domino, which would require a mandatory stay of the proceedings under federal law. Even setting those threshold issues aside—Plaintiff's Complaint still falls short of the basic pleading standards established by Rule 8, lacking the necessary factual detail to give Defendant fair notice of the claims against him and depriving him of

any meaningful opportunity to respond. Accordingly, Defendant Wiley should be dismissed.

Respectfully Submitted,

s/ W. Riley Nester
Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH:   (405) 235-1611
FX:   (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of July, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case.

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |

11

| | |
|---|---|
| David Sager | david.sager@us.dlapiper.com |
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Emma C. Kincade | ekincade@secresthill.com |
| James K. Secrest, III | JSecrest3@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |
| Emily Noble Richard | erichard@wsolaw.net |

                                          s/ W. Riley Nester
                                          W. Riley Nester