**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NANCY R., pseudonymously, | Case No.: 5:25-cv-462 |
| Plaintiff, | Judge Charles Goodwin |
| v. | |
| PLAZA HOTELS LLC, et al., | **MOTION TO EXTEND TIME TO SERVE CERTAIN DEFENDANTS** |
| Defendants. | |

**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE**
**CERTAIN DEFENDANTS PURSUANT TO CIVIL RULE 4(m)**

Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff Nancy R., by and through her undersigned attorney, respectfully requests that the Court grant an extension of 60 days to serve Summonses and the Complaint on the following Defendants: Plaza Hotels LLC and Steve Ketter (collectively the "Plaza Defendants"), and Indra LLC, Om, LLC, and Ambica LLC (collectively the "Motel 6 Bricktown Defendants").

**I.   PROCEDURAL HISTORY.**

This matter was removed to this Court on April 23, 2025. (Doc. 1.) The 90 day period under Fed. R. Civ. P. 4(m) for Plaintiff to serve Defendants with the Summons and Complaint expires on July 22, 2025.

Plaintiff so far has attempted to serve the Plaza Defendants and Motel 6 Defendants by:

- On March 20, 2025, sending summonses and copies of the complaint through certified mail return receipt requested to all Defendants, including Steve Ketter as an individual and as the registered agent and owner of Plaza Hotels LLC, and Ramesh Patel as the registered agent for Indra LLC, OM LLC, and Ambica LLC. (Certified Mail Receipts, "Ex. 1.")

- Retaining a process server to personally serve all Defendants who did were not served by this method.

- Engaging the process server to make six attempts (so far) to serve each of the Plaza Defendants and the Motel 6 Bricktown Defendants. (Affidavits, "Ex. 2.")

- Through the process server, successfully serving an unnamed individual of suitable age and discretion at the probable residence of Steve Ketter.  (Ex. 2.)

All of the Motel 6 Bricktown Defendants are dissolved and inactive except for OM, LLC. As a result, the address of their registered agents may not be current. Plaintiff has attempted to mitigate this issue by conducting in-depth research on the registered agents through obtaining other court records, researching other, active business entities with registered agents of the same name, and checking property records for ownership.

By conducting a property search on other properties OM LLC currently owns, Plaintiff found a billing address that matches a property owned by Ramesh Patel.  If this extension is granted, Plaintiff intends to continue attempting to serve Indra LLC, Ambica LLC, and OM LLC through Ramesh Patel at this recently found address.

Most of Plaintiff's attempts to serve Ramesh Patel, to date, have failed because he resides in a gated community to which the process server has only intermittently been able to gain access. If several more service attempts make it past the gate and still prove unsuccessful, Plaintiff will likely seek leave to serve the Motel 6 Bricktown Defendants by publication.

This leaves Steve Ketter and Plaza Hotels LLC. Steve Ketter is an owner of and the registered agent for Plaza Hotels LLC—which is still active. Plaintiff is confident she has the correct address for Steve Ketter, and therefore the correct address to also serve Plaza Hotels LLC. The process server has so far made 6 unsuccessful attempts to directly serve Steve Ketter, and through him Plaza Hotels LLC.  (Ex. 2.)

The process server has likely secured good service on Steve Ketter himself by serving the unnamed adult male at his residence who accepted the summons and complaint on the server's sixth attempt.  However, out of an abundance of caution, Plaintiff requests additional time to serve Steve Ketter as well.

It appears likely that Steve Ketter is evading service.  If several more attempts to serve Ketter—and through him Plaza Hotels LLC—fail, then Plaintiff will likely seek leave to serve both by publication.

## II.   LAW

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, Rule 4(m) gives the Court the discretion to extend the time for service even without any showing from the plaintiff, and it mandates the granting of an extension if the plaintiff can show good cause. *See Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995) ("If the plaintiff fails to show good cause [under Rule 4(m)], the district court must still consider whether a permissive extension of time may be warranted."). Courts consider the following factors when determining whether an extension for time to serve is appropriate:

1) "the complex requirements of multiple service,
2) prejudice to the defendant,
3) length of the delay,
4) whether the plaintiff attempted to comply with Rule 4(m),
5) and the defendant was evading service of process."

*We All. Secured Income Fund LLC v. Swan*, 2024 U.S. Dist. LEXIS 102195, at *8 (D. Colo. Mar. 25, 2024) (citation omitted).

Good cause exists where "a defendant is difficult to serve." Fed. R. Civ. P. 4(m), 2015 advisory committee notes. Courts have ruled that "good cause" requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Broitman v. Kirkland (In re Kirkland),* 86 F.3d 172, 175 (10th Cir. 1996) (cleaned up). Courts normally require a showing of "some reasonable basis for noncompliance within the time specified." *Id.* (citation omitted).

### III. ARGUMENT

#### A. Plaintiff Has Shown "Good Cause" for an Extension

Based on the procedural history outlined above, Plaintiff has shown "good cause" for an extension because the Plaza and Motel 6 Bricktown Defendants are prime examples of defendants who are "difficult to serve." Fed. R. Civ. P. 4(m), 2015 advisory committee notes.

Here, Plaintiff has attempted to perfect service through certified mail and by personal service. Plaintiff has demonstrated "some reasonable basis for noncompliance within the time specified." *Broitman*, 86 F.3d at 172, 175. Indra LLC, Ambica LLC, and Noor Hotel LLC are inactive businesses that list defunct addresses for their registered agents on the Secretary of State website. And their listed registered agent, Ramesh Patel, has proven difficult to serve at his apparent new address. (Ex. 2.) Steve Ketter, and through him Plaza Hotels,LLC, has proven similarly difficult to serve. (*Id.*)

Plaintiff has expended considerable time and resources attempting to locate and serve these Defendants, who are alleged perpetrators and beneficiaries of sex trafficking. Because Plaintiff has obtained likely addresses for all of these Defendants, but needs the time to make additional service attempts, Plaintiff has shown good cause for a 60-day extension.

#### B. The Court Should Exercise Its Discretion to Extend the Time for Service

Even if Plaintiff has not shown good cause (which she has), the Court should still exercise its discretion to extend the time for service under Rule 4(m). The circumstances weigh in favor of granting an extension.

First, this is a complex case involving many defendants. Plaintiff has successfully served the following Defendants: Plaintiff simply needs additional time to serve the remaining/minority of defendants.

Second, the Plaza and Motel 6 Bricktown Defendants will not suffer prejudice if an extension is granted. First, being forced to defend a claim, early in a lawsuit, is not prejudice. *In re Complaint of D&S Marine Serv., L.L.C.*, 2025 U.S. Dist. LEXIS 34986, at *8 (S.D. Tex. Feb. 24, 2025). Further, even if the Court were to dismiss Plaintiff's claims against the Plaza and Motel

6 Bricktown Defendants without prejudice, Plaintiff would be entitled to reassert her claims in any subsequent amended pleading.

Third, the request for an additional sixty days is not unduly long. Fourth, Plaintiff attempted to execute service in compliance with Rule 4(m) through both certified mail and personal service before the expiration of the time period. Plaintiff succeeded with respect to the great majority of Defendants.

Finally, Plaintiff has reason to believe that Steve Ketter and Plaza Hotels LLC are evading service of process because Plaintiff's process server has attempted to serve him at his home address and has on multiple occasions received no answer at the door despite evidence of current occupancy—including vehicles in the driveway, lights on, and noise resembling an operating television.

## IV.  CONCLUSION

WHEREFORE, the Plaintiff respectfully requests that the Court grant a 60-day extension of time to serve process on Defendants Plaza Hotels LLC, Steve Ketter, Indra LLC, OM LLC, and Ambica LLC pursuant to Fed. R. Civ. P. 4(m).  The requested new deadline for service is September 20, 2025.

DATED:  July 22, 2025

                                              Respectfully submitted,

                                              /s/ Geoffrey C. Parker
                                              Geoffrey C. Parker, Esq.
                                              Ohio Bar No. 96049
                                              HILTON PARKER LLC
                                              Attorney for Plaintiff
                                              7658 Slate Ridge Blvd.
                                              Reynoldsburg, OH 43068
                                              Tel: (614) 992-2277
                                              gparker@hiltonparker.com