## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-462-G |
| | ) | |
| PLAZA HOTELS, LLC; STEVE KETTER; | ) | |
| MICHAEL A. WILEY; OKC AIRPORT ES, LLC; | ) | |
| ESH STRATEGIES FRANCHISE, LLC; | ) | |
| NATHA, LLC; JALIYAN HOSPITALITY, INC; | ) | |
| SUPER 8 WORLDWIDE, INC; | ) | |
| RAJ KRUPA HOTEL, LLC; | ) | |
| DAYS INN WORLDWIDE, INC; | ) | |
| CHAND & SAAJ HOSPITALITY, INC; | ) | |
| RAMADA WORLDWIDE, INC; | ) | |
| YASH ENTERPRISES, LLC | ) | |
| HOWARD JOHNSON INTERNATIONAL, INC; | ) | |
| NOOR HOTEL, LLC; AMBICA, LLC; | ) | |
| OM, LLC; INDRA, LLC; AND | ) | |
| G6 HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS OF DEFENDANT MICHAEL WILEY
## AND BRIEF IN SUPPORT

Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH: (405) 235-1611
FX: (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendant Michael Wiley*

October 31, 2025

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ...............................................................................................1

STANDARD OF REVIEW ..................................................................................2

ARGUMENTS AND AUTHORITIES .................................................................3

    I.    PLAINTIFF'S FAILURE TO DISCLOSE HER IDENTITY
        THREATENS THIS COURT'S JURISDICTION .......................................3

    II.   PLAINTIFF'S CLAIMS UNDER OKLAHOMA'S HUMAN
        TRAFFICKING STATUTES HAVE EXPIRED .........................................5

    III.  PLAINTIFF'S TRAFFICKER'S CRIMINAL PROSECUTION, IF
        ONGOING, MANDATES A STAY OF THE PROCEEDINGS..............7

    IV.  PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF
        MAY BE GRANTED ................................................................................8

      A. Plaintiff's Amended Complaint fails to provide Defendants fair notice
         of the claims against them .......................................................................8

      B. Plaintiff's Amended Complaint fails to state a claim against Defendant
         Wiley under 18 U.S.C. § 1591(a)(1) ...................................................... 10

      C. Plaintiff's Amended Complaint fails to state a claim against Defendant
         Wiley under 18 U.S.C. § 1591(a)(2) ...................................................... 12

CONCLUSION ................................................................................................ 15

CERTIFICATE OF SERVICE ........................................................................ 17

# TABLE OF AUTHORITIES

**Cases** **Pages(s)**

*A.B. v. Hilton Worldwide Holdings, Inc.*,
   484 F.Supp.3d 921 (D. Or. 2020)......................................................................10
*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........................2, 8
*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................2, 8, 9
*Bistline v. Parker*,
   918 F.3d 849 (10th Cir. 2019).........................................................13, 14, 15
*Bucco v. W. Iowa Tech Cmty. Coll.*,
   555 F.Supp.3d 628 (N.D. Iowa 2021) ..............................................................10
*Cory v. Allstate Ins.*,
   583 F.3d 1240 (10th Cir. 2009).........................................................................2
*Doe v. Kansas State Univ.*,
   2021 WL 84170 (D. Kan. Jan. 11, 2021) ..........................................................4
*Escobar v. Mora*,
   496 Fed. App'x. 806 (10th Cir. 2012)..........................................................2, 8
*Frey v. Town of Jackson, Wyoming*,
   41 F.4th 1223 (10th Cir. 2022).......................................................................11
*G.W. v. Northbrook Indus., Inc.*,
   739 F.Supp.3d 1243 (N.D. Ga. 2024) ................................................................9
*Lusk v. Midland Credit Mgmt., Inc.*,
   CIV-24-381-R, 2024 WL 4171355 (W.D. Okla. Sept. 12, 2024)....................8
*M.M. v. Zavaras*,
   139 F.3d 798 (10th Cir. 1998)...........................................................................3
*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*,
   886 F.2d 1240 (10th Cir. 1989).....................................................................3, 4
*Pyatt v. Secure Live Media, LLC*,
   2022 WL 22883099 (S.D. Fla. 2022)..............................................................10
*Ricchio v. McLean*,
   853 F.3d 553 (1st Cir. 2017) ..............................................................13, 14, 15
*United States ex rel. Little v. Triumph Gear Sys., Inc.*,
   870 F.3d 1242 (10th Cir. 2017).........................................................................3
*W.N.J. v. Yocom*,
   257 F.3d 1171 (10th Cir. 2001).........................................................................3

## Statutes

18 U.S.C. § 1591(a)(1) .....................................................................1, 10, 11, 12
18 U.S.C. § 1591(a)(2) .....................................................................1, 12, 13, 15

18 U.S.C. § 1595 ............................................................................................................1, 7

§ 1595(b)(1)..........................................................................................................................7

## Rules

Fed. R. Civ. P. 8, 10, 12(b)(2), and 12(b)(6) ...............................................................1, 2, 3

Rule 10(A) of the Federal Rules of Civil Procedure ........................................................1, 3

## MOTION TO DISMISS OF DEFENDANT MICHAEL WILEY
## AND BRIEF IN SUPPORT

Defendant Michael Wiley ("Defendant"), hereby respectfully submits this Motion to Dismiss Plaintiff's Amended Complaint (Doc No. 115) pursuant to Fed. R. Civ. P. 8, 10, 12(b)(2), and 12(b)(6). In support hereof, Defendant submits the following brief in support:

### INTRODUCTION

Plaintiff filed her initial Petition on March 19, 2025. (Doc. No. 1-2). The case was removed to this Court on April 23, 2025. (Doc. No. 1). Shortly thereafter, Plaintiff moved for leave to amend, (Doc. No. 58), which the Court granted. (Doc. No. 114). Plaintiff filed her Amended Complaint (Doc. No. 115) on October 17, 2025, asserting claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and Oklahoma human trafficking statutes, 21 O.S. § 748 et seq. (Doc. No. 115). Included among the named defendants are Plaza Hotels, LLC ("the Plaza") and its two owners, Michael Wiley and Steve Ketter.

However, Plaintiff's Amended Complaint is marred by fundamental procedural defects and fails to provide adequate notice of the claims asserted against the Defendants. Though asserting severe allegations, Plaintiff has filed under a pseudonym without seeking leave of Court or offering any justification for doing so, contrary to controlling Tenth Circuit precedent and the plain language of Rule 10(A) of the Federal Rules of Civil Procedure. Plaintiff also alleges time-barred state law claims and, critically, her allegations are vague, conclusory, and devoid of the basic identifying information necessary to permit

1

a meaningful defense. Plaintiff does not identify herself, her alleged trafficker, or narrowed timeframes in which Defendants' alleged conduct occurred. As a result, Defendant Wiley is left to guess what conduct is at issue and when it supposedly took place, placing Defendant at a disadvantage in attempting to respond or otherwise address these claims. Notwithstanding the foregoing, Plaintiff also fails to allege facts sufficient to state a plausible claim for relief under the TVPRA or Oklahoma human trafficking statutes.

Accordingly and, as discussed further herein, Defendant Wiley is entitled to dismissal as a matter of law.

## STANDARD OF REVIEW

The *Twombly/Iqbal* pleading standard is well-known by this Court. A complaint must present a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The quality of these factual allegations must create more than speculation about the plaintiff's chances of recovery. *Id.* The United States Supreme Court has further held that, while the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). If the complaint contains only boilerplate labels and conclusory allegations, dismissal is proper because "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Escobar v. Mora,* 496 Fed. App'x. 806, 816 (10th Cir. 2012) (citing *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009)).

2

## ARGUMENTS AND AUTHORITIES

### I.    PLAINTIFF'S FAILURE TO DISCLOSE HER IDENTITY THREATENS THIS COURT'S JURISDICTION.

The Tenth Circuit Court of Appeals has analyzed the threat to jurisdiction posed by anonymous filings. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989). There, the Tenth Circuit ruled *sua sponte* that because the plaintiffs brought suit anonymously without first seeking the court's permission, the district court lacked subject matter jurisdiction. *Id.* The court based its ruling on Rule 10(a) of the Federal Rules of Civil Procedure, noting that the Rules "make no provision for suits by persons using fictitious names or anonymous plaintiffs." *Id.* Failure to adhere to Rule 10 meant that, with respect to the anonymous plaintiffs, no case had been commenced. *Id.* Lack of jurisdiction therefore presented an additional justification for upholding the lower court's dismissal of the case. "In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants […]. We therefore dismiss the complaint as to the unnamed members of the NCBA […]." *Id.* This precedent has been reaffirmed repeatedly in the Circuit. *See, e.g., M.M. v. Zavaras,* 139 F.3d 798, 804 (10th Cir. 1998); *W.N.J. v. Yocom,* 257 F.3d 1171, 1172-73 (10th Cir. 2001); *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017).

Moreover, subsequent Tenth Circuit precedent has held that the jurisdictional defect presented by filing anonymously, without permission, may not be cured *post factum.* In *Doe v. Kansas State Univ.,* the plaintiff filed under the name "John Doe" without first

seeking leave of the district court. No. 2:20-CV-02258-HLT-TJJ, 2021 WL 84170, at *2 (D. Kan. Jan. 11, 2021). In response to the anonymous filing, the magistrate judge issued a Notice and Order to Show Cause requiring the plaintiff to demonstrate why he should be allowed to proceed anonymously. *Id.* at *1. The plaintiff then belatedly argued that he would face stigma and harm to his reputation should he be required to proceed under his own name. The district court dismissed the case, holding that "Plaintiff's failure to seek permission at the outset of this case cannot now be rectified or cured by his subsequent request to do so after the fact." *Id.* at *2. Based on *National Commodity,* the failure of the plaintiff to name himself in his original filing meant that "[e]ffectively, no case has properly been commenced […]." *Id.*

Here, Plaintiff's conduct mirrors (and in some respects, exceeds) the procedural missteps described in *National Commodity* and its progeny. Plaintiff has not sought leave of Court to proceed pseudonymously, nor has she offered any justification for doing so. Though the Amended Complaint passingly references the stigma associated with prostitution throughout its "Pimpology" section, it offers no Plaintiff-specific argument that disclosure of her identity would result in stigma or reputational harm. Fleeting references cannot substitute for a formal motion seeking leave to proceed under a pseudonym, supported by the requisite factual showing. As the Court recognized in *Doe v. Kansas State Univ.*, the failure to seek permission at the outset of the case to proceed anonymously "cannot now be rectified or cured by [a] subsequent request to do so after the fact." 2021 WL 84170, at *2.

Because Plaintiff has failed to seek or obtain leave to proceed anonymously, this Court lacks subject matter jurisdiction over her claims, and dismissal is therefore required.

## II.    PLAINTIFF'S    CLAIMS    UNDER    OKLAHOMA'S    HUMAN TRAFFICKING STATUTES HAVE EXPIRED.

Oklahoma's human trafficking statutes provide a civil remedy for the recovery of damages by a private citizen based upon certain criminal conduct. 21 O.S. § 748 et seq. In Oklahoma, an action upon a "liability created by statute other than forfeiture or penalty" must be brought within three (3) years of the underlying event. 12 O.S. § 95(A)(2). The statute of limitations for claims brought pursuant to 21 O.S. § 748 does not begin to run until the latest of three distinct events: (1) "the victim's emancipation from the defendant," (2) "the victim's twenty-first birthday;" or, (3) "the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for, or profited from the human trafficking." 21 O.S. § 748.2(B).

 Based upon the facts alleged in the Amended Complaint, a reasonable inference may be drawn that Plaintiff's claims against Defendant expired, at the very latest, sometime in 2024, prior to her original Petition's filing.

Plaintiff alleges that before meeting Domino, she endured an abusive relationship "as a teenager," was "briefly incarcerated," and had rebuilt her life—finding a "fiancé, a job, a home for her children, and her sobriety"—all prior to her fiancé's death in 2020. (Doc. No. 115, ¶¶ 71-72). The year is now 2025. These facts make clear that Plaintiff was well into adulthood by 2020. It is reasonable to infer that Plaintiff's twenty-*fourth* (24th)

birthday passed prior to the filing of her Petition, eliminating any possibility that the statute of limitations was tolled under her twenty-first birthday.

Further, the Amended Complaint establishes that Plaintiff knew or should have known that she was a victim of human trafficking by "early 2021," when she met Domino and began performing commercial sex work. (Doc. No. 115, ¶¶ 73-75). Should this event mark the commencement of the limitations period under 21 O.S. § 748.2(B), then—even under the most generous reading of the facts—Plaintiff's claims would have expired by early 2024, well before this action was filed.

Finally, the Amended Complaint alleges that Plaintiff's trafficking continued until the "beginning of 2022," when Domino was arrested. (Doc. No. 115, ¶ 81). As for Defendant Wiley, it is unclear from the Amended Complaint when exactly Plaintiff alleges she was subject to his alleged trafficking violations. Plaintiff alleges that she met Domino at the Plaza Inn Hotel in "early 2021," and that Domino resided there at that time. (Doc. No. 115, ¶¶ 73, 96-97). But the Amended Complaint does not allege that trafficking involving Defendant Wiley extended into 2022. To the contrary, the Amendment Complaint identifies a sequence of hotel locations where Plaintiff claims to have been trafficked throughout 2021, and 2022—beginning with the Plaza Inn Hotel, before noting trafficking at Motel 6 in "early 2022;" at Super 8 OKC Airport in "August 2022;" and, at the Extended Stay, Days Inn, Ramada, and Howard Johnson hotels for varying periods thereafter. (Doc No. 115, ¶¶ 107, 132, 147, 157, 166, 186, 199). The Plaza Inn Hotel is listed first in this progression and is tied only to alleged trafficking that began in early 2021. Taken together, these allegations support the inference that any trafficking involving

Defendant Wiley concluded well before 2022. The date of Plaintiff's check-out from the Plaza Inn Hotel therefore marks the latest plausible emancipation with respect to Defendant Wiley. On that basis, the statute of limitations under 21 O.S. § 748.2(B) would have expired well before Plaintiff filed her Petition on March 19, 2025.

### III.  PLAINTIFF'S TRAFFICKER'S CRIMINAL PROSECUTION, IF ONGOING, MANDATES A STAY OF THE PROCEEDINGS.

Though Plaintiff brings claims against the defendants pursuant to the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), codified at 18 U.S.C. § 1595, the TVPRA expressly mandates a stay of any civil action filed under it while a related criminal prosecution is pending. Specifically, § 1595(b)(1) provides: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim."

Here, Plaintiff alleges that "even after his arrest in 2022," Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 115, ¶ 81). This allegation suggests that Plaintiff's claims arise from the same occurrence or course of conduct that is the subject of any ongoing criminal prosecution involving Domino.

If such a criminal proceeding is currently pending, the plain terms of § 1595(b)(1) require that this civil action be stayed in its entirety. Plaintiff's exclusive use of a pseudonym for Domino renders the Defendants' determination of whether a related criminal prosecution is currently pending impossible. As such, Defendant requests that the Amended Complaint be dismissed as it fails to state sufficient facts or information from which one can discern whether a stay is appropriate.

## IV.    PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Notwithstanding the procedural defects relayed above, Plaintiff's Amended Complaint fails to allege facts sufficient to state a plausible claim for relief and should be dismissed as a matter of law.

### A.    Plaintiff's Amended Complaint fails to provide Defendants fair notice of the claims against them.

Even if Plaintiff's Amended Complaint nominally alleges claims under the TVPRA or Oklahoma's human trafficking statutes, it nevertheless fails to satisfy the baseline pleading requirements of Rule 8. The Federal Rules demand that a complaint contain enough factual matter to give defendants fair notice of the nature of the claims and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is appropriate where a complaint consists only of "boilerplate labels and conclusory allegations," *Escobar v. Mora*, 496 F. App'x 806, 816 (10th Cir. 2012), or where the factual content fails to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The burden is on the plaintiff to "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Lusk v. Midland Credit Mgmt., Inc.*, CIV-24-381-R, 2024 WL 4171355, at *1 (W.D. Okla. Sept. 12, 2024).

Although Plaintiff separates her allegations by defendant and attributes specific conduct to each, the Amended Complaint fails to allege who was involved or when any of

the alleged events supposedly occurred—omissions so fundamental that they prevent Defendant from even beginning to mount a defense. Most notably, the Amended Complaint does not identify the Plaintiff, her trafficker, or any specific dates of her interactions with Defendant. Instead, it relies on vague and expansive timeframes, such as "early 2021[,]" or "the beginning of 2022[,]" without identifying when Plaintiff allegedly stayed at the Plaza Inn Hotel, how long she was there, or the specific period during which Defendant's alleged conduct occurred. These omissions are not a mere technical deficiency; they directly impede Defendant's ability to properly prepare a defense. Defendant cannot meaningfully investigate or respond to allegations when it is unclear who is making them or when they allegedly occurred. Defendant cannot determine whether the allegations correspond to any actual guest stays, staff interactions, or other events within this Defendant's knowledge or records. Though *Twombly* directs that Plaintiff's factual allegations "must create more than speculation about the plaintiff's chances of recovery[,]" Plaintiff leaves Defendant and this Court no choice but to speculate. *Twombly* at 555 (2007).

By refusing to disclose the identity of either the Plaintiff or her alleged trafficker, and by failing to provide any concrete dates or timelines, Plaintiff has effectively insulated her claims from scrutiny and left Defendant guessing as to what conduct he must defend against. These omissions deprive Defendant of the fair notice to which he is entitled under Rule 8. See *G.W. v. Northbrook Indus., Inc.*,739 F.Supp.3d 1243, 1251 (N.D. Ga. 2024) ("[T]he plaintiff must connect the dots between the defendant's and the trafficker's actions and show how the defendant participated in the venture with the traffickers."); *see also*

9

*Pyatt v. Secure Live Media, LLC,* 2022 WL 22883099, at \*5 (S.D. Fla. 2022) (Plaintiff's "allegations are impermissibly vague and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]"); *A.B. v. Hilton Worldwide Holdings, Inc.*, 484 F.Supp.3d 921, 940-41 (D. Or. 2020) (Victim's vague allegations were insufficient to state a claim under the TVPRA); *Bucco v. W. Iowa Tech Cmty. Coll.*, 555 F.Supp.3d 628, 642 (N.D. Iowa 2021) ("Without details as to who did what," the Court "cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.").

Because Plaintiff's allegations lack the factual specificity necessary to render them plausible or actionable, her claims should be dismissed.

## B. Plaintiff's Amended Complaint fails to state a claim against Defendant Wiley under 18 U.S.C. § 1591(a)(1).

Plaintiff brings claims against Defendant Wiley for perpetrator liability under 18 U.S.C. § 1591(a)(1). (Doc. No. 115, ¶ 230, 232). A perpetrator for the purposes of § 1591(a)(1) is defined as:

(a) Whoever knowingly—

(1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person;

knowing, or, … in reckless disregard of the fact, that means of force, threats of force, fraud, coercion …, or any combination of such means will be used to cause the person to engage in a commercial sex act, … shall be punished as provided in subsection (b).

10

Thus, in order to state a claim against Defendant Wiley under § 1591(a)(1), Plaintiff must plausibly allege that Wiley knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited her—while knowing or recklessly disregarding that force, threats of force, fraud, or coercion were being used to cause her to engage in commercial sex acts. *Id.*

As an initial matter, Defendant Wiley denies having "patronized" Plaintiff or committing any of the other trafficking verbs within § 1591(a)(1). However, solely for the purposes of this Motion to Dismiss, Defendant Wiley does not challenge whether Plaintiff adequately pled patronization. Instead, Defendant moves directly to addressing the Amended Complaint's insufficient allegations regarding his requisite mens rea.

Plaintiff has wholly failed to plausibly allege that Defendant patronized Plaintiff or benefited from a trafficking venture while knowing or in reckless disregard that force, threats of force, fraud, or coercion were being used to cause her to engage in commercial sex acts. The only allegation within the Amended Complaint to this end states that "Wiley met Domino and knew that he was Nancy's pimp and was forcing her to engage in commercial sex acts by threatening her with physical abuse and drug withdrawal." (Doc. No. 115, ¶ 102). Without more, this is the exact kind of conclusory allegation without supporting factual averments that the Federal Rules prohibit. As such, it should not be afforded the presumption of truth. *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 (10th Cir. 2022) ("An allegation is conclusory if it states an inference without underlying facts or if it lacks any factual enhancement. Conclusory allegations are not entitled to the assumption of truth."). When did Defendant Wiley and Domino purportedly meet? How

did they meet? Where? Was Plaintiff present? How does she know that Domino explained to Wiley that he was her pimp and he forced her to engage in commercial sex acts with threats of physical abuse and drug withdrawal? Why would Domino tell that to Wiley? None of Plaintiff's 245 allegations answer any of these questions.

Indeed, traffickers do not typically advertise their illegal activities, especially to individuals who control or manage hotel premises. Moreover, it is assumed traffickers do not typically tell johns about the physical and emotional abuse suffered by the girls they are attempting to sell. Plaintiff's own allegations only buttress this point and highlight their speculative nature, acknowledging that "many" victims of sex trafficking "are not obviously victims." (Doc. 115, ¶ 23). She further recognizes that hotels, by their very nature, offer anonymous and temporary accommodations that make it challenging to detect illegal activities. (Doc. 115, ¶¶ 51-52).

Accordingly, even if Plaintiff has plausibly alleged that Wiley had sex with her in exchange for rooms at the Plaza, she has plainly failed to plausibly allege that Wiley had any idea that means of force, threats of force, fraud, or coercion were being used to cause her to engage in commercial sex acts. As such, her allegations are insufficient to support liability under § 1591(a)(1), and this claim against Defendant Wiley should be dismissed.

### C. Plaintiff's Amended Complaint fails to state a claim against Defendant Wiley under 18 U.S.C. § 1591(a)(2).

Plaintiff also brings a claim against Defendant Wiley for venture liability under 18 U.S.C. § 1591(a)(2). (Doc. No. 115, ¶ 232). Those subject to venture liability under § 1591(a)(2) are:

(a) Whoever knowingly—

(2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, … in reckless disregard of the fact, that means of force, threats of force, fraud, coercion …, or any combination of such means will be used to cause the person to engage in a commercial sex act, … shall be punished as provided in subsection (b).

Thus, in order to state a claim against Defendant Wiley under § 1591(a)(2), Plaintiff must plausibly allege that Wiley knowingly benefitted from his participation in a venture that engaged in sex trafficking, and that he knew or recklessly disregarded that force, threats, fraud, or coercion were being used to cause her to engage in commercial sex acts. *Id.*

Solely for the purpose of this Motion to Dismiss, Defendant Wiley does not challenge whether Plaintiff adequately pled the "benefit" element under § 1591(a)(2). However, her allegations remain insufficient regarding his requisite mens rea.

To plausibly establish venture liability under the TVPRA, a plaintiff must allege facts demonstrating active participation in the venture or at least an ongoing, knowing relationship between the defendant and the trafficker. Merely providing basic hotel services or renting a room to someone engaged in sex trafficking does not constitute "participation in a venture." The Tenth Circuit has adopted reasoning from the First Circuit to clarify that a "venture" under the TVPRA requires facts showing a common undertaking or collaborative involvement. *See Bistline v. Parker*, 918 F.3d 849, 874-75 (10th Cir. 2019) (applying *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)).

13

In *Ricchio*, the hotel owners ("Husband and Wife"), had previously collaborated in unspecified "commercial dealings" with the plaintiff's trafficker. *Ricchio*, 853 F.3d at 555. The plaintiff alleged that her trafficker "physically and sexually abused [plaintiff], repeatedly raping her, starving her and drugging her, and leaving her visibly haggard and bruised" at the hotel. *Id.* While the plaintiff was captive at the hotel, the Husband and Wife "enthusiastically expressed [intent to reinstate their commercial dealings] by exchanging high-fives in the motel's parking lot while speaking about 'getting things going again'" under circumstances where the abusive and coercive had already become apparent to the hotel owners. *Id.* Specifically, the Husband and Wife had ignored Plaintiff's plea for help and their employees watched passively as Plaintiff was drug across the parking lot and kicked by her trafficker during an attempted escape. *Id*. The Wife also visited Plaintiff's room for payment and saw her physical decline. *Id.* Where these facts were alleged, the First Circuit found Plaintiff plausibly stated a claim for venture liability against the Husband and Wife hotel owners. *Id*. at 556.

In *Bistline*, the Tenth Circuit applied the First Circuit's illustration of "venture" to a forced labor fact pattern where members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS") alleged their trafficker's attorney had actual knowledge of the trafficker's practices with underage girls, was instructed to ignore legal actions and complaints against the trafficker, and made an active effort to evade complaints of trafficking by setting up a specific trust scheme designed expressly for the purpose of facilitating the trafficker's crimes and threatening victims. *Bistline*, 918 F.3d at 874-75. The Tenth Circuit found that the FLDS plaintiffs adequately stated a claim for venture

14

liability because the defendant attorney, like the hotel owners in *Ricchio*, had knowledge "beyond the generic religious practices" of the Church including his receipt of graphic evidence of ceremonial rape of minors and forced manual labor and then continued to engage in dealings with the trafficker. *Id.* at 875.

In contrast, here, Plaintiff's *sole* allegation indicating any connection to and/or knowledge of Domino on the part of Defendant Wiley is wholly conclusory. *See infra,* Argument § 4(B).  Accordingly, this allegation does not satisfy the "knowledge or reckless disregard standard" required to state a claim under § 1591(a)(2), and this claim should therefore be dismissed.

## CONCLUSION

Plaintiff's suit is procedurally flawed in a manner that precludes this Court from reaching the merits. She has failed to disclose her identity or otherwise seek leave to proceed anonymously, as required by governing law, undermining the Court's jurisdiction from the outset. Her state law claims under Oklahoma's human trafficking statutes are facially untimely and her allegations suggest the possibility of an ongoing criminal prosecution involving her trafficker, Domino, which would require a mandatory stay of the proceedings under federal law. Even setting those threshold issues aside—Plaintiff's Amended Complaint still falls short of the basic pleading standards established by Rule 8 and fails to state a claim upon which relief may be granted under the TVPRA or Oklahoma human trafficking statutes. Accordingly, all claims against Defendant Wiley should be dismissed as a matter of law.

Respectfully Submitted,

s/ W. Riley Nester
Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
    BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH: (405) 235-1611
FX: (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants*
*Plaza Hotels, LLC, Steve Ketter*
*and Michael Wiley*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of October, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case:

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |
| David Sager | david.sager@us.dlapiper.com |
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Edward J. Main | emain@secresthill.com |
| James K. Secrest, III | JSecrest3@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |
| Emily Noble Richard | erichard@wsolaw.net |
| Jonathan L. Hilton | jhilton@hiltonparker.com |

s/ W. Riley Nester
W. Riley Nester