UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) | |
| ) | Case No.: 5:25-cv-462 |
| Plaintiff, ) | |
| ) | **Judge Charles Goodwin** |
| vs. ) | |
| ) | |
| PLAZA HOTELS, LLC; ) | |
| STEVE KETTER; ) | |
| MICHAEL A WILEY; ) | |
| OKC AIRPORT ES, LLC; ) | |
| ESH STRATEGIES FRANCHISE, LLC ) | |
| NATHA, LLC; ) | |
| JALIYAN HOSPITALITY, INC; ) | |
| SUPER 8 WORLDWIDE, INC; ) | |
| CHAND & SAAJ HOSPITALITY, INC; ) | |
| RAMADA WORLDWIDE, INC; ) | |
| YASH ENTERPRISES, LLC; ) | |
| HOWARD JOHNSON INTERNATIONAL, INC; ) | |
| NOOR HOTEL, LLC; ) | |
| AMBICA, LLC; ) | |
| OM, LLC; ) | |
| INDRA, LLC; AND ) | |
| G6 HOSPITALITY FRANCHISING, LLC, ) | |
| ) | |
| Defendants. ) | |

### ANSWER OF DEFENDANT INDRA, LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant Indra, LLC ("Indra"), and, for its Answer to Plaintiff's First Amended Complaint [Doc. No. 115], hereby states and avers as follows:

1

**PARTIES**

1. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 1 through 15 of Plaintiff's Amended Complaint.

2. Concerning the allegations contained in paragraph 16 of Plaintiff's Amended Complaint, Indra denies the allegations as phrased. Indra states that the Motel 6 located at 1800 E Reno Avenue, Oklahoma City, OK 73117 was operated by Reno Hospitality, LLC, an Oklahoma limited liability company. Indra, Ambica, LLC, OM, LLC, and Noor Hotel, LLC were members of Reno Hospitality, LLC. Indra further states that its business was closed on December 11, 2023 prior to filing its Articles of Dissolution on April 21, 2025.

3. Indra is without sufficient information to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

4. Paragraph 18 of Plaintiff's Amended Complaint does not contain any allegations against Indra and, therefore, requires no response from Indra.

5. Indra is without sufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

**INTRODUCTION**

6. Paragraphs 20 through 70 of Plaintiff's Amended Complaint do not contain any allegations against Indra and, therefore, require no response from Indra. To the extent that a response is deemed necessary, Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 20 through 70 of Plaintiff's Amended Complaint and, therefore, no response is required from Indra.

## BACKGROUND

7. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 71 through 83 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

8. To the extent that allegations contained in paragraph 84 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the balance of the allegations. To the extent that the allegations contained in paragraph 84 of Plaintiff's Amended Complaint are not directed at Indra, no response is required from Indra.

9. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 85 through 87 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

10. To the extent that allegations contained in paragraph 88 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraph 88 of Plaintiff's Amended Complaint are not directed at Indra, no response is required from Indra.

11. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 89 through 95 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

12. The allegations contained in paragraphs 96 through 131 of Plaintiff's Amended Complaint are not directed at Indra. Therefore, no response is required from Indra.

13. Concerning the allegations contained in paragraph 132 of Plaintiff's Amended Complaint, Indra denies that the subject Motel 6 was operated jointly by Indra, Ambica, LLC, Om, LLC, and Indra, LLC. Indra is without sufficient information to either admit or deny the remainer of the allegations contained in this paragraph.

14. To the extent that the allegations contained in paragraphs 133 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

15. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 134 through 136 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

16. To the extent that the allegations contained in paragraphs 137 and 138 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

17. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 139 through 141 of Plaintiff's Amended Complaint.

18. To the extent that the allegations contained in paragraphs 142 through 144 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

19. Indra is without sufficient information to either admit or deny the allegations contained in paragraph 145 of Plaintiff's Amended Complaint, including its subparts. Therefore, no response is required from Indra.

20. To the extent that the allegations contained in paragraph 146 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations contained in paragraph 146 of Plaintiff's Amended Complaint are not directed at Indra, no response is required from Indra.

21. The allegations contained in paragraphs 147 through 215 are not directed at Indra and, therefore, no response is required from Indra.

22. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 216 (including all subparts) and 217 of Plaintiff's Amended Complaint. Therefore, no response is required from Indra.

23. The allegations contained in paragraphs 218 through 225 of Plaintiff's Amended Complaint are not directed at Indra. Therefore, no response is required from Indra.

24. To the extent that the allegations contained in paragraphs 226 and 227 of Plaintiff's Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in this paragraph are not directed at Indra, no response is required from Indra.

### COUNT I: 18 U.S.C. § 1595 ("TVPRA")

25. In response to paragraph 228 of Plaintiff's Amended Complaint, Indra incorporates by reference its responses set forth in paragraphs 1 through 24 of this Answer as if set forth fully herein.

26. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are directed at Indra, those allegations are legal conclusions

5

which require no response from Indra. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are not directed at Indra, no response is required from Indra.

27. The allegations contained in paragraphs 234 and 235 of Plaintiff's Amended Complaint are not directed at Indra and, therefore, require no response from Indra.

28. To the extent that the allegations contained in paragraphs 236 through 239 are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraphs 236 through 239 are not directed at Indra, no response is required from Indra.

**COUNT II: 21 OK STAT § 21-748.2(B) ("OKLAHOMA SEX TRAFFICKING")**

29. In response to paragraph 240 of Plaintiff's Amended Complaint, Indra incorporates by reference its responses set forth in paragraphs 1 through 28 of this Answer as if set forth fully herein.

30. To the extent that the allegations contained in paragraphs 241 through 245 of Plaintiff's Amended Complaint are directed at Indra, the allegations state legal conclusions which require no response from Indra.

**PRAYER FOR RELIEF**

31. To the extent that the unenumerated paragraph of Plaintiff's Amended Complaint beginning with "WHEREFORE", including subparts a through f, and containing Plaintiff's prayer for relief requires a response from Indra, Indra denies that Plaintiff is entitled to any form of relief or recovery from Indra whatsoever by way of Plaintiff's Amended Complaint.

## DEMAND FOR JURY TRIAL

32. To the extent that the unenumerated paragraph in Plaintiff's Amended Complaint containing Plaintiff's demand for a jury trial requires a response from Indra, Indra denies that a jury trial is warranted as to the claims set forth in Plaintiff's Amended Complaint against Indra.

33. To the extent that a response from Indra is deemed necessary to any allegation set forth in Plaintiff's Amended Complaint that has not been specifically addressed herein, Indra denies the allegation(s).

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Amended Complaint against Indra, Indra asserts the following Affirmative Defenses:

1. Plaintiff's claims against Indra are barred by the applicable statute of limitations.

2. Plaintiff's claims against Indra fail to state a claim upon which relief may be granted.

3. Reno Hospitality, LLC, not Indra, operated the Motel 6 property referred to in Plaintiff's Amended Complaint.

4. Indra, as a former member of Reno Hospitality, LLC, cannot be held responsible for any liabilities or obligations of Reno Hospitality, LLC. 18 O.S. § 2022.

5. Plaintiff cannot recover from Indra because it has been dissolved and has wound up business affairs with the exception of defending this lawsuit.

6. Plaintiff cannot recover from Indra because it was sold and ceased doing business prior to the date that Plaintiff's lawsuit was filed.

7. Indra is not a proper party to this lawsuit.

8. Plaintiff has failed to join necessary and indispensable parties.

9. The employees of the Motel 6 referred to in Plaintiff's Amended Complaint were not employees, agents, or otherwise under the control of Indra and, therefore, Indra cannot be responsible for their alleged conduct.

10. To the extent that the employees of the Motel 6 referred to in Plaintiff's Amended Complaint were employees, agents, or otherwise under the control of Indra, which is expressly denied, the alleged conduct was performed outside the course and scope of their employment/agency.

11. At all relevant times, Indra was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident(s) in question and any alleged dangerous condition or bad actor was not/would not have been discoverable by Indra through a reasonable investigation.

12. Indra did not violate 18 U.S.C. § 1595, 21 Okla. Sta. tit. 21, § 21-748.2(B), or any other applicable law, regulation, or statute.

13. At all relevant times, Indra complied with all applicable laws, regulations, statutes, industry standards, and agreements.

14. Plaintiff's claims are barred by laches, estoppel, and unclean hands.

15. Plaintiff participated in the acts referred to in the Amended Complaint by her own free will.

16. Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons and/or entities other than Indra, over whom Indra had no control, or by the superseding intervention of causes outside of Indra's control.

17. Plaintiff's claims are barred by the doctrine of assumption of the risk.

18. To the extent that Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed at Plaintiff. Therefore, no action by Indra could have prevented the actions of any such third-party.

19. Indra is entitled to a set-off for any settlement paid by any party or non-party in satisfaction of the same damages for which the Plaintiff is suing.

20. Plaintiff failed to mitigate her damages.

21. Plaintiff's recovery of medical expenses, if any, are limited by Okla. Stat. tit. 12, § 3009.1.

22. Insufficient service of process.

23. Indra incorporates by reference any and all Affirmative Defenses asserted or that will be asserted by the defendants to this matter that may be applicable to Indra.

24. Indra specifically reserves the right to amend these Affirmative Defenses, including adding additional Affirmative Defenses, as a matter of course or with leave of court pursuant to Fed. R. Civ. P. Rule 15(A).

WHEREFORE, premises considered, Defendant Indra, LLC prays that Plaintiff Nancy R. take nothing from Indra, LLC by way of her Amended Complaint, that judgment

be entered in favor of Defendant Indra, LLC and against Plaintiff Nancy R., along with any other relief this Court deems just or proper.

Respectfully submitted,

*s/ Sterling E. Pratt*
Sterling E. Pratt, OBA #22276
Steven M. Crowley, OBA #34636
**FENTON, FENTON, SMITH, RENEAU & MOON**
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
sepratt@fentonlaw.com
smcrowley@fentonlaw.com
***ATTORNEYS FOR DEFENDANTS,***
***NOOR HOTEL, LLC AND INDRA, LLC***

## CERTIFICATE OF SERVICE

This will certify that on the 31st day of October, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following recipients:

| | |
|---|---|
| Fletcher D. Handley, Jr.<br>**THE HANDLEY LAW CENTER**<br>111 S. Rock Island Ave.,<br>Post Office Box 310<br>El Reno, Oklahoma 73036<br>***ATTORNEYS FOR PLAINTIFF***<br><br>Michael C. Cane<br>**THE702FIRM INJURY ATTORNEYS**<br>400 South 7th Street, Suite 400<br>Las Vegas, Nevada 89101<br>***ATTORNEY FOR PLAINTIFF***<br><br>Georffrey C. Parker<br>**HILTON PARKER, LLC**<br>7658 Slate Ridge Blvd.<br>Reynoldsburg, Ohio 43068<br>***ATTORNEY FOR PLAINTIFF***<br><br>David Senger<br>Hunter Siex<br>**COFFEY SENGER HANCOCK & HARMON**<br>4725 East 91st Street, Suite 100<br>Tulsa, Oklahoma 74137<br>***ATTORNEYS FOR DEFENDANT,***<br>***JALIYAN HOSPITALITY, INC.***<br><br>Chand & Saaj Hospitality, Inc.<br>c/o Hitesh Patel<br>2200 S. Meridian<br>Oklahoma City, Oklahoma 73108<br><br>Raj Krupa Hotel, LLC<br>c/o Dilipkumar B. Patel<br>2200 W. 3rd Street | Bart Jay Robey<br>Eric A. Moen<br>Abby R. Herren<br>**CHUBBUCK DUNCAN & ROBEY, P.C.**<br>1329 Classen Drive<br>Oklahoma City, Oklahoma 73103<br>***ATTORNEYS FOR DEFENDANT,***<br>***OKC AIRPORT ES, LLC***<br><br>Shubhra Mashelkar<br>**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**<br>999 Peachtree PI NE #2700<br>Atlanta, Georgia 30309<br>***ATTORNEY FOR DEFENDANT,***<br>***ESH STRATEGIES FRANCHISE, LLC***<br><br>Plaza Hotels, LLC<br>3200 S. I-35 Service Road<br>Oklahoma City, Oklahoma 73129<br><br>Steve Ketter<br>5101 S. Choctaw Ave.<br>El Reno, Oklahoma 73036<br><br>Kajal Hospitality, LLC<br>c/o Jaydip Modi<br>1120 S. 10th Street<br>Clinton, Oklahoma 73601<br><br>Yash Enterprises, Inc.<br>c/o Tushar Natha<br>400 S. Meridian<br>Oklahoma City, Oklahoma 73108 |

| | |
|---|---|
| Elk City, Oklahoma 73644<br><br>Jonathan Wilfong<br>Oyo Hotels, Inc.<br>440 Louisiana Street, Suite 1050<br>Houston, Texas 77002<br>**ATTORNEY FOR DEFENDANT,<br>G6 HOSPITALITY FRANCHISING, LLC** | Michael A. Wiley<br>1701 Wildhorse Dr.<br>Edmond, Oklahoma 73003 |

*s/ Sterling E. Pratt*