UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PLAZA HOTELS, LLC;<br>STEVE KETTER;<br>MICHAEL WILEY;<br>OKC AIRPORT ES, LLC;<br>ESH STRATEGIES FRANCHISE, LLC;<br>KAJAL HOSPITALITY, LLC;<br>JALIYAN HOSPITALITY, INC.<br>SUPER 8 WORLDWIDE, INC.;<br>RAJ KRUPA HOTEL, LLC;<br>DAYS INNS WORLDWIDE, INC.:<br>CHAND & SAAJ HOSPITALITY, INC.;<br>RAMADA WORLDWIDE, INC,;<br>YASH ENTERPRISES, INC.;<br>HOWARD JOHNSON<br>INTERNATIONAL, INC.;<br>NOOR HOTEL, LLC;<br>AMBICA, LLC;<br>OM, LLC;<br>INDRA, LLC; and<br>G6 HOSPITALITY FRANCHISING,<br>LLC,<br><br>　　　　Defendants. | Case No.  25-cv-00462-G |

**DEFENDANT JALIYAN HOSPITALITY, INC.'S
MOTION TO DISMISS PLAINTIFFF'S FIRST AMENDED COMPLAINT**

Defendant Jaliyan Hospitality, Inc., by and through its counsel of record, COFFEY, SENGER, HANCOCK & HARMON, PLLC, hereby submits this *Motion to Dismiss Plaintiff's First Amended Complaint* pursuant to FRCP 12(b)(6) and 12 O.S. §2012(b)(6) requesting the Court enter an Order dismissing Plaintiff's claims of trafficking in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1595 ("TVPRA") and trafficking in violation of the Oklahoma

1

Human Trafficking Act, 21 O.S. §748.2. In further support of this *Motion to Dismiss*, Defendant Jaliyan states and alleges as follows:

**BRIEF IN SUPPORT**

Plaintiff, Nancy R (pseudonym), filed her *First Amended Complaint* on October 17, 2025 [Dkt. 115]. Plaintiff has identified two causes of action seeking civil liability against hotels alleged to be complicit in the sex trafficking of Plaintiff. Plaintiff asserts her sex trafficking occurred in "early 2021 through the beginning of 2022" at the hands of a gang-member pimp known as "Domino." *See Amended Complaint* at ¶¶ 73-81. Plaintiff has identified numerous hotels, both franchisees and franchisors, that she claims violated either the TVPRA or OHTA, subjecting them to civil liability. Id at ¶¶ 228-239 and 240-245. As it relates to this Defendant, Plaintiff claims only that she visited Jaliyan's establishment "for a period totaling two weeks" during the earlier stated 2021 through the beginning of 2022 timeframe. *Id.* at ¶¶ 81 and 157.

Plaintiff's claims should be dismissed for four independent reasons: (1) Plaintiff failed to seek or obtain leave to proceed pseudonymously as required by law; (2) the *Amended Complaint* fails to state a claim for relief under either the federal TVPRA or OHTA; (3) Count II, regarding the Oklahoma Human Trafficking Act, is barred by the applicable statute of limitations; and (4) this civil action must be stayed pending the resolution of ongoing federal criminal proceedings against Plaintiff's alleged trafficker and/or his alleged gang member accomplices.

**ARGUMENT AND AUTHORITY**

I. **STANDARD OF REVIEW**

On a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court construes the complaint in the light most favorable to Plaintiffs, accepts all factual allegations as true, and determines whether the complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Allegations that state "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" "are not entitled to the assumption of truth." *Id*. at 678-79. Plaintiff's factual allegations against a defendant "must be enough to raise a right to relief above the speculative level." *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (citation omitted). Stated differently, a plaintiff must provide sufficient allegations to "nudge [ ] [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Similarly, under Oklahoma law, pursuant to 12 O.S. § 2012(b)(6) a motion to dismiss tests a pleading's sufficiency to support a legally cognizable claim. *Darrow v. Integris,* 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208. When evaluating a motion to dismiss, the court examines only the controlling law, not the facts. *Am. Nat. Res., LLC v. Eagle Rock Energy Partners, L.P.*, 2016 OK 67, ¶ 6, 374 P.3d 766, 769. Thus, a petition will survive a dismissal motion only if it discloses the existence of facts to support each necessary element of a legally recognized claim or cause of action. *Miller v. Miller,* 1998 OK 24, ¶ 15, 956 P.2d 887, 894.

3

## II.   PLAINTIFF FAILED TO OBTAIN PERMISSION TO PROCEED PSEUDONYMOUSLY

Plaintiff filed under a pseudonym "Nancy R." without seeking leave of Court or offering valid justification for doing so.[1] Both Rule 10(A) of the Federal Rules of Civil Procedure and Okla. Stat. tit. 12, § 2010(A) require that the names of all parties be included in the complaint. The use of a pseudonym is the exception, not the rule, and requires court approval.

The Tenth Circuit Court of Appeals has analyzed the threat to jurisdiction posed by anonymous filings. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989). There, the Tenth Circuit ruled *sua sponte* that because the plaintiffs brought suit anonymously without first seeking the court's permission, the district court lacked subject matter jurisdiction. *Id.* The court based its ruling on Rule 10(a) of the Federal Rules of Civil Procedure, noting that the Rules "make no provision for suits by persons using fictitious names or anonymous plaintiffs." *Id.* Failure to adhere to Rule 10 meant that, with respect to the anonymous plaintiffs, no case had been commenced. *Id.* Lack of jurisdiction therefore presented an additional justification for upholding the lower court's dismissal of the case. "In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants […]. We therefore dismiss the complaint as to the unnamed members of the NCBA […]." *Id.* This precedent has been reaffirmed repeatedly in the Circuit. *See, e.g., M.M. v. Zavaras,* 139 F.3d 798, 804 (10th Cir. 1998); *W.N.J. v. Yocom,* 257 F.3d 1171, 1172-73 (10th Cir. 2001); *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017).

---

[1] Plaintiff not only committed this violation with the filing of her Original Petition filed in state court, but also when she filed her Amended Complaint herein.

4

Moreover, subsequent Tenth Circuit precedent has held that the jurisdictional defect presented by filing anonymously, without permission, may not be cured *post factum.* In *Doe v. Kansas State Univ.,* the plaintiff filed under the name "John Doe" without seeking leave of the district court. No. 2:20-CV-02258-HLT-TJJ, 2021 WL 84170, at *2 (D. Kan. Jan. 11, 2021). In response to the anonymous filing, the magistrate judge issued a Notice and Order to Show Cause requiring the plaintiff to demonstrate why he should be allowed to proceed anonymously. *Id.* at *1. The plaintiff then belatedly argued that he would face stigma and harm to his reputation should he be required to proceed under his own name. The district court dismissed the case, holding that "Plaintiff's failure to seek permission at the outset of this case cannot now be rectified or cured by his subsequent request to do so after the fact." *Id.* at *2. Based on *National Commodity,* the failure of the plaintiff to name himself in his original filing meant that "[e]ffectively, no case has properly been commenced […]." *Id.*

Here, Plaintiff's conduct mirrors (and in some respects, exceeds) the procedural missteps described in *National Commodity* and its progeny. Plaintiff has not sought leave of Court to proceed pseudonymously, nor has she offered any justification for doing so. Though the Amended Complaint passingly references the stigma associated with prostitution throughout its "Pimpology" section, it offers no Plaintiff-specific argument that disclosure of her identity would result in stigma or reputational harm. Further, Plaintiff's *Amended Complaint* indicates that Plaintiff no longer resides in the state of Oklahoma where suit was brought and where such reputational harm would potentially occur. *See Amended Complaint* at ¶ 82. Fleeting references cannot substitute for a formal motion seeking leave to proceed under a pseudonym, supported by the requisite factual showing. As the Court recognized in *Doe v. Kansas State Univ.*, the failure to seek permission at

the outset of the case to proceed anonymously "cannot now be rectified or cured by [a] subsequent request to do so after the fact." 2021 WL 84170, at *2.

Because Plaintiff failed to seek or obtain leave to proceed anonymously, this Court lacks subject matter jurisdiction over her claims and therefore dismissal is not only appropriate but required. Plaintiff Nancy R.'s *Amended Complaint* should therefore be dismissed with prejudice.

### III. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. Count I: Plaintiff Fails to State a Claim Under the Federal TVPRA

The TVPRA provides two theories of liability: (1) perpetrator liability under § 1591(a)(1), and (2) venture liability under § 1591(a)(2). The *Amended Complaint* fails to state plausible claims under either theory as against Defendant Jaliyan.

**1. Perpetrator Liability**

To establish perpetrator liability, Plaintiff must plausibly allege that Defendant Jaliyan knowingly, or in reckless disregard, harbored Plaintiff knowing that force, fraud, or coercion would be used to cause her to engage in commercial sex acts. *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010).

The *Amended Complaint* alleges no facts that Defendant Jaliyan had such knowledge. The *Amended Complaint* does not allege that Defendant Jaliyan staff knew Domino, were aware of his purpose, or witnessed any overtly coercive conduct. At best, the facts alleged, which are disputed by Defendant Jaliyan, signal awareness of commercial sex work—not forced commercial sex work.

**2. Venture Liability**

To establish venture liability under § 1591(a)(2), Plaintiff must allege facts demonstrating active participation or an ongoing, knowing relationship between Defendant Jaliyan and the

trafficker, Domino. Merely renting a room and selling hotel commodities does not constitute "participation in a venture." *Bistline v. Parker*, 918 F.3d 849, 874-75 (10th Cir. 2019).

A "venture" requires facts showing a common undertaking or collaborative involvement between the trafficker and the defendant. The *Amended Complaint* contains no such allegations. There are no allegations that Defendant Jaliyan escorted johns to Plaintiff's room, advertised for Plaintiff, or assisted by confining Plaintiff. "[A] plaintiff who merely alleges that the franchisor failed to intervene, alert authorities, improve awareness, or prevent sexual exploitation insufficiently alleges direct participation in a venture." *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F.Supp.3d 719, 734 (E.D. Tex. 2024).

The allegation that the hotel raised Plaintiff's "deposit" when she used excessive towels does not demonstrate participation in trafficking. See Amended Complaint at ¶ 162. While Defendant Jaliyan denies this allegation, even taking it as true for the purposes of a Motion to Dismiss, such only required an extra "deposit" associated with using more hotel resources, not that she was involved in forced sex trafficking.

Moreover, general knowledge of commercial sex activity is insufficient to show knowledge of what happened to a specific plaintiff. *J.L. v. Best W. Int'l, Inc.*, 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021) (general knowledge of commercial sex activity is insufficient to show defendant should have known about specific plaintiff's trafficking). Further, any general knowledge still remains far removed from participation or an ongoing relationship necessary to establish a claim under the TVPRA. Plaintiff is trying to convince the Court that the basic hotel activity of renting rooms to guests and providing certain commodities, the very core nature of operating a hotel, becomes a joint venture simply based on the alleged illegal acts of a renter. This is simply not the case, and does not satisfy the requirements of a viable claim under the TVPRA.

### B. Count II: Plaintiff Fails to State a Claim Under Oklahoma Law

Oklahoma provides civil relief for trafficking victims, but only against perpetrators—not alleged venture participants. 21 O.S. § 748.2 provides a claim against the person or persons who committed the violation. This is narrower than the federal TVPRA, which provides for claims against those who benefit from participation in trafficking ventures. Under the OHTA, the mere renting of a room, a standard hotel business practice, is not enough to establish perpetrator status or liability against the hotel. In Particular, Defendant Jaliyan did not engage in, nor does Plaintiff allege that Defendant Jaliyan engaged in, any of the methods or coercion or control to constitute human trafficking under 21 O.S. § 748. Rather, Plaintiff alleges that the perfectly legal act of operating a hotel and renting rooms to patrons was somehow converted to tracking activity based on the actions of others not affiliated in any way with Defendant Jaliyan.

Moreover, Section 748(B) requires that a defendant "knowingly" engage in human trafficking. Under Oklahoma law, "knowingly" requires actual knowledge. 21 O.S. § 96. This is a higher standard than the TVPRA's reckless disregard standard. The *Amended Complaint* does not allege facts supporting actual knowledge that Defendant Jaliyan was benefiting from Plaintiff being forced to engage in commercial sex work. Further, this knowing requirement must be read in conjunction with the standard discussed above, that is, knowing perpetration of Plaintiff's alleged trafficking. Mere knowledge or constructive knowledge of possible illegal activity on the part of Plaintiff, Domino or others does not satisfy the "knowing" requirement of the OHTA.

### IV. COUNT II IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

The OHTA is subject to a three-year statute of limitations for claims arising from a liability imposed by statute. 12 O.S. § 95(2); 21 O.S. § 748.2. The statute of limitations runs from the latest of three triggering events: (1) the victim's twenty-first birthday, (2) the point at which the victim

knew or should have known she was being trafficked, or (3) the date of the victim's emancipation from the trafficker. 12 O.S. § 748.2(B).

Based on the facts alleged in the *Amended Complaint*, Plaintiff 's claims against Jaliyan expired before this action was filed. The *Amended Complaint* alleges that Plaintiff met Domino in early 2021 and that the trafficking continued until "the beginning of 2022". See Amended Complaint at ¶ 81. While the *Amended Complaint* identifies a sequence of hotels where trafficking allegedly occurred, Defendant Jaliyan's hotels are not specifically alleged to have been involved in any trafficking activity after the beginning 2022. *Id*. at ¶¶ 157-165.

Even under the most generous reading of the facts, any trafficking at Defendant Jaliyan's hotels concluded at the "beginning" of 2022, more than three years before Plaintiff's original Petition was filed on March 19, 2025. The allegations make clear that Plaintiff was well into adulthood by 2020, eliminating the possibility that the statute was tolled until her twenty-first birthday. *Id*. at ¶¶ 71-74 and 81-83. Additionally, the original Petition, as well as the *Amended Complaint*, establishes that Plaintiff knew or should have known she was a victim of trafficking by early 2021 when she met Domino. *Id*. at ¶ 73. Finally, Plaintiff alleges that the trafficking continued until "the beginning of 2022" when Domino was arrested, making "the beginning of 2022" the point when Plaintiff would have been emancipated from Domino, the trafficker. *Id*. at ¶ 81. Therefore, Count II is time-barred and should be dismissed.

V. **THIS CIVIL ACTION MUST BE STAYED PENDING RESOLUTION OF ONGOING FEDERAL CRIMINAL PROCEEDINGS**

Though Plaintiff brings claims under TVPRA, federal law expressly mandates a stay of any civil action filed under it while a related criminal prosecution is pending. Specifically, 18 U.S.C. § 1595(b)(1) provides, "[a]ny civil action under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the

victim." Here, Plaintiff's trafficker, Domino (and likely his gang member accomplices) are involved in criminal proceedings related to Plaintiff's claims and arising from the same occurrence or course of conduct. *Id.* at ¶ 81.

If criminal proceedings are currently pending, the plain terms of § 1595(b)(1) require that this civil action be stayed in its entirety. The statute is mandatory, not discretionary. Because Plaintiff has used a pseudonym for Domino, Defendant cannot independently verify whether related criminal proceedings are pending. However, if such proceedings exist, a stay is required by federal law.

Accordingly, Defendant requests that the Court either dismiss this action or, alternatively, stay these proceedings pending the resolution of any ongoing federal criminal prosecution of Domino.

## **CONCLUSION**

Plaintiff's *Amended Complaint* is procedurally and substantively deficient. Plaintiff failed to seek leave to proceed pseudonymously, failed to allege facts sufficient to state claims under either federal or state law, filed a time-barred state law claim, and failed to address the mandatory stay requirement where criminal proceedings are pending.

Considering the above arguments, Defendant Jaliyan Hospitality, Inc. hereby respectfully requests the Court enter an Order dismissing Plaintiff's claims seeking civil liability against this Defendant under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595, and trafficking in violation of the Oklahoma Human Trafficking Act, 21 O.S. § 748.2, with prejudice. Defendant Jaliyan further requests any and all other relief the Court deems just and equitable.

Respectfully Submitted,

/s/ David C. Senger
David C. Senger, OBA No. 18830
Hunter M. Siex, OBA No. 33217
**COFFEY SENGER HANCOCK & HARMON, PLLC**
4725 East 91st Street, Suite 100
Tulsa, OK 74137
918-292-8787 (phone)
918-292-8788 (fax)
David@CSHHlaw.com
Hunter@CSHHlaw.com
*Attorneys for Jaliyan Hospitality, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 7th day of November 2025, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

/s/ David C. Senger