IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PLAZA HOTELS, LLC; STEVE KETTER; )<br>MICHAEL WILEY; OKC AIRPORT ES, LLC; )<br>ESH STRATEGIES FRANCHISE, LLC; )<br>KAJAL HOSPITALITY, INC; JALIYAN )<br>HOSPITALITY, INC; SUPER 8 WORLDWDE, )<br>INC; RAJ KRUPA HOTEL, LLC; DAYS INNS )<br>WORLDWIDE, INC; CHAND & SAAJ )<br>HOSPITALITY, INC; RAMADA )<br>WORLDWIDE, INC; YASH ENTERPRISES, )<br>INC; HOWARD JOHNSON )<br>INTERNATIONAL, INC; NOOR HOTEL, LLC; )<br>AMBICA, LLC; OM, LLC; INDRA, LLC; AND )<br>G6 HOSPITALITY FRANCHISING, LLC, )<br>)<br>Defendants. ) | Case No. 5:25-cv-00462-G |

**DEFENDANT RAJ KRUPA HOTEL, LLC'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Defendant Raj Krupa Hotel LLC ("Raj Krupa"), by and through its undersigned attorneys, hereby respectfully submits this, its Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 115) pursuant to Fed. R. Civ. P. 8, 10, and 12(b)(6). In support of the same, Defendant Raj Krupa submits the following brief showing the Court as follows:

### I.   BACKGROUND AND INTRODUCTION

Plaintiff filed her Original Petition on March 19, 2025. (Doc. No. 1-2). The case was removed to this Court on April 23, 2025. (Doc. No. 1). Shortly afterward, Plaintiff moved the Court for leave to amend, (Doc. No. 58), which the Court granted. (Doc. No. 114). Plaintiff filed her Amended

1

Complaint on October 17, 2025, asserting claims against Defendant Raj Krupa under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and human trafficking statutes of Oklahoma, 21 O.S. 748 § et seq. (Doc. No. 115).

Plaintiff's Amended Complaint remains deficient both procedurally and factually to support plausible claims for the relief it seeks. Setting aside the serious nature of Plaintiff's allegations, Plaintiff filed its Original Petition under a pseudonym without seeking leave of Court or offering any rationale for doing so. This same problem persists in Plaintiff's Amended Complaint. Plaintiff's choice to file pseudonymously without leave of Court or providing any justification for the same is contrary to controlling precedent of the Tenth Circuit and the plain language of the Federal Rules of Civil Procedure.

Further, Plaintiff's claims alleging state law claims are time-barred and lack the basic fundamental information to satisfy pleading standards. Plaintiff's claims are vague, conclusory, and barren of the required identification information to allow for a proper defense. Namely, Plaintiff fails to identify herself, her alleged trafficker, or any specific timeframes in which Defendant Raj Krupa's alleged conduct occurred. Resultingly, Defendant Raj Krupa must guess, speculate, or [fence with ghosts] the alleged conduct at issue and the alleged timeframe of the same. Such threadbare allegations leave Defendant Raj Krupa at a severe disadvantage to investigate, address, and respond to such claims. Plaintiff additionally fails to allege facts sufficient to state a plausible claim for relief under either the TVPRA or human trafficking statutes of Oklahoma.

Accordingly, and as discussed *infra*, Plaintiff's claims against Defendant Raj Krupa warrant dismissal as a matter of law.

## II. STANDARD OF REVIEW

The pleading standards set out in *Iqbal* and *Twombly* are well-known to this Court. A complaint must present a facially plausible claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 555 (2007). The quality of these factual allegations must create more than speculation about the plaintiff's chances of recovery. *Id.* The United States Supreme Court has further held that, while the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). If the complaint contains only boilerplate labels and conclusory allegations, dismissal is proper because "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Escobar v. Mora,* 496 Fed. App'x. 806, 816 (10th Cir. 2012) (citing *Cory v. Allstate Ins.,* 583 F.3d 1240, 1244 (10th Cir. 2009)).

### III.    ARGUMENT AND AUTHORITIES

The Federal Rules of Civil Procedure are not merely a suggestion. The procedural flaws that remain in Plaintiff's Amended Complaint prevent this Court from evaluating the merits of this case and prevent Defendant Raj Krupa the ability to properly defend against Plaintiff's claims. Plaintiff's Amended Complaint causes this Court to lack jurisdiction, contains time-barred claims under human trafficking statutes of Oklahoma, and fails to state claims against Defendant Raj Krupa upon which relief may be granted under the TVPRA or human trafficking statutes of Oklahoma. Additionally, Plaintiff's Amended Complaint alludes to criminal prosecution of Plaintiff's trafficker, which, if ongoing, requires a stay of these proceedings. As addressed further below, Plaintiff's claims against Defendant Raj Krupa should be dismissed.

### a.    THIS COURT'S JURISDICTION IS THREATENED BY PLAINTIFF'S FAILURE TO DISCLOSURE HER IDENTITY.

The Tenth Circuit Court of Appeals has already examined the jurisdictional threat that anonymous filings pose. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989). In *Nat'l Commodity*, the Tenth Circuit ruled *sua sponte* that the district

court lacked subject matter jurisdiction based on the plaintiffs bringing suit anonymously without first seeking the court's permission. *Id.* The Tenth Circuit based its ruling on Rule 10(a) of the Federal Rules of Civil Procedure, noting that the Rules "make no provision for suits by persons using fictitious names or anonymous plaintiffs." *Id.* Failing to adhere to Rule 10 meant that, with respect to the anonymous plaintiffs, no case had been commenced. *Id.* Lack of jurisdiction therefore presented an additional justification for upholding the lower court's dismissal of the case. "In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants […]. We therefore dismiss the complaint as to the unnamed members of the NCBA […]." *Id.*

In the time since *Nat'l Commodity*, the Tenth Circuit has repeatedly reaffirmed this precedent. *See, e.g., M.M. v. Zavaras,* 139 F.3d 798, 804 (10th Cir. 1998); *W.N.J. v. Yocom,* 257 F.3d 1171, 1172-73 (10th Cir. 2001); *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017). Similarly, subsequent and further Tenth Circuit precedent has held that the jurisdictional defect presented by filing anonymously, without permission, may not be cured *post factum*. In *Doe v. Kansas State Univ.,* the plaintiff filed under the name "John Doe" without first seeking leave of the district court. No. 2:20-CV-02258-HLT-TJJ, 2021 WL 84170, at *2 (D. Kan. Jan. 11, 2021). In response to the anonymous filing, the magistrate judge issued a Notice and Order to Show Cause requiring the plaintiff to demonstrate why he should be allowed to proceed anonymously. *Id.* at *1. The plaintiff then belatedly argued that he would face stigma and harm to his reputation should he be required to proceed under his own name. The district court dismissed the case, holding that "Plaintiff's failure to seek permission at the outset of this case cannot now be rectified or cured by his subsequent request to do so after the fact." *Id.* at *2. Based on *National Commodity,* the failure of the plaintiff to name himself in his original filing meant that "[e]ffectively, no case has properly been commenced […]." *Id.*

4

Plaintiff's conduct in the instant case largely mirrors the procedural mistakes found in *National Commodity* and its progeny. Plaintiff has not sought leave of Court to proceed pseudonymously, nor has she offered any justification for doing so. Plaintiff's Amended Complaint passingly references stigmas around commercial sex work in its section entitled "Pimpology." However, Plaintiff's Amended Complaint still offers no Plaintiff-specific argument that disclosure of her identity is sure to result in stigma or reputational harm to the Plaintiff. Mere references in passing do not serve as a viable substitute for a formal motion seeking leave to proceed under a pseudonym, supported by the requisite factual showing. As the Court recognized in *Doe v. Kansas State Univ.*, the failure to seek permission at the outset of the case to proceed anonymously "cannot now be rectified or cured by [a] subsequent request to do so after the fact." 2021 WL 84170, at *2.

Plaintiff failed to seek or obtain leave to proceed anonymously. This Court lacks subject matter jurisdiction over Plaintiff's claims as a result, and requires dismissal of Plaintiff's claims against Defendant Raj Krupa.

  b. **PLAINTIFF'S CLAIMS BASED ON OKLAHOMA HUMAN TRAFFICKING STATUTES ARE UNTIMELY.**

Oklahoma's human trafficking statutes provide a civil remedy for the recovery of damages by a private citizen based upon certain criminal conduct. 21 O.S. § 748 et seq. In Oklahoma, an action upon a "liability created by statute other than forfeiture or penalty" must be brought within three (3) years of the underlying event. 12 O.S. § 95(A)(2). The statute of limitations for claims brought pursuant to 21 O.S. § 748 does not begin to run until the latest of three distinct events: (1) "the victim's emancipation from the defendant," (2) "the victim's twenty-first birthday;" or, (3) "the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for, or profited from the human trafficking." 21 O.S. § 748.2(B).

Upon review of the facts alleged in the Amended Complaint, it stands to reason that Plaintiff's claims against Defendant expired, at the very latest, sometime in 2024. This is a problem given Plaintiff's Original Petition's was not filed until March 19, 2025. Plaintiff alleges that, before meeting her trafficker "Domino," Plaintiff endured an abusive relationship "as a teenager," spent time "briefly incarcerated," and since rebuilt her life; finding a "fiancé, a job, a home for her children, and her sobriety," all prior to her fiancé's death in 2020. (Doc. No. 115, ¶¶ 71-72). It has been no less than four or five years since these described dates in Plaintiff's Complaint. These facts make clear that Plaintiff was at least well into adulthood by the year 2020. It may also be inferred that Plaintiff's twenty-fourth (24th) birthday had passed prior to the filing of her Petition. As such, any possibility that the statute of limitations was tolled until her twenty-first birthday and allowed enough time to still be timely at the time of filing Plaintiff's Original Petition is eliminated. Moreover, Plaintiff's Amended Complaint establishes that Plaintiff either knew or should have known that she was a victim of human trafficking by at least "early 2021," when Plaintiff met her trafficker Domino and began performing the alleged sex work. (Doc. No. 115, ¶¶ 73-75). If this event were to mark the onset of the limitations period under 21 O.S. § 748.2(B), then Plaintiff's claims became untimely in early 2024, at least a year before Plaintiff filed her Original Petition on March 19, 2025.

Lastly, Plaintiff's Amended Complaint alleges that Plaintiff's trafficking continued until the arrest of Plaintiff's trafficker Domino's arrest in the "beginning of 2022." (Doc. No. 115, ¶ 81). As it pertains to Defendant Raj Krupa, Plaintiff's Amended Complaint is vague and unclear as to when, if at all, Plaintiff alleges she was trafficked at Defendant Raj Krupa's hotel. No time period is given with respect to when the "multiple occasions totaling approximately four weeks over the duration of her trafficking" that Plaintiff's vague, unspecific, and generalized allegations against Defendant Raj Krupa occurred. (Doc. No. 115, ¶¶ 166-182). Plaintiff's Amended Complaint additionally lacks any specificity as to the timeframe of such allegations as:

- "maintenance came to the room because [Plaintiff] and her fellow victims had flushed so many used condoms that they clogged the septic system for the entire hotel." (Doc. No. 115, ¶ 175)

- Plaintiff's trafficker forgot his handgun in the room's microwave, the hotel called and complained to Plaintiff, and the hotel allegedly allowed the Plaintiff's trafficker to personally retrieve the gun from the front desk. (*Id.* ¶ 177)

- "a client physically assaulted [Plaintiff] and dangled her off a balcony. (*Id.* ¶ 178)

Plaintiff's Amended Complaint only specifies one date in its section discussing Defendant Raj Krupa, noting Defendant Raj Krupa's 2021 Franchise Disclosure Documents ("FDD") with Days Inn Worldwide, Inc. (*Id.* ¶ 183)

Plaintiff's Amended Complaint identifies other hotel locations where Plaintiff claims to have been trafficked throughout 2021, and 2022, but does not give a timeframe specific to any alleged trafficking of Defendant Raj Krupa. Plaintiff's Amended Complaint notes that in early 2021, Plaintiff was allegedly trafficked at the Plaza Hotel, with trafficking alleged at the Motel 6 in early 2022, Super 8 OKC Airport in August 2022. (Doc No. 115, ¶¶ 107, 132). Plaintiff fails to specify the time periods alleged for the other hotels—including Defendant Raj Krupa—and the Extended Stay, Days Inn, Ramada, and Howard Johnson hotels. Should the allegations against Defendant Raj Krupa have occurred in either 2021 or before March 19 of 2022, the Plaintiff's applicable statute of limitations under 21 O.S. § 748.2(B) would have expired well before Plaintiff filed her Petition on March 19, 2025.

Plaintiff's allegations based on Oklahoma human trafficking statutes expired if viewed from the latest of either Plaintiff's emancipation from her trafficker, Plaintiff's twenty-first birthday, or Plaintiff's date she knew or should've known she was a victim of human trafficking.

    c. **PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Procedural defects described above set aside, Plaintiff's Amended Complaint fails to allege facts sufficient to state a plausible claim for relief against Defendant Raj Krupa.

### i. Plaintiff's Amended Complaint fails to provide Defendants with fair notice of Plaintiff's claims against them.

Even if Plaintiff's Amended Complaint plausibly alleges claims under the TVPRA or Oklahoma's human trafficking statutes, it still fails to satisfy the foundational pleading requirements of the Federal Rules of Civil Procedure. The Federal Rules dictate that complaints must contain enough factual matter to give defendants fair notice of the nature of the claims *and* the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (emphasis added). Dismissal is appropriate where a complaint consists only of "boilerplate labels and conclusory allegations," *Escobar v. Mora,* 496 F. App'x 806, 816 (10th Cir. 2012), or where the factual content fails to nudge the claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The burden is on the plaintiff to "frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Lusk v. Midland Credit Mgmt., Inc.,* CIV-24-381-R, 2024 WL 4171355, at *1 (W.D. Okla. Sept. 12, 2024).

Despite Plaintiff's Amended Complaint separating Plaintiff's allegations by defendant and purporting to attribute specific conduct to each, the Amended Complaint still fails to allege *who* was involved or *when* any of the alleged events supposedly occurred as to Defendant Raj Krupa. Omissions of this magnitude are so fundamental that they prevent Defendant Raj Krupa from any semblance of an ability to properly prepare and defend against Plaintiff's allegations. Namely, the Amended Complaint does not identify the Plaintiff, Plaintiff's trafficker, nor does the Amended Complaint provide any specific dates of her interactions with Defendant Raj Krupa employees to

constitute that Defendant Raj Krupa would have been aware Plaintiff was being trafficked. Instead, Plaintiff's Amended Complaint relies on sweeping and broad unspecified timeframes, such as "early 2021[,]" or "the beginning of 2022[,]" without identifying when Plaintiff allegedly stayed at the property owned by Defendant Raj Krupa, exactly how long Plaintiff was there, or the specific period during which Defendant Raj Krupa's alleged conduct could have even occurred. These omissions are not a mere technical deficiency; they directly inhibit Defendant Raj Krupa's ability to properly prepare its defense. Defendant Raj Krupa cannot meaningfully investigate or respond to allegations when it is unclear who is making them or when they allegedly occurred. Defendant Raj Krupa cannot determine whether the allegations correspond to any actual guest stays, staff interactions, or other events within this Defendant Raj Krupa's knowledge or records. Despite *Twombly* directing that factual allegations made by Plaintiff "must create more than speculation about the plaintiff's chances of recovery[,]" Plaintiff gives Defendant Raj Krupa—and this Court—no option other than to speculate. *Twombly* at 555 (2007).

In refusing to disclose the identity of either the Plaintiff or Plaintiff's alleged trafficker, and in failing to provide any concrete dates or timelines, Plaintiff attempts to insulate her claims from scrutiny and leave Defendant Raj Krupa in the dark as to what conduct to defend against. These omissions deprive Defendant Raj Krupa of the fair notice to which he is entitled under the Federal Rules of Civil Procedure. See *G.W. v. Northbrook Indus., Inc.,* 739 F.Supp.3d 1243, 1251 (N.D. Ga. 2024) ("[T]he plaintiff must connect the dots between the defendant's and the trafficker's actions and show how the defendant participated in the venture with the traffickers."); *see also Pyatt v. Secure Live Media, LLC,* 2022 WL 22883099, at *5 (S.D. Fla. 2022) (Plaintiff's "allegations are impermissibly vague and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]"); *A.B. v. Hilton Worldwide Holdings, Inc.,* 484 F.Supp.3d 921, 940-41 (D. Or. 2020)

9

(Victim's vague allegations were insufficient to state a claim under the TVPRA); *Bucco v. W. Iowa Tech Cmty. Coll.,* 555 F.Supp.3d 628, 642 (N.D. Iowa 2021) ("Without details as to who did what," the Court "cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.").

Plaintiff's allegations lack the factual specificity necessary to render them plausible or actionable against Defendant Raj Krupa and should be dismissed as a result.

### ii. Plaintiff's Amended Complaint fails to state a claim against Defendant Raj Krupa under 18 U.S.C. § 1591(a)(1).

Plaintiff's claim against Defendant Raj Krupa for perpetrator liability stems from 18 U.S.C. § 1591(a)(1). However, Plaintiff's Amended Complaint lumps together the various defendants into different groups, alleging that each committed perpetrator liability. (Doc. No. 115, ¶ 230, 232). Defendant Raj Krupa is lumped in with the other "Franchisee Defendants." *Id*.

Under 18 U.S.C. § 1591(a)(1), Plaintiff was required to plausibly allege that Defendant Raj Krupa knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited Plaintiff, while knowingly or recklessly disregarding that force, threats of force, fraud, or coercion were being used to cause Plaintiff to engage in commercial sex acts.

Plaintiff's Amended Complaint failed to plausibly allege conduct against Defendant Raj Krupa in violation of this statute. Plaintiff failed to plausibly allege that Defendant Raj Krupa patronized Plaintiff or benefitted from a trafficking venture while knowing or in reckless disregard that force, threats of force, fraud, or coercion were being used to cause Plaintiff to engage in commercial sex acts. Plaintiff's Amended Complaint says that because Plaintiff explicitly discussed her sex work with hotel employees, that employees witnessed firsthand the intimidation used by pimps to prevent sex workers from working for themselves, that Defendant Raj Krupa should have

known that Plaintiff was being trafficked. However, nowhere in Plaintiff's 245 paragraphs of allegations in Plaintiff's Amended Complaint can plausible allegations with a definitive timeframe be located as to Defendant Raj Krupa's knowledge or the knowledge of its employees.

Instead, Plaintiff's Amended Complaint relies on conclusory allegations with no timeframe regarding Defendant Raj Krupa. These conclusory allegations additionally lack the prerequisite factual support that the Federal Rules dictate. Plaintiff's conclusory allegations against Defendant Raj Krupa should not be given a presumption of truth. *Frey v. Town of Jackson, Wyoming,* 41 F.4th 1223, 1233 (10th Cir. 2022) (holding allegations conclusory and not entitled to an assumption of truth if they state an inference without underlying facts or lacks any factual enhancement.). Plaintiff's own Amended Complaint acknowledges that it is not always obvious that many victims of human trafficking are victims and that hotels offer anonymous and temporary accommodations that make it difficult to detect activities such as human trafficking. (Doc. 115, ¶ 23; ¶¶ 51-52).

Plaintiff's Amended Complaint fails to plausibly allege that Defendant Raj Krupa harbored or provided Plaintiff while knowing or in reckless disregard of the fact that she would be coerced into sex trafficking.

### iii. Plaintiff's Amended Complaint fails to state a claim against Defendant Raj Krupa under 18 U.S.C. § 1591(a)(2).

Under 18 U.S.C. § 1591(a)(2), Plaintiff was required to plausibly allege that Defendant Raj Krupa knowingly benefitted from participating in a venture that engaged in sex trafficking and that Defendant Raj Krupa knew or recklessly disregarded that force, threats, fraud, or coercion were used to cause Plaintiff to engage in sex trafficking. Plaintiff's Amended Complaint fails to plausibly allege the same as to Defendant Raj Krupa.

The TVPRA requires plaintiff's to allege facts that demonstrate active participation or an ongoing, knowing relationship between the defendant and the trafficker. Providing a hotel room or

common hotel services to a sex trafficker is not participation in a venture under the TVPRA. In fact, the Tenth Circuit adopted reasoning from the First Circuit to clarify that a "venture" under the TVPRA requires facts showing a common undertaking or collaborative involvement between the plaintiff's trafficker and the defendant. *See Bistline v. Parker,* 918 F.3d 849, 874-75 (10th Cir. 2019) (citation omitted).

Plaintiff's allegations do not demonstrate that Defendant Raj Krupa had knowledge or active participation for the benefit of Defendant Raj Krupa. Plaintiff fails to allege that Defendant Raj Krupa or its employees actively participated in, advertised, collaborated, or contributed to a common undertaking with Plaintiff's trafficker Domino. Accordingly, Plaintiff has failed to plead sufficient facts to support claims under § 1591(a)(2) against Defendant Raj Krupa and Plaintiff's claims should be dismissed.

### iv. Oklahoma's human trafficking statutes only provide for civil relief against the perpetrators.

Oklahoma provides a civil claim for relief for human trafficking victims. However, the claim exists in the context of **perpetrator liability only**, not venture liability. 21 O.S. § 748.2 provides, in pertinent part, "[a]ny person aggrieved by a violation of subsection B of Section 748 of this title may bring a civil action against the person or persons who committed the violation[.]" (emphasis added). Further, 21 O.S. § 748(B) provides: "It shall be unlawful to knowingly engage in human trafficking." Oklahoma's statute defines human trafficking as "modern-day slavery that includes, but is not limited to, extreme exploitation and the denial of freedom or liberty of an individual for purposes of deriving benefit from that individual's commercial sex act or labor." 21 O.S. § 748(A)(4).

Plaintiff's Amended Complaint and the allegations therein demonstrate that Defendant Raj Krupa, is not a "perpetrator," by definition and by Plaintiff's own allegations. Plaintiff's Amended

complaint is devoid of here allegations show that Defendant Raj Krupa, in any way, knowingly engaged in any extreme exploitation of Plaintiff.

Liability under Oklahoma human trafficking statutes requires actual knowledge per § 748(B), a higher standard than the TVPRA's "knowing or recklessly disregarding" standard. As discussed thoroughly above, Plaintiff's Amended Complaint does not contain any factual allegation which support a plausible claim that Defendant Raj Krupa had actual knowledge of any trafficking occurring at Defendant Raj Krupa's hotel property.

Accordingly, independent of Plaintiff's deficiencies regarding the statute of limitations and lack of jurisdiction, her claims against Defendant Raj Krupa under Oklahoma's human trafficking statutes fail as a matter of law and should be dismissed.

### d. PLAINTIFF'S AMENDED COMPLAINT REFERENCES POTENTIAL CRIMINAL PROSECUTION OF PLAINTIFF'S TRAFFICKER, WHICH WOULD REQUIRE A MANDATORY STAY OF THESE PROCEEDINGS.

Plaintiff brings claims against the defendants pursuant to the Trafficking Victims Protection and Reauthorization Act ("TVPRA") under 18 U.S.C. § 1595. Importantly, the TVPRA expressly **mandates** a stay of any civil action filed under it while a related criminal prosecution is pending. Specifically, § 1595(b)(1) provides: "Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." (emphasis added).

Plaintiff alleges here that "even after [Domino's] arrest in 2022," Plaintiff's trafficker Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 115, ¶ 81). This certainly suggests that Plaintiff's claims arise from the same occurrence or course of conduct that is the subject of any ongoing criminal prosecution involving Plaintiff's trafficker, Domino.

If such a criminal proceeding is currently pending, the plain language of § 1595(b)(1) requires this civil action be stayed in its entirety. Plaintiff's exclusive use of a pseudonym for Domino renders it impossible for Defendant Raj Krupa, or any other defendant for that matter, to determine whether a related criminal prosecution is currently pending. As such, Defendant requests that the Amended Complaint be dismissed as it fails to state sufficient facts or information from which one can discern whether a stay is appropriate.

## IV.  CONCLUSION

Plaintiff's Amended Complaint remains procedurally flawed in a manner that precludes this Court from reaching analysis on its merits. Plaintiff has failed to disclose her identity, failed to seek leave to file pseudonymously, and failed to provide any justification for doing so. Plaintiff's decision to proceed in this manner is contrary to governing law and undermines the Court's jurisdiction from the very start. Plaintiff's state law claims under Oklahoma's human trafficking statutes are untimely on their face. Further, Plaintiff's allegations allude to the potential of an ongoing criminal prosecution involving Plaintiff's trafficker, which would require a mandatory stay of these proceedings under federal law.

Procedural issues notwithstanding, Plaintiff's Amended Complaint fails to satisfy the basic pleading standards of the Federal Rules of Civil Procedure and fails to state a claim against Defendant Raj Krupa under the TVPRA or human trafficking statutes of Oklahoma upon which relief may be granted. Plaintiff's claims against Defendant Raj Krupa are ripe for dismissal as a matter of law as a result.

Dated: November 7, 2025

Respectfully Submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Alexander S. Gebert*
**Alexander S. Gebert**
OBA No. 34594
Alex.Gebert@fmglaw.com
**Robert G. Chadwick**
Bob.Chadwick@fmglaw.com
7160 Dallas Parkway, Suite 625
Plano, Texas 75024
(469) 895-3003 (telephone)
(888) 356-3602 (facsimile)
*COUNSEL FOR DEFENDANT RAJ KRUPA HOTEL LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2025, I electronically transmitted the foregoing document to all parties' counsel in accordance with the Federal Rules of Civil Procedure.

*/s/ Alexander S. Gebert*
Alexander S. Gebert