## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PLAZA HOTELS, LLC; STEVE | ) | |
| KETTER; MICHAEL WILEY; OKC | ) | |
| AIRPORT ES, LLC; ESH | ) | |
| STRATEGIES FRANCHISE, LLC; | ) | |
| KAJAL HOSPITALITY, LLC; | ) | |
| JALIYAN HOSPITALITY, INC.; | ) | |
| SUPER 8 WORLDWIDE, INC.; RAJ | ) | No. 5:25-cv-00462-G |
| KRUPA HOTEL, LLC; DAYS INNS | ) | |
| WORLDWIDE, INC.; CHAND & SAAJ | ) | |
| HOSPITALITY, INC.; RAMADA | ) | |
| WORLDWIDE, INC.; YASH | ) | |
| ENTERPRISES, INC.; HOWARD | ) | |
| JOHNSON INTERNATIONAL, INC.; | ) | |
| NOOR HOTEL, LLC; AMBICA, LLC; | ) | |
| OM, LLC; INDRA, LLC; AND G6 | ) | |
| HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ESH STRATEGIES FRANCHISE, LLC'S MOTION TO DISMISS
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant ESH Strategies Franchise, LLC ("ESH"), by and through its undersigned

counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Court for an order

dismissing Plaintiff's First Amended Complaint (the "Amended Complaint"), with

prejudice, for failure to state a claim. A brief in support is attached hereto.

## <u>TABLE OF CONTENTS</u>

*Page*

<u>INTRODUCTION</u>……………………………………………………………1

<u>LEGAL STANDARD</u>…………………………………………………………4

<u>ARGUMENT</u>………………………………………………………………..5

I.    Plaintiff's Amended Complaint is an impermissible "shotgun pleading" that fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure………………………………………………………...5

II.    Plaintiff fails to state a plausible claim against ESH for allegedly violating the TVPRA, 18 U.S.C. § 1595……………………………………………..10

A. Plaintiff fails to allege that ESH or OKC ES participated in a sex-trafficking venture……………………………………………………13

B. Plaintiff fails to plead any facts demonstrating that ESH knew or should have known of sex trafficking by the particular venture in which it allegedly participated……………………………………………16

III.    Plaintiff fails to state a plausible claim against ESH for allegedly violating the Oklahoma Sex Trafficking Act, 21 O.S. §§ 748, 748.2…………………21

IV.    Plaintiff's trafficker's criminal prosecution, if ongoing, mandates a stay of the proceedings…………………………………………………………22

<u>CONCLUSION</u>…………………………………………………………22

# TABLE OF AUTHORITIES

*Page(s)*

## *Cases*

*A.D. v. Best Western International, Inc.*,
2023 WL 2955711 (M.D. Fla. April 14, 2023)………………………………11, 14

*A.D. v. Wyndham Hotels & Resorts, Inc.*,
2020 WL 8674205 (E.D. Va. July 22, 2020)……………………………………14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)………………………………………………………..4

*Baker v. City of Loveland*,
686 Fed.Appx. 619 (10th Cir. 2017)………………………………………..5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)………………………………………………………..4

*Best Western International, Inc.*,
2023 WL 2955711 (M.D. Fla. April 14, 2023)………………………………11, 17

*B.J. v. G6 Hospitality, LLC*,
2023 WL 6120682 (N.D. Cal. 2023)……………………………………...…11

*C.C. v. H.K. Grp. of Co., Inc.*,
2022 WL 467813 (N.D. Ga. Feb. 9, 2022)…………………………………14

*C.K. v. Wyndham Hotels & Resorts, Inc., et al.*,
No. 3:19-CV-1412-J-34MCR, 2020 WL 5523849 (M.D. Fla. July 7, 2020)…….11

*Cory v. Allstate Ins.*,
583 F.3d 1240 (10th Cir. 2009)……………………………………………….4

*Doe v. Hyatt Corp.*,
2025 U.S. Dist. Lexis 135355 (N.D. Tex. 2025)………………2, 11, 14, 17, 18, 19

*Doe #1 v. Red Roof Inns, Inc.*,
21 F.4th 714 (11th Cir. 2021)………………………...11, 13, 14, 15, 16, 17, 19, 20

*Doe 2 v. Red Roof Inns, Inc.*,
2020 WL 1872337 (N.D. Ga., 2020)………………………………………..…13

*G.G. v. Salesforce.com, Inc.*,
603 F. Supp. 3d 626 (N.D. Ill. 2022)………………………………………..14

*Greenway Nutrients, Inc. v. Blackburn*,
33 F.Supp.3d 1224 (D. Colo. 2014)…………………………………………9

*H.G. v. InterCont'l. Hotels Corp.*,
489 F.Supp.3d 697 (E.D. Mich. 2020)………………………………………16

*J.B. v. G6 Hosp. LLC, et al.*,
No. 19-cv-07848-HSG, 2020 WL 4901196 (N.D. Cal. Aug. 20, 2020)…………11

*J.C. v. Choice Hotels Int'l Inc., et al.*,
20-cv-00155-WHO, 2020 WL 3035794 (N.D. Cal. June 5, 2020)………………11

*J.K. v. Ramada Woldwide, Inc.*,
    2023 WL 5621913 (N.D. Ga. 2023)…………………………………………...11

*J.L. v. Best Western International, Inc.*,
    521 F.Supp.3d 1048 (D. Colo. Feb. 24, 2021)………………………………17

*J.M. v. Choice Hotels Int'l, Inc.*,
    2022 WL 10626493 (E.D. Cal. Oct. 18, 2022)………………………………...14

*Khalik v. United Air Lines*,
    671 F.3d 1188 (10th Cir. 2012)………………………………………………4, 6

*L.H. v. Marriott Int 'I., Inc.*,
    No. 21-22894-Civ-Scola, 2022 WL 1619637 (S.D. Fla. May 23, 2022)...11, 14, 16

*Lundstrom v. Choice Hotels International, Inc.*,
    2021 WL 5579117 (D. Colo. Nov. 20, 2021)………………....…2, 12, 16, 17, 19

*Magluta v. Samples*,
    256 F.3d 1282 (11th Cir. 2001)…………………………………………………8

*Nasious v. Two Unknown B.I.C.E. Agents*,
    492 F.3d 1158 (10th Cir. 2007)…………………………………………………5

*Noble v. Weinstein*,
    335 F. Supp. 3d 504 (S.D.N.Y. 2018)…………………………………………13

*Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv.*,
    519 F.3d 1242 (10th Cir. 2008)………………………..…………………4, 5, 8

*Rodriguez v. Nationwide Homes, Inc.*,
    756 App's 782 (10th Cir. 2018)…………………………………………………6

*United States v. Afyare*,
    632 F. App'x 272 (6th Cir. 2016)…………………………………………...13

*United States v. Diaz*,
    941 F.3d 729 (5th Cir. 2019)…………………………………………………13

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
    792 F.3d 1313 (11th Cir. 2015)…………………………………………………6

*Wheeler v. Board of County Commissioners of the County of Leflore County*,
    2022 WL 20099257 (E.D. Okla, Dec. 30, 2022)…………………………………8

*Wyndham Hotels & Resorts, Inc., et al.*,
    No. 3:19-CV-1412-J-34MCR, 2020 WL 5523849 (M.D. Fla. July 7, 2020)...11, 14

## **Statutes and Rules**

18 U.S.C. § 1591…………………………………………………………10, 13, 18
18 U.S.C. §1595…………………………………………....…1, 2, 10, 11, 12, 22
21 O.S. § 748…………………………………………………………2, 21, 22
21 O.C. § 748.2…………………………………………………………2, 21, 22
Federal Rule of Civil Procedure 12(b)(6)……………………………………1, 3, 4
Federal Rule of Civil Procedure 8(a)(2)………………………………....…5, 6, 10, 21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PLAZA HOTELS, LLC; STEVE | ) | |
| KETTER; MICHAEL WILEY; OKC | ) | |
| AIRPORT ES, LLC; ESH | ) | |
| STRATEGIES FRANCHISE, LLC; | ) | |
| KAJAL HOSPITALITY, LLC; | ) | |
| JALIYAN HOSPITALITY, INC.; | ) | |
| SUPER 8 WORLDWIDE, INC.; RAJ | ) | No. 5:25-cv-00462-G |
| KRUPA HOTEL, LLC; DAYS INNS | ) | |
| WORLDWIDE, INC.; CHAND & SAAJ | ) | |
| HOSPITALITY, INC.; RAMADA | ) | |
| WORLDWIDE, INC.; YASH | ) | |
| ENTERPRISES, INC.; HOWARD | ) | |
| JOHNSON INTERNATIONAL, INC.; | ) | |
| NOOR HOTEL, LLC; AMBICA, LLC; | ) | |
| OM, LLC; INDRA, LLC; AND G6 | ) | |
| HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## ESH STRATEGIES FRANCHISE, LLC'S BRIEF IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION

This lawsuit is a continuation of a recent trend to attempt to hold the entire hospitality industry liable under 18 U.S.C. §1595, the Trafficking Victims Protection Reauthorization Act ("TVPRA"), for allegedly participating in a "sex trafficking venture." While ESH Strategies Franchise, LLC ("ESH") acknowledges that sex trafficking is a

serious crime, which it unequivocally condemns, Plaintiff's First Amended Complaint (the "Amended Complaint") alleges, through sweeping assertions, vague accusations, and conclusory statements, that ESH—a franchisor that did not own, operate, or manage any of the hotels referenced in the lawsuit—participated in a venture which it knew or should have known engaged in criminal acts of sex trafficking. Moreover, in a desperate attempt to avoid dismissal of this action, Plaintiff has packed her Amended Complaint full of boilerplate allegations and repeated buzzwords of commercial sex indicators that are frequently listed – nearly verbatim – in countless TVPRA lawsuits that have been filed against hotels across the country in recent years.[1] *See, e.g., Lundstrom v. Choice Hotels International, Inc.*, 2021 WL 5579117, *8 (D. Colo. Nov. 20, 2021).; *see Doe v. Hyatt Corp.*, 2025 U.S. Dist. Lexis 135355, *15 (N.D. Tex. 2025)

In the Amended Complaint, Plaintiff attempts to allege two claims against ESH, each of which is deficient on the face of the petition. First, under Count I, Plaintiff alleges a direct beneficiary claim against ESH under § 1595(a) of the TVPRA.[2] In the alternative, Plaintiff alleges a vicarious liability claim against ESH under § 1595(a) through ESH's alleged agency relationship with its franchisee, OKC AIRPORT ES, LLC ("OKC ES"), the owner of the Extended Stay America Oklahoma City Airport (the "Extended Stay").[3] Second, under Count II of the Amended Complaint, Plaintiff attempts to assert a state law claim against ESH under Oklahoma's sex trafficking statute, 21 O.S. § 21-748 ("OKTA").[4]

---

[1] ECF No. 115, at ¶¶ 80, 89
[2] ECF No. 115, at ¶ 230.
[3] ECF No. 115, at ¶ 238.
[4] ECF No. 115, at ¶ 244.

As discussed below, the Amended Complaint suffers from the same pleading deficiencies as the Original Complaint, and Plaintiff's factual allegations to support the "participation" and "knowledge" elements of her alleged TVPRA claim fall well short of Rule 12(b)(6) requirements as to both ESH and its franchisee, OKC ES. Thus, the Court should dismiss the Amended Complaint.

Plaintiff's Amended Complaint is broken down into two sections: The first 70 paragraphs of the 245-paragraph Amended Complaint focus entirely on sex trafficking in the hotel industry, generally, and aside from standard language identifying the names and addresses of the parties, the first 70 paragraphs of the Amended Complaint include no specific reference to ESH, the other eighteen named Defendants, or any conceivable connection between ESH and Plaintiff.[5] In the remaining 175 paragraphs of the Amended Complaint, Plaintiff attempts to assert purported TVPRA and state law claims against ESH based on the alleged conduct of one named individual, "Domino," and for the alleged actions or inactions of the franchisee and its employees.[6] Although Plaintiff attempts to remedy the numerous facial defects in her original Complaint (Doc. No. 1) (the "Original Complaint") by adding more unsubstantiated and blanket allegations against ESH in the Amended Complaint, her purported TVPRA and OKTA claims against ESH still do not pass Rule 12(b)(6) muster. Like the Original Complaint, the Amended Complaint fails to set forth a single fact to support an inference that ESH, a franchisor, participated in a venture that it knew or should have known engaged in criminal acts of sex trafficking

---

[5] ECF No. 115, at ¶¶ 1-70.
[6] ECF No. 115, at ¶¶ 71-245.

against her.

The Amended Complaint should be dismissed against ESH for several reasons: (1) It is an improper "shotgun" pleading under the federal rules of civil procedure; (2) it fails to allege that ESH participated in a commercial sex trafficking venture; and (3) it fails to allege that ESH knew or should have known of Plaintiff's alleged trafficking.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief...plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik*, 671 F.3d at 1191 (quotations omitted). That is, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma ex rel. Okla. Dep't of Human Serv.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

In addition, "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Thus, a plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a

motion to dismiss. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 8 requires a complaint to "explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). "If a complaint fails to meet these basic pleading requirements, a district court may dismiss the action … for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 App's 782, 785 (10th Cir. 2018). Moreover, the 10th Circuit has consistently found that pleadings that lump defendants together in a variety of vague, conclusory allegations cannot withstand a motion to dismiss, particularly where the grouped defendants are comprised of distinct entities that are entirely different in character. *See e.g.*, *Robbins* 519 F.3d at 1250 ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular … acts they are alleged to have committed."); *Baker v. City of Loveland*, 686 Fed.Appx. 619, 621 (10th Cir. 2017).

## ARGUMENT

### I.    Plaintiff's Amended Complaint is an impermissible "shotgun pleading" that fails to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure.

As a threshold matter, before the substance of Plaintiff's claims can be addressed, it is necessary to point out her failure to adhere to the federal rules governing the form of

her pleading. As noted above, the federal rules require plaintiffs to include in their complaints "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When assessing the sufficiency of a complaint's factual allegations, the Tenth Circuit has noted that the "plausibility" standard in *Twombly* and *Iqbal* applies. *Khalik v. United Air Lines,* 671 F.3d 1188 (6th Cir. 2012).

A complaint is an impermissible "shotgun pleading" if it groups multiple defendants together and makes allegations against them collectively "without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Here, Plaintiff's Amended Complaint avoids providing any of the Defendants with fair notice of the claims actually asserted against them by asserting a litany of vague, unsubstantiated allegations against the Defendants, collectively, with no distinction among the roles in which each played. It is nothing more than a recitation of statutory language supported by identical, conclusory statements against all the Defendants, the Franchisee Defendants, and/or the Franchisor Defendants.

In fact, the 245 paragraphs of factual allegations are made up entirely of (1) vague, conclusory allegations against "Defendants" collectively[7]; (2) vague, conclusory allegations against the "Franchisee Defendants" or the "Franchisor Defendants" collectively[8]; (3) identical, conclusory allegations against each Defendant consecutively[9];

---

[7] ECF No. 115, at ¶¶ 18, 19, 79, 80, 83, 88, 91, 213, 226, 227, 230, 231, 232, 233, 236 237, 238, 243, 244.
[8] ECF No. 115, at ¶¶ 18, 226, 230 232, 233, 236-38.
[9] ECF No. 115, at ¶¶ 84, 94, 95.

(4) a summary of the applicable sex trafficking law[10]; (5) generalized facts about the hospitality industry as a whole[11]; (6) a background of Plaintiff's relationship with her traffickers unrelated to the named Defendants[12]; (7) a general identification of all the named parties;[13] and (8) allegations regarding the relationship between each of the "Franchisor Defendants" and each of the corresponding "Franchisee Defendants" based on their respective Franchisor Disclosure Documents (each an "FDD").[14] All Defendants are able to gather from the Amended Complaint is that Plaintiff believes they have, at some unspecified point in time, participated in an alleged sex-trafficking venture committed by one name individual, Domino. Accordingly, Defendants are left to speculate as to which, if any, of the alleged transactions were ones in which they participated and are left without any indication of what particular wrongdoing they allegedly committed as opposed to the actions allegedly committed by Co-Defendants.

More specifically, the collective term "Defendants" used throughout the Amended Complaint, which includes ESH, is comprised of individuals, the owners of entirely distinct hotels, and separate national hotel franchises, all lumped together.[15] Plaintiff's use of the ambiguous term "Defendants" makes it impossible for any one of the nineteen named Defendants to understand which factual allegations relate specifically to it, especially considering that Plaintiff's alleged trafficking occurred at different times, at different

---

[10] ECF No. 115, at ¶¶ 42-44.
[11] ECF No. 115, at ¶¶ 51-70.
[12] ECF No. 115, at ¶¶ 71-83.
[13] ECF No. 115, at ¶¶ 1-19.
[14] ECF No 115, at ¶¶ 130, 131, 145, 146, 164, 165, 183-85, 196, 197, 210-12.
[15] ECF No. 115, at ¶¶ 2-19.

locations, and under different circumstances. By directing her TVPRA allegations against "Defendants" generally, Plaintiff has implicated ESH, who—based on her own narrative— could not plausibly have committed all the acts that are alleged. As the Eleventh Circuit explained in dismissing a similarly deficient complaint, a pleading is improper when it is replete with allegations about "the defendants," yet makes "no distinction" among them, even "though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

Moreover, even the Amended Complaint's use of the slightly more narrow terms of "Franchisee Defendants" and "Franchisor Defendants" does not satisfy Rule 8 scrutiny. Both such utilized groupings of the Defendants contain entirely distinct and unaffiliated entities, that are engaged in separate business, with separate rules, policies, and procedures, that operate in different states, regions, and countries.[16] *See Robbins*, 519 F.3d at 1250.

Accordingly, this Court cannot intelligibly analyze Plaintiff's claims as to all nineteen Defendants, or even as to all six Franchisor Defendants, which is fatal. *See Wheeler v. Board of County Commissioners of the County of Leflore County*, 2022 WL 20099257, *7 (E.D. Okla, Dec. 30, 2022) ("[T]he Individual Defendants are not to be lumped together as a group, but should be treated as individuals, each with Plaintiff's own claims against each Individual Defendant, based on each Individual Defendant's own behavior.").

---

[16] ECF No. 115, at ¶¶ 2-19.

Similarly, courts in the Tenth Circuit have "strongly criticized the use of a 'shotgun pleading,' by which a party pleads several counts or causes of action, each of which incorporates by reference the entirety of its predecessors." *Greenway Nutrients, Inc. v. Blackburn*, 33 F.Supp.3d 1224, 1242-43 (D. Colo. 2014). Such method of pleading "places an inordinate burden on the party responding to that pleading, and the Court interpreting it, requiring them to parse the narrative repeatedly and attempt to independently extract the particular factual averments that are relevant to each individual claim." *Id.*

Here, Plaintiff's Amended Complaint runs fifty-three (53) pages long, featuring 245 numbered paragraphs. *See*, *generally*, ECF No. 115. After asserting 239 paragraphs (many of which include numerous sub-paragraphs) of conclusory allegations and references to irrelevant boilerplate FDD language, Plaintiff uses the remaining seventeen (17) paragraphs to assert two counts, each against all "Defendants," collectively. *Id*. However, the first paragraph of each Count I and Count II, incorporates by reference all 227 preceding and all subsequent paragraphs, stating that "Plaintiff incorporates each foregoing and subsequent allegation."[17] By rolling every factual allegation into each of the two succeeding counts, Counts I and Count II of the Amended Complaint, Plaintiff has placed an extraordinary burden on both the Defendants and the Court to distil "a mountain of facts down to a handful of those that are relevant to a given claim." *Greenway Nutrients, Inc.,* 33 F.Supp.3d at 1243. Plaintiff's decision to (1) tack the TVPRA and OKTA claims to the end of her Amended Complaint, (2) include only statutory or conclusory language under

---

[17] ECF No. 115, at ¶¶ 228, 240.

each count, and then (3) incorporate by reference the hundreds of preceding paragraphs and subparagraphs "makes it impossible [for ESH] to tell which facts connect with which claims," and therefore Counts I and II are improperly pled under Rule 8 and should all be dismissed. *Id.* at 1235.

As such, Plaintiff's Amended Complaint reflects the type of shotgun pleading explicitly rejected by courts in the Tenth Circuit and fails to meet the basic pleading requirements imposed by this Court and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). Even a mere cursory reading of the Amended Complaint reveals that Plaintiff has not alleged any specific facts that would warrant more than a mere suspicion of wrongdoing on behalf of a particular defendant and, therefore, does not give Defendants the "fair notice" to which they are entitled. *Twombly*, 550 U.S. at 555. Having failed to sufficiently plead her allegations, Plaintiff's claims against Defendants should be dismissed under *Twombly* and *Iqbal*.

## II. Plaintiff fails to state a plausible claim against ESH for allegedly violating the TVPRA, 18 U.S.C. § 1595.

In addition to the criminal prohibitions against sex trafficking under 18 U.S.C. § 1591 of the TVPRA, Congress also created a civil remedy for sex trafficking victims, which is commonly referred to as a "beneficiary claim" under Section 1595(a) of the TVPRA. In the present action, Plaintiff is attempting allege a "beneficiary claim" against the Defendants, including ESH.[18] In the only appellate court decision analyzing civil liability under the TVPRA in the context of the hospitality industry, the Eleventh Circuit

---

[18] ECF No. 115, at ¶ 224-227.

construed the four elements of establishing a Section 1595(a) beneficiary claim as follows:

> [T]o state a … claim under Section 1595(a), a plaintiff must plausibly allege that the defendant (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA *as to the plaintiff*.

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021) (*Red Roof*) (emphasis added). Since *Red Roof* was decided, several District Courts have already applied its focus on *plaintiff-specific* allegations to dismiss TVPRA claims similar to the one brought by Nancy R. here. *See, e.g., Doe v. Hyatt Corp.*, 2025 U.S. Dist. LEXIS 135355 (N.D. Tex. July 15, 2025) (dismissing TVPRA claim against hotel franchisor under both direct beneficial and vicarious liability theories); *A.D. v. Best Western International, Inc.*, 2023 WL 2955711 (M.D. Fla. April 14, 2023) (applying *Red Roof* and dismissing TVPRA claim against franchisor); *B.J. v. G6 Hospitality, LLC*, 2023 WL 6120682 (N.D. Cal. 2023) (same); *L.H. v. Marriott Int 'I., Inc*., No. 21-22894-Civ-Scola, 2022 WL 1619637 (S.D. Fla. May 23, 2022) (same); *J.k v. Ramada Woldwide, Inc.*, 2023 WL 5621913 (N.D. Ga. 2023) (same); *see also C.K. v. Wyndham Hotels & Resorts, Inc., et al*., No. 3:19-CV-1412-J-34MCR, 2020 WL 5523849, at *1 (M.D. Fla. July 7, 2020); *J.B. v. G6 Hosp. LLC, et al*., No. 19-cv-07848-HSG, 2020 WL 4901196, at *1041 (N.D. Cal. Aug. 20, 2020); *J.C. v. Choice Hotels Int'l Inc., et al.*, 20-cv-00155-WHO, 2020 WL 3035794, at *1 (N.D. Cal. June 5, 2020).

Moreover, as explained by another District Court in the Tenth Circuit, a plaintiff may satisfy the elements of a beneficiary claim under the TVPRA in one of two ways:

> She may show that the defendant's own acts, omissions, and state of mind establish each element. Alternatively, she may impute to the defendant the acts, omissions, and state of mind of an agent of the defendant. The former is referred to as 'direct liability' and the latter as 'indirect liability.'

*Lundstrom v. Choice Hotels International, Inc.*, 2021 WL 5579117, *3 (D. Colo. Nov. 20, 2021). Here, in addition to Plaintiff's previous attempt to allege a direct beneficiary TVRPA claim against the collective Defendants in the Original Complaint, Plaintiff now alleges in her Amended Complaint that, in the alternative, the Franchisor Defendants are indirectly liable for "the acts of the respective Franchisee Defendants."[19] However, like many of Plaintiff's other allegations in the Amended Complaint, her attempt to assert an indirect liability TVRPA claim comes in the form of a single conclusory statement that is unsupported by the facts alleged and is directed at all the Franchisor Defendants.[20]

Notably, however, Plaintiff does not allege that ESH or OKC ES was the "perpetrator" of her trafficking. The Amended Complaint identifies only one individual, "Domino," associated with the venture that allegedly trafficked Plaintiff. In fact, the Amended Complaint is devoid of any allegation linking ESH, in any way, to Plaintiff's alleged trafficker or to the alleged venture that trafficked Plaintiff. In short, because Plaintiff has failed to show that either ESH or its franchisee, OKC ES, knew or should have known that Plaintiff was being trafficked, the Amended Complaint fails to state a direct or indirect beneficiary claim under Section 1595(a).

---

[19] *Id.*
[20] ECF No. 115, at ¶ 238.

### A. Plaintiff fails to allege that ESH or OKC ES participated in a sex-trafficking venture.

Plaintiff's Amended Complaint does not allege a single act on ESH's part in furtherance of the alleged venture and, therefore, fails to state a claim against ESH or OKC ES for any alleged participation in a sex-trafficking venture. In *Red Roof*, the Eleventh Circuit held that "participation in a venture" in the civil context requires that plaintiff allege that the franchisor "took part in a common undertaking or enterprise involving risk and potential profit." *Red Roof Inns, Inc.*, 21 F.4th at 725. However, Congress defined "participation in a venture" as "knowingly assisting, supporting, or facilitating [sex trafficking]."[21] § 1591(e)(4). To that end, "liability[] cannot be established by association alone, [and] Plaintiff must allege specific conduct that furthered the sex trafficking venture." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018). In other words, "some participation *in the sex trafficking act itself* must be shown." *Doe 2 v. Red Roof Inns, Inc.*, 2020 WL 1872337, *3 (N.D. Ga., 2020) (citing *Noble*, 335 F. Supp. 3d at 524 and *United States v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016)) (emphasis added).

Furthermore, "[s]imple ineffectiveness [of the hotel or franchisor] at curtailing traffickers is not participation in a venture … [a]nd there must be particular facts

---

[21] It is worth noting that Congress' definition of "participation in a venture" under Section 1591 employs the type of active terms used to describe criminal aiding and abetting. *See e.g., United States v. Diaz*, 941 F.3d 729 (5th Cir. 2019) ("To be convicted under an aiding and abetting theory, the defendant must share in the principal's criminal intent and take some affirmative steps 'to aid the venture or assist the perpetrator of the crime … he must have aided and abetted each material element of the alleged offense[s]." ) (citations and quotations omitted).

connecting the venture to the specific plaintiff's trafficking." *Doe v. Hyatt Corp*, 2025 U.S. Dist. Lexis 135355, *11 (N.D. Tex. 2025). In that regard, the District Courts have universally rejected the notion that "participation" can be established by showing that "the franchisor or hotel operator did not fight hard enough to keep … traffickers from using their hotel." *A.D.,* 2023 WL at *7. "This is particularly true of a franchisor, which has no direct contact with its alleged venture partners." *Id.*[22]

Specifically, in *Red Roof*, the plaintiff alleged that the defendant franchisors "owned, managed supervised, operated, oversaw, controlled the operation of, and/or were

---

[22] *See Red Roof Inns, Inc*., 21 F.4th at 726-27 (allegations that the franchisors received royalty fees based on total room revenue, and supervised, oversaw, or controlled the operation of the renting of rooms at the hotels, showed a financial benefit but not participation in a venture); *C.C. v. H.K. Grp. of Co., Inc.*, 2022 WL 467813, at *5, 2022 U.S. Dist. LEXIS 29213 (N.D. Ga. Feb. 9, 2022) (same); *G.G. v. Salesforce.com, Inc*., 603 F. Supp. 3d 626, 645 (N.D. Ill. 2022) ("In cases involving hotel franchisors, ... claims that branded hotels rented rooms to people they knew or should have known were engaged in sex trafficking may be 'sufficient to state a plausible claim against the specific hotels where the plaintiff was trafficked, but they do not make a plausible claim that the franchisors directly participated in a venture that *trafficked the plaintiff*.' ") (citation omitted) (emphasis in original); *J.M. v. Choice Hotels Int'l, Inc.*, 2022 WL 10626493, at *4, 2022 U.S. Dist. LEXIS 190054 (E.D. Cal. Oct. 18, 2022) (finding no franchisor participation in a venture where only the franchisee, not the franchisor, directly rented rooms to the sex trafficker). *See also Red Roof Inns, Inc*., 21 F.4th at 727 ("[O]bserving something is not the same as participating in it."); *L.H. v. Marriott Int'l, Inc.*, 604 F. Supp. 3d 1346, 1361 (S.D. Fla. 2022) (finding that "any local business venture that simply *allowed* the trafficking by 'failing to combat sex trafficking through ineffective policies, procedures, and training for the purpose of maximizing their profit'" was "not enough to trigger TVPRA liability." (emphasis in original)); *A.D. v. Wyndham Hotels & Resorts, Inc.*, 4:19CV120, 2020 U.S. Dist. LEXIS 250759, 2020 WL 8674205, at *3 (E.D. Va. July 22, 2020) ("[A] failure to affirmatively prevent or inhibit sex trafficking does not constitute participation.").

inextricably connected to the renting of rooms at the hotels." *Red Roof Inns, Inc.*, 21 F.4th at 726. The plaintiffs also alleged that the defendant franchisors "investigated the individual hotels, took remedial action when revenue was down, read online reviews mentioning prostitution and crime occurring generally at the hotels, and controlled the training of managers and employees who were allegedly involved in facilitating sex trafficking at the hotels." *Id.* at 727. Despite such allegations of the defendant franchisor's control and oversight of the franchisee hotels, the Eleventh Circuit ultimately determined that, "[n]one of these allegations suggest that the franchisors participated in an alleged common undertaking or enterprise with the Does' sex traffickers or others at the hotel who violated the statute." *Id.*

In the instant action, applying the 11th Circuit standard for "participation in a venture," Plaintiff's beneficiary liability claim against OKC ES, much less her claim against ESH, is insufficiently pled. Other than the vague and conclusory allegation in Paragraphs 233 and 243 of the Amended Complaint that "through their acts and omissions described above," all nineteen named Defendants "benefit[ed] financially from Plaintiff's sex trafficking due to their participation in a venture," there is no reference to or description of the "common undertaking or enterprise" or "venture" in which ESH allegedly participated.[23] Also, similar to the franchisor defendants in *Red Roof* and analogous to the cases cited in footnote 22, above, Plaintiff has failed to allege that ESH, a franchisor, plausibly participated in a sex trafficking venture.

---

[23] ECF No. 115, at ¶¶ 233, 243.

Moreover, Plaintiff does not assert that ESH or OKC ES had any awareness of Plaintiff's alleged trafficker, Domino, had any interactions with Domino, or engaged in any commercial transaction with Domino, such that they could have conceivably participated or formed a "venture" with him. *See, e.g., L.H. v. Marriott Int'l, Inc.,* No. 21-22894-CIV, 2022 WL 1619637, *7 (S.D. Fla. May 23, 2022) (dismissing TVPRA claims against hotel franchisors under a "business venture" theory, finding that the complaint failed "to allege that any aspect of a local business venture … violated the TVPRA as to L.H."). Simply put, Plaintiff's Amended Complaint fails to provide particular facts connecting the purported venture of ESH and OKC ES to the Plaintiff's alleged trafficking by Domino.

### B. Plaintiff fails to plead any facts demonstrating that ESH knew or should have known of sex trafficking by the particular venture in which it allegedly participated.

Plaintiff's TVPRA claim "fails because she has not sufficiently alleged the third element of that claim—the element that focuses on [ESH's] knowledge of alleged sex trafficking." *Lundstrom*, 2021 WL at *6 (citing *H.G. v. InterCont'l. Hotels Corp.*, 489 F.Supp.3d 697, 704 (E.D. Mich. 2020). "To satisfy that element, a plaintiff must plead facts showing that the defendant knew or should have known of sex trafficking by the particular venture in which the defendant allegedly participated." *H.G.*, 489 F.Supp.3d at 704. "Indeed, the plain language of the financial beneficiary prong clearly links the required knowledge to the venture in which the defendant purportedly participated." *Id.*

The *Red Roof* court was clear that: "[T]he defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from

which it knowingly benefited—violated the TVPRA *as to the plaintiff*." *Red Roof Inns.*, 21 F.4th at 714 (emphasis added). In other words, "[g]eneral knowledge of commercial sex activity occurring at hotels across the United States is insufficient on its own to demonstrate that that [the defendant] participated in sex trafficking of plaintiff." *J.L. v. Best Western International, Inc.*, 521 F.Supp.3d 1048, 1064 (D. Colo. Feb. 24, 2021). Further, in analyzing whether a plaintiff has adequately pled a hotel or franchisor's knowledge of specific trafficking under the TVPRA, several District Courts have noted an important distinction between a defendant's actual or constructive knowledge of the plaintiff's *forced* commercial sex activity as opposed  to the plaintiff's *voluntary* commercial sex activity, the latter of which is not covered under the TVPRA. *See, e.g., Lundstrom*, 2021 WL 5579117, at *8; *Hyatt Corp.*, 2025 U.S. Dist. LEXIS 135355, at *15.

In *Lundstrom*, the District of Colorado, a 10th Circuit District Court, granted a defendant hotel franchisor's motion to dismiss the plaintiff's TVPRA claim because the plaintiff failed to sufficiently plead facts plausibly showing that the defendant franchisor had actual or constructive knowledge of her specific trafficking. *Lundstrom*, 2021 WL 5579117, at *8. The *Lundstrom* court noted that the plaintiff failed to allege that she alerted hotel staff of her need for help or that "she was being forced to engage in commercial sex activity, as opposed to engaging in commercial sex activity by choice…" *Id.* In dismissing the plaintiff's TVPRA claim against the franchisor, the *Lundstrom* court determined that the franchisor's knowledge about the prevalence of sex trafficking occurring at its hotels, generally, alone was not sufficient to establish beneficiary liability under the TVPRA. *Id.* Rather, to survive dismissal of the TVPRA claim, the plaintiff needed to plausibly allege

facts sufficient to show defendant's knowledge of her trafficking, specifically. *Id.*

Similarly, in *Doe v. Hyatt Corp.*, the Northern District of Texas recently granted a hotel franchisor's motion to dismiss a plaintiff's §1591(a) claims, in part, because the plaintiff failed to allege facts sufficient to put either the hotel or its franchisor on notice that she was being trafficked "as opposed to [engaging in] commercial sex generally." *Hyatt Corp.*, 2025 U.S. Dist. Lexis 135355, at *14. In reaching its decision, the *Hyatt Corp.* court listed several of plaintiff's allegations from her Second Amended Complaint, which the court deemed insufficient to establish the hotel's knowledge of her trafficking, which included:

> (1) paying for the rooms with cash; (2) renting two rooms at a time; (3) keeping housekeeping away with a "do not disturb" door sign despite staying for multiple days; (4) preventing housekeeping from entering the room while frequently placing towels outside the door and asking for fresh towels and sheets; (5) the trafficker lingering in the hotel or parking lot while Doe was with a "john"; (6) Doe being dressed in provocative clothing and walking johns past the front desk; (7) heavy foot traffic in and out of Doe's room involving non-hotel-guest men; and (8) five to six johns entering the hotel per day at odd hours.

*Id.* at *15. The court found that these "facts may be sufficient to say an observer should have known of [the presence of] commercial sex" generally or even other nefarious conduct at the hotel, but "do not suggest that any [hotel] Defendant … should have known that [the plaintiff] was trafficked as a result of force, fraud, or conversion." *Id.* at *15-16.

In this case, Plaintiff's allegations in the Amended Complaint are simply too general and too conclusory to plausibly establish that ESH or OKC ES had any knowledge, actual or constructive, of Plaintiff's alleged trafficking. In her Amended Complaint, Plaintiff spends considerable time addressing sex trafficking in the hospitality industry, *generally*,

as well as discussing the franchisor-franchisee relationship in the hospitality industry, *generally*.[24] However, Plaintiff fails to allege facts sufficient to show OKC ES or ESH's knowledge or constructive knowledge of her alleged trafficking, *specifically*. Throughout the Amended Complaint, Plaintiff intentionally conflates facts that may be indicative of voluntary commercial sex occurring at the Defendant hotels but not necessarily of Plaintiff's specific alleged trafficking through force or coercion.[25]

Importantly, like the plaintiffs in *Red Roof*, *Lundstrom*, and *Hyatt Corp.*, despite Nancy alleging that she was constantly visible and interacting with hotel staff during her time at the Extended Stay, she does not allege that she ever informed anyone that she needed help, was being held against her will, was being forced to engage in commercial sex, or that she was in any type of danger. In addition, Plaintiff does not allege that she or anyone ever contacted law enforcement or any other authorities while she was allegedly being trafficking at the Extended Stay. And as the *Red Roof*, *Lundstrom*, and *Hyatt Corp.* cases establish, without a specific plea for help or specific knowledge of force or coercion, factors that may be indicators of commercial sex occurring generally are insufficient to put a hotel or hotel franchisor on notice of a Plaintiff's specific trafficking.

In addition, Plaintiff alleges no connection whatsoever between either ESH and Domino or between ESH and Nancy. Plaintiff herself even admits that "many [sex trafficking victims] are not obviously victims."[26] In short, reference to a handful of online

---

[24] ECF No. 115, at ¶¶ 20-70, 226.
[25] ECF No. 115, at ¶¶ 20-70, 86, 89, 90, 91, 92, 94, 109, 113.
[26] ECF No. 115, at ¶ 23.

guest reviews, which Plaintiff does not even allege are referring to her, is insufficient to establish ESH's knowledge or constructive knowledge of Plaintiff's alleged trafficking. *See Doe (K.B.) v. G6 Hospitality, LLC*, 2023 WL 8650785, *6 (finding plaintiff's allegation that defendant franchisor was aware of online reviews discussing trafficking at the subject motel, that it conducted regular inspections, and that illegal activity occurred in plain view was insufficient to plausibly allege the knowledge requirement).

Similarly, Plaintiff's reference in the Amended Complaint to a series of boilerplate franchise guidelines in the respective Franchisor Disclosure Document for each of the Franchisor Defendants does overcome the franchisor's lack of actual or constructive knowledge of Plaintiff's specific alleged trafficking. That is, the fact that a franchisor implements certain brand standards for its franchisee hotels or has access to certain financial data and reviews, is not sufficient to show that such franchisor had constructive knowledge of specific trafficking. *See Red Roof*, 21 F.4th at 720 (finding the franchisor's implementation of certain brand policies and standards for its franchisee and franchisor's access to online reviews are insufficient to establish franchisor notice of trafficking).

As it relates to ESH, Plaintiff does not allege whether the excerpts from the FDD referenced in Paragraph 130 of the Amended Complaint are contractually binding, who the parties are, the applicable timeframe for the referenced excerpts, or how the FDD language remotely relates to Plaintiff's alleged trafficking specifically.[27] And it is well established that a franchisor cannot be held liable for maintaining and enforcing certain brand standards

---

[27] ECF No. 115, at ¶ 130.

that point to the goodwill of a company. *See, e.g., Patterson v. Domino's Pizza, LLC*, 60 Cal. 4th 474 (S.C. Ca. 2014).

Thus, because Plaintiff has failed to plausibly plead facts sufficient to establish that either ESH or OKC ES had knowledge of Plaintiff's specific alleged trafficking, Plaintiff has failed to state a direct or indirect beneficiary claim against ESH under the TVRPA.

## III. Plaintiff fails to state a plausible claim against ESH for allegedly violating the Oklahoma Sex Trafficking Act, 21 O.S. §§ 748, 748.2.

Similar to the federal TVPRA, the Oklahoma State Legislature recently enacted § 748, which in conjunction with § 748.2, creates a civil cause of action for victims of sex trafficking. 21 O.S. §§ 748, 748.2. Specifically, the language of the OKTA mirrors that of the TVPRA. Section 848 states, "[i]t shall be unlawful to *knowingly engage* in human trafficking." 21 O.S. § 748(B) (emphasis added). "Human trafficking" is defined as "modern-day slavery that includes, but is not limited to, extreme exploitation and the denial of freedom or liberty of an individual for purposes of deriving benefit from that individual's commercial sex act or labor." 21 O.S. § 748(A)(4). In addition, "Human trafficking for commercial sex" includes "benefiting, financially or by receiving anything of value, from *participation in a venture* that has engaged in an act of trafficking for commercial sex." 21 O.S. § (A)(6)(c) (emphasis added).

Thus, for Plaintiff to establish a cause of action under the OKTA against ESH, Plaintiff's Amended Complaint must plausibly allege that ESH knowingly participated in a venture that has engaged in an act of trafficking for commercial sex. And as discussed extensively above, Plaintiff has not plausibly pled either that ESH: (1) participated in a

venture of trafficking for commercial sex; or (2) had knowledge of Plaintiff's sex trafficking by the venture in which it allegedly participated.

In addition, Plaintiff's OKTA claim against ESH is similarly time-barred pursuant to the applicable two-year statute of limitations under Oklahoma law. 12 O.S. § 95(3). Under § 748.2, the statute of limitations shall begin to run from the latter of the victim's emancipation from the defendant, the victim's twenty-first birthday, or when the plaintiff reasonably should have discovered she was a victim of trafficking. 21 O.S. § 748.2(B). As it relates to ESH, all of Plaintiff's alleged trafficking occurred in 2021 based on the face of the Amended Complaint.[28]  There are no allegations in the Amended Complaint to suggest that the statute of limitations was tolled or otherwise commenced at any time other than after her trafficking ended, which is more than two years before the Amended Complaint was filed. Thus, her OKTA claim is time-barred under Oklahoma law.

## IV.    Plaintiff's trafficker's criminal prosecution, if ongoing, mandates a stay of the proceedings.

ESH respectfully adopts and incorporates by reference the argument section of Defendant Ketter's Motion to Dismiss related to Plaintiff's criminal prosecution. (Doc. No. 119, pp. 8-9). Specifically, if Domino has a criminal proceeding currently pending, the plain terms of 18 U.C.S. § 1595(b)(1) require that this civil action be stayed in its entirety.

## CONCLUSION

For the foregoing reasons, this Court should grant ESH's Motion to Dismiss and dismiss all claims asserted against ESH with prejudice.

---

[28] ECF No. 115, at ¶¶ 81, 107-124.

Respectfully submitted this 7th day of November, 2025.

Respectfully submitted,

**STEIDLEY & NEAL, P.L.L.C.**

*/s/ Jamie A. Rogers*
Charles D. Neal, Jr., OBA #6591
cdn@steidley-neal.com
Jamie A. Rogers, OBA #19927
jar@steidley-neal.com
CityPlex Towers, 53rd Floor
2448 East 81st Street
Tulsa, Oklahoma 74137
(918) 664-4612 telephone
(918) 664-4133 facsimile
                and

**WEINBERG, WHEELER, HUDGINS,**
 **GUNN & DIAL**
Patrick B. Moore
(*Pro Hac Vice*)
Georgia Bar No. 520390
Shubhra R. Mashelkar
Georgia Bar No. 475388
(*Pro Hac Vice*)
Michael W. Warner
Georgia Bar No. 751362
(*Pro Hac Vice forthcoming*)
3344 Peachtree Rd. NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700 | 404-875-9433 (fax)
PMoore@wwhgd.com
SMashelkar@wwhgd.com
Cbyrd@wwhgd.com
Mwarner@wwhgd.com
*Counsel for ESH Strategies Franchise, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 7, 2025, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.

Fletcher D. Handley, Jr.
THE HANDLEY LAW CENTER
111 S. Rock Island Ave.
El Reno, OK 73036
fdh@handleylaw.com
***Counsel for Plaintiff***

Michael C. Kane
THE 702 FIRM INJURY ATTORNEYS
400 South 7thStreet, Suite 400
Las Vegas, NV 89101
***Counsel for Plaintiff***

Charles D "Buddy" Neal, Jr.
Jamie A. Rogers
STEIDLEY & NEAL
CityPlex Towers 53rd Fl.
2448 East 81st Street
Tulsa, OK 74137
cdn@steidley-neal.com
plr@steidley-neal.com
jar@steidley-neal.com
***Counsel for ESH Strategies Franchise***

David C. Senger
Hunter M. Siex
COFFEY, SENGER & WOODARD PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
david@cswlawgroup.com
hunter@cswlawgroup.com
***Counsel for Defendant Jaliyan Hospitality***

James K. Secrest, III
Justin L. Hall
Edward J. Main

Geoffrey C. Parker
HILTON PARKER, LLC
7658 Slate Ridge Blvd.,
Reynoldsburg, OH 43068
gparker@hiltonparker.com
***Counsel for Plaintiff***

Bart Jay Robey
Eric A. Moen
Abby R. Herren
CHUBBUCK DUNCAN & ROBEY, P.C.
1329 Classen Drive
Oklahoma City, OK 73103
eamoen@chubbucklaw.com
***Counsel for Defendant OKC Airport ES***

Michael S. Linscott
DOERNER, SAUNDERS, DANIEL & ANDERSON
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
mlinscott@dsda.com

Kaylee Davis-Maddy
DOERNER, SAUNDERS, DANIEL & ANDERSON
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
kmaddy@dsda.com

David S. Sager
DLA PIPER LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
**T:** (973) 520-2550

~~Emma C. Kincade~~ *(left firm 06.27.2025)*
SECREST, HILL, BUTLER & SECREST
7134 S. Yale Avenue, Ste. 900
Tulsa, OK 74136
**T:** (918) 434-5905
jsecrest3@secresthill.com
jhall@secresthill.com
emain@secresthill.com
***Counsel for Chand & Saaj Hospitality, Inc.***

Robert Glenn Chadwick, Jr
Alexander S. Gebert
FREEMAN MATHIS & GARY, LLP
7160 Dallas Parkway, Suite 625
Plano, TX 75024
bob.chadwick@fmglaw.com
alex.gebert@fmglaw.com
***Counsel for Raj Krupa Hotel LLC***

Emily N. Richard
Daniel J. Thompson
WIGGINS SEWELL & OGLETREE
3100 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73102
erichard@wsolaw.net
dthompson@wsolaw.net
***Counsel for G6 Hospitality Franchising, LLC***

**F:** (973) 520-2551
david.sager@us.dlapiper.com

Mallory Biblo
DLA PIPER LLP (US)
1900 Pearl St., Suite 2200
Dallas, TX 75201
Mallory.biblo@us.dlapiper.com
***Counsel for Super 8 Worldwide, Days Inns Worldwide, Ramada Worldwide, & Howard Johnson International ("Wyndham Franchisor Defendants")***

W. Riley Nester
Jessica L. Dark
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN LLP
1109 N. Francis Ave.
Oklahoma City, OK 73106
rnester@piercecouch.com
jdark@piercecouch.com
***Counsel for Defendants Plaza Hotels, Steve Ketter, and Michael Wiley***

Sterling E. Pratt, OBA #22276
Steven M. Crowley, OBA #34636
FENTON, FENTON, SMITH,
RENEAU & MOON
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
sepratt@fentonlaw.com
smcrowley@fentonlaw.com
***Counsel for Noor Hotel and Indra,***

I hereby certify that on November 7, 2025 I filed the attached document with the Clerk of the Court and served the attached document by on the following, who are not registered participants of the ECF System:

YASH ENTERPRISES, INC.
c/o Tushar Natha
400 S. Meridian Ave.
Oklahoma City, OK  73108

KAJAL HOSPITALITY, LLC
c/o Jaydip Modi
1120 S 10th St.
Clinton, OK  73601

OM, LLC
c/o Ramesh V. Patel
12001 N I-35 Service Road
Oklahoma City, OK  73131

AMBICA, LLC
c/o Prakash Patel
5608 NW 107th St.
Oklahoma City, OK 73162

*/s/ Jamie A. Rogers*
Jamie A. Rogers, OBA #19927
jar@steidley-neal.com