UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) | |
| ) | Case No.: 5:25-cv-462 |
| Plaintiff, ) | |
| ) | **Judge Charles Goodwin** |
| vs. ) | |
| ) | |
| PLAZA HOTELS, LLC; ) | |
| STEVE KETTER; ) | |
| MICHAEL A WILEY; ) | |
| OKC AIRPORT ES, LLC; ) | |
| ESH STRATEGIES FRANCHISE, LLC ) | |
| NATHA, LLC; ) | |
| JALIYAN HOSPITALITY, INC; ) | |
| SUPER 8 WORLDWIDE, INC; ) | |
| CHAND & SAAJ HOSPITALITY, INC; ) | |
| RAMADA WORLDWIDE, INC; ) | |
| YASH ENTERPRISES, LLC; ) | |
| HOWARD JOHNSON INTERNATIONAL, INC; ) | |
| NOOR HOTEL, LLC; ) | |
| AMBICA, LLC; ) | |
| OM, LLC; ) | |
| INDRA, LLC; AND ) | |
| G6 HOSPITALITY FRANCHISING, LLC, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT OM, LLC TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant OM, LLC ("OM"), and, for its Answer Plaintiff's First Amended Complaint [Doc. No. 115], hereby states and avers as follows:

1

**PARTIES**

1. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 1 through 15 of Plaintiff's Amended Complaint.

2. Concerning the allegations contained in paragraph 16 of Plaintiff's Amended Complaint, OM denies the allegations as phrased. OM states that the Motel 6 located at 1800 E Reno Avenue, Oklahoma City, OK 73117 was operated by Reno Hospitality, LLC, an Oklahoma limited liability company. Noor Hotel, LLC, Indra, LLC, Ambica, LLC, and OM were members of Reno Hospitality, LLC.

3. OM is without sufficient information to either admit or deny the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

4. Paragraph 18 of Plaintiff's Amended Complaint does not contain any allegations against OM and, therefore, requires no response from OM.

5. OM is without sufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

**INTRODUCTION**

6. Paragraphs 20 through 70 of Plaintiff's Amended Complaint do not contain any allegations against OM and, therefore, require no response from OM. To the extent that a response is deemed necessary, OM is without sufficient information to either admit or deny the allegations contained in paragraphs 20 through 70 of Plaintiff's Amended Complaint and, therefore, no response is required from OM.

## BACKGROUND

7. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 71 through 83 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

8. To the extent that allegations contained in paragraph 84 of Plaintiff's Amended Complaint are directed at OM, OM denies the balance of the allegations. To the extent that the allegations contained in paragraph 84 of Plaintiff's Amended Complaint are not directed at OM, no response is required from OM.

9. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 85 through 87 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

10. To the extent that allegations contained in paragraph 88 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that the allegations contained in paragraph 88 of Plaintiff's Amended Complaint are not directed at OM, no response is required from OM.

11. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 89 through 95 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

12. The allegations contained in paragraphs 96 through 131 of Plaintiff's Amended Complaint are not directed at OM. Therefore, no response is required from OM.

13. Concerning the allegations contained in paragraph 132 of Plaintiff's Amended Complaint, OM denies that the subject Motel 6 was operated jointly by Noor

Hotel, LLC, Indra, LLC, OM, LLC, and OM. OM is without sufficient information to either admit or deny the remainer of the allegations contained in this paragraph.

14. To the extent that the allegations contained in paragraphs 133 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that those allegations are not directed at OM, no response is required from OM.

15. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 134 through 136 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

16. To the extent that the allegations contained in paragraphs 137 and 138 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that those allegations are not directed at OM, no response is required from OM.

17. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 139 through 141 of Plaintiff's Amended Complaint.

18. To the extent that the allegations contained in paragraphs 142 through 144 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that those allegations are not directed at OM, no response is required from OM.

19. OM is without sufficient information to either admit or deny the allegations contained in paragraph 145 of Plaintiff's Amended Complaint, including its subparts. Therefore, no response is required from OM.

20. To the extent that the allegations contained in paragraph 146 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that

those allegations contained in paragraph 146 of Plaintiff's Amended Complaint are not directed at OM, no response is required from OM.

21. The allegations contained in paragraphs 147 through 215 are not directed at OM and, therefore, no response is required from OM.

22. OM is without sufficient information to either admit or deny the allegations contained in paragraphs 216 (including all subparts) and 217 of Plaintiff's Amended Complaint. Therefore, no response is required from OM.

23. The allegations contained in paragraphs 218 through 225 of Plaintiff's Amended Complaint are not directed at OM. Therefore, no response is required from OM.

24. To the extent that the allegations contained in paragraphs 226 and 227 of Plaintiff's Amended Complaint are directed at OM, OM denies the allegations. To the extent that the allegations contained in this paragraph are not directed at OM, no response is required from OM.

### COUNT I: 18 U.S.C. § 1595 ("TVPRA")

25. In response to paragraph 228 of Plaintiff's Amended Complaint, OM incorporates by reference its responses set forth in paragraphs 1 through 24 of this Answer as if set forth fully herein.

26. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are directed at OM, those allegations are legal conclusions which require no response from OM. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are not directed at OM, no response is required from OM.

27. The allegations contained in paragraphs 234 and 235 of Plaintiff's Amended Complaint are not directed at OM and, therefore, require no response from OM.

28. To the extent that the allegations contained in paragraphs 236 through 239 are directed at OM, OM denies the allegations. To the extent that the allegations contained in paragraphs 236 through 239 are not directed at OM, no response is required from OM.

**COUNT II: 21 OK STAT § 21-748.2(B) ("OKLAHOMA SEX TRAFFICKING")**

29. In response to paragraph 240 of Plaintiff's Amended Complaint, OM incorporates by reference its responses set forth in paragraphs 1 through 28 of this Answer as if set forth fully herein.

30. To the extent that the allegations contained in paragraphs 241 through 245 of Plaintiff's Amended Complaint are directed at OM, the allegations state legal conclusions which require no response from OM.

**PRAYER FOR RELIEF**

31. To the extent that the unenumerated paragraph of Plaintiff's Amended Complaint beginning with "WHEREFORE", including subparts a through f, and containing Plaintiff's prayer for relief requires a response from OM, OM denies that Plaintiff is entitled to any form of relief or recovery from OM whatsoever by way of Plaintiff's Amended Complaint.

**DEMAND FOR JURY TRIAL**

32. To the extent that the unenumerated paragraph in Plaintiff's Amended Complaint containing Plaintiff's demand for a jury trial requires a response from OM, OM

denies that a jury trial is warranted as to the claims set forth in Plaintiff's Amended Complaint against OM.

33. To the extent that a response from OM is deemed necessary to any allegation set forth in Plaintiff's Amended Complaint that has not been specifically addressed herein, OM denies the allegation(s).

## **AFFIRMATIVE DEFENSES**

In further response to the allegations set forth in Plaintiff's Amended Complaint against OM, OM asserts the following Affirmative Defenses:

1. Plaintiff's claims against OM are barred by the applicable statute of limitations.

2. Plaintiff's claims against OM fail to state a claim upon which relief may be granted.

3. Reno Hospitality, LLC, not OM, operated the Motel 6 property referred to in Plaintiff's Amended Complaint.

4. OM, as a former member of Reno Hospitality, LLC, cannot be held responsible for any liabilities or obligations of Reno Hospitality, LLC. 18 O.S. § 2022.

5. OM is not a proper party to this lawsuit.

6. Plaintiff has failed to join necessary and indispensable parties.

7. The employees of the Motel 6 referred to in Plaintiff's Amended Complaint were not employees, agents, or otherwise under the control of OM and, therefore, OM cannot be responsible for their alleged conduct.

8. To the extent that the employees of the Motel 6 referred to in Plaintiff's Amended Complaint were employees, agents, or otherwise under the control of OM, which is expressly denied, the alleged conduct was performed outside the course and scope of their employment/agency.

9. At all relevant times, OM was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident(s) in question and any alleged dangerous condition or bad actor was not/would not have been discoverable by OM through a reasonable investigation.

10. OM did not violate 18 U.S.C. § 1595, 21 Okla. Sta. tit. 21, § 21-748.2(B), or any other applicable law, regulation, or statute.

11. At all relevant times, OM complied with all applicable laws, regulations, statutes, industry standards, and agreements.

12. Plaintiff's claims are barred by laches, estoppel, and unclean hands.

13. Plaintiff participated in the acts referred to in the Amended Complaint by her own free will.

14. Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons and/or entities other than OM, over whom OM had no control, or by the superseding intervention of causes outside of OM's control.

15. Plaintiff's claims are barred by the doctrine of assumption of the risk.

16. To the extent that Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed at

Plaintiff. Therefore, no action by OM could have prevented the actions of any such third-party.

17. OM is entitled to a set-off for any settlement paid by any party or non-party in satisfaction of the same damages for which the Plaintiff is suing.

18. Plaintiff failed to mitigate her damages.

19. Plaintiff's recovery of medical expenses, if any, are limited by Okla. Stat. tit. 12, § 3009.1.

20. Insufficient service of process.

21. This court lacks subject matter jurisdiction over the lawsuit because Plaintiff has failed to disclose her identity.

22. This lawsuit must be stayed from proceeding to the extent that criminal prosecution of Plaintiff's alleged traffickers is ongoing.

23. OM is not a "perpetrator" as defined by 18 U.S.C. § 1591(a)(1) and, therefore, Plaintiff's claims against OM must be dismissed.

24. OM did not benefit in any manner from any of the alleged conduct described in Plaintiff's Amended Complaint.

25. Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

26. Any award of punitive damages based upon vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

27. OM incorporates by reference and adopts, as if fully set forth in this Answer, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1996).

28. OM incorporates by reference any and all Affirmative Defenses asserted or that will be asserted by the defendants to this matter that may be applicable to OM.

29. OM specifically reserves the right to amend these Affirmative Defenses, including adding additional Affirmative Defenses, with leave of court pursuant to Fed. R. Civ. P. Rule 15(A).

WHEREFORE, premises considered, Defendant OM, LLC prays that Plaintiff Nancy R. take nothing from OM, LLC by way of her Amended Complaint, that judgment be entered in favor of Defendant OM, LLC and against Plaintiff Nancy R., along with any other relief this Court deems just or proper.

Respectfully submitted,

*s/ Sterling E. Pratt*
Sterling E. Pratt, OBA #22276
Steven M. Crowley, OBA #34636
**FENTON, FENTON, SMITH, RENEAU & MOON**
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
sepratt@fentonlaw.com
smcrowley@fentonlaw.com
***ATTORNEYS FOR DEFENDANTS,
NOOR HOTEL, LLC, INDRA, LLC,
AMBICA, LLC, AND OM, LLC***

**CERTIFICATE OF SERVICE**

This will certify that on the 19th day of November, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of notice to counsel for all parties who have entered their appearance in this matter.

This will further certify the attached is being served by U.S. Mail, postage prepaid, on the following individuals who are not registered participants of the ECF System:

| | |
|---|---|
| Kajal Hospitality, LLC<br>c/o Jaydip Modi<br>1120 S. 10th Street<br>Clinton, Oklahoma 73601 | Yash Enterprises, Inc.<br>c/o Tushar Natha<br>400 S. Meridian<br>Oklahoma City, Oklahoma 73108 |

*s/ Sterling E. Pratt*

11