#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>　　　　Plaintiff,<br>vs.<br><br>PLAZA HOTELS, LLC et al.,<br><br>　　　　Defendants. | Case No.: 5:25-cv-462<br><br>Judge Charles B. Goodwin<br><br>**PLAINTIFF'S**<br>**MOTION FOR ENTRY**<br>**OF PROTECTIVE ORDER** |

　　　　Plaintiff Nancy R. ("Nancy" or "Plaintiff"), through her counsel, respectfully moves this Court under Fed. R. Civ. P. 26(c) for entry of the [Proposed] Protective Order attached hereto as Exhibit 1. The Order governs the disclosure of her true identity and identifying information ("True Identity") and permits her to proceed under a pseudonym in public, pre-trial filings.

　　　　In support, Plaintiff states as follows:

**I.　　INTRODUCTION**

　　　　Plaintiff NANCY R. asserts claims arising out of her alleged sex trafficking against Defendants PLAZA HOTELS, LLC; STEVE KETTER; MICHAEL WILEY; OKC AIRPORT ES LLC; ESH STRATEGIES FRANCHISE LLC; KAJAL HOSPITALITY LLC; JALIYAN HOSPITALITY LLC; RAJ KRUPA HOTEL LLC; CHAND & SAAJ HOSPITALITY LLC; RAMADA WORLDWIDE INC; YASH ENTERPRISES LLC; HOWARD JOHNSON INTERNATIONAL LLC; NOOR HOTEL LLC; AMBICA INC; OM LLC; INDRA LLC; G6 HOSPITALITY FRANCHISING LLC; DAYS INNS WORLDWIDE, INC.; and SUPER 8 WORLDWIDE, INC..

　　　　Plaintiff filed her case under the pseudonym "Nancy R." because her allegations concern sexual exploitation, coercion, and deeply personal trauma. In her petition, Plaintiff includes allegations that are sensitive, highly personal, and involve the utmost intimacy. Plaintiff therefore seeks to maintain her pseudonym in public pre-trial filings with the Court. Plaintiff maintains that protection of her True Identity is essential for safeguarding her privacy and security.

Plaintiff's counsel has attempted to meet and confer with counsel for all Defendants. All Defendants who have responded have stated that they do not oppose most of the terms of Plaintiff's attached [Proposed] Protective Order. There is, however, one term about which Plaintiff and some Defendants have been unable to agree.

In ¶ 3(k) of the [Proposed] Protective Order (shown below), certain Defendants object to the inclusion of the language shown in **red**:

> **3.    The parties may disclose Plaintiff's True Identity to the following:**
>
> …
>
> **k)    Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case. Before any disclosure to such an insurer or indemnitor, a representative of the insurer or indemnitor must sign the acknowledgement and agreement to be bound;**

Plaintiff contends that Defendants' insurers and those insurers' coverage counsel represent a significant percentage of everyone who is likely to encounter documents containing or referencing her True Identity during the progress of this case. She therefore contends that excluding Defendants' insurers from the binding reach of the [Proposed] Protective Order would substantially undermine the Order's protective value.

The following Defendants have stated that they <u>do not oppose</u> the entry of the attached [Proposed] Protective Order, including the language discussed above:

1. ESH STRATEGIES FRANCHISE, LLC, per Patrick Moore on Sept. 29, 2025;

2. SUPER 8 WORLDWIDE, LLC, DAYS INN WORLDWIDE INC, RAMADA WORLDWIDE INC, and HOWARD JOHNSON INTERNATIONAL INC, per Mallory Bilbo on October 7, 2025;

3. G6 HOSPITALITY FRANCHISING LLC, per Dan Thompson on October 10, 2025.

The following Defendants have stated that they <u>oppose entry</u> of the attached [Proposed] Protective Order, <u>solely on the basis of their opposition to the language discussed above</u>:

1. STEVE KETTER, MICHAEL WILEY, and PLAZA HOTELS, LLC, per Jessica L. Dark on Sept. 29, 2025;
2. JALIYAN HOSPITALITY LLC, per David Senger on October 7, 2025;
3. CHAND & SAAJ HOSPITALITY INC, per James Secrest III on October 13, 2025;
4. OKC AIRPORT ES LLC, per Bart Jay Robey on November 11, 2025;
5. RAJ KRUPA LLC, per Alex Gebert on November 12, 2025.

Plaintiff failed to obtain responses from the following Defendants: KAJAL HOSPITALITY LLC, YASH ENTERPRISES LLC, NATHA LLC, NOOR HOTEL LLC, AMBICA LLC, OM LLC, and INDRA LLC.

## II. BACKGROUND

Plaintiff Nancy R. alleges that she is a victim of sex trafficking within the meaning of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See generally* (Compl., Doc. 1-2.) The complaint alleges that for nearly two years, Nancy was coerced into having commercial sex in hotel rooms almost daily until she met her trafficker's quota. (*Id.* ¶¶ 84-86.) Her alleged trafficker, Domino[1], used constant violence and the threat of even greater violence to force Nancy to engage in commercial sex acts. (*Id.* ¶ 75.) He also pressured her to use drugs and then used her addiction as a lever of control. (*Id.* ¶ 77.) After he beat Nancy and plied her with drugs, he took all of her earnings—creating a cycle of dependence where Nancy risked physical harm, drug withdrawal, and destitution if she did not comply with his rules. (*Id.* ¶¶ 76, 78.)

The proposed Protective Order will enable Nancy to bring this action against Defendants. Absent a protective order, Nancy may be forced to abandon her claims in order to protect her privacy and personal security.

---

[1] Domino is a fictitious name used because Plaintiff fears retaliation and does not want this case to appear in the search results when Domino searches his name on the Internet. Part of the purpose of this protective order is to ensure that he learns about this suit in a controlled manner, and that Nancy has adequate warning to protect herself in the immediate aftermath, when the risk of harm will be heightened.

### III.    LAW AND ARGUMENT

Rule 26(c)(1) authorizes courts, for good cause, to issue protective orders preventing "annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). Although Rule 10(a) generally requires pleadings to name all parties, the Tenth Circuit permits pseudonyms in "exceptional cases involving matters of a highly sensitive and personal nature" where disclosure poses a risk of stigma or harm. *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). Courts weigh the plaintiff's privacy against the public interest in openness, permitting anonymity where the need for confidentiality outweighs disclosure. *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005).

### A.    Plaintiff Should Be Allowed to Proceed Under a Pseudonym.

Courts regularly allow sex trafficking and sexual assault survivors to proceed anonymously because such cases involve "highly sensitive and personal" allegations. *See, e.g.*, *P.C. v. D Fort Hotel, LLC.*, Civil No. 24-cv-1584-PAB-TPO, 2025 U.S. Dist. LEXIS 20835, *10 (D. Colo. Feb. 5, 2025) (finding that Plaintiff's status as a victim of trafficking and sexual assault constitutes an exceptional case of a highly sensitive and personal nature).*; Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014). ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault").

In trafficking cases, courts have emphasized that a survivor's safety, risk of retribution, and exposure to stigma outweigh the public's interest in disclosure. *Doe v. Sheraton, LLC*, No. 1:23-cv-00451-SCY-JMR, 2023 U.S. Dist. LEXIS 116435, at *3-4 (D.N.M. July 3, 2023)*; I.B. v. Ganjawala & Kholwad, LLC*, 2025 U.S. Dist. LEXIS 72636, at *3 (D.N.M. Apr. 16, 2025)*. ("the Court is unaware of any significant interest the public might have in I.B.'s identity [a trafficking victim] in connection with this case").

Plaintiff also has reasonable fear of retaliation. She has alleged her trafficker is gang-affiliated and previously used his associates to facilitate trafficking. (Compl. ¶¶ 74, 81.) Disclosure of her identity in the public record would expose her to serious danger.

**B.     Plaintiff Should Receive Notice Before Defendants Contact Her Trafficker.**

The proposed order also includes a narrow notice requirement: Defendants must provide Plaintiff's counsel 10 days' written notice before revealing Plaintiff's identity to her trafficker or his known affiliates.

Courts in TVPRA cases have approved even stronger protections requiring affirmative court approval before traffickers are contacted. *A.M.G. v. Red Roof Inns, Inc.*, No. 2:23-cv-4195, 2024 U.S. Dist. LEXIS 191721, at *8 (S.D. Ohio Oct. 22, 2024) (collecting cases). Plaintiff seeks only notice, a modest safeguard that allows her to take protective measures during periods of heightened risk.

The order expressly forbids Defendants from disclosing Plaintiff's whereabouts or contact information. Given Domino's history of violence, threats, and coercion (Compl. ¶¶ 75–78, 118–119, 174–177), these protections are necessary and justified.

**C.     Defendants' Insurers Should be Required to Sign the Acknowledgement and Agreement to be Bound.**

The proposed order includes a requirement that before any disclosure of Plaintiff's True Identity to Defendants' insurers, the insurers must sign the Acknowledgement and Agreement to be Bound included as Exhibit A to the [Proposed] Protective Order. Several Defendants have stated that they oppose this portion of the [Proposed] Protective Order. The court should nevertheless include the provision when issuing the [Proposed] Protective Order.

To determine coverage, insurance companies typically need only the allegations contained in the complaint. *In re American Realty Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH, Doc. 313, at p. 2 (S.D.N.Y Oct. 26, 2016). Discovery documents are generally not required to determine coverage. *Id*. Defendants' insurers or indemnitors therefore will not be prejudiced if they do not know Plaintiff's True Identity. *Id*. They will be prejudiced still less by being required to sign the Acknowledgement and Agreement to be Bound before receiving documents for which they have no clear need in the first place.

## IV.    CONCLUSION

WHEREFORE, Plaintiff requests that the Court approve and enter the [Proposed] Protective Order attached hereto as Exhibit 1.

Dated:  November 20, 2025

/s/ Geoffrey C. Parker

Geoffrey C. Parker, Esq.
HILTON PARKER LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker.com@hiltonparker.com
*Attorney for Plaintiff Nancy R.*