# IN THE UNITED STATES DISTRICT COURT FOR THE`
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PLAZA HOTELS, LLC; STEVE KETTER; ) <br> MICHAEL A. WILEY; OKC AIRPORT ES, LLC; ) <br> ESH STRATEGIES FRANCHISE, LLC; ) <br> NATHA, LLC; JALIYAN HOSPITALITY, INC; ) <br> SUPER 8 WORLDWIDE, INC; ) <br> RAJ KRUPA HOTEL, LLC; ) <br> DAYS INN WORLDWIDE, INC; ) <br> CHAND & SAAJ HOSPITALITY, INC; ) <br> RAMADA WORLDWIDE, INC; ) <br> YASH ENTERPRISES, LLC ) <br> HOWARD JOHNSON INTERNATIONAL, INC; ) <br> NOOR HOTEL, LLC; AMBICA, LLC; ) <br> OM, LLC; INDRA, LLC; AND ) <br> G6 HOSPITALITY FRANCHISING, LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-25-462-G |

## JOINT RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendants Michael Wiley, Steve Ketter, Plaza Hotels, LLC, OKC Airport ES, LLC, and Chand & Saaj Hospitality, Inc. ("Responding Defendants"), by and through undersigned counsel, hereby submit this Response to Plaintiff's Motion for Entry of Protective Order [Dkt. 164]. Defendants submit the following brief in support:

### I.   INTRODUCTION

Responding Defendants do not oppose entry of an appropriate protective order safeguarding Plaintiff's identity and other legitimately confidential information. Rather, Defendants object only to one narrow feature of Plaintiff's proposed Protective Order - the

provision in Paragraph 3(k) requiring non-party insurers and indemnitors to execute the acknowledgement and agreement to be bound and thereby submit to the Court's jurisdiction as a condition of receiving information in this litigation. That provision goes beyond what Fed. R. Civ. P. 26(c) requires to protect Plaintiff's privacy, conflicts with guidance from courts within the Tenth Circuit that protective orders should not purport to bind non-parties or assert jurisdiction over them, and risks unnecessary friction with carriers who are not parties to this case.

The Court can fully protect Plaintiff's identity through a more modest approach consistent with Rule 26(c) and local practice by entering an order that (1) limits disclosure of Plaintiff's identity to counsel, the parties, and those reasonably necessary to the defense, including insurer personnel involved in the claim; and (2) makes defense counsel and the parties responsible for ensuring that anyone who receives such information is advised of, and agrees to follow, the Protective Order's terms—without compelling non-party insurers to independently sign and be directly bound by the Order.

Accordingly, the Court should deny Plaintiff's Motion in part only as to Paragraph 3(k) and instead enter the Protective Order with the alternative language proposed herein.

## II.    ARGUMENT AND AUTHORITIES

As stated above, Defendants do not oppose entry of a protective order that safeguards Plaintiff's true identity and permits her to proceed under a pseudonym in public

filings.[1] The dispute is much narrower. Defendants object only to the final clause of ¶ 3(k) of Plaintiff's proposed order, which provides:

> The parties may disclose Plaintiff's True Identity to the following: . . .
>
> Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case. **Before any disclosure to such an insurer or indemnitor, a representative of the insurer or indemnitor must sign the acknowledgement and agreement to be bound**;

(Dkt. 164-1, p. 3). In other words, Plaintiff seeks an order that (a) conditions defense counsel's ability to share her identity with their own clients' insurers on the insurer's willingness to sign a separate acknowledgment, and (b) purports to place non-party insurers directly under the Court's protective order and jurisdiction. Plaintiff has not carried her burden under Rule 26(c) to justify this extra step, which goes well beyond what is necessary to protect her privacy.

### A. Plaintiff has not shown good cause to compel non-parties insurers to sign.

Fed. R. Civ. P. 26(c)(1) allows a court, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The Supreme Court has made clear that while trial courts have broad discretion in crafting protective orders, that discretion is exercised subject to the "good cause" requirement and the need to tailor the order to the interests actually at stake. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–36 (1984). In the Tenth Circuit, courts applying Rule 26(c) balance the requesting party's need for protection against the burdens imposed on

---

[1] Though, Defendants Ketter, Wiley, and Plaza Hotels, LLC, maintain the argument within their Motions to Dismiss that Plaintiff's failure to disclose her identity or seek leave to file pseudonymously threatens this Court's jurisdiction at the outset. [Dkt. 118, 119, 120].

others, and limit protective orders to what is necessary to avoid the identified harm. *See, e.g., Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325-326 (10th Cir. 1981) (requiring demonstration of harm from disclosure and balancing against the other party's need); *A Major Difference, Inc. v. Wellspring Prods., LLC*, 243 F.R.D. 415, 416-417 (D. Colo. 2006) (same).

Here, Plaintiff's Motion offers no support, much less binding authority, for the proposition that non-party insurers *must* sign an acknowledgment and submit to the court's jurisdiction as a condition of seeing protective information. Instead, Plaintiff relies solely on a single out-of-circuit order from *In re American Reality Capital Properties, Inc. Litigation*, No. 1:15-mc-00040-AKH (S.D.N.Y. Oct. 26, 2016), for the general observation that insurers "typically" can evaluate coverage from the complaint and "discovery documents are generally not required to determine coverage." [Dkt. 164, p. 5]. Even if that description is accurate, it does not establish (1) that insurers will never have a legitimate need to know a plaintiff's identity in a case like this, or (2) that the only way to protect Plaintiff's privacy is to force non-party insurers to sign onto the Protective Order as quasi-parties. Rule 26(c) requires more than speculation; Plaintiff must show good cause for this *particular* restriction, and she has not done so.

By contrast, the proposed revision would subject Defendants to an unnecessary choice: either withhold Plaintiff's identity from their own insurers—even where disclosure is reasonably necessary for defense and coverage purposes—or risk violating the Order if a non-party insurer declines to sign an acknowledgment. That is exactly the sort of undue burden on parties that Rule 26(c) is designed to prevent.

4

## B. Courts in this Circuit disfavor binding non-parties.

Defendants recognize that Plaintiff's proposed Protective Order, like most confidentiality orders, contemplates disclosure of protected information to certain non-parties (such as experts, consultants, and fact witnesses) under the control of counsel. Responding Defendants do not challenge those standard provisions. Defendants object only to the additional step in ¶ 3(k) conditioning disclosure to insurers and indemnitors on an insurer's execution of the agreement. That is different in kind from provisions that simply regulate the conduct of parties and their agents.

District Courts within the Tenth Circuit have cautioned against precisely this sort of language. The United States District Court for the District of New Mexico maintains "Guidelines for Proposed Protective Orders" submitted to its judges, which states that:

> The protective order should refrain from stating that it is binding on non-parties or that the Court has jurisdiction over non-parties to enforce the protective order's provisions. The Court will not order a non-party to consent to the Court's jurisdiction or to abide by the protective order's terms. The parties may attach a form agreement to the proposed protective order and a non-party may agree to be bound by the terms of the protective order by signing the agreement.

The District of New Mexico recently applied that principle in *Array Techs., Inc. v. Mitchell*, No. 1:17-CV-00087-JCH-LF, 2024 WL 129067 (D.N.M. Jan. 11, 2024), where a party asked to modify a protective order to allow disclosure of protected materials to its insurers in collateral coverage proceedings. In denying the motion, the court noted it was "not interested in . . . forcing non-parties to subject themselves to the jurisdiction of this Court," and expressly relied on its own guidelines that "the Court will not order a non-party to consent to the Court's jurisdiction or to abide by the protective order's terms." *Id.* at *3,

*15 n.2. Likewise, the District of Kansas maintains "General Practice Guidelines" regarding protective orders, which state:

> The protective order must not state that it is binding on non-parties or that the court has jurisdiction over non-parties to enforce the provisions of the protective order. The court cannot order a non-party to abide by the terms of a protective order or to consent to jurisdiction. Although the protective order itself must not order a non-party to abide by the terms of the protective order, the parties may attach a form agreement to the proposed protective order. By signing the agreement, the non-party may agree to be bound by the terms of the protective order.

These guidelines do not forbid parties in those districts from sharing protected information with non-parties or from inviting non-parties to execute acknowledgments. Rather, they draw the line at what Plaintiff's proposed ¶ 3(k) attempts to do - use a protective order to *compel* non-party insurers to submit to the Court's jurisdiction and to the Order's terms as a condition of disclosure. Defendants have already agreed that numerous categories of non-parties may receive protected information subject to counsel's control, but they do not agree to a provision that goes further and purports to force non-party insurers, who are not before this Court, to become directly bound by the Protective Order.

### C. A narrower alternative protects Plaintiff's identity without improperly binding non-parties.

Defendants do not seek unfettered ability to broadcast Plaintiff's identity to insurers. They propose a narrower, more workable approach that (1) continues to treat Plaintiff's true identity as highly confidential; (2) permits disclosure to insurer and indemnitor personnel only to the extent reasonably necessary for evaluating, administering, or providing coverage or a defense in this action; and (3) places the obligation squarely on the parties and their counsel to ensure that any insurer recipient is informed of, and agrees

to abide by, the confidentiality restrictions—without purporting to force the insurer to submit to this Court's jurisdiction.

By way of example, ¶ 3(k) could be revised along the following lines:

> "k) Insurers and indemnitors for any of the Parties, including coverage counsel for such insurers or indemnitors, to the extent reasonably necessary for evaluating, administering, or providing coverage or a defense in connection with this action."

Should the Court feel it necessary, Defendants would also be agreeable to the addition of the following language to the preceding language proposed:

> "Before disclosing Plaintiff's True Identity to any such insurer or indemnitor, counsel for the disclosing Party shall provide that recipient with a copy of this Order and request that a representative execute the acknowledgment and agreement to be bound. Whether or not such acknowledgment is executed, the Parties and their counsel remain responsible for ensuring that any such recipient uses Plaintiff's True Identity solely for purposes of this litigation and any directly related coverage matters and maintains its confidentiality consistent with this Order."

This alternative gives Plaintiff the same practical protection for her identity, keeps the order's obligations focused on the parties and their counsel in accordance with Tenth Circuit practice, and avoids the jurisdictional and practical problems created by a provision that purports to compel non-party insurers to sign an acknowledgment as a condition of receiving information they may reasonably need.

Because Plaintiff has not shown good cause for the extra step her proposed ¶ 3(k) would impose, and because there is a narrower alternative that protects her interests without overreaching, the Court should decline to include the insurer-signature requirement and instead adopt more limited language in line with the preceding discussion.

## CONCLUSION

WHEREFORE, Defendants request that the Court decline to enter Plaintiff's proposed Protective Order as drafted and instead adopt language that does not require Defendants' insurers or indemnitors to sign the acknowledgement and agreement to be bound.

Respectfully Submitted,

s/ W. Riley Nester
Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH:   (405) 235-1611
FX:   (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants*
*Plaza Hotels, LLC, Steve Ketter*
*and Michael Wiley*

And

s/ James K. Secrest
*(Signed by Filing Attorney with Permission)*
Edward J. Main, OBA #11912
James K. Secrest, III, OBA #18828
Justin L. Hall, OBA #32625
7134 S. Yale Avenue, St. 900
Tulsa, Oklahoma 74136
918-494-5905
918-494-2847 facsimile
Jsecrest3@secresthill.com
*Attorneys for Defendant*
*Chand & Saaj Hospitality, Inc.*

          And

          s/ Bart Jay Robey
          *(Signed by Filing Attorney with Permission)*
          Bart Jay Robey, OBA #19926
          CHUBBUCK DUNCAN & ROBEY, PC
          1329 Classen Drive
          Oklahoma City, OK 73103
          Telephone: (405) 236-8282
          Facsimile: (405) 236-2828
          bjrobey@chubbucklaw.com
          *Attorneys for Defendant*
          *OKC Airport ES, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of December, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case:

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |
| David Sager | david.sager@us.dlapiper.com |
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Edward J. Main | emain@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |

| | |
|---|---|
| Emily Noble Richard | erichard@wsolaw.net |
| Jonathan L. Hilton | jhilton@hiltonparker.com |
| Steven M. Crowley | smcrowley@fentonlaw.com |
| Sterling E. Pratt | sepratt@fentonlaw.com |

                                                                                    s/ W. Riley Nester