UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | Case No.: 5:25-cv-462 |
| Plaintiff, | ) | |
| | ) | **Judge Charles Goodwin** |
| vs. | ) | |
| | ) | |
| PLAZA HOTELS, LLC; | ) | |
| STEVE KETTER; | ) | |
| MICHAEL A WILEY; | ) | |
| OKC AIRPORT ES, LLC; | ) | |
| ESH STRATEGIES FRANCHISE, LLC | ) | |
| NATHA, LLC; | ) | |
| JALIYAN HOSPITALITY, INC; | ) | |
| SUPER 8 WORLDWIDE, INC; | ) | |
| CHAND & SAAJ HOSPITALITY, INC; | ) | |
| RAMADA WORLDWIDE, INC; | ) | |
| YASH ENTERPRISES, LLC; | ) | |
| HOWARD JOHNSON INTERNATIONAL, INC; | ) | |
| NOOR HOTEL, LLC; | ) | |
| AMBICA, LLC; | ) | |
| OM, LLC; | ) | |
| INDRA, LLC; AND | ) | |
| G6 HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF DEFENDANT YASH ENTERPRISES, LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant Yash Enterprises, LLC ("Yash"), and, for its Answer Plaintiff's First Amended Complaint [Doc. No. 115], hereby states and avers as follows:

1

## PARTIES

1. Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 1 through 13 of Plaintiff's Amended Complaint, and the allegations are therefore denied.

2. Yash admits the allegations contained in paragraph 14 of Plaintiff's Amended Complaint.

3. Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 15, 16, and 17 of Plaintiff's Amended Complaint, and the allegations are therefore denied.

4. Paragraph 18 of Plaintiff's Amended Complaint does not contain any allegations against Yash and, therefore, requires no response from Yash.

5. Yash is without sufficient information to either admit or deny the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.  Therefore, no response is required from Yash.  To the extent a response is required, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

## INTRODUCTION

6. Paragraphs 20 through 70 of Plaintiff's Amended Complaint do not contain any allegations against Yash and, therefore, require no response from Yash. To the extent that a response is deemed necessary, Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 20 through 70 of Plaintiff's Amended Complaint and, therefore, no response is required from Yash.

## BACKGROUND

7. Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 71 through 83 of Plaintiff's Amended Complaint. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

8. To the extent that allegations contained in paragraph 84 of Plaintiff's Amended Complaint are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in paragraph 84 of Plaintiff's Amended Complaint are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

9. Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 85 through 87 of Plaintiff's Amended Complaint. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

10. To the extent that allegations contained in paragraph 88 of Plaintiff's Amended Complaint are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in paragraph 88 of Plaintiff's Amended Complaint are not directed at Yash, no response is required from Yash. To the extent a response is deemed

necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

11. To the extent that allegations contained in paragraphs 89 through 95 of Plaintiff's Amended Complaint are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in paragraphs 89 through 95 of Plaintiff's Amended Complaint are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

12. The allegations contained in paragraphs 96 through 198 of Plaintiff's Amended Complaint are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

13. Yash is without sufficient information to either admit or deny the allegations contained in paragraphs 199 through 209 of Plaintiff's Amended Complaint, and the allegations are therefore denied.

14. In response to the allegations contained in paragraph 210 of Plaintiff's Amended Complaint, Yash states that the terms of the contract are clear, unambiguous, and speak for themselves; therefore, no further response is required. To the extent any allegation is inconsistent with or contrary to the terms of the contract, Yash denies those allegations.

15. Yash is without sufficient information to either admit or deny the allegations contained in paragraph 211 and 212 of Plaintiff's Amended Complaint, and the allegations are therefore denied.

16. The allegations contained in paragraphs 213 through 223 are not directed at Yash and, therefore, no response is required for Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

17. Yash is without sufficient information to either admit or deny the allegation contained in paragraphs 224 (including all subparts) and 225 of Plaintiff's Amended Complaint and the allegations are therefore denied.

18. To the extent that the allegations contained in paragraphs 226 and 227 of Plaintiff's Amended Complaint are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in this paragraph are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

## COUNT I: 18 U.S.C. § 1595 ("TVPRA")

19. In response to paragraph 228 of Plaintiff's Amended Complaint, Yash incorporates by reference its responses set forth in the preceding and subsequent paragraphs of this Answer as if set forth fully herein.

20. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are directed at Yash, those allegations are legal conclusions

5

which require no response from Yash. To the extent that the allegations contained in paragraphs 229 through 233 of Plaintiff's Amended Complaint are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

21.     The allegations contained in paragraphs 234 and 235 of Plaintiff's Amended Complaint are not directed at Yash and, therefore, require no response from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

22.     To the extent that the allegations contained in paragraphs 236 through 239 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in paragraphs 236 through 239 are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

**COUNT II: 21 OK STAT § 21-748.2(B) ("OKLAHOMA SEX TRAFFICKING")**

23.     In response to paragraph 240 of Plaintiff's Amended Complaint, Yash incorporates by reference its responses set forth in the preceding and subsequent paragraphs of this Answer as if set forth fully herein.

24.     To the extent that the allegations contained in paragraphs 241 through 245 of Plaintiff's Amended Complaint are directed at Yash, the allegations state legal conclusions which require no response from Yash. To the extent a response is deemed necessary, Yash

is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

## PRAYER FOR RELIEF

25. To the extent that the unenumerated paragraph of Plaintiff's Amended Complaint beginning with "WHEREFORE", including subparts a through f, and containing Plaintiff's prayer for relief requires a response from Yash, Yash denies that Plaintiff is entitled to any form of relief or recovery from Yash whatsoever by way of Plaintiff's Amended Complaint.

## DEMAND FOR JURY TRIAL

26. To the extent that the unenumerated paragraph in Plaintiff's Amended Complaint containing Plaintiff's demand for a jury trial requires a response from Yash, Yash denies that a jury trial is warranted as to the claims set forth in Plaintiff's Amended Complaint against Yash.

27. To the extent that a response from Yash is deemed necessary to any allegation set forth in Plaintiff's Amended Complaint that has not been specifically addressed herein, Yash denies the allegation(s).

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Amended Complaint against Yash, Yash asserts the following Affirmative Defenses:

1. Plaintiff's claims against Yash are barred by the applicable statute of limitations.

2. Plaintiff's claims against Yash fail to state a claim upon which relief may be granted.

3. Plaintiff has failed to join necessary and indispensable parties.

4. The employees of the Howard Johnson referred to in Plaintiff's Amended Complaint were not employees, agents, or otherwise under the control of Yash and, therefore, Yash cannot be responsible for their alleged conduct.

5. To the extent that the employees of the Howard Johnson referred to in Plaintiff's Amended Complaint were employees, agents, or otherwise under the control of Yash, which is expressly denied, the alleged conduct was performed outside the course and scope of their employment/agency.

6. At all relevant times, Yash was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident(s) in question and any alleged dangerous condition or bad actor was not/would not have been discoverable by Yash through a reasonable investigation.

7. Yash did not violate 18 U.S.C. § 1595, 21 Okla. Sta. tit. 21, § 21-748.2(B), or any other applicable law, regulation, or statute.

8. At all relevant times, Yash complied with all applicable laws, regulations, statutes, industry standards, and agreements.

9. Plaintiff's claims are barred by laches, estoppel, and unclean hands.

10. Plaintiff participated in the acts referred to in the Amended Complaint by her own free will.

11. Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons and/or entities other than Yash, over whom Yash had no control, or by the superseding intervention of causes outside of Yash's control.

12. Plaintiff's claims are barred by the doctrine of assumption of the risk.

13. To the extent that Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed at Plaintiff. Therefore, no action by Yash could have prevented the actions of any such third-party.

14. Yash is entitled to a set-off for any settlement paid by any party or non-party in satisfaction of the same damages for which the Plaintiff is suing.

15. Plaintiff failed to mitigate her damages.

16. Plaintiff's recovery of medical expenses, if any, are limited by Okla. Stat. tit. 12, § 3009.1.

17. Insufficient service of process.

18. This court lacks subject matter jurisdiction over the lawsuit because Plaintiff has failed to disclose her identity.

19. This lawsuit must be stayed from proceeding to the extent that criminal prosecution of Plaintiff's alleged traffickers is ongoing.

20. Yash is not a "perpetrator" as defined by 18 U.S.C. § 1591(a)(1) and, therefore, Plaintiff's claims against Yash must be dismissed.

21. Yash did not benefit in any manner from any of the alleged conduct described in Plaintiff's Amended Complaint.

22. Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

23. Any award of punitive damages based upon vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

24. Yash incorporates by reference and adopts, as if fully set forth in this Answer, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1996).

25. Yash incorporates by reference any and all Affirmative Defenses asserted or that will be asserted by the defendants to this matter that may be applicable to Yash.

26. Yash specifically reserves the right to amend these Affirmative Defenses, including adding additional Affirmative Defenses, with leave of court pursuant to Fed. R. Civ. P. Rule 15(A).

WHEREFORE, premises considered, Defendant Yash Enterprises, LLC prays that Plaintiff Nancy R. take nothing from Yash Enterprises, LLC by way of her Amended Complaint, that judgment be entered in favor of Defendant Yash Enterprises, LLC and against Plaintiff Nancy R., along with any other relief this Court deems just or proper.

<div style="margin-left: 50%;">

Respectfully submitted,

/s/J. Mark McAlester
J. Mark McAlester, OBA #18104
**FENTON, FENTON, SMITH, RENEAU & MOON**
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
Email: jmmcalester@fentonlaw.com
***ATTORNEY FOR DEFENDANT, YASH ENTERPRISES, LLC***

</div>

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of December, 2025, a true and correct copy of the above and foregoing document was sent via electronic mail, and deposited in the U.S. Mail, postage prepaid to:

GEOFFREY C. PARKER, ESQ.
*Pro Hac Vice*
Hilton Parker LLC
Email: gparker@hiltonparker.com

MICHAEL C. KANE, ESQ.
*Pro Hac Vice*
THE 702 FIRM INJURY ATTORNEYS
Email: service@the702firm.com

FLETCHER D. HANDLEY, JR.
Handley Law Center
Email: fdh@handleylaw.com

***Attorneys for Plaintiff Nancy R.***

                                                 /s/J. Mark McAlester