# IN THE UNITED STATES DISTRICT COURT FOR THE`
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-462-G |
| | ) | |
| PLAZA HOTELS, LLC; STEVE KETTER; | ) | |
| MICHAEL A. WILEY; OKC AIRPORT ES, LLC; | ) | |
| ESH STRATEGIES FRANCHISE, LLC; NATHA, | ) | |
| LLC; JALIYAN HOSPITALITY, INC; | ) | |
| SUPER 8 WORLDWIDE, INC; | ) | |
| RAJ KRUPA HOTEL, LLC; | ) | |
| DAYS INN WORLDWIDE, INC; | ) | |
| CHAND & SAAJ HOSPITALITY, INC; | ) | |
| RAMADA WORLDWIDE, INC; | ) | |
| YASH ENTERPRISES, LLC | ) | |
| HOWARD JOHNSON INTERNATIONAL, INC; | ) | |
| NOOR HOTEL, LLC; AMBICA, LLC; | ) | |
| OM, LLC; INDRA, LLC; AND | ) | |
| G6 HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## REPLY IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT PLAZA HOTELS, LLC

_____

Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Ph: (405) 235-1611
Fx: (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
***Attorneys for Defendants Steve Ketter,
Plaza Hotels LLC, and Michael Wiley***

### REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT PLAZA HOTELS, LLC

Plaintiff's Response repeatedly muddies the waters by treating Defendant Plaza Hotels, LLC ("Defendant"; "the Plaza"), as interchangeable with Defendants Ketter, Wiley, and other named hotel defendants, notwithstanding that each of the three "Plaza Defendants" filed a separate Motion to Dismiss addressing distinct allegations and legal theories. Rather than engage the defendant-specific deficiencies identified in those motions, Plaintiff relies on blanket characterizations ("Defendants" did X or "staff" knew Y), rhetorical gloss, and arguments untethered to the actual allegations pleaded the Plaza. Even taking Plaintiff's allegations at face value for Rule 12(b)(6) purposes, the Amended Complaint still fails to state a claim against the Plaza for the reasons below.

**I.    DEFENDANT WITHDRAWS THE ARGUMENT OF FAILURE TO SERVE.**

**II.   PLAINTIFF HAS NOT CURED THE JURISDICTIONAL CONCERNS.**

The Plaza does not dispute that courts sometimes permit trafficking victims to proceed under a pseudonym upon an appropriate showing. The issue presented by Defendant's Motion to Dismiss is narrower and antecedent – Plaintiff filed this action anonymously without first seeking leave of Court. Under binding Tenth Circuit precedent, that failure prevents the case from being properly commenced and deprives the Court of subject-matter jurisdiction until Plaintiff obtains leave to proceed pseudonymously. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989; *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017). Plaintiff does not address either binding decision.

Plaintiff's remedy argument fares no better. This is not a removal defect warranting

remand; it is Plaintiff's noncompliance with Rule 10(a) and failure to obtain permission to proceed anonymously, which prevents proper commencement and deprives the Court of jurisdiction. *Nat'l Commodity*, 886 F.2d at 1245. Nor has Plaintiff "cured" the defect by later filing a motion for entry of a protective order; *Nat'l Commodity* requires leave **before** proceeding under a fictitious name, and Plaintiff still has not obtained such leave. Plaintiff's reliance on *Doe v. Tulsa Cty.* is misplaced because that decision itself acknowledges that "the Tenth Circuit has not plainly stated whether this jurisdictional defect is curable." *Doe v. Tulsa Cty.*, No. 24-CV-00380-SEH, 2024 WL 4433349, at *4 (N.D. Okla. Oct. 7, 2024). Finally, Plaintiff's attack on *Doe v. Kansas State Univ.* does not change the controlling rule – absent leave, jurisdiction is lacking. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172–73 (10th Cir. 2001); *Nat'l Commodity*, 886 F.2d at 1245.

## III. DEFENDANT PROPERLY RAISES THE TVPRA'S MANDATORY STAY.

Plaintiff alleges that "even after his arrest in 2022," Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 115, ¶ 81). This allegation implicates the TVPRA's mandatory stay provision, which requires that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). Defendant raised this issue to ensure the Court is aware of a potentially mandatory statutory stay, which Plaintiff did not address in her Amended Complaint, nor did she provide sufficient factual allegations to allow the Court or parties to determine such. Plaintiff's suggestion that Defendant invoked the mandatory stay provision of the TVPRA merely for purposes of delay, (Doc. No. 165, p. 11), is unfounded and uncalled

3

for. Defendant is seeking the basic information necessary to determine whether the TVPRA's mandatory stay applies. This confusion is a product of Plaintiff's pleading choices throughout this case; her allegations are pleaded at such a high level of generality and attenuated factual detail that Defendants are forced to guess not just at the basic contours of the claims, but the procedural consequences they may trigger, too.

## IV. PLAINTIFF STILL FAILS TO STATE A CLAIM.

### A. The Amended Complaint does not provide Defendant fair notice of the Claims against it.

Plaintiff argues her Amended Complaint is "not too vague" under Rule 8 because it contains a "short and plain statement" and because a Southern District of Ohio decision, *M.A. v. Wyndham Hotels & Resorts, Inc.*, allowed a trafficking claim to proceed despite a broad timeframe allegation. (Doc. No. 165, pp. 11–12). The issue is more basic – Rule 8 and *Twombly/Iqbal* still require enough factual content to make the claim plausible and to give defendants fair notice of what conduct is alleged, by whom, and when.

Plaintiff's Response does not address the substantial authority cited in Defendant's Motion to Dismiss where TVPRA claims containing impermissibly vague allegations just like those in the Amended Complaint were dismissed. (*see* Doc. No. 120, p. 5). Instead, Plaintiff continues to plead key facts in an opaque manner. She provides sweeping timeframes ("early 2021," "early 2022," "the beginning of 2022"), no concrete dates for any alleged stay at the Plaza, and no information sufficient to identify the relevant actors or test the allegations against ordinary sources of proof. Plaintiff tries to dismiss this as a demand for fraud-level "who, what, when, where, why, and how," (Doc. No. 165, p. 13), but these are just basic notice requirements, not heightened pleading. *See, e.g., Bucco*, 555

F.Supp.3d at 642 ("**Without details as to who did what,**" the Court "**cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.**") (emphasis added); *Pyatt*, 2022 WL 22883099, at *5 (Plaintiff's "allegations are **impermissibly vague** and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]") (emphasis added). Because Plaintiff's Amended Complaint still forces the Plaza and the Court to speculate, rather than assess plausibility, the claims against the Plaza should be dismissed.

### B. The Amended Complaint fails to state a claim against Defendant under 18 U.S.C. § 1591(a)(1).

Plaintiff's Response treats the Plaza as if it is alleged to have engaged in the same conduct she attributes to Defendant Wiley, asserting broadly that "Defendants violated § 1591(a)(1) because they knowingly harbored and maintained Plaintiff … in reckless disregard of her coercion." (Doc. No. 165, p. 19). However, Plaintiff cannot manufacture perpetrator liability by collapsing distinct defendants into a single collective "Defendants" label. The question under § 1591(a)(1) is whether the Amended Complaint plausibly alleges that *each* Defendant *knowingly* engaged in one of the trafficking verbs in § 1591(a)(1), while knowing or recklessly disregarding that force, threats, fraud, or coercion would be used to cause a commercial sex act. 18 U.S.C. § 1591(a)(1). Plaintiff's Response does not grapple with the actual, defendant-specific allegations pled against the Plaza.

As to the Plaza, Plaintiff argues that it "harbored" Plaintiff by virtue of rooms being used for commercial sex. However, Plaintiff's Amended Complaint plainly does not allege facts supporting the required mens rea, i.e., that the Plaza (through staff or agents whose

5

knowledge is imputable to the entity) knew or recklessly disregarded that force, threats, fraud, or coercion were being used to cause commercial sex. Plaintiff's Response again relies on a generalized assertion that "all three Defendants had actual knowledge," and that such allegations "must be credited at the pleading stage." (Doc. No. 165, p. 19). That is not the law. Conclusory allegations untethered to concrete facts are not entitled to a presumption of truth. *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 (10th Cir. 2022) ("An allegation is conclusory if it states an inference without underlying facts or if it lacks any factual enhancement. Conclusory allegations are not entitled to the assumption of truth.").

Critically, Plaintiff's Response ignores the Plaza's central argument under § 1591(a)(1), that Plaintiff's allegations implicate Defendant Wiley, not the Plaza, and Plaintiff pleads no facts showing that Wiley's alleged knowledge or conduct can be imputed to the entity under basic agency principles—i.e., that he acted within the scope of his duties and for the Plaza's benefit rather than for personal gratification. Plaintiff also pleads no facts suggesting that Plaza staff had notice of coercion, threats, force, or other trafficking indicators—particularly in contrast to the detailed, overt facts she pleads against other hotels. (*see* Doc. No. 120, pp. 10-12). That omission is fatal to the required knowledge or reckless disregard element for the Plaza under § 1591(a)(1).

### C. The Amended Complaint fails to state a claim against Defendant under 18 U.S.C. § 1591(a)(2).

Plaintiff's Response does not cure the defects identified in Defendant's motion; it largely adds new rhetoric and collective allegations untethered to the Amended Complaint.

Even accepting Plaintiff's framing that hotels may constitute "physical spaces" used

6

by traffickers, venture liability still requires plausible, defendant-specific facts showing participating in a venture and the requisite mens rea—that the defendant knew or recklessly disregarded that coercion would be used to cause commercial sex. 18 U.S.C. § 1591(a)(2). Taken to its logical end, Plaintiff's theory would imply that, because she alleges roughly 80% of trafficking victims report engaging in commercial sex inside of hotels, roughly 80% of hotels are thereby engaged in trafficking ventures. (s*ee* Doc. No. 115, ¶¶ 53–54).

Further, Plaintiff's Response repeatedly asserts a "total failure to implement safeguards" and "training," arguing that this alone establishes participation and knowledge. (Doc. No. 165, pp. 16-17). But those are legal conclusions, not facts, and they do not appear as pleaded factual allegations in the Amended Complaint. Plaintiff does not identify what safeguards were absent, what policies existed or did not exist, what training was required, who failed to administer it, or how those alleged omissions connect to Domino's coercive conduct at Plaza. More fundamentally, alleging that a defendant "failed to intervene, alert authorities, improve awareness, or prevent exploitation" is not, without more, a plausible allegation of participation in a trafficking venture. *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F. Supp. 3d 719, 734 (E.D. Tex. 2024).

Plaintiff also asserts that the Plaza is liable because her trafficking was "open and obvious," "staff knew about it," and Defendants Ketter and Wiley "knew of Domino and his control." (Doc. No. 165, p. 17). The Response's assertion that Plaintiff's trafficking was "open and obvious" falls just two pages before the Response's assertion that "Defendants . . . were concealing her," "away from the prying eyes of law enforcement," "allowing them to have commercial sex in private." (Doc. No. 165, pp. 17, 19). Which is

7

it? None of these statements are supported by the Amended Complaint's Plaza-specific allegations. Unlike the detailed, over indicators Plaintiff pleads at other hotels, Plaintiff pleads no comparable factual content at Plaza that would plausibly establish that Plaza staff knew of coercion or that Plaza (through staff or imputable agents) acted with the requisite knowledge or reckless disregard. (*see* Doc. No. 120, pp. 10-12).

The Response alleges, for the first time, that "staff at the Plaza witnessed Nancy escorting dozens of unregistered guests to her room at the Plaza[,]" citing to ¶ 92 of the Amended Complaint. (Doc. No. 165, p. 8). That characterization is wholly misleading and improperly rewrites what ¶ 92 actually alleges. That paragraph alleges escorts "through the lobby" observed by "each hotel's front desk staff," a generic allegation Plaintiff did not apply to the Plaza in her Plaza-specific section, and which is inconsistent with her own allegations about the Plaza's layout. Plaintiff's Response effectively concedes the point by selectively citing ¶¶ 91(a)-(d) and ¶¶ 91(f)-(g), while omitting 91(e), the very subparagraph addressing escorting johns from the lobby to her room. (Doc. No. 165, p. 9). Plaintiff still does not grapple with the Plaza's key point that her Plaza-specific allegations primarily implicate Defendant Wiley's alleged personal conduct and do not plausibly establish knowledge attributable to the entity. *See supra.*

### D. The Amended Complaint fails to state a claim against Defendant under Oklahoma's human trafficking statutes.

Plaintiff's Response first invokes the general principle that dismissal on limitations grounds is improper unless the defense is apparent on the face of the complaint. (Doc. No. 165, p. 22). But Plaintiff's Response does not actually engage the substance of Defendant's statute-of-limitations analysis or provide clarifying facts that would resolve the timing

questions she herself created. Instead, Plaintiff's position amounts to the idea that, because her pleading is temporally vague, Defendant cannot raise limitations at the pleading stage. That is untenable. A plaintiff cannot plead shifting, amorphous timelines and then use that ambiguity as both a sword (to avoid limitations) and a shield (to avoid dismissal).

Plaintiff's paraphrase of 21 O.S. 748.2(B) is also misleading. Plaintiff asserts that "the clock does not start until" the plaintiff is emancipated, is 21 years old, **and** discovers the trafficking. (Doc. No. 165, p. 20 (emphasis in original)). Plaintiff's "and" formulation converts alternative triggers into cumulative prerequisites, effectively rewriting the statute. Even on Plaintiff's own terms, she offers no concrete facts to rebut Defendant's analysis. Plaintiff repeatedly alleges trafficking "from 2021 through 2022" (¶ 84), describes trafficking beginning in "early 2021" and continuing at least until "the beginning of 2022" (¶ 81), and refers throughout to "Nancy's trafficking in 2021 and 2022" (¶ 88). Yet, when confronted with a limitations challenge, Plaintiff declines to provide any meaningful clarification as to when her trafficking at Plaza ended, when she was emancipated from any alleged trafficking involving the Plaza, or when she contends she discovered (or should have discovered) the necessary facts as to the Plaza.

Plaintiff further argues that trafficking can continue after a trafficker's arrest. (Doc. No. 165, pp. 20-21). Even if true generally, it does not answer the question here—what is the latest plausible triggering date as to the Plaza based on Plaintiff's allegations? Plaintiff also invokes the general proposition that victims may need time and counseling to recognize trafficking. (Doc. No. 165, p. 21). Again, while perhaps true as a general matter, Plaintiff does not allege that she required such time or counseling, when that occurred, or

9

how that affects the statutory discovery trigger under Oklahoma law as to this Defendant. Plaintiff cannot defeat a limitations defense by invoking generalized propositions untethered to her own pleaded facts.

Plaintiff also misstates Defendant's argument, claiming that Defendant argues it cannot be liable because it was "not Plaintiff's pimp." (Doc. No. 165, p. 21). That is not Defendant's position. Defendant's argument is that Oklahoma's civil remedy is framed in perpetrator terms, authorizing suits against those who "committed the violation," and Plaintiff has not plausibly alleged that Defendant Plaza knowingly engaged in human trafficking as required by Oklahoma law. *See supra*, Argument § IV(B). Plaintiff's Response does not supply missing facts; it instead relies on the same speculative, conclusory "must have known" assertions untethered to any concrete allegation of conduct

***Scope of Employment.*** Plaintiff's "scope of employment" subsection again conflates defendants and responds to arguments not made. She asserts that Ketter and Wiley argue they were not acting in the scope of their employment. (Doc. No. 165, p. 22). In actuality, neither Ketter nor Wiley's Motions to Dismiss contain a scope of employment argument. The Plaza's Motion to Dismiss contains argument that Defendant Wiley's alleged conduct cannot be imputed to the Plaza, because the alleged conduct would fall outside of the scope of his agency with the Plaza, but there is certainly no similar argument related to Defendant Ketter. Plaintiff then argues that because events occurred on Plaza premises, and Defendant Wiley allegedly traded rooms for sex, he was necessarily acting within the scope of agency. (Doc. No. 165, p. 22). She offers no authority in support of this proposition, and this proposition ignores basic agency principles anyways.

10

          Respectfully Submitted,

          s/ W. Riley Nester
          Jessica L. Dark, OBA #31236
          W. Riley Nester, OBA #36222
          PIERCE COUCH HENDRICKSON
            BAYSINGER & GREEN, L.L.P.
          1109 N. Francis Ave.
          Oklahoma City, OK 73106
          PH:    (405) 235-1611
          FX:    (405) 235-2904
          jdark@piercecouch.com
          rnester@piercecouch.com
          *Attorneys for Defendants*
          *Plaza Hotels, LLC, Steve Ketter*
          *and Michael Wiley*

**CERTIFICATE OF SERVICE**

     I certify that on this 12th day of December, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case:

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |
| David Sager | david.sager@us.dlapiper.com |

| | |
|---|---|
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Edward J. Main | emain@secresthill.com |
| James K. Secrest, III | JSecrest3@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |
| Emily Noble Richard | erichard@wsolaw.net |
| Jonathan L. Hilton | jhilton@hiltonparker.com |
| Steven M. Crowley | smcrowley@fentonlaw.com |
| Sterling E. Pratt | sepratt@fentonlaw.com |

                                            s/ W. Riley Nester
                                            W. Riley Nester