# IN THE UNITED STATES DISTRICT COURT FOR THE`
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PLAZA HOTELS, LLC; STEVE KETTER; ) <br> MICHAEL A. WILEY; OKC AIRPORT ES, LLC; ) <br> ESH STRATEGIES FRANCHISE, LLC; ) <br> NATHA, LLC; JALIYAN HOSPITALITY, INC; ) <br> SUPER 8 WORLDWIDE, INC; ) <br> RAJ KRUPA HOTEL, LLC; ) <br> DAYS INN WORLDWIDE, INC; ) <br> CHAND & SAAJ HOSPITALITY, INC; ) <br> RAMADA WORLDWIDE, INC; ) <br> YASH ENTERPRISES, LLC ) <br> HOWARD JOHNSON INTERNATIONAL, INC; ) <br> NOOR HOTEL, LLC; AMBICA, LLC; ) <br> OM, LLC; INDRA, LLC; AND ) <br> G6 HOSPITALITY FRANCHISING, LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-25-462-G |

_____

## REPLY IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT STEVE KETTER

_____

Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Ph: (405) 235-1611
Fx: (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants Steve Ketter, Plaza Hotels LLC, and Michael Wiley*

## REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT STEVE KETTER

Defendant, Steve Ketter ("Defendant"), hereby respectfully submits his Reply in support of his Motion to Dismiss, (Doc. No. 119). Dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support hereof, Defendant offers the following:

### INTRODUCTION

Plaintiff's Response repeatedly muddies the waters by treating Defendant Ketter as interchangeable with the Plaza, Defendant Wiley, and other named hotel defendants, notwithstanding that each of the three "Plaza Defendants" filed a separate Motion to Dismiss addressing distinct allegations and legal theories. Rather than engage the defendant-specific deficiencies identified in those motions, Plaintiff relies on blanket characterizations ("Defendants" did X or "staff" knew Y), rhetorical gloss, and arguments untethered to the actual allegations pleaded against Ketter. Even taking Plaintiff's allegations at face value for Rule 12(b)(6) purposes, the Amended Complaint still fails to state a claim against Defendant Ketter as a matter of law for the reasons set forth below.

### ARGUMENT AND AUTHORITIES

**I.   DEFENDANT WITHDRAWS THE ARGUMENT OF FAILURE TO SERVE**

**II.  PLAINTIFF HAS NOT CURED THE JURISDICTIONAL CONCERNS CAUSED BY HER FAILURE TO SEEK LEAVE TO PROCEED PSEUDONYMOUSLY.**

Defendant does not dispute that courts sometimes permit trafficking victims to proceed under a pseudonym upon an appropriate showing. The issue presented by Defendant's Motion to Dismiss is narrower and antecedent – Plaintiff filed this action

anonymously without first seeking leave of Court. Under binding Tenth Circuit precedent, that failure prevents the case from being properly commenced and deprives the Court of subject-matter jurisdiction until Plaintiff obtains leave to proceed pseudonymously. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989; *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017). Plaintiff does not address either binding decision.

Plaintiff's remedy argument fares no better. This is not a removal defect warranting remand; it is Plaintiff's noncompliance with Rule 10(a) and failure to obtain permission to proceed anonymously, which prevents proper commencement and deprives the Court of jurisdiction. *Nat'l Commodity*, 886 F.2d at 1245. Nor has Plaintiff "cured" the defect by later filing a motion for entry of a protective order; *Nat'l Commodity* requires leave **before** proceeding under a fictitious name, and Plaintiff still has not obtained such leave. Plaintiff's reliance on *Doe v. Tulsa Cty.* is misplaced because that decision itself acknowledges that "the Tenth Circuit has not plainly stated whether this jurisdictional defect is curable." *Doe v. Tulsa Cty.*, No. 24-CV-00380-SEH, 2024 WL 4433349, at *4 (N.D. Okla. Oct. 7, 2024). Finally, Plaintiff's attack on *Doe v. Kansas State Univ.* does not change the controlling rule – absent leave, jurisdiction is lacking. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172–73 (10th Cir. 2001); *Nat'l Commodity*, 886 F.2d at 1245.

### III. DEFENDANT DOES NOT SEEK TO DELAY BY VIRTUE OF ADVISING THE COURT OF THE PROCEDURAL CONSIDERATIONS IMPLICATED BY PLAINTIFF'S OWN ALLEGATIONS.

Plaintiff alleges that "even after his arrest in 2022," Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 115, ¶ 81). This

allegation implicates the TVPRA's mandatory stay provision, which requires that "[a]ny civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). Defendant raised this issue to ensure the Court is aware of a potentially mandatory statutory stay, which Plaintiff did not address in her Amended Complaint, nor did she provide sufficient factual allegations to allow the Court or parties to determine such. Plaintiff's suggestion that Defendant invoked the mandatory stay provision of the TVPRA merely for purposes of delay, (Doc. No. 165, p. 11), is baseless and inappropriate. Defendant is seeking the basic information necessary to determine whether the TVPRA's mandatory stay applies. This confusion is a product of Plaintiff's insufficient pleadings throughout this case; her allegations are pleaded at such a high level of generality and attenuated factual detail that Defendant is forced to guess not just at the basic contours of the claims, but the procedural consequences they may trigger.

## IV. PLAINTIFF STILL FAILS TO STATE A CLAIM.

### A. The Amended Complaint does not provide Defendant fair notice of the Claims against him.

Plaintiff argues her Amended Complaint is "not too vague" under Rule 8 because it contains a "short and plain statement" and because a Southern District of Ohio decision, *M.A. v. Wyndham Hotels & Resorts, Inc.*, allowed a trafficking claim to proceed despite a broad timeframe allegation. (Doc. No. 165, pp. 11–12). That misses the point; Defendant does not contend that TVPRA claims are held to fraud-like standards of particularity, nor do they demand calendar-day precision. The issue is more basic – Rule 8 and *Twombly/Iqbal* still require enough factual content to make the claim plausible and to give

4

defendants fair notice of what conduct is alleged, by whom, and when.

Plaintiff's Response does not address the substantial authority cited in Defendant's motion where TVPRA claims containing impermissibly vague allegations just like those in the Amended Complaint were dismissed. (*see* Doc. No. 119, p. 11).

Instead, Plaintiff continues to plead key facts in an opaque manner. She provides sweeping timeframes ("early 2021," "early 2022," "the beginning of 2022"), no concrete dates for any alleged stay at the Plaza, and no information sufficient to identify the relevant actors or test the allegations against ordinary sources of proof (guest records, reservations, surveillance, staffing logs, etc.). Plaintiff tries to dismiss this as a demand for fraud-level "who, what, when, where, why, and how," (Doc. No. 165, p. 13), but these are just basic notice requirements, not heightened pleading. *See, e.g., Bucco*, 555 F.Supp.3d at 642 ("**Without details as to who did what,**" the Court "**cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.**") (emphasis added); *Pyatt*, 2022 WL 22883099, at *5 (Plaintiff's "allegations are **impermissibly vague** and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]") (emphasis added). Because Plaintiff's Amended Complaint still forces Defendant Ketter and the Court to speculate, rather than assess plausibility, the claims should be dismissed.

**B. The Amended Complaint fails to state a claim under 18 U.S.C. § 1591(a)(1).**

Plaintiff's Response treats Defendant Ketter as if he is alleged to have engaged in the same conduct she attributes to Defendant Wiley, asserting broadly that "Defendants violated § 1591(a)(1) because they knowingly harbored and maintained Plaintiff … in

5

reckless disregard of her coercion." (Doc. No. 165, p. 19). However, Plaintiff cannot manufacture perpetrator liability by collapsing distinct defendants into a single collective "Defendants" label. The question under § 1591(a)(1) is whether the Amended Complaint plausibly alleges that *each* Defendant *knowingly* engaged in one of the trafficking verbs in § 1591(a)(1) (e.g., recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits) while knowing or recklessly disregarding that force, threats, fraud, or coercion would be used to cause a commercial sex act. 18 U.S.C. § 1591(a)(1). Plaintiff's Response does not grapple with the actual, defendant-specific allegations pled against Defendant Ketter.

As to Defendant Ketter, Plaintiff's Response asserts that he "harbored and maintained" Plaintiff by "provid[ing] hotel rooms for sex." (Doc. No. 165, p. 19). However, the Amended Complaint does not allege that Ketter provided Plaintiff rooms, rented rooms to her, maintained her presence on the premises, solicited her, patronized her, or interacted with her at all. Plaintiff's *sole* allegation of Defendant Ketter's involvement is that, "[o]n information and belief, Ketter … was aware" that Defendant Wiley met Domino, and that Defendant Wiley knew that Domino was Nancy's pimp and was forcing her to engage in commercial sex acts by threating physical abuse and drug withdrawal, "either because Wiley told [Ketter] or because [Ketter] encountered Domino during his visits to the Plaza." (Doc No. 115, ¶ 102). Even crediting that wholly speculative and conclusory allegation as pled, awareness—particularly awareness alleged in the alternative and without factual support—does not satisfy § 1591(a)(1), which requires conduct (recruiting, enticing, harboring, obtaining, advertising, maintaining, providing,

6

patronizing, or soliciting). Plaintiff's Response identifies no allegation in the Amended Complaint alleging that Defendant Ketter did any of those things. Instead, Plaintiff offers new gloss that "Defendants" were "concealing her . . . away from the prying eyes of law enforcement[.]" (Doc. No. 165, p. 19). That assertion is not a pleaded fact in the Amended Complaint, and cannot be used to rescue an otherwise deficient § 1591(a)(1) claim.

### C. The Amended Complaint fails to state a claim under 18 U.S.C. § 1591(a)(2).

Plaintiff's Response does not cure the defects identified in Defendant's motion; it largely adds new rhetoric and collective allegations untethered to the Amended Complaint.

Plaintiff's venture theory as to Defendant Ketter essentially reduces to this: Ketter and Wiley were business partners, Wiley allegedly engaged in wrongful conduct, and therefore Ketter and the Plaza must have "participated" in a venture with Domino. (Doc. No. 165, p. 16). That is not a plausible allegation of participation; it is guilt-by-association. Sharing membership in an LLC does not mean one co-signs another member's alleged conduct, particularly alleged criminal conduct. Plaintiff's theory would convert ordinary co-ownership into automatic venture liability, without any allegation that Defendant Ketter took any action to assist, support, facilitate, or otherwise join Domino's alleged trafficking.

The problem remains: Plaintiff still cannot identify any Ketter-specific conduct. The Amended Complaint's lone allegation of Ketter's involvement remains that "[o]n information and belief, Ketter … was aware" that Defendant Wiley met Domino, and that Defendant Wiley knew that Domino was Nancy's pimp and was forcing her to engage in commercial sex acts by threating physical abuse and drug withdrawal, "either because Wiley told [Ketter] or because [Ketter] encountered Domino during his visits to the Plaza."

7

(Doc No. 115, ¶ 102). Plaintiff effectively seeks to impose venture liability on Defendant Ketter simply by virtue of his name appearing on the LLC filing, combined with speculation that he "must have known" something was happening. That is not a plausible § 1591(a)(2) claim.

*Safeguards/Training.* Plaintiff's Response repeatedly asserts a "total failure to implement safeguards" and "training," arguing that this alone establishes participation and knowledge. (Doc. No. 165, pp. 16-17). But those are legal conclusions, not facts, and they do not appear as pleaded factual allegations in the Amended Complaint. Plaintiff does not identify what safeguards were absent, what policies existed or did not exist, what training was required, who failed to administer it, or how those alleged omissions connect to Domino's coercive conduct at the Plaza. More fundamentally, alleging that a defendant "failed to intervene, alert authorities, improve awareness, or prevent exploitation" is not, without more, a plausible allegation of participation in a trafficking venture. *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F. Supp. 3d 719, 734 (E.D. Tex. 2024). Plaintiff's Response relies on the very type of "failure-to-prevent" narrative that courts have repeatedly found insufficient when divorced from concrete facts showing knowing participation and the requisite mens rea.

### D. The Amended Complaint fails to state a claim against Defendant under Oklahoma's human trafficking statutes.

Plaintiff's Response first invokes the general principle that dismissal on limitations grounds is improper unless the defense is apparent on the face of the complaint. (Doc. No. 165, p. 22). But Plaintiff's Response does not actually engage the substance of Defendant's statute-of-limitations analysis or provide clarifying facts that would resolve the timing

questions she herself created. Instead, Plaintiff's position amounts to the idea that, because her pleading is temporally vague, Defendant cannot raise limitations at the pleading stage. That is untenable. A plaintiff cannot plead shifting, amorphous timelines and then use that ambiguity as both a sword (to avoid limitations) and a shield (to avoid dismissal), particularly where the complaint itself contains the only facts from which the limitations analysis can be performed.

Plaintiff's paraphrase of 21 O.S. 748.2(B) is also misleading. Plaintiff asserts that "the clock does not start until" the plaintiff is emancipated, is 21 years old, **and** discovers the trafficking. (Doc. No. 165, p. 20 (emphasis in original)). Plaintiff's "and" formulation converts alternative triggers into cumulative prerequisites, effectively rewriting the statute. Even on Plaintiff's own terms, she offers no concrete facts to rebut Defendant's analysis. Plaintiff repeatedly alleges trafficking "from 2021 through 2022" (¶ 84), describes trafficking beginning in "early 2021" and continuing at least until "the beginning of 2022" (¶ 81), and refers throughout to "Nancy's trafficking in 2021 and 2022" (¶ 88). Yet, when confronted with a limitations challenge, Plaintiff declines to provide any meaningful clarification as to when her trafficking at the Plaza ended, when she was emancipated from any alleged trafficking involving this Defendant, or when she contends she discovered (or should have discovered) the necessary facts as to Defendant Ketter's alleged actions.

Plaintiff further argues that trafficking can continue after a trafficker's arrest. (Doc. No. 165, pp. 20-21). Even if true generally, it does not answer the question here—what is the latest plausible triggering date as to Defendant Ketter based on Plaintiff's allegations? She pleads no Plaza-related trafficking after 2021 and no facts suggesting continued

9

trafficking at Plaza after Domino's arrest. Nor does she plead any non-conclusory facts showing Defendant Ketter's awareness beyond the vague, alternative allegation in ¶ 102. Plaintiff also invokes the general proposition that victims may need time and counseling to recognize trafficking. (Doc. No. 165, p. 21). Again, while perhaps true as a general matter, Plaintiff does not allege that she required such time or counseling, when that occurred, or how that affects the statutory discovery trigger under Oklahoma law as to this Defendant. Plaintiff cannot defeat a limitations defense by invoking generalized propositions untethered to her own pleaded facts.

***Plaintiff mischaracterizes Defendant's argument.*** Plaintiff claims that Defendant argues he cannot be liable because "[he was] not Plaintiff's pimp." (Doc. No. 165, p. 21). That is not Defendant's position. Defendant's argument is that Oklahoma's civil remedy is framed in perpetrator terms, authorizing suits against those who "committed the violation," and Plaintiff has not plausibly alleged that Defendant Ketter knowingly engaged in human trafficking as required by Oklahoma law. *See supra*, Argument § IV(B). Plaintiff's Response does not supply missing facts; it instead relies on the same speculative, conclusory "must have known" assertions untethered to any concrete allegation of conduct.

For the reasons above, the Court should grant Defendant's Motion to Dismiss. In particular, dismissal is warranted because Plaintiff's anonymous filing without leave threatens the Court's jurisdiction; Plaintiff's allegations remain impermissibly vague and fail to provide fair notice under Rule 8; Plaintiff fails to state a plausible claim against Defendant Ketter under the TVPRA; and Plaintiff's Oklahoma statutory claims are time-barred and independently fail as a matter of law.

        Respectfully Submitted,

<u>s/ W. Riley Nester</u>
Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH:   (405) 235-1611
FX:   (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants*
*Plaza Hotels, LLC, Steve Ketter*
*and Michael Wiley*

## **CERTIFICATE OF SERVICE**

    I certify that on this 12th day of December, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case:

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |
| David Sager | david.sager@us.dlapiper.com |

11

| | |
|---|---|
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Edward J. Main | emain@secresthill.com |
| James K. Secrest, III | JSecrest3@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |
| Emily Noble Richard | erichard@wsolaw.net |
| Jonathan L. Hilton | jhilton@hiltonparker.com |
| Steven M. Crowley | smcrowley@fentonlaw.com |
| Sterling E. Pratt | sepratt@fentonlaw.com |

                                                s/ W. Riley Nester
                                                W. Riley Nester