# IN THE UNITED STATES DISTRICT COURT FOR THE`
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PLAZA HOTELS, LLC; STEVE KETTER; ) <br> MICHAEL A. WILEY; OKC AIRPORT ES, LLC; ) <br> ESH STRATEGIES FRANCHISE, LLC; NATHA, ) <br> LLC; JALIYAN HOSPITALITY, INC; ) <br> SUPER 8 WORLDWIDE, INC; ) <br> RAJ KRUPA HOTEL, LLC; ) <br> DAYS INN WORLDWIDE, INC; ) <br> CHAND & SAAJ HOSPITALITY, INC; ) <br> RAMADA WORLDWIDE, INC; ) <br> YASH ENTERPRISES, LLC ) <br> HOWARD JOHNSON INTERNATIONAL, INC; ) <br> NOOR HOTEL, LLC; AMBICA, LLC; ) <br> OM, LLC; INDRA, LLC; AND ) <br> G6 HOSPITALITY FRANCHISING, LLC, ) <br> ) <br> Defendants. ) | Case No. CIV-25-462-G |

_____

## REPLY IN SUPPORT OF MOTION TO DISMISS
## OF DEFENDANT MICHAEL WILEY

_____

Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
Ph: (405) 235-1611
Fx: (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants Steve Ketter, Plaza Hotels LLC, and Michael Wiley*

## REPLY IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT MICHAEL WILEY

Defendant, Michael Wiley ("Defendant"), hereby respectfully submits his Reply in support of his Motion to Dismiss, (Doc. No. 118). Dismissal is warranted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. In support hereof, Defendant offers the following:

### INTRODUCTION

Plaintiff's Response repeatedly muddies the waters by treating Defendant Wiley as interchangeable with the Plaza, Defendant Ketter, and other named hotel defendants, notwithstanding that each of the three "Plaza Defendants" filed a separate Motion to Dismiss addressing distinct allegations and legal theories. Rather than engage the defendant-specific deficiencies identified in those motions, Plaintiff relies on blanket characterizations ("Defendants" did X or "staff" knew Y), rhetorical gloss, and arguments untethered to the actual allegations pleaded against Wiley. Even taking Plaintiff's allegations at face value for Rule 12(b)(6) purposes, the Amended Complaint still fails to state a claim against Defendant Wiley as a matter of law for the reasons set forth below.

### ARGUMENT AND AUTHORITIES

**I.  PLAINTIFF HAS NOT CURED THE JURISDICTIONAL CONCERNS CAUSED BY HER FAILURE TO SEEK LEAVE TO PROCEED PSEUDONYMOUSLY.**

Defendant does not dispute that courts sometimes permit trafficking victims to proceed under a pseudonym upon an appropriate showing. The issue presented by Defendant's Motion to Dismiss is narrower and antecedent – Plaintiff filed this action anonymously without first seeking leave of Court. Under binding Tenth Circuit precedent,

that failure prevents the case from being properly commenced and deprives the Court of subject-matter jurisdiction until Plaintiff obtains leave to proceed pseudonymously. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989; *United States ex rel. Little v. Triumph Gear Sys., Inc.,* 870 F.3d 1242, 1250 (10th Cir. 2017). Plaintiff does not address either binding decision.

Plaintiff's remedy argument fares no better. This is not a removal defect warranting remand; it is Plaintiff's noncompliance with Rule 10(a) and failure to obtain permission to proceed anonymously, which prevents proper commencement and deprives the Court of jurisdiction. *Nat'l Commodity*, 886 F.2d at 1245. Nor has Plaintiff "cured" the defect by later filing a motion for entry of a protective order; *Nat'l Commodity* requires leave **before** proceeding under a fictitious name, and Plaintiff still has not obtained such leave. Plaintiff's reliance on *Doe v. Tulsa Cty.* is misplaced because that decision itself acknowledges that "the Tenth Circuit has not plainly stated whether this jurisdictional defect is curable." *Doe v. Tulsa Cty.*, No. 24-CV-00380-SEH, 2024 WL 4433349, at *4 (N.D. Okla. Oct. 7, 2024). Finally, Plaintiff's attack on *Doe v. Kansas State Univ.* does not change the controlling rule – absent leave, jurisdiction is lacking. *W.N.J. v. Yocom*, 257 F.3d 1171, 1172–73 (10th Cir. 2001); *Nat'l Commodity*, 886 F.2d at 1245.

**II.  DEFENDANT DOES NOT SEEK TO DELAY BY VIRTUE OF ADVISING THE COURT OF THE PROCEDURAL CONSIDERATIONS IMPLICATED BY PLAINTIFF'S OWN ALLEGATIONS.**

Plaintiff alleges that "even after his arrest in 2022," Domino continued to exert control over her through members of his affiliated gang. (Doc. No. 115, ¶ 81). This allegation implicates the TVPRA's mandatory stay provision, which requires that "[a]ny

3

civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 18 U.S.C. § 1595(b)(1). Defendant raised this issue to ensure the Court is aware of a potentially mandatory statutory stay, which Plaintiff did not address in her Amended Complaint, nor did she provide sufficient factual allegations to allow the Court or parties to determine such. Plaintiff's suggestion that Defendant invoked the mandatory stay provision of the TVPRA merely for purposes of delay, (Doc. No. 165, p. 11), is unfounded and uncalled for. Defendant is seeking the basic information necessary to determine whether the TVPRA's mandatory stay applies. This confusion is a product of Plaintiff's pleading choices throughout this case; her allegations are pleaded at such a high level of generality and attenuated factual detail that Defendant is forced to guess not just at the basic contours of the claims, but the procedural consequences they may trigger, too.

### III. PLAINTIFF STILL FAILS TO STATE A CLAIM.

#### A. The Amended Complaint does not provide Defendant fair notice of the Claims against him.

Plaintiff argues her Amended Complaint is "not too vague" under Rule 8 because it contains a "short and plain statement" and because a Southern District of Ohio decision, *M.A. v. Wyndham Hotels & Resorts, Inc.*, allowed a trafficking claim to proceed despite a broad timeframe allegation. (Doc. No. 165, pp. 11–12). That misses the point; Defendant does not contend that TVPRA claims are held to fraud-like standards of particularity, nor do they demand calendar-day precision. The issue is more basic – Rule 8 and *Twombly/Iqbal* still require enough factual content to make the claim plausible and to give Defendants fair notice of what conduct is alleged, by whom, and when.

4

Plaintiff's Response does not address the substantial authority cited in Defendant's motion where TVPRA claims containing impermissibly vague allegations just like those in the Amended Complaint were dismissed. (*see* Doc. No. 118, pp. 9-10).

Instead, Plaintiff continues to plead key facts in an opaque manner. She provides sweeping timeframes ("early 2021," "early 2022," "the beginning of 2022"), no concrete dates for any alleged stay at the Plaza, and no information sufficient to identify the relevant actors or test the allegations against ordinary sources of proof (guest records, reservations, surveillance, staffing logs, and other business records). Plaintiff tries to dismiss this as a demand for fraud-level "who, what, when, where, why, and how," (Doc. No. 165, p. 13), but these are just basic notice requirements, not heightened pleading. *See, e.g., Bucco*, 555 F.Supp.3d at 642 ("**Without details as to who did what,**" the Court "**cannot determine whether the allegations are sufficient to state a TVPRA claim against each defendant.**") (emphasis added); *Pyatt*, 2022 WL 22883099, at *5 (Plaintiff's "allegations are **impermissibly vague** and conclusory[,]" including the "general and vague statements that (1) at unspecified dates; (2) unidentified individuals 'coerced' him into having sex with unnamed women[.]") (emphasis added). Because Plaintiff's Amended Complaint still forces Defendant Wiley and the Court to speculate, rather than assess plausibility, the claims against him should be dismissed.

### B. The Amended Complaint fails to state a claim against Defendant under 18 U.S.C. § 1591(a)(1).

Plaintiff cannot manufacture perpetrator liability by collapsing distinct defendants into a single collective "Defendants" label. The question under § 1591(a)(1) is whether the Amended Complaint plausibly alleges that *each* Defendant *knowingly* engaged in one of

5

the trafficking verbs in § 1591(a)(1) (e.g., recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits) while knowing or recklessly disregarding that force, threats, fraud, or coercion would be used to cause a commercial sex act. 18 U.S.C. § 1591(a)(1). Plaintiff's Response does not grapple with the actual, defendant-specific allegations pled against Defendant Wiley.

As argued in Defendant Wiley's Motion to Dismiss, and left unaddressed in Plaintiff's Response, the Amended Complaint's sole allegation that even arguably speaks to Defendant Wiley's required mens rea under § 1591(a)(1) is a bare conclusion. It asserts, without any supporting factual detail, that "Wiley met Domino and knew that he was Nancy's pimp and was forcing her to engage in commercial sex acts by threatening her with physical abuse and drug withdrawal." (Doc. No. 115, ¶ 102). Again, without more, this is precisely the type of unadorned inference that is not entitled to the presumption of truth at the pleading stage. *Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1233 (10th Cir. 2022) ("An allegation is conclusory if it states an inference without underlying facts or if it lacks any factual enhancement. Conclusory allegations are not entitled to the assumption of truth."). Plaintiff's Amended Complaint and Response never supply the basic facts to make that assertion plausible – when and where did Wiley and Domino supposedly meet? Under what circumstances? Was Plaintiff present? How does she know that Domino explained to Wiley that he was her pimp and he forced her to engage in commercial sex acts with threats of physical abuse and drug withdrawal, and why would Domino tell that to Wiley? None of the 245 allegations in Plaintiff's Amended Complaint, nor the 22 pages of her Response, answer these questions.

Instead, Plaintiff offers new gloss that "Defendants" were "concealing her . . . away from the prying eyes of law enforcement[.]" (Doc. No. 165, p. 19). That assertion is not a pleaded fact in the Amended Complaint, and it cannot be used in a Response brief to rescue an otherwise deficient § 1591(a)(1) claim. Ultimately, Plaintiff's allegations as to Defendant Wiley's knowledge of coercion remain conclusory and speculative, and they fail to plausibly satisfy the mens rea required for perpetrator liability under § 1591(a)(1).

### C. The Amended Complaint fails to state a claim against Defendant under 18 U.S.C. § 1591(a)(2).

Plaintiff's Response attempts to satisfy § 1591(a)(2) through broad policy statements about "infrastructure" and "physical spaces," coupled with conclusory assertions that "Defendants . . . failed to implement any training or safeguards." (Doc. No. 165, pp. 14-17). This is not enough. Plaintiff's Response does not cure the defects identified in Defendant's Motion to Dismiss; it largely adds new rhetoric and collective allegations untethered to the Amended Complaint.

Even accepting Plaintiff's framing that hotels may constitute "physical spaces" used by traffickers, venture liability still requires plausible, defendant-specific facts showing participating in a venture and the requisite mens rea—that the defendant knew or recklessly disregarded that coercion (force, threats, fraud, or coercion) would be used to cause commercial sex. 18 U.S.C. § 1591(a)(2).

With regard to Defendant Wiley, Plaintiff's Response still does not plead, much less explain, any facts showing the kind of collaborative "common undertaking" required for venture liability under § 1591(a)(2). The Tenth Circuit's analysis in *Bistline* (drawing from *Ricchio*) makes clear that "participation in a venture" requires more than proximity to

7

trafficking or generalized awareness; it requires facts plausibly showing a knowing relationship or coordinated involvement with the trafficker under circumstances where coercion is apparent. *Bistline v. Parker*, 918 F.3d 849, 874–75 (10th Cir. 2019) (applying *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017)). Plaintiff's Response ignores that framework and instead relies on conclusory shorthand that "Defendants" participated in a venture. But the Amended Complaint pleads no factual content showing any dealings, collaboration, agreement, or coordinated conduct between Wiley and Domino. The lone allegation tying Defendant Wiley to Domino is the bare assertion that "Wiley met Domino and knew that he was Nancy's pimp and was forcing her to engage in commercial sex acts by threatening her with physical abuse and drug withdrawal." (Doc. No. 115, ¶ 102). That is an unadorned conclusion not entitled to the presumption of truth. *See supra*, Argument § III(B). Without it, Plaintiff has not plausibly alleged the collaboration/common undertaking or the requisite knowledge or reckless disregard necessary to state a § 1591(a)(2) claim against Defendant Wiley.

*Safeguards/Training.* Plaintiff's Response repeatedly asserts a "total failure to implement safeguards" and "training," arguing that this alone establishes participation and knowledge. (Doc. No. 165, pp. 16-17). But those are legal conclusions, not facts, and they do not appear as pleaded factual allegations in the Amended Complaint. Plaintiff does not identify what safeguards were absent, what policies existed or did not exist, what training was required, who failed to administer it, or how those alleged omissions connect to Domino's coercive conduct at the Plaza. More fundamentally, alleging that a defendant "failed to intervene, alert authorities, improve awareness, or prevent exploitation" is not,

8

without more, a plausible allegation of participation in a trafficking venture. *Doe (K.E.C.) v. G6 Hospitality, LLC*, 750 F. Supp. 3d 719, 734 (E.D. Tex. 2024). Plaintiff's Response relies on the very type of "failure-to-prevent" narrative that courts have repeatedly found insufficient when divorced from concrete facts showing knowing participation and the requisite mens rea.

***Scope of Employment.*** Plaintiff's "scope of employment" subsection again conflates defendants and responds to arguments not made. She asserts that Ketter and Wiley argue they were not acting in the scope of their employment. (Doc. No. 165, p. 22). In actuality, neither Ketter nor Wiley's Motions to Dismiss contain a scope of employment argument. The Plaza's Motion to Dismiss contains argument that Defendant Wiley's alleged conduct cannot be imputed to the Plaza, because the alleged conduct would fall outside of the scope of his agency with the Plaza, but there is certainly no similar argument related to Defendant Ketter. To be clear, Defendant Wiley has not claimed in any pleading that he was acting outside of the scope of his agency relationship with the Plaza. Plaintiff then argues that because events occurred on Plaza premises, and Defendant Wiley allegedly traded rooms for sex, he was necessarily acting within the scope of agency. (Doc. No. 165, p. 22). She offers no authority in support of this proposition, and this proposition ignores basic agency principles anyways.

For the foregoing reasons, the Court should grant Defendant Wiley's Motion to Dismiss. In particular, dismissal is warranted because Plaintiff's anonymous filing without leave threatens the Court's jurisdiction; Plaintiff's allegations remain impermissibly vague

9

and fail to provide fair notice under Rule 8; and Plaintiff fails to state a plausible claim against Defendant Wiley under the TVPRA.

Respectfully Submitted,

s/ W. Riley Nester
Jessica L. Dark, OBA #31236
W. Riley Nester, OBA #36222
PIERCE COUCH HENDRICKSON
  BAYSINGER & GREEN, L.L.P.
1109 N. Francis Ave.
Oklahoma City, OK 73106
PH:   (405) 235-1611
FX:   (405) 235-2904
jdark@piercecouch.com
rnester@piercecouch.com
*Attorneys for Defendants*
*Plaza Hotels, LLC, Steve Ketter*
*and Michael Wiley*

### CERTIFICATE OF SERVICE

I certify that on this 12th day of December, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and a transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case:

| | |
|---|---|
| Fletcher D. Handley, Jr. | fdh@handleylaw.com |
| Geoffrey Parker | gparker@hiltonparker.com |
| Michael P. Kane | service@the702firm.com |
| Abby Rae Herren | |
| Eric A. Moen | eamoen@chubbucklaw.com |
| Charles D. Neal, Jr. | cdn@steidley-neal.com |
| Christopher T. Byrd | cbyrd@wwhgd.com |
| Jamie A. Rogers | jar@steidley-neal.com |
| Patrick E. Moore | pmoore@wwhgd.com |
| Philard L. Rounds, Jr. | plr@steidley-neal.com |
| Shubhra Mashelkar | smashelkar@wwhgd.com |

| | |
|---|---|
| David C. Senger | david@cswlawgroup.com |
| Hunter M. Siex | hunter@cswlawgroup.com |
| Kaylee P. Davis-Maddy | kmaddy@dsda.com |
| Michael S. Linscott | mlinscott@dsda.com |
| David Sager | david.sager@us.dlapiper.com |
| Mallory T. Biblo | Mallory.biblo@us.dlapiper.com |
| Alexander Gebert | alex.gebert@fmglaw.com |
| Robert Glenn Chadwick, Jr. | Bob.Chadwick@fmglaw.com |
| Edward J. Main | emain@secresthill.com |
| James K. Secrest, III | JSecrest3@secresthill.com |
| Justin L. Hall | jhall@secresthill.com |
| Daniel J. Thompson | dthompson@wsolaw.net |
| Emily Noble Richard | erichard@wsolaw.net |
| Jonathan L. Hilton | jhilton@hiltonparker.com |
| Steven M. Crowley | smcrowley@fentonlaw.com |
| Sterling E. Pratt | sepratt@fentonlaw.com |

                                                           s/ W. Riley Nester
                                                           W. Riley Nester