UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>　　　Plaintiff,<br>vs.<br><br>PLAZA HOTELS, LLC et al.,<br><br>　　　Defendants. | Case No.: 5:25-cv-462<br><br>Judge Charles B. Goodwin<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR ENTRY <u>OF PROTECTIVE ORDER</u>** |

**I.　　INTRODUCTION**

　　The Parties who have taken positions regarding the entry of a Protective Order protecting Plaintiff's identity all agree that entering a protective order is appropriate.  The sole dispute is over the precise language to be used in Paragraph 3(k) of the Protective Order, which governs the disclosure of Plaintiff's identity to Defendants' insurers.

　　All Defendants who have opposed Plaintiff's proposed language for ¶ 3(k) have joined in proposing alternative language that addresses Plaintiff's concern, expressed in meet-and-confer discussions, that the Protective Order needed to contain some mechanism for incentivizing Defendants' insurers to abide by its terms.

　　Had Defendants proposed this alternative language during meet-and-confer discussions, Plaintiff would have accepted and spared everyone the briefing. (Parker Decl., Ex. 1, ¶¶ 3–4.) The Court should enter the revised [Proposed] Protective Order attached hereto as Exhibit 2.

**II.　　BACKGROUND**

　　On November 20, 2025, Plaintiff Nancy R. ("Nancy") moved for entry of a Protective Order governing the disclosure and use of her True Identity in this action.  (Doc. 164.)  Under Local Civil Rule 7.1(g), Defendants had until December 11, 2025 to oppose Plaintiff's motion.

　　On December 10, 2025, Defendants Michael Wiley, Steve Ketter, Plaza Hotels, LLC, OKC Airport ES, LLC, and Chand & Saaj Hospitality, Inc. ("Responding Defendants") filed a partial opposition, in which they opposed *only* Plaintiff's proposed language for ¶ 3(k) of the Protective Order, governing the disclosure of Plaintiff's identity to Defendants' insurers. (Doc. 177.)

On December 11, 2025, Defendant Jaliyan Hospitality, Inc. ("Jaliyan") filed a timely joinder to the Responding Defendants' response, in which it raised no new arguments and made clear that it, too, opposed only Plaintiff's proposed language for ¶ 3(k). (Doc. 182.)

In their response brief, the Responding Defendants proposed two versions of alternative language for ¶ 3(k) that were never suggested during the extensive meet-and-confer discussions leading up to the filing of Plaintiff's Motion for Protective Order. *See* (Doc. 177, p. 7); (Parker Decl. ¶ 3.) One of these alternative versions reads:

> k) Insurers and indemnitors for any of the Parties, including coverage counsel for such insurers or indemnitors, to the extent reasonably necessary for evaluating, administering, or providing coverage or a defense in connection with this action. Before disclosing Plaintiff's True Identity to any such insurer or indemnitor, counsel for the disclosing Party shall provide that recipient with a copy of this Order and request that a representative execute the acknowledgment and agreement to be bound. Whether or not such acknowledgment is executed, the Parties and their counsel remain responsible for ensuring that any such recipient uses Plaintiff's True Identity solely for purposes of this litigation and any directly related coverage matters and maintains its confidentiality consistent with this Order.

(Doc. 177, p. 7.)

The time for any other Defendants to oppose the Motion for Protective Order has now passed, and the sole issue the parties have tee'd up for the Court's resolution is what language to use for ¶ 3(k) of the Protective Order. *See generally* (Docs. 164, 177, 182.)

### III.     ARGUMENT

Jaliyan and the Responding Defendants appear to concede that it is appropriate to ensure that some mechanism exists to ensure that Defendants' insurers agree to abide by the confidentiality restrictions of the Protective Order. *See* (Doc. 177, pp. 6–7; Doc. 182.) Given this, and for the reasons explained in Plaintiff's Motion (Doc. 164), the Court should adopt the version of alternative ¶ 3(k) language proposed by Defendants that includes such a mechanism, namely the version quoted in full in the preceding section. A revised [Proposed] Protective Order containing this alternative language is attached hereto as Exhibit 2.

## IV.  CONCLUSION

The Court should enter the revised [Proposed] Protective Order attached to this Reply as Exhibit 2, which contains language acceptable to all parties.

Dated:  December 17, 2025

/s/ Geoffrey C. Parker

Geoffrey C. Parker, Esq.
HILTON PARKER LLC
7658 Slate Ridge Blvd.
Reynoldsburg, OH 43068
Tel: (614) 992-2277
Fax: (614) 927-5980
gparker.com@hiltonparker.com
*Attorney for Plaintiff Nancy R.*