**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NANCY R., pseudonymously,<br><br>          Plaintiffs,<br>vs.<br><br>PLAZA HOTELS, LLC, et al.,<br><br>          Defendants. | Case No.: 5:25-cv-462<br><br><br>**PROTECTIVE ORDER RE**<br>**PLAINTIFF'S IDENTITY** |

**[PROPOSED] PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 5.2, and its inherent authority, the Court hereby orders the entry of the following Protective Order in this matter.

1.   Counsel for Plaintiff shall provide to the respective counsel for the Defendants the true identity and identifying information ("True Identity") of Plaintiff, and the identities and identifying information of Plaintiff's alleged traffickers, upon the entry of this Protective Order by the Court. As used herein, True Identity includes the following information:

   a) Name and any alias names used at any time;
   b) Date of birth;
   c) Social Security Number; and
   d) Current address and any prior addresses from 2010 to present.

In addition to the above, Plaintiff's counsel may also designate as "True Identity" any documents, testimony, written responses, or other materials produced in this case if Plaintiff's counsel has a good faith basis for asserting that they contain information, data, or tangible items that reflect Plaintiff's True Identity, including identifying physical attributes such as biometric data or photographs showing unique physical attributes of Plaintiff, her voice, physical addresses of residences or workplaces, or other personally identifiable information which by a reasonable probability could be used to identify or locate Plaintiff.

Notwithstanding the foregoing, Defendants shall retain their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the True Identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other information. Plaintiff is permitted to proceed pseudonymously throughout the pre-trial course of these proceedings. The Parties exclusively will reference the Plaintiff through the pseudonym "Nancy R." or as "Plaintiff" in all pre-trial public filings, throughout the course of discovery, and in all pre-trial public Court proceedings. This Protective Order shall have no effect during any trial in this matter and, prior to trial, the Court shall make a new determination as to whether Plaintiff may proceed pseudonymously at any trial in this case.

2. Plaintiff's counsel shall clearly mark any materials or information that contain Plaintiff's True Identity with the term "CONFIDENTIAL TRUE IDENTITY" and the Parties shall follow the procedures and requirements of this Protective Order concerning any materials or information containing references to Plaintiff's True Identity.

3. The Parties may disclose Plaintiff's True Identity to the following:

   a) The Parties to this litigation, including any employees, agents, and representatives of the Parties, as needed to investigate or litigate any claims or defenses;

   b) Counsel for the Parties and employees, agents, and representatives of counsel as needed to investigate or litigate any claims or defenses;

   c) The Court and court personnel under provisional seal and accompanied with a Motion to Seal;

   d) Members of the jury;

   e) Court reporters, recorders, and videographers engaged for depositions. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

   f) Any mediator appointed by the Court or jointly selected by the Parties, provided that the Mediator signs the acknowledgment and agreement to be bound;

   g) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation only if said expert/consultant/investigator has signed the acknowledgment and agreement to be bound;

   h) Any custodian of records, but only to the extent that Plaintiff's True Identity will assist the custodian in obtaining and producing records.

i) Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with this litigation. Before any disclosure to such a person, the person must sign the acknowledgement and agreement to be bound;

j) Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's True Identity is necessary to investigate or litigate any claims or defenses or to comply with any obligations or requirements;

k) Insurers and indemnitors for any of the Parties, including coverage counsel for such insurers or indemnitors, to the extent reasonably necessary for evaluating, administering, or providing coverage or a defense in connection with this action. Before disclosing Plaintiff's True Identity to any such insurer or indemnitor, counsel for the disclosing Party shall provide that recipient with a copy of this Order and request that a representative execute the acknowledgment and agreement to be bound. Whether or not such acknowledgment is executed, the Parties and their counsel remain responsible for ensuring that any such recipient uses Plaintiff's True Identity solely for purposes of this litigation and any directly related coverage matters and maintains its confidentiality consistent with this Order;

l) Any potential, anticipated, or actual fact witness, and their counsel, but only to the extent there is a reasonable belief that Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts -- except that:

   i. Plaintiff's True Identity must not be disclosed to Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s), unless the Parties follow the procedures in paragraph (m) below; and

   j. Plaintiff's known trafficker(s) or Plaintiff's traffickers' known affiliate(s) and their counsel, but only to the extent Plaintiff's True Identity will assist the witness in recalling, relating or explaining facts; provided, however, that before contacting a trafficker or affiliate, Defendants shall provide Plaintiff 10 days' written notice by email to her counsel, stating the names of the individuals to be contacted. Defendants agree that they will under no circumstances reveal to a trafficker or affiliate the Plaintiff's whereabouts or contact information, or the whereabouts or contact information of Plaintiff's family members.

The Parties are prohibited from disclosing Plaintiff's True Identity to any person or entity other than those listed in this Protective Order. If the Parties believe they have good cause to make a disclosure that is not authorized under the terms of this Protective Order or to seek modification of this Protective Order, they may bring a motion to the Court for an order allowing disclosure.

4.      The Court highly discourages the manual filing of any pleadings or documents under seal. Nothing in this Protective Order authorizes the filing of protected materials under seal. This means that documents may not be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). Thus, the Parties may seek the Court's permission to file documents that are necessarily unredacted under seal in accordance with this process.

5.      All Parties and any third parties appearing or submitting filings in this case are required to redact the True Identity and any identifying information (for example, full name, social security number, date of birth, address, medical records number) of Plaintiff in their pre-trial filings with the Court.

6.      To the extent any Party or non-party has questions or concerns about whether any forthcoming filing complies with the requirements of this Order, such Party or non-party should seek leave of Court prior to submitting any such filing.

7.      The failure to identify Plaintiff in the Complaint need not be addressed on the pleadings stage motions.

8.      The Parties will comply with the good faith meet-and-confer requirement in Fed. R. Civ. P. 37(a)(1) prior to seeking judicial intervention if there are any disputes relating to this Protective Order.

      **IT IS SO ORDERED** this _____ day of _____, 2025.

      _____
      JUDGE CHARLES B. GOODWIN
      U.S. DISTRICT COURT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Western District of Oklahoma on _____ [date] in the case of *Nancy R. et al. v. Plaza Hotels, LLC et al.*, Case No. 5:25-cv-462.

    I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Western District of Oklahoma for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____