# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. 5:25-cv-00462-G |
| PLAZA HOTELS, LLC, et al., | ) |
|                 Defendants. | ) |

**THE WYNDHAM FRANCHISOR DEFENDANTS'**
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

The Wyndham Franchisor Defendants[1] file this Reply in Support of their Motion to Dismiss (ECF No. 132) Plaintiff's First Amended Complaint (ECF No. 115 ("FAC")).

## REPLY ARGUMENT

**A.  Plaintiff's TVPRA perpetrator liability claim should be dismissed.**

In the Motion to Dismiss ("Motion"), the Wyndham Franchisor Defendants demonstrate that the First Amended Complaint fails to state a claim for perpetrator liability against them. ECF No. 132 at 5-7. Plaintiff's Response in Opposition to the Motion (ECF No. 176 ("Response")) does not respond to this argument. Thus, Plaintiff has conceded the issue, and the claim should be dismissed. *Cigar Box, LLC v. Hous. Specialty Ins. Co.*, 685 F. Supp. 3d 1269, 1279 (W.D. Okla. 2023) (collecting cases).

**B.  Plaintiff's TVPRA beneficiary liability claim should be dismissed.**

The Motion further shows that the First Amended Complaint lacks well-pleaded allegations supporting a plausible inference that the Wyndham Franchisor Defendants are liable under a beneficiary liability theory. ECF No. 132 at 7-15. The Response does not distinguish the relevant cases from this Circuit; rather, it relies on inapposite cases from outside this Circuit. The Wyndham Franchisor Defendants respectfully suggest that this Court should follow the cases from within this Circuit and grant the Motion.

> **1.  Plaintiff fails to plausibly allege the Wyndham Franchisor Defendants participated in a TVPRA venture.**

Plaintiff argues that the Wyndham Franchisor Defendants' "relationships with their [Wyndham Franchisee Defendants] qualifies as a venture." ECF No. 176 at 20. Plaintiff's

---

[1] Capitalized terms not otherwise defined in this Reply have the meanings assigned to those terms in the Motion to Dismiss (ECF No. 132) Plaintiff's First Amended Complaint.

position is not the law. The franchisor-franchisee relationship, without facts to "connect the dots between Plaintiff's alleged sex trafficking and the [Franchisor] Defendants," is not sufficient to satisfy the participation in a venture requirement. *Doe (S.C.) v. Sheraton, LLC*, No. 23CV451, 2024 WL 1329422, at *6 (D.N.M. Mar. 28, 2024). In the *Doe (S.C.) v. Sheraton* case, the court expressly rejected the plaintiff's allegation that the commercial venture between the franchisor and franchisee violated the TVPRA. *Id.* ("[I]t is not the franchisee-franchisor relationship which violated the TVPRA"). The Response fails to distinguish *S.C.* or otherwise address the Wyndham Franchisor Defendants' arguments. ECF No. 132 at 10-11. Instead, Plaintiff cites *Doe (H.E.W.) v. Radisson Hosp., Inc.*, No. A-23-CV-1456, 2025 WL 349556 (W.D. Tex. Jan. 21, 2025), which is neither binding nor persuasive.[2] As such, Plaintiff has not sufficiently alleged the Wyndham Franchisor Defendants participated in a venture that violated the TVPRA as to Plaintiff.

### 2.     Plaintiff failed to plausibly allege the Wyndham Franchisor Defendants knew or should have known of Plaintiff's sex trafficking.

The district courts in this Circuit have uniformly held that a plaintiff must allege facts showing that a hotel franchisor knew or should have known about the venture that

---

[2] The decision in *H.E.W.* does not explain its reasoning and instead cites to the Eleventh Circuit's decision in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021). *See H.E.W.*, 2025 WL 349556, at *8. But the *Red Roof* decision did not hold that the franchisor-franchisee relationship suffices to plead participation in a venture that violated the TVPRA as to Plaintiff. Indeed, that court did not reach that issue because the plaintiff did not plead it. *Red Roof*, 21 F.4th at 727. Further, other Texas district courts have reached the opposite conclusion. *See Doe (C.A.A.) v. Hyatt Corp.*, No. 3:24-CV-1229, 2025 WL 1953857, at *4 (N.D. Tex. July 15, 2025) (holding that franchise relationship insufficient because plaintiff must allege participation in a venture "beyond what would reasonably be expected in an ordinary commercial transaction.").

trafficked the plaintiff at its franchised hotel *and* that general knowledge of sex trafficking at other hotels owned by a corporate defendant is insufficient to state a claim under the TVPRA. ECF No. 132 at 14-15. Again, the Response makes no effort to distinguish any of these cases or otherwise address the Wyndham Franchisor Defendants' arguments. Rather, Plaintiff cites out-of-Circuit cases, only one of which involves a hotel franchisor but is distinguishable given that Plaintiff alleges that the Wyndham Franchisor Defendants mandated anti-trafficking training programs. *See* ECF No. 115 ¶¶ 60, 64; ECF No. 176 at 20-22.[3] Plaintiff does not point to any well-pleaded allegation in the First Amended Complaint that the Wyndham Franchisor Defendants had any knowledge of a venture that allegedly trafficked Plaintiff at any of the Wyndham Franchised Facilities.[4]

---

[3] *See M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968 (S.D. Ohio 2019) ("[The plaintiff] has alleged that Defendants were on notice about the prevalence of sex trafficking generally at their hotels and failed to take adequate steps to train staff in order to prevent its occurrence.").

[4] Further, the First Amended Complaint does not contain allegations that Stay Remarks suggest that guests were being trafficked. *See* ECF No. 115 ¶ 164(d) ("Natha/Jaliyan must use one of two Super 8-approved Property Management Systems, both of which: interface with the Central Reservation System; record all room reservations and house all information and notes regarding individual guests; record and schedule all property management tasks; and interface with the Super 8-approved credit card processing system."); ¶ 183(e) ("Raj Krupa must use one of two Days Inn-approved Property Management Systems, both of which: interface with the Central Reservation System; record all room reservations and house all information and notes regarding individual guests; record and schedule all property management tasks; and interface with the Days Inn-approved credit card processing system."); ¶ 196(e) ("C&S must use one of two Ramada-approved Property Management Systems, both of which: interface with the Central Reservation System; record all room reservations and house all information and notes regarding individual guests; record and schedule all property management tasks; and interface with the Ramada-approved credit card processing system."); ¶ 210(e) ("Yash must use one of two Howard Johnson-approved Property Management Systems, both of which: interface with the Central Reservation System; record all room reservations and house all information and notes regarding individual guests; record and schedule all

Plaintiff further argues that the First Amended Complaint alleged the Wyndham Franchisor Defendants required the Wyndham Franchisee Defendants "to record and report signs of criminal activity, including evidence of sex trafficking." (ECF No. 176 at 23) Plaintiff omits the fact that the First Amended Complaint does not allege that the Wyndham Franchisee Defendants or their employees *reported* Plaintiff's alleged trafficking to the Wyndham Franchisor Defendants (or otherwise). The mere existence of a policy applicable to franchisees does not establish the franchisor somehow knew of an alleged TVPRA venture. *See Doe (A.M.L.) v. Wyndham Hotels & Resorts, Inc.*, No. 8:23-cv-01554, 2024 WL 2104596, at *3 (C.D. Cal. Feb. 28, 2024) (providing that a reporting policy "does not in and of itself establish that the hotel staff actually did report such activity or even that the hotel staff followed the policy and would have reported the suspicious activity to the Wyndham Brand Defendants."); *S.G. v. Vagabond Inn Corp.*, No. 8:21-cv-955, 2022 WL 22903718, at *7 (C.D. Cal. Mar. 2, 2022) ("[A]lthough the complaint cites to Defendants' corporate policies related to sex trafficking, it does not similarly allege that the franchisee hotel staff, who allegedly witnessed signs of Plaintiff's sex trafficking, reported these signs to Choice or Wyndham pursuant to any corporate policies so as to indicate these Defendants' knowledge of Plaintiff's trafficking.") (citations modified); *Doe (T.M.) v. G6 Hosp. LLC*, No. 1:23-cv-2598, 2024 WL 4457563, at *6 (N.D. Ga. Sept. 23, 2024) (denying request to amend where plaintiff alleges "G6 Hospitality required Unity Plus to report suspected criminal activity" but "fails to allege Unity Plus or anyone else ever

---

property management tasks; and interface with the Howard Johnson-approved credit card processing system.").

4

*actually* alerted G6 Hospitality to anything from which it could have known about her victimization.") (emphasis in original); *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1022-26 (D. Or. 2021) (dismissing TVPRA claim where "Defendants also allegedly provided their branded properties with a platform for employees to report suspicious activities occurring at the hotel to Defendants."). Because Plaintiff has failed to adequately respond to the Wyndham Franchisor Defendants' arguments, the beneficiary claim should be dismissed.

**C.     The First Amended Complaint Fails to State a Claim for Vicarious Liability.**

Plaintiff devotes a significant portion of her Response arguing for indirect liability under an agency or joint employer theory. ECF No. 176 at 15-18. Plaintiff, however, cannot state a claim for vicarious liability against the Wyndham Franchisor Defendants for three, independent reasons: (1) Plaintiff has failed to allege an underlying TVPRA violation by a Wyndham Franchisee Defendant; (2) the First Amended Complaint does not contain any well-pleaded facts to plausibly suggest the Wyndham Franchisor Defendants had control over the Wyndham Franchisee Defendant in a manner that caused Plaintiff's alleged injuries; and (3) Plaintiff's joint employer claim is based on a conclusory allegation (ECF No. 115 ¶ 238) without any factual allegations to support it, which is insufficient to state a claim. Motion at 15-22. Plaintiff's Response fails to effectively rebut these arguments.

First, the Motion cites cases dismissing vicarious liability claims where the plaintiff did not sufficiently allege a TVPRA claim against the franchisee and sets forth why the First Amended Complaint fails to plausibly allege that any of the Wyndham Franchisee Defendants participated in a TVPRA venture in this case. ECF No. 132 at 15-16, 21-22.

5

Plaintiff's statement in the Response that the Motion "largely declines to dispute the liability of the [Wyndham Franchisee] Defendants" is simply untrue. ECF No. 176 at 14. Moreover, Plaintiff fails to cite to a single allegation in the First Amended Complaint or to any case supporting a TVPRA claim against any Wyndham Franchisee Defendant. Because Plaintiff fails to properly respond to this argument, she has conceded it. *Cigar Box, LLC*, 685 F. Supp. 3d at 1279.[5]

Second, with regard to agency and control, the Motion demonstrates that Plaintiff's First Amended Complaint relies on conclusory allegations tracking legal elements of an agency relationship made "upon information and belief." ECF No. 132 at 17-18. This Court need not accept such allegations as true without specific facts to support them. *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The only non-conclusory allegations in the First Amended Complaint are that the Wyndham Franchisor Defendants imposed

---

[5] Perhaps hoping to circumvent the Court's page limitations, Plaintiff impermissibly attempts to incorporate arguments in briefs she filed against two other Wyndham Franchisee Defendants, both of which are 25 pages (ECF Nos. 173, 174). Courts in this Circuit routinely reject parties' attempts to incorporate arguments from other filings "in lieu of fully setting forth their arguments before [the] court." *In re Antrobus*, 563 F.3d 1092, 1097 (10th Cir. 2009); *see also Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 321 F.3d 950, 979 n.14 (10th Cir. 2003) ("This court is under no obligation to consider arguments not fully set forth in a party's . . . brief, including arguments incorporated by reference to prior pleadings or other materials."); *Avodah Farms v. O'Hara-Rusckowski*, No. 24-cv-233, 2025 WL 1676509, at *7 n.7 (D. Colo. June 13, 2025) (collecting cases and observing that courts "routinely reject" incorporation); *Altstatt v. Bd. of Cnty. Comm'rs for Okla. Cnty.*, No. CIV-22-811, 2023 WL 6279532, at *1 n.1 (W.D. Okla. Sept. 26, 2023) ("Plaintiff's attempt to incorporate arguments from other briefs is ineffectual and is disregarded."); *Thompson v. Howard*, Civ. No. 25-2497, 2025 WL 3229651, at *1 (D. Kan. Nov. 19, 2025) (disregarding "materials which a party attempts to incorporate by reference" because it "hinders the Court's ability to review the merits of the substantive arguments and unfairly allows a party to avoid page limitations.").

6

brand standards typical of any franchise relationship, but courts have determined such allegations are not sufficient to demonstrate that a franchisee was a franchisor's agent. ECF No. 132 at 18-19. Plaintiff yet again fails to respond to or distinguish the case authorities cited in the Motion. ECF No. 132 at 19-20.

Third, Plaintiff misleadingly claims that the Wyndham Franchisor Defendants did not address her joint employer theory. ECF No. 132 at 18. This is incorrect. The Motion specifically addresses the theory and criticizes the conclusory allegation in the First Amended Complaint (¶ 238) precisely because it is devoid of any supporting factual allegations. ECF No. 132 at 15. Plaintiff cites to the same conclusory paragraph in support of her joint employer theory. That is insufficient as a matter of law. *See Freeman v. Raytheon Techs. Corp.*, No. 23-1133, 2024 WL 1928463, at *5 (10th Cir. May 2, 2024); *Langkamp v. Mayes Emergency Servs. Tr. Auth.*, No. 16-CV-676, 2017 WL 2819003, at *5 (N.D. Okla. June 29, 2017); *Mitchem v. Edmond Transit Mgmt.*, No. CIV-10-1203, 2012 WL 2370669, at *4 (W.D. Okla. June 22, 2012).

In *Freeman*, the Tenth Circuit listed the factors courts consider in determining "whether an entity exercised significant control" over employees, including:

> [T]he ability to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits and hours; day-to-day supervision of employees, including employee discipline; and control of employee records, including payroll, insurance, taxes and the like. Most importantly, . . . we ask whether [defendant] had the right to terminate the employment relationship.

*Freeman*, 2024 WL 1928463, at *5 (citing *Knitter v. Corvias Mil. Living, LLC*, 758 F.3d 1214, 1226, 1228 (10th Cir. 2014)). In that case, because there was nothing in the complaint

7

to indicate the defendant had the right to fire the employee and no factual allegations relevant to the significant control analysis, there was nothing to permit the court to draw a reasonable inference that the defendant was the employer. *Id.*; *see also Langkamp*, 2017 WL 2819003, at *5 (providing that although plaintiffs argued in their brief that defendants "co-determined the essential terms and conditions of employment," plaintiffs failed to support the claim with sufficient factual allegations in the complaint); *Mitchem*, 2012 WL 2370669, at *4 (granting motion to dismiss where the pleading had "no factual allegations that the City had any role in matters related to his employment").

Plaintiff's First Amended Complaint does not allege the Wyndham Franchisor Defendants had the right to terminate employees of the Wyndham Franchisee Defendants, and it does not contain facts relevant to the significant control analysis employed in *Freeman* or the other cases from this Circuit. Plaintiff's reliance on a Ninth Circuit case (*Ray v. L.A. Cnty. Dep't of Pub. Soc. Servs.*, 52 F.4th 843 (9th Cir. 2022)) is misplaced inasmuch as that case did not involve a franchisor-franchisee relationship. *See* ECF No. 132 at 18. Plaintiff restates the same argument she advances to support an agency relationship, but that is not sufficient under the case law. Plaintiff's joint employer claim should be dismissed.

**D.    Count II Should be Dismissed.**

Plaintiff agrees her claim under the Oklahoma Sex Trafficking statute (Count II) should be dismissed if her TVPRA claim is dismissed. *See* ECF No. 132 at 23. Because, as shown above and in the Motion, Plaintiff's TVPRA claim should be dismissed, the Oklahoma state law claim should also be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Complaint against the Wyndham Franchisor Defendants should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: December 19, 2025

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
    & ANDERSON, L.L.P.

*/s/ Kaylee P. Davis-Maddy*
Michael S. Linscott, OBA No. 17266
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
mlinscott@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524
kmaddy@dsda.com

David S. Sager, Esq. (*pro hac vice*)
David.Sager@us.dlapiper.com
51 John F. Kennedy Pkwy., Suite 120
Short Hills, New Jersey 07078-2704
Telephone: (973) 520-2570
Facsimile: (973) 215-2604

Mallory Biblo, Esq. (*pro hac vice*)
Mallory.Biblo@us.dlapiper.com
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545

*Attorneys for Super 8 Worldwide, Inc.,*
*Days Inns Worldwide, Inc.,*
*Ramada Worldwide, Inc., and*
*Howard Johnson International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 19, 2025, a true and correct copy of the foregoing document was served upon all counsel who have consented to electronic service.

And by U.S. Mail, postage prepaid to:

Kajal Hospitality, LLC
c/o Jaydip Modi
1120 S. 10th St.
Clinton, OK 73601

*/s/ Kaylee P. Davis-Maddy*