## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY R., pseudonymously, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| PLAZA HOTELS, LLC; STEVE KETTER; MICHAEL WILEY; OKC AIRPORT ES, LLC; ESH STRATEGIES FRANCHISE, LLC; KAJAL HOSPITALITY, LLC; JALIYAN HOSPITALITY, INC.; SUPER 8 WORLDWIDE, INC.; RAJ KRUPA HOTEL, LLC; DAYS INNS WORLDWIDE, INC.; CHAND & SAAJ HOSPITALITY, INC.; RAMADA WORLDWIDE, INC.; YASH ENTERPRISES, INC.; HOWARD JOHNSON INTERNATIONAL, INC.; NOOR HOTEL, LLC; AMBICA, LLC; OM, LLC; INDRA, LLC; AND G6 HOSPITALITY FRANCHISING, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   No. 5:25-cv-00462-G |
| | ) |
|     Defendants. | ) |

### ESH STRATEGIES FRANCHISE, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant ESH Strategies Franchise, LLC ("ESH"), by and through its undersigned counsel, hereby submits its Reply to Plaintiff Nancy R.'s ("Plaintiff" or "Nancy") Response to ESH's Motion to Dismiss Amended Complaint ("Response"), showing the honorable Court as follows:

## Table of Contents

**Table of Authorities** ............................................. **Error! Bookmark not defined.**

**INTRODUCTION**................................................................................................2

**I.   Plaintiff Claims ESH is Liable as a Direct Beneficiary.**................................3

**II.   Plaintiff Claims ESH is Liable through Theories of Agency or as a Joint Employer of OKC ES'S Staff.**................................................................................9

**CONCLUSION**..................................................................................................11

## Table of Authorities

**Cases**

*B.J. v. G6 Hosp., L.L.C.*,
  No. 22-cv-03765-MMC, 2023 U.S. Dist. LEXIS 88180 (N.D. Cal. May 19, 2023) ........................................................................................................5, 6, 8

*A.B. v. Shilo Inn, Salem, L.L.C., No. 3:23-cv-00388-IM*,
  2023 U.S. Dist. LEXIS 143289 (D. Or. Aug. 15, 2023) ............................... 6, 7, 8

*Lundstrum v. Choice Hotels Int'l, Inc.*,
  2021 WL 5579117 (D. Colo. Nov. 20, 2021) ..................................................9, 10

*J.L v. Best Western Int'l*,
  521 F.Supp. 1048 (D. Colo. Feb. 24, 2021) ..........................................................9

*Knerr v. Boulder BJ, LLC*,
  2023 U.S. Dist. LEXIS 184885 (D. Colo. July 14, 2024) ...................................10

*Vaught v. Chaudhry's Inv. Grp., Inc.*,
  2010 U.S. Dist. LEXIS 154660 ..........................................................................10

**INTRODUCTION**

Plaintiff's Response confirms—rather than cures—the fatal pleading defects in ESH's First Amended Complaint (the "Amended Complaint"). Plaintiff's allegations fail to plausibly plead either a direct or indirect beneficiary claim under the TVPRA, and as a result, the Amended Complaint fails as futile. Specifically, the Amended Complaint almost exclusively pleads what have been recognized as indicators of prostitution only – not trafficking knowledge that is imputed to ESH. Second, Plaintiff's "reckless disregard" theory is impermissibly statistical and generalized. Reckless disregard requires awareness of substantial risk to *this victim*, not generalizations about an entire industry. Third, Plaintiff has not established agency or joint-employer liability as a matter of law because monitoring brand standards and implementing quality assurance oversight do not create agency. That is, Plaintiff's allegations fail to plausibly establish ESH's right to control the specific conduct alleged to be tortious. As a result, Plaintiff's Amended Complaint as to ESH should be dismissed.

I. **Plaintiff Claims ESH is Liable as a Direct Beneficiary.**

Plaintiff claims ESH is liable as a direct beneficiary aside from any agency or joint-employer arguments. Plaintiff argues OKC ES was a perpetrator of Plaintiff's trafficking because OKC ES harbored Plaintiff, knowing (or recklessly disregarding) that Plaintiff was actually being trafficked – meaning not just prostitution, but

coerced to have commercial sex against her will. Plaintiff continues the argument alleging ESH participated in a venture with OKC ES while ESH should have known that Plaintiff was not just a prostitute but was coerced to have commercial sex against her will. Plaintiff's argument fails for two reasons.

First, Plaintiff has not sufficiently alleged that OKC ES is a perpetrator. In order for OKC ES to be an actual perpetrator, OKC ES must have had actual knowledge (or recklessly disregarded) that Plaintiff was a trafficking victim being coerced to have commercial sex against her will. Plaintiff argues that OKC ES had actual knowledge because OKC ES knew that Nancy R. was a prostitute based on the "red flags" associated with prostitution cited in her Complaint. Simply knowing that Plaintiff was a prostitute is clearly not enough for perpetrator liability, as Plaintiff concedes. Plaintiff must also show that OKC ES knew (or recklessly disregarded) that Plaintiff was being coerced to have commercial sex and was not simply just a prostitute. Plaintiff has no evidence or factual allegations that OKC ES actually knew (or recklessly disregarded) that Plaintiff was being coerced to have commercial sex. Instead of citing actual evidence or factual allegations of actual knowledge by OKC ES, Plaintiff simply states that since OKC ES is a hotel in the hospitality industry, they should know more than 50% of prostitutes are coerced based on industry knowledge and, therefore, OKC ES must have known (or recklessly disregarded) that Plaintiff was most likely being coerced. *Pl.'s Resp., p. 15, (Doc 175).* Nothing about this argument relies on actual evidence of this

particular hotel's knowledge, nor does it make any fact-based allegations that this particular hotel actually did know (or recklessly disregard) that Plaintiff was actually being coerced by her pimp. Plaintiff simply cites to certain propositions from books on prostitution, claiming that most – meaning more than 50% – prostitutes are actually coerced by their pimp. *Pl.'s Resp.*, p. 15 *(Doc 175).* There is no evidence and no factual allegations that this particular hotel knew about these particular books, agreed with the conclusions of these books on prostitution, or made the application of the finding that most prostitutes are coerced to Plaintiff's situation.[1]

When actual knowledge (or reckless disregard) is required, Plaintiff cannot rely on speculation that this hotel reviewed the same books on prostitution stating that most prostitutes are coerced, or that this hotel believed in the accuracy of the conclusions of those books. Nor can Plaintiff rely on speculation that this particular hotel knew (or recklessly disregarded) that Plaintiff was one of the prostitutes in the

---

[1] Plaintiff does also allege OKC ES had requisite knowledge because a pimp allegedly patrolled the hallways with an AK47 and that Plaintiff was beaten by a trafficker leaving a bruise. However, according to Plaintiff's own Complaint, the AK47 incident clearly took place after Plaintiff had already departed the OKC ES hotel and was no longer being trafficked. Plaintiff alleges that the AK47 incident occurred in March or April of 2022. *FAC*, ¶ 125. Plaintiff alleges in her Complaint that she was trafficked from early 2021 to the beginning of 2022. *FAC,* ¶ 81. First, "the beginning of 2022" would not reasonably include March or April of 2022. More importantly, Plaintiff alleges that she stayed at the OKC ES for 20 straight days. *Compl.* ¶ 107. Plaintiff also alleges in her Complaint that there was a "contemporaneous 2021 review" that ESH should have been aware of while Plaintiff was actually at the hotel, hence the use of the word "contemporaneous." *FAC,* ¶ 110. Since Plaintiff was at the OKC ES hotel in 2021 for 20 straight days, the latest possible date she could have been at the OKC ES hotel is January 19, 2022. This means the alleged incident with AK47 in March or April 2022 was after the fact and could not have provided notice to OKC ES of Plaintiff's alleged trafficking. As for the allegation that the trafficker struck Plaintiff leaving a bruise on one occasion, there is no allegation that OKC ES witnessed this assault and therefore, if they did see a bruise, even combined with other red flags of commercial sex, a bruise would not be sufficient to establish even constructive knowledge of sex trafficking. *B.J. v. G6 Hosp., L.L.C.*, No. 22-cv-03765-MMC, 2023 U.S. Dist. LEXIS 88180, at *17 (N.D. Cal. May 19, 2023)**.**

alleged statistical majority of prostitutes who was coerced. Plaintiff is simply compounding speculation on top of speculation to come to her conclusion that this hotel must have known, or did know, that Plaintiff was not just a prostitute and was actually coerced into commercial sex.

Simply alleging a hotel should have known a Plaintiff was a prostitute is not even sufficient to establish beneficiary liability which does not require actual knowledge of coercion. *See AB Infra., BJ Infra.* So, it is certainly not sufficient to establish perpetrator liability, which requires actual knowledge (or reckless disregard) of coercion, by extrapolating that since OKC ES knew Plaintiff was a prostitute, they knew (or recklessly disregarded) that she was coerced.

Second, Plaintiff's direct beneficiary liability claim against ESH fails because Plaintiff fails to sufficiently allege facts that ESH should have known Plaintiff was being coerced to have commercial sex against her will, as opposed to simply having should have known that she was a prostitute. On page 24 of her brief, Plaintiff sets forth the factual allegations as to why ESH should have known Plaintiff was not just a prostitute, but a sex trafficking victim. Plaintiff alleges that ESH, as a franchisor, should have known the number of condoms in Plaintiff's trash can, that Plaintiff paid in cash from day-to-day for 20 days, that there was heavy foot traffic to Plaintiff's room, and that ESH, as a franchisor, could somehow discern that higher laundry bills for 20 days meant Plaintiff must have used a lot of extra linens. Setting aside the unreasonable assumption that ESH as a franchisor would know about things like the

number of condoms in a trash can or that somehow one guest's request for extra linens for a 20-day stay would cause the laundry bill to be so high, that the franchisor should have known that Plaintiff was being coerced to have commercial sex against her will, even if ESH did know about all these "red flags," knowledge of those red flags still only establishes potential knowledge of prostitution, not trafficking, which requires coercion against Plaintiff's will.

Plaintiff must show that ESH should have known that Plaintiff was coerced to have commercial sex against her will. Plaintiff makes no such allegations about coercion in her brief and only sets forth red flags consistent with voluntary prostitution, which has consistently been held insufficient to establish beneficiary liability, especially against a franchisor. *A.B. v. Shilo Inn, Salem, L.L.C.*, No. 3:23-cv-00388-IM, 2023 U.S. Dist. LEXIS 143289 (D. Or. Aug. 15, 2023). In the *AB* case, Plaintiff made remarkably similar, allegations of "red flags" in support of her claim that the hotel should have known that she was a victim of sex trafficking. These red flags included malnourishment, constant foot traffic to Plaintiff's room, excessive condoms in the trash, and excessive requests for extra linens. *AB* at *5. Plaintiff also cited to defendants' industry knowledge of sex trafficking and negative online reviews of the subject hotel alleging multiple crimes on site. *AB* at *16-17. While these allegations are certainly consistent with commercial sex in general, the Court held that these allegations were insufficient to establish the requisite knowledge as they did not provide notice of commercial sex activity by force, threats of force,

fraud, or coercion. *AB* at *17. *See also B.J v. G6 Hosp., LLC*, 2023 U.S. Dist. LEXIS 88180 (Plaintiff alleged constructive knowledge of trafficking based on the trafficker collecting money from buyers at the hotel, visible bruising on Plaintiff, violence towards plaintiff by a buyer, staff actually witnessing Plaintiff conducting a commercial sex transaction in her room, and multiple buyers coming in and out of Plaintiff's room on any given day. Nonetheless, the Court held this was sufficient to establish the requisite knowledge of coercion, stating, "such allegations, however, are equally consistent with criminal conduct other than sex trafficking, e.g., prostitution." *B.J.* at *16-18.)

As such, even if ESH was somehow aware of these red flags, indicating potential commercial sex activity, this does not establish that ESH should have known Plaintiff was being coerced and was therefore a victim of sex trafficking. Additionally, as touched on above, ESH, as the franchisor, who is not on-site at the hotel, would have no way of knowing about foot traffic to Plaintiff's room, how many condoms were in Plaintiff's trashcan, whether Plaintiff had a bruise, or how Plaintiff interacted with others in the hotel.  Nor are there any allegations in the Complaint that the franchisor was on-site or was made aware of these specific details regarding one guest who stayed for 20 days.  For these reasons, Plaintiff's direct beneficiary claim against ESH must be dismissed.

II. **Plaintiff Claims ESH is Liable through Theories of Agency or as a Joint Employer of OKC ES'S Staff.**

Plaintiff cannot establish agency or joint-employer liability as a matter of law. In an attempt to extend liability to ESH, Plaintiff relies on brand standards, training requirements, reservation systems, quality assurance inspections, and data access. However, none of Plaintiff's allegations plausibly allege ESH's right to control the specific conduct alleged to be tortious, such as how the front-desk staff interacted with Plaintiff or how alleged trafficking indicators were handled. In other words, Plaintiff has failed to show that ESH exercised control over "particular instrumentality" that caused harm. *See Lundstrum v. Choice Hotels Int'l*, *Inc.*, 2021 WL 5579117, at *3-4 (D. Colo. Nov. 20, 2021); *J.L v. Best Western Int'l,* 521 F.Supp. 1048 (D. Colo. Feb. 24, 2021). Plaintiff does attempt to argue on page 9 of her brief that OKC ES "had to comply with other brand standards like . . . using ESH's defined pay rates, job titles, and terms of employment," citing to ¶ 130(h) of FAC. However, ¶ 130(h) does not allege that OKC ES was required to follow ESH's defined pay rates and terms of employment. ¶ 130(h) alleges **"suggested"** pay rates and terms of employment." A suggestion is not directing or controlling. In addition, as discussed in ESH's Motion to Dismiss, courts consistently hold that franchisor oversight to protect brand integrity does not create agency. In this case, the Response does not allege that ESH controlled OKC ES's staffing decisions, supervised OKC ES's employees, directed responses to suspected criminal activity, or managed

security or guest policies. Absent an allegation that ESH controlled the instrumentality of the harm, agency fails as a matter of law.

Similarly, Plaintiff's joint-employer theory is legally foreclosed as a matter of law. In cases where joint-employer liability is alleged, the Tenth Circuit evaluates whether the franchisor and franchisee "co-determine the essential terms and conditions of employment." Relevant factors include the right to hire and fire employees, control over work schedules, determination of pay rates, and maintenance of employment records, with the power of hiring and termination as being the most critical. *See Knerr v. Boulder BJ, LLC*, 2023 U.S. Dist. LEXIS 184885, * 19 (D. Colo. July 14, 2024). In this case, Plaintiff's Amended Complaint does not allege that ESH hired or fired OKC ES employees, set wages or schedules, supervised OKC ES daily work, or had any role or control in disciplinary decisions or training implementation. *See Lundstrum v. Choice Hotels Int'l, Inc.*, 2021 WL 5579117, at *3-4 (D. Colo. Nov. 20, 2021). Further amendment would not change this reality. Thus, Plaintiff has not plausibly pled joint-employer liability as to EHS.

In addition, Tenth Circuit courts have held that a franchise agreement alone, specifying uniform quality, marketing, and operational requirements, does not establish an agency relationship or joint-employer liability. *See Vaught v. Chaudhry's Inv. Grp., Inc.*, 2010 U.S. Dist. LEXIS 154660. The franchise model alleged in this case is not atypical—it is the industry norm—and courts have repeatedly rejected joint-employer theories based on similar allegations. *See, e.g. id; Lundstrum,* 2021

WL 5579117, at *3-4. Importantly, if Plaintiff's theory regarding agency and joint employment is accepted, it would impose strict liability on every hotel brand nationwide whenever prostitution occurs at a franchisee's premises. Courts have consistently refused to allow TVPRA claims to proceed on the theory that "hotels should know prostitution equals trafficking."

## **CONCLUSION**

For the foregoing reasons, ESH respectfully requests the Court grant ESH's Motion to Dismiss and dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully submitted this 19th day of December, 2025.

                        **STEIDLEY & NEAL, P.L.L.C.**

                        /s/ *Charles Neal, Jr.*
                        Charles D. Neal, Jr., OBA #6591
                        cdn@steidley-neal.com
                        Jamie A. Rogers, OBA #19927
                        jar@steidley-neal.com
                        CityPlex Towers, 53rd Floor
                        2448 East 81st Street
                        Tulsa, Oklahoma 74137
                        (918) 664-4612 telephone
                        (918) 664-4133 facsimile
                              and

                        **WEINBERG, WHEELER, HUDGINS, GUNN & DIAL**
                        Patrick B. Moore (*Pro Hac Vice*)
                        Georgia Bar No. 520390
                        Shubhra R. Mashelkar (*Pro Hac Vice*)
                        Georgia Bar No. 475388
                        Michael W. Warner (*Pro Hac Vice forthcoming*)

Georgia Bar No. 751362
3344 Peachtree Rd. NE, Suite 2400
Atlanta, Georgia 30326
404-876-2700 | 404-875-9433 (fax)
PMoore@wwhgd.com
SMashelkar@wwhgd.com
Cbyrd@wwhgd.com
Mwarner@wwhgd.com
*Counsel for ESH Strategies Franchise, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Fletcher D. Handley, Jr.
THE HANDLEY LAW CENTER
111 S. Rock Island Ave.
El Reno, OK 73036
fdh@handleylaw.com
*Counsel for Plaintiff*

Michael C. Kane
THE 702 FIRM INJURY ATTORNEYS
400 South 7thStreet, Suite 400
Las Vegas, NV 89101
*Counsel for Plaintiff*

Charles D "Buddy" Neal, Jr.
Jamie A. Rogers
STEIDLEY & NEAL
CityPlex Towers 53rd Fl.
2448 East 81st Street
Tulsa, OK 74137
cdn@steidley-neal.com
plr@steidley-neal.com
jar@steidley-neal.com
*{Local} Counsel for ESH Strategies Franchise*

David C. Senger
Hunter M. Siex
COFFEY, SENGER & WOODARD PLLC
4725 East 91st Street, Suite 100
Tulsa, OK 74137
david@cswlawgroup.com
hunter@cswlawgroup.com
*Counsel for Defendant Jaliyan Hospitality*

Geoffrey C. Parker
HILTON PARKER, LLC
7658 Slate Ridge Blvd.,
Reynoldsburg, OH 43068
gparker@hiltonparker.com
*Counsel for Plaintiff*

Bart Jay Robey
Eric A. Moen
Abby R. Herren
CHUBBUCK DUNCAN & ROBEY, P.C.
1329 Classen Drive
Oklahoma City, OK 73103
**T:** (405) 236-8282
**F:** (405) 236-2828
bjrobey@chubbucklaw.com
eamoen@chubbucklaw.com
*Counsel for Defendant OKC Airport ES*

———————————

Michael S. Linscott
DOERNER, SAUNDERS, DANIEL & ANDERSON
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
mlinscott@dsda.com

Kaylee Davis-Maddy
DOERNER, SAUNDERS, DANIEL & ANDERSON
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
kmaddy@dsda.com

James K. Secrest, III
Justin L. Hall
Edward J. Main
SECREST, HILL, BUTLER & SECREST
7134 S. Yale Avenue, Ste. 900
Tulsa, OK  74136
**T:**  (918) 434-5905
jsecrest3@secresthill.com
jhall@secresthill.com
emain@secresthill.com
**Counsel for Chand & Saaj Hospitality, Inc.**

Robert Glenn Chadwick, Jr
Alexander S. Gebert
FREEMAN MATHIS & GARY, LLP
7160 Dallas Parkway, Suite 625
Plano, TX  75024
bob.chadwick@fmglaw.com
alex.gebert@fmglaw.com
**Counsel for Raj Krupa Hotel LLC**

Emily N. Richard
Daniel J. Thompson
WIGGINS SEWELL & OGLETREE
3100 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK  73102
erichard@wsolaw.net
dthompson@wsolaw.net
**Counsel for G6 Hospitality Franchising**

J. Mark McAlester, OBA #18104
FENTON, FENTON, SMITH, RENEAU & MOON
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
jmmcalester@fentonlaw.com
**Counsel for Defendant Yash Enterprises**

David S. Sager
DLA PIPER LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
**T:** (973) 520-2550
**F:** (973) 520-2551
david.sager@us.dlapiper.com

Mallory Biblo
DLA PIPER LLP (US)
1900 Pearl St., Suite 2200
Dallas, TX  75201
Mallory.biblo@us.dlapiper.com
**Counsel for** *Super 8 Worldwide, Days Inns Worldwide, Ramada Worldwide, & Howard Johnson International* **("Wyndham Franchisor Defendants")**

W. Riley Nester
Jessica L. Dark
PIERCE COUCH HENDRICKSON BAYSINGER & GREEN LLP
1109 N. Francis Ave.
Oklahoma City, OK  73106
rnester@piercecouch.com
jdark@piercecouch.com
(405) 235-1611
**Counsel for Plaza Hotels, Steve Ketter, and Michael Wiley**

Sterling E. Pratt, OBA #22276
Steven M. Crowley, OBA #34636
FENTON, FENTON, SMITH, RENEAU & MOON
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
sepratt@fentonlaw.com
smcrowley@fentonlaw.com
**Counsel for Noor Hotel, Indra, LLC, Ambica, LLC, and OM, LLC**

In addition, I certify that on December 19, 2025, I also served the same document via USPS First-Class mail on the following, who are not registered participants of the ECF system:

KAJAL HOSPITALITY, LLC
c/o Jaydip Modi
1120 S 10th St.
Clinton, OK  73601

/s/ *Shubhra Mashelkar*
Shubhra R. Mashelkar *(admitted phv)*