**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NANCY R.,**<br>**pseudonymously,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PLAZA HOTELS, LLC et al.,**<br><br>**Defendants.** | ) | **Case No. CIV-25-462-G** |

# ORDER

Plaintiff "Nancy R." initiated this action in state court. Following removal, Plaintiff, with leave of Court, filed a First Amended Complaint. *See* FAC (Doc. No. 115).

In the FAC, Plaintiff asserts federal and state-law claims against 19 defendants. FAC at 1-4.[1] In essence, Plaintiff alleges that for approximately two years she was coerced and forced by a "trafficker" to engage in commercial sex acts, including in the hotels operated by Defendants. As was true for the original petition, Plaintiff does not identify herself in the FAC except through use of the pseudonym "Nancy R." *See* Pet. (Doc. No. 1-2) at 1; FAC at 1. Likewise, Plaintiff does not identify her alleged trafficker in the FAC except through the pseudonym "Domino." *See* FAC at 14; Pl.'s Mot. for Entry of Protective Order (Doc. No. 164) at 3 n.1.

---

[1] The named Defendants are: Plaza Hotels, LLC; Steve Ketter; Michael A. Wiley; OKC Airport ES, LLC; ESH Strategies Franchise, LLC; Natha, LLC; Jaliyan Hospitality, Inc.; Super 8 Worldwide, Inc.; Raj Krupa Hotel, LLC; Days Inns Worldwide, Inc.; Chand & Saaj Hospitality, Inc.; Ramada Worldwide, Inc.; Yash Enterprises, LLC; Howard Johnson International, Inc.; Noor Hotel, LLC; Ambica, LLC; OM, LLC; Indra, LLC, and G6 Hospitality Franchising, LLC.

Defendants Wiley, Ketter, Plaza Hotels, Jaliyan Hospitality, and Raj Krupa Hotel each filed motions to dismiss challenging among other things the Court's personal jurisdiction over Plaintiff in light of Plaintiff's failure to bring suit in her own name. *See* Doc. Nos. 118, 119, 120, 137, 138; Fed. R. Civ. P. 10(a), 12(b)(2). While not expressly challenging jurisdiction, Defendants Super 8 Worldwide, Days Inns Worldwide, Ramada Worldwide, Howard Johnson International, ESH Strategies Franchise, and G6 Hospitality Franchising filed motions to dismiss asserting that the vague allegations in the FAC render it inadequate under Federal Rule of Procedure 8 and/or subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* Doc. Nos. 132, 141, 161.[2]

In responding to the motions to dismiss, Plaintiff argued that even if the failure to identify herself when initiating the action presents a jurisdictional defect, it would be cured by the Court now authorizing her to proceed anonymously. *See*, *e.g.*, Pl.'s Resp. (Doc. No. 165) at 11-12. To that end, when filing her response to the first of these motions to dismiss, Plaintiff also filed a Motion for Entry of Protective Order, in which she sought—for the first time—approval of the Court to identify herself in publicly accessible documents through only a pseudonym. *See* Doc. No. 164. Although certain Defendants initially objected to certain aspects of Plaintiff's proposed protective order (*see* Doc. No. 177), Plaintiff represented to the Court that the parties then met and conferred and agreed on

[2] Defendants Indra, Noor Hotel, Chand & Saaj Hospitality, OM, Ambica, OKC Airport ES, and Yash Enterprises have filed answers to the FAC. *See* Doc. Nos. 126, 127, 128, 150, 152, 155 (Noor Hotel's Amended Answer), 156 (Indra's Amended Answer), 171, 179. Plaintiff has filed a return of service reflecting that a summons was served upon Defendant Natha, *see* Doc. No. 192; however, Natha has not filed an answer or other responsive pleading.

revised terms governing the disclosure of Plaintiff's true identity. *See* Pl.'s Reply (Doc. No. 187). On July 27, 2026, the Court entered the agreed Protective Order permitting Plaintiff to proceed pseudonymously in this case to a limited extent and for a limited time. *See* Protective Order (Doc. No. 199) at 3.

## DISCUSSION

"Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). "The Federal Rules of Civil Procedure make no provision for suits by persons using fictitious names or for anonymous plaintiffs." *U.S. ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (internal quotation marks omitted). Federal Rule of Civil Procedure 10(a) requires that the names of all parties appear in the title of the complaint. *See* Fed. R. Civ. P. 10(a). And Federal Rule of Civil Procedure 17(a) mandates that "[a]n action must be prosecuted in the name of the real party in interest." *Id.* R. 17(a).

Though there is "no explicit congressional grant of a right of a party to proceed anonymously," the Tenth Circuit has nevertheless recognized that there is "a public benefit in allowing some litigants to proceed anonymously" and that there may be "exceptional circumstances" in which "the need for anonymity outweighs the presumption in favor of open court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006). Exceptional circumstances warranting anonymity may exist in "'cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the

disclosure of the plaintiff's identity.'" *Femedeer*, 227 F.3d at 1246 (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

*A. Plaintiff's Requests to Proceed Anonymously and to Use a Pseudonym for Her Alleged Trafficker*

This matter involves allegations that a "trafficker"—referred to in the FAC by the pseudonym "Domino"—coerced (through the supply of illegal drugs and promises of gifts and money) and forced (through threats of violence and actual violence) Plaintiff to engage in commercial sex acts. Plaintiff argues that public disclosure of the sensitive and personal fact that she was a victim of sexual trafficking would subject her to great stigma and embarrassment. Plaintiff also argues that public disclosure of her identity could lead to retaliation and violence against her by the trafficker or members of his gang. *See* Pl.'s Mot. for Entry of Protective Order at 4.

The Court finds that these concerns, which are not challenged in and of themselves by Defendants, qualify as the type of "exceptional circumstances" in which the "need for anonymity outweighs the public interest in favor of open court proceedings." *Raiser*, 182 F. App'x at 811. Therefore, the Court shall continue to authorize Plaintiff to proceed in this matter anonymously by using the pseudonym "Nancy R." and to refer in the pleadings and other court filings to the alleged trafficker using the pseudonym "Domino." Plaintiff shall file under seal a notice disclosing the legal names of both herself and the alleged trafficker within seven days of the date of this Order. *See* Protective Order at 3.

*B. Defendants' Motions to Dismiss*

Defendants correctly note that the Tenth Circuit has held that federal district courts lack jurisdiction over unidentified parties who have not obtained permission to proceed anonymously. *See Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001). Persuasive authority from lower courts suggests, however, that such a jurisdictional defect may be cured by the unidentified party subsequently obtaining court authorization to proceed anonymously. *See*, *e.g.*, *Doe v. Tulsa Cnty.*, No. 24-CV-380, 2024 WL 4433349, at *3-5 (N.D. Okla. Oct. 7, 2024).

The Court generally agrees that subsequent authorization to proceed by pseudonym cures the jurisdictional defect caused by a failure to identify the real party in interest. Therefore, the motions to dismiss challenging this Court's jurisdiction over Plaintiff under Federal Rule of Civil Procedure 12(b)(2) are denied to this extent. Nevertheless, the Court concludes in this instance that the FAC is sufficiently vague, likely as a result of Plaintiff's efforts to avoid identification, as to warrant dismissal without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*,

671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Here, many of the FAC's allegations regarding the underlying circumstance of a woman being coerced or forced to engage in commercial sex acts at Defendants' hotels lack the specificity that is required to amount to well-pleaded facts. Among other deficiencies, the FAC in many instances fails to distinguish between traffickers and the many Defendants and to specifically allege what each Defendant knew and did, including relating to the trafficking of Plaintiff. Such vague allegations do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Nor do they give each Defendant "fair notice of what the claim is and the ground upon which it rests." *Twombly*, 550 U.S. at 555 (omission and internal quotation marks omitted).

The Court therefore finds that dismissal of the FAC pursuant to Rule 12(b)(6) is appropriate but will permit Plaintiff to file a second amended complaint to provide greater factual specificity, using pseudonyms in the manner specified above.

## CONCLUSION

The Court therefore ORDERS, ADJUDGES, and DECREES as follows:

1. The Motions to Dismiss filed by Defendants Michael Wiley (Doc. No. 118); Steve Ketter (Doc. No. 119); Plaza Hotels, LLC (Doc. No. 120); Jaliyan Hospitality, Inc. (Doc. No. 137); Raj Krupa Hotel, LLC (Doc. No. 138); Super 8 Worldwide, Inc., Days Inns Worldwide, Inc., Ramada Worldwide, Inc., and Howard Johnson International, Inc. (Doc No. 132); ESH Strategies Franchise, LLC (Doc. No. 141); and G6 Hospitality Franchising, LLC (Doc. No. 161) are GRANTED pursuant to Federal Rule of Civil Procedure 12(b)(6).
2. Plaintiff is GRANTED leave to file a second amended complaint within 14 days of the date of this Order.
3. Plaintiff is AUTHORIZED to proceed in this matter anonymously by using the pseudonym "Nancy R." and to refer in the pleadings and other court filings to the alleged trafficker using the pseudonym "Domino." This authorization is subject to Plaintiff filing under seal a notice disclosing the legal names of both herself and the alleged trafficker within 7 days of the date of this Order.

IT IS SO ORDERED this 30th day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge