**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **NANCY R., pseudonymously,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**PLAZA HOTELS, LLC, STEVE KETTER, MICHAEL A. WILEY; OKC AIRPORT ES, LLC; ESH STRATEGIES FRANCHISE, LLC; NATHA, LLC; CHAND & SAAJ HOSPITALITY, INC.; YASH ENTERPRISES, LLC; NOOR HOTEL, LLC; AMICA, LLC; OM, LLC; INDRA, LLC; AND G6 HOSPITALITY FRANCHISING, LLC,**<br><br>**Defendants.** | ) | **Case No. 25-CV-00462-G** |

**DEFENDANT, YASH ENTERPRISES, LLC'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, Yash Enterprises, LLC's ("Yash"), hereby submits the following Answer, Defenses, and Affirmative Defenses to Plaintiff's Second Amended Complaint [Dkt. 218] as follows:

**PARTIES**

1. With regard to Paragraph 1 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

2. With regard to With regard to Paragraph 2 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

3. With regard to Paragraph 3 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

4. With regard to Paragraph 4 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

5. With regard to Paragraph 5 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

6. With regard to Paragraph 6 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

7. With regard to Paragraph 7 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

8. With regard to Paragraph 8 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

9. With regard to Paragraph 9 of Plaintiff's Second Amended Complaint, Yash admits that it is an Oklahoma limited liability company that owned and operated the Howard Johnson by Wyndham Oklahoma City Airport/Fairgrounds ("the Howard Johnson") located at 400 S. Meridian Ave., Oklahoma City, Oklahoma 73108 during the relevant time period.

10. With regard to Paragraph 10 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

11. With regard to Paragraph 11 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

12. With regard to Paragraph 12 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

13. With regard to Paragraph 13 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

## BACKGROUND

### Nancy's Trafficking Begins

14. With regard to Paragraph 14 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

15. With regard to Paragraph 15 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

16. With regard to Paragraph 16 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

17. With regard to Paragraph 17 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

18. With regard to Paragraph 18 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

19. With regard to Paragraph 19 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

20. With regard to Paragraph 20 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

21. With regard to Paragraph 21 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

22. With regard to Paragraph 22 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

23. With regard to Paragraph 23 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

24. With regard to Paragraph 24 of Plaintiff's Second Amended Complaint, to the extent that allegations contained in Paragraph 24 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in Paragraph 24 are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

25. With regard to Paragraph 25 of Plaintiff's Second Amended Complaint, to the extent that allegations contained in Paragraph 25 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in Paragraph 25 are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

26. With regard to Paragraph 26 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

27. With regard to Paragraph 27 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

28. With regard to Paragraph 28 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

<u>Nancy's Trafficking in Oklahoma City</u>

29. With regard to Paragraph 29 of Plaintiff's Second Amended Complaint, to the extent that allegations contained in Paragraph 29 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in Paragraph 29 are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

30. With regard to Paragraph 30 of Plaintiff's Second Amended Complaint, to the extent that allegations contained in Paragraph 30 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in Paragraph 30 are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

31. With regard to Paragraph 31 of Plaintiff's Second Amended Complaint, to the extent that allegations contained in Paragraph 31 are directed at Yash, Yash denies the allegations. To the extent that the allegations contained in Paragraph 31 are not directed at

Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Plaza Inn Hotel

32. With regard to Paragraphs 32 through 55 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Criminal Activity at the Plaza

33. With regard to Paragraphs 56 through 80 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Extended Stay America

34. With regard to Paragraphs 81 through 125 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Criminal Activity at the Extended Stay

35. With regard to Paragraphs 126 through 133 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Other Victims at the Extended Stay

36. With regard to Paragraph 134 through 137 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Motel 6

37. With regard to Paragraphs 138 through 161 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Motel 6's Control Over the Motel 6 Franchisees

38. With regard to Paragraph 162 through 184 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is

without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Criminal Activity at the Motel 6

39. With regard to Paragraphs 185 through 187 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Super 8 OKC Airport

40. With regard to Paragraphs 188 through 205 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Criminal Activity at the Super 8

41. With regard to Paragraphs 206 through 212 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Ramada

42. With regard to Paragraphs 213 through 228 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Criminal Activity at the Ramada

43. With regard to Paragraphs 229 through 235 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Howard Johnson

44. With regard to Paragraphs 236 through 251 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

45. With regard to Paragraph 252 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

46. With regard to Paragraph 253 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

47. With regard to Paragraph 254 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

48. With regard to Paragraphs 255 through 257 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

Criminal Activity at the Howard Johnson

49. With regard to Paragraphs 258 and 259 of Plaintiff's Second Amended Complaint, Yash is without sufficient information to admit or deny the allegations contained therein and therefore denies same.

The Public Records Underlying Criminal Activity Allegations

50. With regard to Paragraphs 260 through 261 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

Police dispatch records document vice and sex crimes at all six hotels

51. With regard to Paragraphs 262 through 264 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

OCPD's incident reports confirm – and exceed – what the dispatch logs show

52. With regard to Paragraphs 265 through 269 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

**COUNT I: 18 U.S.C. § 1595 ("TVPRA")**

53. With regard to Paragraph 270 of Plaintiff's Second Amended Complaint, Yash incorporates its answers, responses and objections to Paragraphs 1-269 as contained herein.

54. With regard to Paragraphs 271 and 272 of Plaintiff's Second Amended Complaint, to the extent that the allegations contained therein are directed at Yash, those allegations are legal conclusions which require no response from Yash. To the extent that the allegations contained therein are not directed at Yash, no response is required from

Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

55. With regard to Paragraphs 273 through 275 of Plaintiff's Second Amended Complaint, to the extent that allegations contained therein are directed at Yash, Yash denies the allegations. To the extent that the allegations contained therein are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

56. With regard to Paragraph 276 and 277 of Plaintiff's Second Amended Complaint, the allegations contained therein are not directed at Yash. Therefore, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

57. With regard to Paragraphs 278 through 281 of Plaintiff's Second Amended Complaint, to the extent that allegations contained therein are directed at Yash, Yash denies the allegations. To the extent that the allegations contained therein are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

**COUNT II: 21 OK STAT § 21-748.2(B) ("OKLAHOMA SEX TRAFFICKING")**

58. With regard to Paragraph 282 of Plaintiff's Second Amended Complaint, Yash incorporates its answers, responses and objections to Paragraphs 1-281 as contained herein.

59. With regard to Paragraphs 283 through 287 of Plaintiff's Second Amended Complaint, to the extent that the allegations contained therein are directed at Yash, those allegations are legal conclusions which require no response from Yash. To the extent that the allegations contained therein are not directed at Yash, no response is required from Yash. To the extent a response is deemed necessary, Yash is without sufficient information to admit or deny the allegations, and the allegations are therefore denied.

**PRAYER FOR RELIEF**

60. To the extent that the unenumerated paragraph of Plaintiff's Second Amended Complaint beginning with "WHEREFORE," including subparts a through f, and containing Plaintiff's prayer for relief requires a response from Yash, Yash denies that Plaintiff is entitled to any form of relief or recover from Yash whatsoever by way of Plaintiff's Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

In further response to the allegations set forth in Plaintiff's Second Amended Complaint, Yash asserts the following Affirmative Defenses.

1. Plaintiff's claims against Yash are barred by the applicable statute of limitations.

2. Plaintiff's claims against Yash fail to state a claim upon which relief may be granted.

3. Plaintiff has failed to join necessary and indispensable parties.

4. The employees of the Howard Johnson referred to in Plaintiff's Second Amended Complaint were not employees, agents, or otherwise under the control of Yash and therefore Yash cannot be responsible for their alleged conduct.

5. To the extent that the employees of the Howard Johnson referred to in Plaintiff's Second Amended Complaint were employees, agents, or otherwise under the control of Yash, which is expressly denied, the alleged conduct was performed outside the course and scope of their employment/agency.

6. At all relevant times, Yash was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident(s) in question and any alleged dangerous condition or bad actor was not/would not have been discoverable by Yash through a reasonable investigation.

7. Yash did not violate 18 U.S.C. § 1595, 21 Okla. Sta. tit. 21, § 21-748.2(B), or any other applicable law, regulation, or statute.

8. At all relevant times, Yash complied with all applicable laws, regulations, statutes, industry standards, and agreements.

9. Plaintiff's claims are barred by laches, estoppel, and unclean hands.

10. Plaintiff participated in the acts referred to in the Second Amended Complaint by her own free will.

11. Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons and/or entities other than Yash, over whom Yash had no control, or by the superseding intervention of causes outside of Yash's control.

12. Plaintiff's claims are barred by the doctrine of assumption of the risk.

13. To the extent that Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed at Plaintiff. Therefore, no action by Yash could have prevented the actions of any such third-party.

14. Yash is entitled to a set-off for any settlement paid by any party or non-party in satisfaction of the same damages for which the Plaintiff is suing.

15. Plaintiff failed to mitigate her damages.

16. Plaintiff's recover of medical expenses, if any, are limited by Okla. Stat. tit. 12, § 3009.1.

17. Insufficient service of process.

18. This court lacks subject matter jurisdiction over the lawsuit because Plaintiff has failed to disclosure her identity.

19. This lawsuit must be stayed from proceeding to the extent that criminal prosecution of Plaintiffs' alleged traffickers is ongoing.

20. Yash is not a "perpetrator" as defined by 18 U.S.C. § 1591(a)(1) and, therefore, Plaintiff's claims against Yash must be dismissed.

21. Yash did not benefit in any manner from any of the alleged conduct described in Plaintiff's Second Amended Complaint.

22. Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

23. Any award of punitive damages based upon vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

24. Yash incorporates by reference and adopts, as if fully set forth in this Answer, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in *State Farm Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1996).

25. Yash incorporates by referenced any and all Affirmative Defenses asserted or that will be asserted by the defendants to this matter that may be applicable to Yash.

26. Yash specifically reserves the right to amend these Affirmative Defenses, including adding additional Affirmative Defenses, with leave of court pursuant to Fed. R. Civ. P. Rule 15(A).

WHEREFORE, premises considered, Defendant, Yash Enterprises, LLC, prays for judgment in its favor and asks that the Court dismiss all of Plaintiff's claims, with prejudice, and award Yash its costs and attorney's fees incurred in defending this action and such other and further relief, in law and in equity, to which it may be justly entitled.

Respectfully submitted,

*s/Ashley F. Vinson*
James M. Love, OBA #10580
Kimberly Lambert Love, OBA #10879
Ashley F. Vinson, OBA #34812
Titus Hillis Reynolds Love
15 East 5th Street, Suite 3700
Tulsa, Oklahoma 74103
Phone: (918) 587-6800
Fax: (918) 587-6822
Email: jlove@titushillis.com
klove@titushillis.com
avinson@titushillis.com

*Attorneys for Defendant Yash Enterprises, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of November 2026, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have entered an appearance in this case.

*s/Ashley F. Vinson*
Ashley F. Vinson