**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NANCY R., pseudonymously, | ) | |
| | ) | Case No.: 5:25-cv-462 |
| Plaintiff, | ) | |
| | ) | **Judge Charles Goodwin** |
| vs. | ) | |
| | ) | |
| PLAZA HOTELS, LLC; | ) | |
| STEVE KETTER; | ) | |
| MICHAEL A WILEY; | ) | |
| OKC AIRPORT ES, LLC; | ) | |
| ESH STRATEGIES FRANCHISE, LLC | ) | |
| NATHA, LLC; | ) | |
| CHAND & SAAJ HOSPITALITY, INC; | ) | |
| SUPER 8 WORLDWIDE, INC; | ) | |
| CHAND & SAAJ HOSPITALITY, INC; | ) | |
| YASH ENTERPRISES, LLC; | ) | |
| NOOR HOTEL, LLC; | ) | |
| AMBICA, LLC; | ) | |
| OM, LLC; | ) | |
| INDRA, LLC; AND | ) | |
| G6 HOSPITALITY FRANCHISING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT INDRA, LLC TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

COMES NOW, Defendant Indra, LLC ("Indra"), and, for its Answer to Plaintiff's Second Amended Complaint [Doc. No. 218], hereby states and avers as follows:

**PARTIES**

1. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 1 through 9 of Plaintiff's Second Amended Complaint.

2. Concerning the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint, Indra denies the allegations as phrased. Indra states that the Motel 6 located at 1800 E Reno Avenue, Oklahoma City, OK 73117 was operated by Reno Hospitality, LLC, an Oklahoma limited liability company. Indra, Ambica, LLC, OM, LLC, and Noor Hotel, LLC were members of Reno Hospitality, LLC. Indra further states that its business was closed on December 11, 2023 prior to filing its Articles of Dissolution on March 27, 2025.

3. Indra is without sufficient information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

4. Paragraph 12 of Plaintiff's Second Amended Complaint does not contain any allegations against Indra and, therefore, requires no response from Indra.

5. Indra is without sufficient information to either admit or deny the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra.

## BACKGROUND

7. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 14 through 28 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra.

8. To the extent that allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint are not directed at Indra, no response is required from Indra.

9. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 30 through 31 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra.

10. The allegations contained in paragraphs 32 through 137 of Plaintiff's Second Amended Complaint are not directed at Indra. Therefore, no response is required from Indra.

11. Concerning the allegations contained in paragraph 138 of Plaintiff's Second Amended Complaint, Indra denies that the subject Motel 6 was operated jointly by Indra, Ambica, LLC, OM, LLC, and Noor Hotel, LLC. Indra is without sufficient information to either admit or deny the remainer of the allegations contained in this paragraph.

12. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 139 through 149 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra.

13. To the extent that the allegations contained in paragraph 150 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

14. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 151 through 153 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra.

15. Concerning the allegations contained in paragraphs 154 (including all subparts) and 155 of Plaintiff's Second Amended Complaint, to the extent that those allegations are directed at Indra, Indra is without sufficient information to either admit or

deny the authenticity of the alleged reviews, including if, when, and by whom they were published, and therefore denies the allegations. In the event that the alleged reviews can be authenticated, Indra denies the substance of the allegations contained in the alleged reviews.

16. Concerning the allegations contained in paragraphs 156 through 161 of Plaintiff's Second Amended Complaint, to the extent that those allegations are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraphs 156 through 161 of Plaintiff's Second Amended Complaint are not directed at Indra, no response is required from Indra.

17. The statement contained in paragraph 162 of Plaintiff's Second Amended Complaint requires no response from Indra.

18. The statement contained in the first sentence of paragraph 163 of Plaintiff's Second Amended Complaint requires no response from Indra. Indra is without sufficient information to either admit or deny the allegations contained in the remainder of paragraph 163 of Plaintiff's Second Amended Complaint, including its subparts. Therefore, no response is required from Indra.

19. To the extent that the allegations contained in paragraph 164 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

20. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 165 through 168 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra. To the extent that the allegations contained

in paragraphs 165 through 168 of Plaintiff's Second Amended Complaint refer to or cite documents that have been produced to Indra, Indra states that those documents, subject to being authenticated, speak for themselves.

21. To the extent that the allegations contained in paragraph 169 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that those allegations are not directed at Indra, no response is required from Indra.

22. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 170 through 183 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra. To the extent that the allegations contained in paragraphs 170 through 183 of Plaintiff's Second Amended Complaint refer to or cite documents that have been produced to Indra, Indra states that those documents, subject to being authenticated, speak for themselves.

23. To the extent that the allegations contained in paragraph 184 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraph 184 of Plaintiff's Second Amended Complaint are not directed at Indra, no response is required from Indra.

24. Indra is without sufficient information to either admit or deny the allegations contained in paragraphs 185 through 187 of Plaintiff's Second Amended Complaint. Therefore, no response is required from Indra. To the extent that the allegations contained in paragraphs 185 through 187 of Plaintiff's Second Amended Complaint refer to documents that have been produced to Indra, Indra states that those documents, subject to being authenticated, speak for themselves.

25. The allegations contained in paragraphs 188 through 259 of Plaintiff's Second Amended Complaint are not directed at Indra. Therefore, no response is required from Indra.

26. To the extent that the allegations contained in paragraphs 260 through 269 are directed at Indra, Indra is without sufficient information to either admit or deny the allegations. Therefore, no response is required from Indra. To the extent that the allegations contained in paragraphs 260 through 269 of Plaintiff's Second Amended Complaint refer to documents that have been produced to Indra, Indra states that those documents, subject to being authenticated, speak for themselves.

**COUNT I: 18 U.S.C. § 1595 ("TVPRA")**

27. In response to paragraph 270 of Plaintiff's Second Amended Complaint, Indra incorporates by reference its responses set forth in paragraphs 1 through 26 of this Answer as if set forth fully herein.

28. To the extent that the allegations contained in paragraphs 271 through 275 of Plaintiff's Second Amended Complaint are directed at Indra, those allegations are legal conclusions which require no response from Indra. To the extent that the allegations contained in paragraphs 271 through 275 of Plaintiff's Second Amended Complaint are not directed at Indra, no response is required from Indra.

29. The allegations contained in paragraphs 276 and 277 of Plaintiff's Second Amended Complaint are not directed at Indra and, therefore, require no response from Indra.

30. To the extent that the allegations contained in paragraphs 278 through 281 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies the allegations. To the extent that the allegations contained in paragraphs 278 through 281 of Plaintiff's Second Amended Complaint are not directed at Indra, no response is required from Indra.

**COUNT II: 21 OK STAT § 21-748.2(B) ("OKLAHOMA SEX TRAFFICKING")**

31. In response to paragraph 282 of Plaintiff's Second Amended Complaint, Indra incorporates by reference its responses set forth in paragraphs 1 through 30 of this Answer as if set forth fully herein.

32. To the extent that the allegations contained in paragraph 283 of Plaintiff's Second Amended Complaint are directed at Indra, the allegations state legal conclusions which require no response from Indra.

33. To the extent that the allegations contained in paragraphs 284 through 285 of Plaintiff's Second Amended Complaint are directed at Indra, Indra denies that it committed any acts of human trafficking whatsoever. The balance of the allegations contained in paragraphs 284 and 285 of Plaintiff's Second Amended Complaint state legal conclusions which require no response from Indra.

34. To the extent that the allegations contained in paragraphs 286 through 287 of Plaintiff's Second Amended Complaint are directed at Indra, the allegations state legal conclusions which require no response from Indra.

**PRAYER FOR RELIEF**

35. To the extent that the unenumerated paragraph of Plaintiff's Second Amended Complaint beginning with "WHEREFORE", including subparts a through f, and

containing Plaintiff's prayer for relief requires a response from Indra, Indra denies that Plaintiff is entitled to any form of relief or recovery from Indra whatsoever by way of Plaintiff's Second Amended Complaint.

## DEMAND FOR JURY TRIAL

36. To the extent that the unenumerated paragraph in Plaintiff's Second Amended Complaint containing Plaintiff's demand for a jury trial requires a response from Indra, Indra denies that a jury trial is warranted as to the claims set forth in Plaintiff's Second Amended Complaint against Indra.

37. To the extent that a response from Indra is deemed necessary to any allegation set forth in Plaintiff's Second Amended Complaint that has not been specifically addressed herein, Indra denies the allegation(s).

## AFFIRMATIVE DEFENSES

In further response to the allegations set forth in Plaintiff's Second Amended Complaint against Indra, Indra asserts the following Affirmative Defenses:

1. Plaintiff's claims against Indra are barred by the applicable statute of limitations.

2. Plaintiff's claims against Indra fail to state a claim upon which relief may be granted.

3. Reno Hospitality, LLC, not Indra, operated the Motel 6 property referred to in Plaintiff's Second Amended Complaint.

4. Indra, as a former member of Reno Hospitality, LLC, cannot be held responsible for any liabilities or obligations of Reno Hospitality, LLC. 18 O.S. § 2022.

5. Plaintiff cannot recover from Indra because it has been dissolved and has wound up business affairs with the exception of defending this lawsuit.

6. Plaintiff cannot recover from Indra because it ceased doing business prior to the date that Plaintiff's lawsuit was filed.

7. Indra is not a proper party to this lawsuit.

8. Plaintiff has failed to join necessary and indispensable parties.

9. The employees of the Motel 6 referred to in Plaintiff's Second Amended Complaint were not employees, agents, or otherwise under the control of Indra and, therefore, Indra cannot be responsible for their alleged conduct.

10. To the extent that the employees of the Motel 6 referred to in Plaintiff's Second Amended Complaint were employees, agents, or otherwise under the control of Indra, which is expressly denied, the alleged conduct was performed outside the course and scope of their employment/agency.

11. Indra, an alleged Motel 6 Franchisee, had no employees and therefore cannot be liable for the conduct of the employees of the Motel 6 Franchisees referred to in Plaintiff's Second Amended Complaint.

12. To the extent that Plaintiff's Second Amended Complaint alleges wrongful conduct by employees of Reno Hospitality, LLC, which is denied, the alleged conduct was performed outside the course and scope of their employment/agency.

13. At all relevant times, Indra was not on notice or aware of any dangerous or unsafe condition or bad actor pertaining to the incident(s) in question and any alleged

dangerous condition or bad actor was not/would not have been discoverable by Indra through a reasonable investigation.

14. Indra did not violate 18 U.S.C. § 1595, 21 Okla. Sta. tit. 21, § 21-748.2(B), or any other applicable law, regulation, or statute.

15. At all relevant times, Indra complied with all applicable laws, regulations, statutes, industry standards, and agreements.

16. Plaintiff's claims are barred by laches, estoppel, and unclean hands.

17. Plaintiff participated in the acts referred to in the Second Amended Complaint by her own free will.

18. Plaintiff's alleged damages were caused in whole or in part by the acts or omissions of persons and/or entities other than Indra, over whom Indra had no control, or by the superseding intervention of causes outside of Indra's control.

19. Plaintiff's claims are barred by the doctrine of assumption of the risk.

20. To the extent that Plaintiff alleges that she was assaulted or victimized by a third-party, the actions of the third-party were intentionally and specifically directed at Plaintiff. Therefore, no action by Indra could have prevented the actions of any such third-party.

21. Indra is entitled to a set-off for any settlement paid by any party or non-party in satisfaction of the same damages for which the Plaintiff is suing.

22. Plaintiff failed to mitigate her damages.

23. Plaintiff's recovery of medical expenses, if any, are limited by Okla. Stat. tit. 12, § 3009.1.

24. Insufficient service of process.

25. This lawsuit must be stayed from proceeding to the extent that criminal prosecution of Plaintiff's alleged traffickers is ongoing.

26. Indra is not a "perpetrator" as defined by 18 U.S.C. § 1591(a)(1) and, therefore, Plaintiff's claims against Indra must be dismissed.

27. Indra did not benefit in any manner from any of the alleged conduct described in Plaintiff's Second Amended Complaint.

28. Any award of punitive damages based upon any standard of proof that is less than "clear and convincing" evidence would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

29. Any award of punitive damages based upon vague and undefined standards of liability would violate the due process clause of the Fourteenth Amendment of the United States Constitution, and the due process clause of the Oklahoma Constitution.

30. Indra incorporates by reference and adopts, as if fully set forth in this Answer, any and all standards or limitations regarding the determination and enforceability of punitive damages awards set forth in *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003) and *BMW of North America v. Gore*, 517 U.S. 559 (1996).

31. Indra incorporates by reference any and all Affirmative Defenses asserted or that will be asserted by the defendants to this matter that may be applicable to Indra.

32. Indra specifically reserves the right to amend these Affirmative Defenses, including adding additional Affirmative Defenses, with leave of court pursuant to Fed. R. Civ. P. Rule 15(A).

WHEREFORE, premises considered, Defendant Indra, LLC prays that Plaintiff Nancy R. take nothing from Indra, LLC by way of her Second Amended Complaint, that judgment be entered in favor of Defendant Indra, LLC and against Plaintiff Nancy R., along with any other relief this Court deems just or proper.

Respectfully submitted,

*s/ Sterling E. Pratt*
Sterling E. Pratt, OBA #22276
Steven M. Crowley, OBA #34636
**FENTON, FENTON, SMITH, RENEAU & MOON**
One Leadership Square, Suite 800N
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4671
Facsimile: (405) 235-5247
sepratt@fentonlaw.com
smcrowley@fentonlaw.com
***ATTORNEYS FOR DEFENDANTS,***
***NOOR HOTEL, LLC, INDRA, LLC, AMBICA,***
***LLC, AND OM, LLC***

## CERTIFICATE OF SERVICE

This will certify that on the 25th day of November, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to counsel who have entered their appearance in this lawsuit.

*s/ Sterling E. Pratt*