**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

---

**Case No. 5:25-cv-00462-G**

---

**NANCY R., pseudonymously,**

**Plaintiff,**

**vs.**

**PLAZA HOTELS, LLC; et al.,**

**Defendants.**

---

**DEFENDANT CHAND AND SAAJ HOSPITALITY, INC.'S**
**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

---

**The Honorable Charles B. Goodwin, Presiding**

---

JAMES K. SECREST, III, OBA #18828
EMMA C. KINCADE, OBA #34698
SECREST, HILL, & SECREST
7134 S. Yale Avenue, Ste. 900
Tulsa, Oklahoma 74136
918-494-5905
918-494-2847 facsimile
jsecrest3@secresthill.com
ekincade@secresthill.com
*Attorneys for Defendants*
*Chand & Saaj Hospitality LLC*

Dated this 25th day of November, 2026.

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........ iii-iv

**INTRODUCTION** ........ 1

**STATEMENT OF FACTS, AS ALLEGED** ........ 3

**ARGUMENT AND AUTHORITY** ........ 5

**I. Plaintiff's Complaint Lacks Any Allegation That She Stayed at the Ramada at a Time When It Was Operated By C&S** ........ 7

**II. Plaintiff's Claim Pursuant to the Oklahoma Human Trafficking Act Expired Before the Original Complaint was Filed on March 19, 2025** ........ 8

**III. Plaintiff Fails to State Sufficient Facts to Support Her Claims Pursuant to the Oklahoma Human Trafficking Act and The Trafficking Victims Reauthorization Act** ........ 11

**A. Count I: Plaintiff Fails to State a Plausible Claim Per the TVPRA** ........ 12

**B. Count II: Plaintiff Fails to State a Plausible Claim per the Oklahoma Human Trafficking Act** ........ 17

**CONCLUSION** ........ 18

**CERTIFICATE OF SERVICE** ........ 19

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .................................................. 6

*Bell v. Twombly,*
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ................................................5-6

*Bistline v. Parker,*
918 F.3d 849 (10th Cir., 2019) .........................................................................14-15

*Cory v. Allstate Ins.,*
583 F.3d 1240 (10th Cir., 2009) ................................................................................ 5

*Doe (K.E.C.) v. G6 Hospitality, LLC,*
750 F.Supp.3d 719 (E.D., Tex. 2024) ....................................................................13, 16

*G.G. v. Salesforce.com, Inc.,*
76 F.4th 544 (7th Cir., 2023) ...............................................................................13-14

*J.L. v. Best W. Int'l., Inc.,*
521 F.Supp.3d 1048 (D. Colo., 2021) ...................................................................6, 17

*Moffett v. Halliburton Energy Servs., Inc.,*
291 F.3d 1227 (10th Cir., 2002) ..............................................................................5-6

*Khalik v. United Air Lines,*
671 F.3d 1188 (10th Cir., 2012) ..............................................................................5-6

*Mojsilovic v. Oklahoma ex rel., Bd. Of Regents for Univ. of Okla.,*
841 F.3d 1129 (10th Cir. 2016) ................................................................................ 10

*Ricchio v. McLean,*
853 F.3d 553 (1st Cir., 2017) ...............................................................................12, 14-15

*United States v. Roy,*
630 Fed.Appx. 169 (4th Cir., 2015) ........................................................................... 12

*United States v. Todd,*
627 F.3d 329 (9th Cir., 2010) .................................................................................. 12

*Williams v. Lee Motor Freight, Inc.*,
1984 OK 64, 688 P.2d 1294 ..................................................................................... 7

**<u>STATUTES</u>**

18 U.S.C. § 1591 .......................................................................................... 10-13

18 U.S.C. § 1595 .......................................................................................... 10-13, 17

Oklahoma Statutes, tit. 12 § 95 .......................................................................... 1-2, 7

Oklahoma Statutes, tit. 21, § 96 .......................................................................... 18

Oklahoma Statutes, tit. 21, § 748.2. .................................................................. 1, 7-9, 18

**<u>RULES</u>**

FED. R. CIV. P. 8 ......................................................................................... 1, 5
FED. R. CIV. P. 12(b)(6) ................................................................................ 1, 5

**DEFENDANT CHAND AND SAAJ HOSPITALITY, INC.'S[1]**
**MOTION TO DISMISS**

Defendant Chand and Saaj Hospitality, Inc. ("Defendant" or "C&S"), pursuant to FED. R. CIV. P. 8 and FED. R. CIV. P. 12(b)(6), moves this Court to dismiss Counts I and II of Plaintiff's Second Amended Complaint (Doc. No. 218) ("Complaint"). In support of its Motion to Dismiss, C&S provides the following Brief in Support:

**INTRODUCTION**

Plaintiff's Complaint lacks sufficient factual detail to provide C&S notice of what acts *C&S* took that would lead to a finding of liability under 18 U.S.C. § 1595 (the "Trafficking Victim Protection Reauthorization Act" or "TVPRA") or 21 O.S. § 21-748.2(B) (the "Oklahoma Sex Trafficking Act"). While allegations directed towards other Defendants may trigger participation and/or notice of a sex trafficking venture, the allegations against C&S do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," i.e. participating in or promoting a commercial sex trafficking venture. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There are no *factual* allegations in the Complaint that lead to a reasonable inference that C&S has violated the Oklahoma Human Trafficking Act or the federal Trafficking Victims Reauthorization Act. Conclusory allegations will not do. *Id.* p. 679.

For example, though there are 480 pages of the Complaint with exhibits, the allegations of the Complaint directed at C&S (1) do not provide a timeframe as to

[1] Chand and Saaj, Inc. is not a proper party—the proper entity is Chand and Saaj, LLC.

Plaintiff's stay, (2) do not allege any interaction between hotel staff and Domino the Pimp (the trafficker) who visited the hotel only one time, (3) do not allege any facts showing participation in the commercial sex venture alleged by Plaintiff, e.g. placing ads or trading rooms for sex, and (4) most importantly, do not allege any acts by C&S that amount to *harboring* Plaintiff or *participating* in a sex trafficking venture. Rather, Plaintiff alleges that she was inappropriately dressed at the hotel, had many male visitors at to her room and purchased condoms from hotel staff. Plaintiff believes the hotel may have made a note in their computer system about this behavior. Those facts do not give rise to civil liability for sex trafficking even when taken in light most favorable to the Plaintiff.

Defendant C&S respectfully requests this Court's dismissal of the Second Amended Complaint (Doc. No. 218).

## STATEMENT OF FACTS, AS ALLEGED

The following facts are alleged against C&S and are taken as true and in the light most favorable to Plaintiff for the sole purpose of this Motion to Dismiss:

### *C&S is an Improper Defendant*

1. Plaintiff escaped an abusive relationship as a teenager, experienced homelessness, was briefly incarcerated, and then found a fiancé, a job, her sobriety and a home for her children. Second Amended Complaint ¶ 14 (Doc. No. 218).
2. Plaintiff's fiancé passed away in 2020. Plaintiff then relapsed while visiting a hotel with the abusive father of one of her children. *Id.* ¶ 15.

3. At one time, C&S owned and operated a hotel known as the Ramada by Wyndham - Oklahoma City Airport North located at 2200 S. Meridian Avenue, Oklahoma City, OK 73108. *Id.* ¶ 8.

4. However, C&S sold the hotel to Kaly Hospitality LLC on April 30, 2021. Exhibit 1, Warranty Deed, filed May 3, 2021 with the Oklahoma County Clerk, Book 14727 Pages 1024-1025.

5. Of the thirteen (13) named Defendants, Plaintiff omits her date of stay with only two (2) Defendants—one of those being C&S. *See id.* ¶¶ 213-235 (no date of stay alleged). Therefore,

6. In "early 2021," Plaintiff first met "Domino the Pimp at the Plaza Inn in Oklahoma City (not C&S's hotel). Domino began trafficking Plaintiff as a commercial sex worker. *Id.* ¶¶ 16 & 32.

7. The first several months the Domino trafficked Plaintiff, he did so from the Plaza Inn in Oklahoma City. *Id.* ¶¶ 16, 26, 32, 33 & 40.

8. Plaintiff has made no allegation placing her stay within the timeframe that C&S owned or operated the hotel. *Id.* ¶¶ 213-235 & Ex. 1.

***Statute of Limitations – Oklahoma Sex Trafficking Act***

9. Plaintiff's trafficker, Domino, is a gang-affiliated criminal who Plaintiff alleges trafficked Plaintiff through various hotels until "the beginning of 2022," when he was arrested. *Id.* ¶¶ 17-18 & 26.

10. Plaintiff was aware that Domino was trafficking her for commercial sex as early as 2021, more than three (3) years prior to the filing of her Original Complaint on March 19, 2025. *Id.* ¶¶ 16-18; Original Complaint (Doc. No. 1-2).

11. In March and April of 2022, Plaintiff stayed at the Extended Stay (not C&S's hotel). Second Amended Complaint (Doc. 218) ¶¶ 104 & 134-137.

12. Therefore, from the face of the Complaint, Plaintiff's one week stay at the Ramada by Wyndham - Oklahoma City Airport North located at 2200 S. Meridian Avenue, Oklahoma City, OK 73108 occurred **more** than three years (3) prior to the filing of her Original Complaint on March 19, 2025. Original Complaint (Doc. 1-2); Second Amended Complaint (Doc. No. 218) ¶ 213.

13. Plaintiff turned twenty-one more than three (3) years prior to the filing of the Original Complaint. *See* Notice of True Identity (Docs. No. 213 & 214); *see also*, Original Complaint (Doc. 1-2), filed March 19, 2025.

***Failure to State a Claim Under TVPRA or the***

14. Plaintiff's Complaint contains no *factual* allegation that she stayed at the Ramada at a time when it was owned or operated by C&S. *Id.* ¶¶ 213-235 & Ex. 1.

15. However, Plaintiff stayed at the Ramada for <u>one</u> week. *Id.* ¶ 213.

16. *Domino* forced Plaintiff to perform commercial sex with approximately 10 men per day during her stay at the hotel. *Id.* ¶ 215.

17. Plaintiff wore inadequate clothing during her stay and used a temporary ID at check-in. *Id.* ¶ 216.

18. Plaintiff sometimes paid with cash or had others pay with cash on her behalf. *Id.* ¶ 217.

19. Plaintiff frequently asked for new and additional towels and linens during her stay. *Id.* ¶ 218.

20. On <u>one</u> evening of her stay, Plaintiff purchased condoms from the hotel and discarded them in the trash can after use. *Id.* ¶¶ 218 & 222-223.

21. The front desk staff recorded Plaintiff's condom purchases as well as "other information" they suspected about her in the computer system. *Id.* ¶¶ 228.

22. On <u>one</u> evening, Domino visited the Ramada to collect earnings from Plaintiff. *Id.* ¶ 225.

23. There is no factual allegation that C&S knew who Domino was, knew the relationship between Domino and Plaintiff, or knew the purpose of his visit…*Id.* ¶¶ 213-225.

24. There is no factual allegation that C&S knew of any threats of force or coercion by Domino during Plaintiff's stay at the hotel. *Id.* ¶¶ 213-228.

25. There is no factual allegation that C&S promoted, participated in, or harbored Plaintiff for the purpose of sex trafficking in the Complaint. *Id.* ¶¶ 213-228.

26. Plaintiff further alleges that two vice stings occurred during C&S's ownership which caught persons attempting to engage in unlawful prostitution at the hotel. *Id.* ¶¶ 232-233. However, these allegations do not include allegation of criminal activity *by C&S* and/or any fact-based information to give rise to a reasonable inference that C&S participated in, promoted, or harbored this Plaintiff for the purpose of sex trafficking.

## <u>ARGUMENT AND AUTHORITY</u>

Defendant C&S respectfully requests this Court dismiss all Counts of Plaintiff's Complaint relating to this Defendant.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief ... plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Otherwise, the Court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted).

"Thus, even though modern rules of pleading are somewhat forgiving, 'a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *J.L. v. Best W. Int'l, Inc.*, 521 F.Supp.3d 1048, 1059 (D. Colo. 2021) (internal citations omitted). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient

to "raise a right to relief above the speculative level on the assumption that all the allgations in the complaint are true (even in doubtful in fact)." *Twombly*, 550 U.S. at 555. Bare legal conclusions must be supported "by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679. A claim fails to provide sufficient notice if it is too vague to provide Defendant with notice of what *Defendant* did to warrant civil liability. FED. R. CIV. P. 8.

Defendant Chand & Saaj Hospitality, LLC respectfully requests this Court dismiss Plaintiff's Second Amended Complaint.

**I. Plaintiff's Complaint Lacks Any Allegation That She Stayed at the Ramada at a Time When it Was Owned or Operated by C&S.**

Plaintiff does not allege any date of stay at the Ramada. Specifically, Plaintiff does not that she stayed at the Ramada at any point in time when it actually was owned or operated by C&S. Ex. 1.

Plaintiff alleges she became a victim or sex trafficking in "early 2021," after meeting Domino the Pimp at the Plaza Hotel (not C&S's hotel). Complaint ¶¶ 16 & 32 (Doc. No. 218). The first several months that Domino trafficked Plaintiff, he did so from the Plaza Hotel, where he resided during a majority of the events alleged in the Complaint. *Id.* ¶¶ 16, 26, 32, 33, & 40. Plaintiff further alleges she was trafficked through other locations in 2022. At some point unknown, Plaintiff stayed at the Ramada located at 2200 S. Meridian Avenue, Oklahoma City, OK 73108 for one week. *Id.* ¶¶ 8 & 213. C&S has not owned the Ramada located at since April 30, 2021. *See* Exhibit 1, Warranty Deed (transfer to Kaly Hospitality). The Court make take judicial notice of facts contained in public records without converting a motion to dismiss into a motion for summary judgment. *See*

*Grynnberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir. 2004). C&S raised the issue of sale as early as its first Motion to Dismiss in May of 2025. *See* Motion to Dismiss, filed May 29, 2025 p. 1 n.1 (Doc. 59). However, Plaintiff still does not include any allegation of the timeframe of her stay which would give rise to a fact-based connection between C&S's operation of the hotel and Plaintiff's alleged victimization by trafficking.

Plaintiff's Complaint should be dismissed for failure to state facts sufficient to trigger any liability on part of C&S under with TVPRA or the Oklahoma Sex Trafficking Act.

## II. Plaintiff's Claim Pursuant to the Oklahoma Human Trafficking Act Expired Before the Original Complaint Was Filed on March 19, 2025.

The Oklahoma Human Trafficking Act is a statute that provides a civil remedy for the recovery of damages by a private citizen based upon certain criminal conduct:

> <u>Any person aggrieved by a violation of subsection B of Section 748</u> of this [Title 21] <u>may bring a civil action against the person</u> or persons <u>who committed the violation</u> to recover actual and punitive damages and reasonable attorney fees and costs.

21 O.S. § 748.2(B) (emphasis added). In Oklahoma, an action upon a "liability created by statute other than forfeiture or penalty" must be brought within three (3) years of the underlying event. 12 O.S. § 95(A)(2). The statute of limitations for claims made pursuant to the Oklahoma Human Trafficking Act run for the latest of three (3) unique events:

> The statute of limitations for the cause of action shall not commence until the latter of the victim's emancipation from the defendant, the victim's twenty-first birthday, or the plaintiff discovers or reasonably should have discovered that he or she was a victim of human trafficking and that the defendant caused, was responsible for or profited from the human trafficking.

21 O.S. § 748.2(B). Based upon the facts alleged in the Complaint, a reasonable inference may be drawn that Plaintiff's claim against C&S expired, at the very latest, in February of 2025—before the Original Complaint was filed.

Plaintiff claims she has a cause of action against C&S under the Oklahoma Human Trafficking Act, i.e. that C&S committed "a violation" of Section 748 of Title 21 of Oklahoma Statutes. Thus, her claim accrued upon the latest of three (3) events:

1. Plaintiff's emancipation from C&S;
2. Plaintiff's twenty-first birthday; or,
3. The point when Plaintiff discovered or should have reasonably discovered she was victim of human trafficking.

21 O.S. § 748.2(B). Plaintiff had three years from the latest of these events to bring her Original Complaint.

**1. *Emancipation from C&S***

C&S wholly disputes that it trafficked Plaintiff or that Plaintiff is a victim of sex trafficking because of any conduct by C&S. Application of the term "emancipation" is so incongruous to the facts alleged by Plaintiff against C&S, i.e. that Plaintiff stayed at the hotel and bought items from the hotel store, that the term is hard to apply. *See discussion, infra. Re: failure to state a claim.* However, for the sake of argument only, it is reasonable to infer that Plaintiff's hotel stay with C&S would have occurred at some point in time ***prior*** to March of 2022 and that her check out from the hotel could serve as her "emancipation date…."

In relevant part, the Complaint alleges that Plaintiff's trafficking continued until "the beginning of 2022" when Domino was arrested. Complaint ¶ 26 (Doc. No. 218). Later in the Complaint, Plaintiff alleges she was violently held by Domino and other armed pimps at Extended Stay in "March and April" of 2022. *Id.* ¶¶ 134-135 The only reasonably inference from the allegations in Plaintiff's Complain is that her stay at the Ramada occurred prior to March of 2022 and thus more than three (3) years prior to her filing of the Original Complaint on March 19, 2025. Original Complaint (Doc. No. 1-2).

**And** if Plaintiff claims she stayed at the Ramada at a time when C&S actually owned and operated the hotel, such stay would have had to have occurred in or before April of 2021—almost four (4) years prior to the filing of the Original Complaint in March of 2025. Therefore, any event of emancipation from C&S that can be read from the Complaint must have occurred more than three (3) years prior to the filing of Plaintiff's Original Complaint. 21 O.S. § 748.2.

**2. *Plaintiff's Twenty-First Birthday***

Plaintiff's twenty-first birthday occurred more than three (3) years prior to the filing of the Original Complaint on March 19, 2025. *See* Notices re True Identity (Doc. Nos. 213-214).

**3. *Plaintiff's Discovery of Victimization of Sex Trafficking***

Plaintiff's allegation is that she was aware that drugs, force and financial vulnerability rendered her a victim of sex trafficking in "early 2021," which is more than three (3) years prior to the filing of the Original Complaint. Complaint ¶¶ 16-23 (Doc. No. 218).

Therefore, Plaintiff's claim made pursuant to the Oklahoma Human Trafficking Act should be dismissed pursuant to the applicable statute of limitations of three (3) years, because the claim as to C&S expired prior to the filing of the Original Complaint on March 19, 2025. 21 O.S. § 748.2.

**III. Plaintiff Fails to State Sufficient Facts to Support her Claims Pursuant to the Trafficking Victims Protection Reauthorization Act or Oklahoma Human Trafficking Act.**

*Factually*, Plaintiff alleges only that she stayed at the Ramada for one week (though there is no allegation that such stay occurred during C&S's ownership). Complaint ¶ 15 (Doc. No. 218); Ex. 1. *Domino* forced Plaintiff to perform commercial sex work with approximately 10 men per day. Complaint ¶ 215. However, Domino appeared at the Ramada only one time during Plaintiff's stay. *Id.* ¶ 225. There is no fact-based allegation that hotel staff interacted with Domino, knew who he was, knew his relationship to Plaintiff or knew the purpose of his visit. *Id.* ¶ 225. While Plaintiff stayed at the Ramada she was inadequately dressed. *Id.* ¶ 216. Plaintiff asked for linens and towels frequently during her stay. *Id.* ¶ 218. She sometimes paid with cash or had others pay on her behalf. *Id.* ¶ 217. On one evening during her stay, Plaintiff purchased condoms from the hotel lobby and then disposed of the used condoms in the trash. *Id.* ¶¶ 218 & 222-223. The hotel staff recorded those purchased and "other information" they suspected about Plaintiff in the computer system. *Id.* ¶ 228.

These allegations do not support a plausible claim for liability pursuant to the TVPRA or the Oklahoma Human Trafficking Act, even when read in the light most favorable to the Plaintiff and upon a reflection of the full Complaint. The factual allegations

in the Complaint simply give rise to no conduct on part of C&S that amounts to trafficking, participation in a trafficking venture, or harboring Plaintiff for some purpose prohibited by the Oklahoma Human Trafficking Act or TVPRA.

The fact that Plaintiff alleges two unrelated vice stings of attempted prostitution in 2020 and 2021 does not change the nature of C&S's conduct as it relates to C&S's liability to the Plaintiff. The vice operations in 2022 took place after C&S sold the hotel to another unnamed party. *See* Ex. 1 *compare with* Complaint ¶¶ 231-235.

**A. Count I: Plaintiff Fails to State a Plausible Claim Per the TVPRA.**

Plaintiff brings a claim pursuant to 18 U.S. § 1595 and claims Defendant C&S trafficked Plaintiff within the meaning of 18 U.S.C. § 1591(a)(1) and (a)(2).

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a) (emphasis added); *Mojsilovic v. Oklahoma ex rel. Bd. of Regents for Univ. of Okla.*, 841 F.3d 1129, 1132 (10th Cir. 2016).

Plaintiff claims C&S falls within the class of persons punishable under Section 1591(a), which provides:

> (a) Whoever knowingly—
>
> 1. in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person…

2. benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

**knowing, or,…in reckless disregard of the fact**, that means of **force, threats of force, fraud, coercion**…, or any combination of such means will be used to cause the person to engage in a commercial sex act…, shall be punished as provided in subsection (b);

18 U.S.C. § 1591(a)(1) and (a)(2) (emphasis added).

To bring C&S within the definition of Section 1591(a)(1), Plaintiff must plausibly allege that Defendant C&S "knowingly" "recruit[ed], entic[ed], harbor[ed], transport[ed], provid[ed], obtain[ed], advertis[ed], maintain[ed], patroniz[ed], or solicit[ed]," Plaintiff "knowing, or…in reckless disregard of the fact that means of force, threats of force, fraud, coercion…, or any combination of such means," was being "used to cause [Plaintiff] to engage in a commercial sex act…." 18 U.S.C. § 1591(a)(1). Plaintiff has not stated facts showing C&S did any one of these things. The definition does not state C&S is liable if Plaintiff can show C&S should have speculated that Plaintiff was engaged in commercial sex work. TVPRA attaches liability only if C&S *knowingly harbored, solicited, advertised* Plaintiff or took some similar act *knowing or in reckless disregard of the fact* that *force, threats of force, fraud or coercion* were being used to caused Plaintiff to engage in commercial sex acts. *Id.*

TVPRA also considers what some circuit courts are calling "beneficiary liability" which criminalizes the act of *knowingly* benefitting from and knowingly assisting, supporting or facilitating sex trafficking. *A.G. v. Northbrook Indus. Inc.*, 171 F.4th 1257,

1267 (11th Cir. 2026). Domino visited the hotel one time. There is no allegation that C&S was aware of Domino's threats of force or coercion—or even aware that he was at the hotel or what his purpose was. Plaintiff's allegations are bare in this regard. Allegations that Plaintiff purchased condoms, was inadequately dressed and had frequent visitors is not enough to state a claim that C&S benefitted from its participation in a *trafficking venture.* Her complaint should be dismissed. *See e.g., United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("The knowledge required of the defendant [for § 1591 liability] is such that if things go as he has planned, force, fraud or coercion will be employed to cause his victim to engage in a commercial sex transaction."); *United States v. Roy*, 630 Fed.Appx. 169, 170–71 (4th Cir. 2015) (adopting the approach in *Todd*, 627 F.3d at 334, while reviewing a conspiracy to violate § 1591 conviction); *Ricchio v. McLean*, 853 F.3d 553, 558 (1st Cir. 2017).

To state a venture claim under the TVPRA using Section 1591(a)(2), a plaintiff must plausibly allege that the defendant is one who: (1) knowingly benefitted…financially or by receiving anything of value, (2) *from participation in a venture*, (3) where such venture violated the TVPRA as to the Plaintiff, and (4) defendant *knew or should have known that the venture violated the TVPRA as to the Plaintiff*. 18 U.S.C. § 1591(a)(2); 18 U.S.C. § 1595(a). Plaintiff has alleged no **participation** by C&S in a venture for commercial sex trafficking. Selling condoms and providing linens to a guest—even if you suspect their clothing is inadequate or that their purchases or obscene—does not give rise to any reasonable inference of ***participation*** in a venture for sex trafficking in violation of 21

U.S.C. § 1595 as defined by 1591(a)(2). Participation requires some act showing **active participation** or **an ongoing relationship** between the hotel and the trafficker.

The Tenth Circuit finds the First Circuit's illumination of the term "venture" persuasive and borrows from the test set forth in *Ricchio v. McLean,* 853 F.3d 553 (1st Cir. 2017).

> As we stated above, § 1589 holds not just primary offenders accountable but also anybody who knowingly "benefits, financially or by receiving anything of value, from participation in a venture which has engaged in" forced labor. § 1589(b). While the term "venture" has not been defined in the context of § 1589(b), the First Circuit recently persuasively applied the definition from another TVPRA subsection to the forced labor context.

*Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019).

In *Ricchio*, the hotel owners ("Husband and Wife"), had previously collaborated in unspecified "commercial dealings" with the plaintiff's trafficker. *Ricchio*, 853 F.3d at 555. In that case, plaintiff alleged that her trafficker "physically and sexually abused [plaintiff], repeatedly raping her, starving her and drugging her, and leaving her visibly haggard and bruised" at the hotel. *Id.* While plaintiff was captive at the hotel, the Husband and Wife "enthusiastically expressed [intent to reinstate their commercial dealings] by exchanging high-fives in the motel's parking lot while speaking about 'getting things going again'" under circumstances where the abusive and coercive had already become apparent to the hotel owners. *Id.* Specifically, the Husband and Wife had *ignored* Plaintiff's plea for help and their employees watched passively as Plaintiff was drug across the parking lot and kicked by her trafficker during an attempted escape. *Id.* The Wife also visited Plaintiff's room for payment and saw her physical decline. *Id.* Where these facts alleged, the First

Circuit found Plaintiff plausibly stated a claim for venture liability against the Husband and Wife hotel owners. *Id.* at 556.

In *Bistline*, the Tenth Circuit applied the First Circuit's illustration of "venture" to a forced labor fact pattern where members of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS") alleged their trafficker's attorney had actual knowledge of the trafficker's practices with underage girls, was instructed to ignore legal actions and complaints against the trafficker, and made an active effort to evade complaints of trafficking by setting up a specific trust scheme designed *expressly* for the purpose of facilitating the trafficker's crimes and threatening victims. *Bistline*, 918 F.3d at 874-75. The Tenth Circuit found that the FLDS plaintiffs adequately stated a claim for venture liability because the defendant attorney, like the hotel owners in *Ricchio*, had knowledge "beyond the generic religious practices" of the Church including his receipt of graphic evidence of ceremonial rape of minors and forced manual labor and then continued to engage in dealings with the trafficker. *Id.* at 875.

By comparison, Plaintiff alleges only that Plaintiff stayed at the hotel for the week and engaged in commercial sex work, including by purchasing condoms from the hotel lobby, and that her trafficker (Domino) visited the hotel one time at some point to collect monies during her *single* one-week stay at the hotel.

There is no allegation of active participation as it relates to C&S. For example, there is no allegation that C&S exchanged sex for room rentals, escorted johns to Plaintiff's rooms, advertised to or for Plaintiff, or assisted by confining the Plaintiff. Complaint (Doc. No. 218). "[A] plaintiff who merely alleges that the franchisor failed to intervene, alert

authorities, improve awareness, or prevent sexual exploitation insufficiently alleges direct participation in a venture." *Doe (K.E.C.)*, 750 F.Supp.3d 719, 734. There is also no allegation of ongoing relationship or common undertaking between Domino or C&S—or even an allegation that C&S knew who Domino was or what his purpose was.

> Plaintiff alleges that Wyndham was on notice about the prevalence of sex trafficking generally at its hotels. Docket No. 65 at 38–39, ¶ 103.j. But this is not sufficient to show that Wyndham should have known about what **happened to this plaintiff**. *S.J.*, 473 F.Supp.3d at 154–55 (noting that § 1595 "speaks in singular terms – 'participation in *a* venture which that person ... should have known *has* engaged in *an* act in violation of this chapter'" means knowledge of a general sex trafficking problem is not sufficient and thus finding that hotel franchisor defendants could not be held directly liable under TVPRA). General knowledge of commercial sex activity occurring at hotels across the United States is insufficient on its own to demonstrate that Wyndham **participated in the trafficking of plaintiff**. *See A.B.*, 484 F.Supp.3d at 939.

*J.L. v. Best W. Int'l, Inc.,* 521 F. Supp. 3d 1048, 1064 (D. Colo. 2021).

Plaintiff's allegations, as they related to C&S, do not state sufficient facts in support of Plaintiff's TVPRA claim; as such, Count I of Plaintiff's Complaint should be dismissed.

## B. <u>Plaintiff Fails to State a Claim Under the Oklahoma Human Trafficking Act.</u>

Oklahoma provides a civil claim for relief for human trafficking victims.

> **Any person aggrieved by a violation of subsection B of <u>Section 748</u> of this title may bring a civil action against the person or persons who committed the violation** to recover actual and punitive damages and reasonable attorney fees and costs. The civil action brought under this section may be instituted in the district court in this state in the county in which the prospective defendant resides or has committed any act which subjects him or her to liability under this section. A criminal case or prosecution is not a necessary precedent to the civil action. The statute of limitations for the cause of action shall not commence until the latter of the victim's emancipation from the defendant, the victim's twenty-first birthday, or the plaintiff discovers or reasonably should have discovered that he or she

> was a victim of human trafficking and that the defendant caused, was responsible for or profited from the human trafficking.

21 O.S. § 748.2 (providing a claim against a person "who committed [a] violation" and referencing prospective criminal defendants).

Section 748 of Title 21 provides as follows: "It shall be unlawful to knowingly engage in human trafficking." 21 O.S. § 748(B) (emphasis added). The term "knowingly" as used in Oklahoma's Criminal Code requires actual knowledge. 21 O.S. § 96. "Human trafficking" means "modern-day slavery that includes, but is not limited to, extreme exploitation and the denial of freedom or liberty of an individual for purposes of deriving benefit from that individual's commercial sex act or labor." 21 O.S. § 748(A)(4). No matter how favorable the allegations are reviewed, there is not factual basis or reasonable inference that may be drawn that C&S acted knowingly to deny Plaintiff freedom or liberty for purpose of deriving benefit from her commercial sex act or labor. A claim may lie against Domino, but not C&S.

## CONCLUSION

WHEREFORE, Defendant C&S respectfully requests and moves this Court that Plaintiff's Complaint (Doc. No. 218) be dismissed as to C&S on all claims.

Respectfully submitted,

SECREST, HILL, & SECREST

By: s/ Emma C. Kincade
JAMES K. SECREST, III, OBA #18828
EMMA C. KINCADE, OBA #34698
7134 S. Yale Avenue, Ste. 900

Tulsa, Oklahoma 74136
918-494-5905; 918-494-2847 facsimile
jsecrestiii@secresthill.com
ekincade@secresthill.com
*Attorneys for Defendants*
*Chand & Saaj Hospitality*

**CERTIFICATE OF SERVICE**

This is to certify that on the 25th day of November 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the ECF Registrants of record in this matter.

s/ Emma C. Kincade